# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | CASE NO. 3:02CV2090 |
| V. | : | (JBA)(JGM) |
| CHIEF ROBERT PAQUETTE, et al. | : | Oct. 21, 2003 |
| | : | |

## MEMORANDUM OF DECISION REQUIRED ON MOTION TO STRIKE

Relying on the presented colorable claim pursuant to 149 F.Supp. 615, 618 And the Aggregated of operative facts giving Rise to Rights enforceable in the Courts, 309 F.Supp. 1178, 1181, moves to Strike defendants objection to Motion for Appointment Pro Bono Counsel dated Oct. 16, 2003.

The defendants have failed to raise legitimate Argument that Could prevent the Courts discretion considering the Appointing of Pro Bono representation for the plaintiff. Accordingly, the Court should Render the decision of strike for Arguing the Consideration of the honorable Court in Appointing Pro bono representation for the plaintiff.

# I. Facts:

1) The honorable Court have previously decided in this case [doc# 5, 10, 14] denied without prejudice the plaintiff sufficient attempts for considering an appointment of PRO BONO Counsel. The plaintiff has further demostrated to the Courts the inadequate and obstruction of meaningful access to the Courts created by the Department of Correctional against PRO SE prisoners' and Inmate legal Assistance denial of Assistance in this civil complaint. See [doc#8] Motion to Extension Time Granted. Where as a PRO SE litigant the plaintiff ensured right of meaningful access to the Courts must be consider to succor from prejudice and appoint PRO BONO representation. Citing. RAND v. ROWLAND, 154 F.2d 952 (9th Cir. 1998).

2) The plaintiff presented to the honorable Court the inadequate mailing system of the Department of Correctional [doc.# 19] Motion to Extension Time Granted, which prejudice the plaintiff PRO SE litigation statue by consequences of the D.O.C. inadequate mailing system were appointment of Pro Bono counsel is more than justifyed in this case to be considered and granted. Citing, U.S. v. SANCHEZ, 88 F.3d 1243 (D.C. Cir. 1996).

3) The plaintiff has presented repeatedly more than good cause for the Courts to uphold its consideration to appoint PRO BONO Counsel such as the existence of Right's for meaningfuly access to the Courts which is fundamental to the challenges of Constitutional violations; the Department of Correctional lack of Assistance, and lack of updated Materials to Shepherdice, present claimed to the violation of Constitutional Rights deprives the plaintiff of Meaningfuly Reasonable guarantee access to State and Federal Courts were Appointment of PRO BONO Counsel is necessary to Cure prejudice injuries. Citing, <u>Bound</u> v. <u>Smith</u>, 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct. 1491 (1977); and <u>Ex Parte Hall</u>, 312 U.S. 546, 85 L.Ed 1034, 61 S.Ct 540 (1941).

## II ARGUMENT:

1) The plaintiff has asserted a Colorable claim were the damages and Relief Requested are declaratory Judgments, injunction Reliefs, Compensatory damages And punitives damages Aggregated of operative facts giving Rise to Rights enforceable in the Courts, necessary for the Courts upholding its Consideration And Appointing PRO BONO Counsel for the plaintiff in this case. Citing, <u>Daskalea</u> v. <u>District of Columbia</u> F.2d 433 (D.C. Cir. 2000); And <u>Thompson</u> v.

OPEIU, 74 F.3d 1492 (6th Cir. 1996).

2) However, the defendants are being able to be represented by two Attorney's from the same firm, see Appearance dated July 2, 2003 and Appearance dated Oct. 16, 2003 in Record with Abilities to access the Courts threw Websites, no limited legal calls, no obstructions and able to shepherdice a ridiculous defense for the intention of misleading the honorable Court's from justice were defendants violated the UNITED STATES CONSTITUTION "There is no more cruel tyranny than that which is exercised under cover of law, and with the colors of justice"; by depriving the plaintiff of Rights were is necessary for the Courts to uphold its consideration and Appoint PRO BONO Counsel in this case. Citing, U.S. v. JANNOTTIE, 673 F.2d 578, 614 (3rd 1982).

3) Even the defendants have further demonstrated their Unconstitutional Action of Wanton and Reckless by failing to bring a Motion raising a 12(b) defense within 60 days time from the Courts scheduling Ordered date July 3, 2003 and failed to request an Extension of time to file an Answer abandoning any type of alleged Meritorious defense, citing, BONAVENTURE v. Butler, 593 F.2d 625 (5th Cir. 1979),

giving good cause for the Courts to uphold its consideration and appoint Pro Bono Counsel in this case.

## III Conclusion:

For the foregoing reasons, the plaintiff respectfully request pursuant 149 F.Supp. 615, 618 and 309 F.Supp. 1178, 1181 presented colorable claim and citings, RAND v. ROWLAND, 154 F.2d 952 (9th Cir. 1998); U.S. v. SANCHEZ, 88 F.3d 1243 (D.C. Cir. 1996); Bounds v. Smith, 430 U.S. 817, 52 LEd 2d 72, 97 S.Ct 1491 (1977); DASKALEA v. District of Columbia, 227 F.3d 433 (D.C. Cir. 2000); and BONAVENTURE v. BUTLER, 593 F.2d 625 (5th Cir. 1979) that this motion to strike be granted and defendants objection to motion for Appointment Pro Bono Counsel denied.

No similar motion has been filed.

Oral argument is not requested.

The Plaintiff

_____
LUIS FERNANDEZ
# 279900
C.C.I.,
900 Highland Ave.,
Cheshire, CT 06410

## CERTIFICATION

This is to Certify that a copy of the foregoing has been sent, handling charges prepaid, VIA U.S. MAIL to the following defendants Attorney of Record this 21 day of Oct., 2003.

ERIC D. EDDY
Ct 25242
Howd & Ludorf,
65 Wethersfield Ave.,
Hartford, CT 06114-1190

_____
LUIS FERNANDEZ
Plaintiff