UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.:  3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | JANUARY 26, 2004 |

### REQUEST FOR PERMISSION TO FILE OVERLONG BRIEF
### FOR MOTION FOR SUMMARY JUDGMENT

The defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo, hereby request permission from the Court to file an overlong legal brief in their motion for summary judgment.  The pro se plaintiff has served the defendants with a lengthy, twenty-two page complaint, which is hand-written and has not been divided into clearly enumerated paragraphs and counts.  (See attached copy of Plaintiff's Complaint).  The complaint arises out of the January 7, 2000 arrest of the plaintiff.  The plaintiff is currently serving a twenty-eight year sentence for the illegal sale and distribution of narcotics at the Connecticut Correctional Institution in Cheshire, CT.

The defendants represent that said complaint is a virtual "Pandora's Box" of claims; containing multiple counts of alleged civil rights violations.  The Plaintiff's allegations claim violation of eight (8) Amendments of the U.S. Constitution, violation of Article I Sections 7 and 20 of the Connecticut state Constitution, violation of Title VII, as well as alleging numerous theories under the Fourth Amendment.  Specifically the plaintiff appears to have alleged:

(1) Violation of the Fourth Amendment:

     (a) Search warrant not based on probable cause.

        i.    Search warrant insufficiently particular.

     (b) Search warrant rendered ineffective by inclusion of plaintiff's 'alias' in the search warrant.

     (c) Lack of probable cause to stop the plaintiff's motor vehicle.

ORAL ARGUMENT IS NOT REQUESTED

    (d) Invalid pat-down / "Terry" frisk.

    (e) Detention of plaintiff during execution of search warrant violated his

      Fourth Amendment rights.

    (f) A 'knock and announce' violation.

    (g) Plaintiff's warrantless arrest incident to execution of a search warrant

      violated the Fourth Amendment.

    (h) Suit brought against all defendants in their individual capacities.

    (i) Suit brought against all defendants in their official capacities.

    (j) A *Monell v. Dep't of Social Services* style suit brought against the

      municipality, the City of Danbury, alleging failure to uphold policies on

      arrest.

  (2) Violation of the Fifth Amendment (substantive due process)

  (3) Violation of the Sixth Amendment (right to be informed of the nature and

    cause of the accusation)

  (4) Violation of the Eighth Amendment (cruel and unusual punishment)

  (5) Violation of the Ninth Amendment (disparagement of rights retained by the

    people)

  (6) Violation of the Thirteenth Amendment (involuntary servitude)

  (7) Violation of the Fourteenth Amendment (state due process)

  (8) Violation of Article I, Sections 7, 8 and 20 of the Connecticut state constitution

  (9) Violation of Title VII.

In order to file a comprehensive summary judgment motion, the defendants must address an entire 'host' of claims, some containing multiple theories of violations. In particular, the plaintiff's complaint voices claims against both the municipality, the City of Danbury, and against the nine named defendants in their individual capacities. In order to address these claims, the defendants' brief must discuss both Qualified Immunity and the rules of a *Monell*-style claim; two completely different areas of law involving separate issues and a distinct manner of legal analysis. As a practical consequence, the plaintiff's complaint necessitates a legal brief which more akin to two motions for summary judgment rather than one.

Furthermore, as the plaintiff's arrest was based on a five-month investigation, during which time evidence against the plaintiff was meticulously collected and recorded, the defendants' statement of facts must necessarily include a comprehensive, yet concise account of all the uncontested facts which established probable cause for the plaintiff's arrest.

The defendants represent that in order to efficiently discuss the multiplicity of legal issues raised the plaintiff's complaint, they must submit a memorandum of law in the length of 51 pages.

WHEREFORE, the defendant's respectfully request that the Court grant their suggested extension.

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO


By_____
   Thomas R. Gerarde
   ct05640
   Eric D. Eddy
   ct25242
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail: tgerarde@hl-law.com
   E-Mail: eeddy@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 26th day of January, 2004.

Luis Fernandez
Inmate Number 279900
Connecticut Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

_____
Thomas R. Gerarde