UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

2004 FEB -9 P 5:03    PRISONER
Case No. 3:02CV2090

V.

January 27, 2004

Chief Robert Paquette, et al.

## BRIEF IN SUPPORT OF MOTION TO COMPEL

### STATEMENT OF THE CASE

This is a § 1983 action filed by a Prisoner while at CHESHIRE D.O.C., CHESHIRE, seeking damages, a declaratory judgment, and injunctive relief based on an arrest without a warrant, no probable cause for an arrest, unreasonable search and seizures, violations of Conn. Gen. Stat. § 54-36h, 18 U.S.C. § 3109, Rule 41(d) and Fed. R. Crim. P. 4(A). This motion seeks to compel answers to Plaintiff's Request for Production of documents pursuant to Rule 37, F.R.C.P.

### STATEMENT OF FACTS

On Nov. 19, 2003, the Plaintiff filed a request for Production of documents pursuant to Rule 34, F.R.C.P.

As set forth in the plaintiff's Affidavit, the defendants as of yet have not complyed or answered the Request for Production of documents since the Court's ordered [doc ##38,39] on Dec. 1, 2003.

## ARGUMENT

I- THE REQUESTED DISCOVERY is relevant to the subject matter of the lawsuit.

Rule 26 (b)(1), F.R.C.P. provides that a party "may obtain discovery regarding any matter, not privilged, which is relevant of the subject matter involved in the pending action...." Each item in plaintiff's Request is relevant to the subject matter of the lawsuit.

Item 1, for any and all complaints or misconduct reports received by the defendants or their agents within the past 2 years from January, 2000 concerning illegal Arrest, Abuse of Authority, excessive force, and other Against any citizen of the U.S. or other person within the Danbury city, Connecticut, is relevant to the allegation in the complaint of arrest without a warrant or probable cause and at Gun Point, that defendant Chief Robert Paquette knew of or should have known of his subordinates History of Misconduct which he made no action to correct were is necessary to establish Chief Robert personal liability

of Person for whom a warrant has been issued does not constitute Probable Cause for search of that Person.

Item 5, Copy of any Records of Police Officers relating to Warrant(s) dated 1/6/00, case docket No. CR00-0108162-S, Incident Report #00-297, is relevant to the Allegations in the Complaint of unreasonable and thus unconstitutional an officer's unannounced entry and unreasonable searches and seizures without a secured warrant before conducting search. Maryland v. Dyson, ___ U.S. ___, ___ L.Ed 2d ___, 119 S.Ct. 2013 (1999).

Item 6, Any and all policies, Concerning access to or possession of confiscating property relating to U.S. Citizen or other person within the Danbury City Arrest(s) or illegal Arrest, is relevant to the Allegations in the Complaint of illegal seized property were the Plaintiff bringing a Civil Rights Claim §1983 may be compensated for property harms. Ferrill v. Parker Group, Inc., 168 F.3d 468 (1999).

Item 7, Any and All books, tangible objects, papers, photographs, or documents within the possession, custody or control of any of the defendants which is material as preparation to the plaintiff or which were obtain from, or purportedly belong to the plaintiff on

1/7/00 arrest the date for warrant(s) dated 1/6/00 was executed, is relevant to the allegation in the Complaint were seizure was not conducted pursuant to arrest warrant. <u>Miller v. Kennebec County</u>, 219 F.3d 8 (2000).

Item 8, any and all written, recorded, or oral statements made by the plaintiff or a co-defendant, before or after warrant(s) dated 1/6/00 execution arrest on 1/7/00 to any of the defendants under the direction of, or cooperation with the defendants concerning this case, is relevant to the allegation in the Complaint were the planting of false evidence by police officer or detective gives rise to Civil Rights liability.

Item 9, copy's of the plaintiff prior criminal record before case docket no. CR00-0108162-S, if any which are within the possession, custody, or control of the defendants, the existance of which is known, or by exercise of due diligence may become known, to the defendants, is relevant to the allegation in the Complaint were defendants took the plaintiff into custody solely to ascertain his identity are not entitled to immunity when knowing of or knew of it was illegal.

Item 10, any and all statute, rule or case law the defendants relied upon in believing the warrant

dated 1/6/00 executed on 1/7/00 which was use to arrest the plaintiff considered to be lawful, is relevant to the allegation in the complaint were the defendants without a WARRANT unreasonable searched and seized the plaintiff and the WARRANT had secured another person to arrest other than the plaintiff which makes defendants liable under §1983.

II. DEFENDANTS' HAVE NOT PROVIDED A RESPONSE

Defendants have not provided any response to the Plaintiff's Request. However, they have not provided any factual support for an objection to this request even when discovery is burdensome does not present an issue unless specific reasons are shown. <u>Leumi Financial Corp.</u> v. <u>Hartford Accident And Indemnity Co</u>, 295 F. Supp. 539, 544 (S.D.N.Y 1969). The discovery sought is obviously not burdensome in any case. It consist only of documents relevant to the plaintiff claims, policies and use of daily operation of the Police Department Policies according to laws and complaints defendants have received about certain specified practices. Even if requested discovery were burdensome, it would be required if relevant to the case. <u>King</u> v. <u>Georgia Power Co.</u>, 50 F.R.D. 134 (N.D. Ga. 1970). The relevance of the items sought is demostrated in ARGUMENT I, supra.

## Conclusion

WHEREFORE, the Court should grant plaintiff's Motion to Compel discovery.

RESPECTFULLY SUBMITTED,

_____

Luis Fernandez
ID. 279900
M.W.C.I.
1153 East Street South,
Suffield, CT 06080