UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

v.

CHIEF ROBERT PAQUETTE, et al.

Case No.   PRISONER
3:02CV2090 (JBA) (JGM)

## RULING AND ORDER

Pending is defendants' motion for nonsuit and motion for leave to file a brief in excess of forty pages in support of their motion for summary. For the reasons set forth below, the motion for leave is granted and the motion for nonsuit is denied.

I. Motion for Nonsuit [doc. #50]

The defendants seek an order of dismissal of this case for the plaintiff's failure to respond to interrogatories and request for production. The court construes the motion as a motion to compel and for sanctions. The motion is unaccompanied by a memorandum or an affidavit indicating that counsel for the defendants has conferred with the plaintiff in an effort to resolve this discovery dispute without the court's intervention. See Local Rule 37(a)2 and 3, D. Conn. L. Civ. R.; Rule 37(a)(2), Fed. R. Civ. P. Accordingly, the motion is denied without prejudice.

II. Motion for Leave [doc. #55]

The defendants seek leave to file a brief in excess of forty pages. The proposed brief is fifty-five pages in length. In view of the multiple claims in the plaintiff's complaint, the motion for leave to file an overlong brief is granted for good cause shown.

III.  Response to Motion for Summary Judgment

The court directs the plaintiff to file his response to the motion for summary judgment within thirty days of the date of this ruling and order. Pursuant to Vital v. Interfaith Medical Ctr., 168 F.3d 615 (2d Cir. 1999) and McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999), the court again gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion for summary judgment will be accepted as true unless the plaintiff files affidavits or other documentary evidence contradicting these assertions. The plaintiff may not simply rely on his complaint, nor is a memorandum sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits[1] made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.

If the plaintiff does not so respond, summary judgment may be entered against him. If summary judgment is granted against the plaintiff, the case will not proceed to trial. Instead, judgment will enter in favor of the defendants.

---

[1] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 56(a)2 of the United States District Court for the District of Connecticut. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement." The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which it contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 56 requires that:

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

The court hereby informs the pro se plaintiff that "failure to submit a memorandum in opposition to [the] motion may be deemed sufficient cause to grant the motion," Rule 7(a), D. Conn. L. Civ. R., and that if no opposition is filed within thirty days of the date of this order, the defendants' motion shall be granted. See generally Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).

## Conclusion

The defendants' Motion for Nonsuit [doc. # 52] is DENIED. The Motion for Leave to File Overlong Brief [doc. # 55] is GRANTED. Any response to the motion for summary judgment including affidavits or other documentary evidence must be filed within thirty days of the date of this order.

SO ORDERED in New Haven, Connecticut, this 4th of February, 2004.

Joan G. Margolis
United States Magistrate Judge