UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis FERNANDEZ

V.

PRISONER
Case. 3:02CV2090
(JBA)(JGM)

CHIEF Robert PAQUETTE, et Al   :   Feb. 13, 2004

## PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Luis Fernandez declares under penalty of perjury:

1. I am the plaintiff in the above-entitled case. I make this declaration in opposition to defendant's Motion for Summary Judgment were material facts have been left out, undisputed and factual allegations are not correct and incomplete where entitles the plaintiff Cross-Summary Judgment.

2. The defendants before and after the execution of the warrant for Angel Ramirez person, second floor Apartment 128 Osborne St. Danbury CT and vehicle SUV white Nissan Pathfinder 569 WWH dated 1/6/00 on 1/7/00 did not identifyed the owner of the white Nissan Pathfinder SUV 569 WWH which was returned to Mercedez Moya the owner and girlfriend of

1 of 6

Angel Ramirez who defendants had executed the warrant dated 1/6/00 on 1/7/00.

3. The defendants claim in their motion that they believe the motor vehicle contained contraband as to excuse failure to obtain a search warrant. In fact, the Incident reports do NOT provide this as reason for stops and search and seized. In reality, the stops of the motor vehicle at Tamarack Ave. was to execute warrants? for Angel Ramirez person, second floor apartment 128 Osborne St. Danbury, CT and white Nissan Pathfinder NUV 569 without information on registration owner.

4. The defendants claim in their motion that a five-month investigation was documented for search warrant dated 1/6/00. In fact, only 5 days out of the allegedly "five-month" was a surveillance conducted without proper equipment, no finger prints from the alleged evidence recovered, failed to provide the quantity of the alleged evidence recovered and did not identifyed the plaintiff.

5. The defendant claim in their motion that no items were taken from the plaintiff on 1/7/00 when the white Nissan Pathfinder was stopped at Tamarack Ave. and alleged to observed the plaintiff seated in the white Nissan Pathfinder holding packages of cocaine. In fact, none of the defendants

confirmed on the 1/6/00 Affidavit and Application search and seizure warrant of seeing the plaintiff holding packages of cocaine, defendants did not identify the plaintiff as Luis Fernandez to be seated in the Nissan Pathfinder SUV 569 NVH during any of the controlled purchase alleged neither on 1/3/00. Furthermore, in fact, the plaintiff wallet and moneys I.D. were removed.

6. The defendants claim in their motion that they had authority to detain the plaintiff and Angel Ramirez while they executed the search warrant for the second floor apartment and that detention lasted thirty (30) minutes. In fact, the plaintiff had already been pulled-out of the white Nissan Pathfinder to the floor and pulled his pants down and seized his property in his person then thrown into a police car without informing him of the accusation or cause and taken to the police headquarter for interrogation were defendants admit to the plaintiff detention does rise to the level of a Constitutional violation.

7. The defendants claim in their motion that they requirement to waived the knock and announce into the second floor apartment. In fact, defendants had no reasonable suspicion if their were any occupants at the second floor apartment that would lead to the immediate destruction of

3 of 6

the evidence on 1/7/00 while knowing of the Incident Report dated July 11, 1999 reporting arrest of one Angel E. Ramirez to a complaint by Moya Mercedez, Mr. Ramirez girl-friend. And defendants made no justification of the evidence destruction in the Incident Reports dated 1/7/00 Already Admitted.

8. The defendants claim they had probable cause for the warrantless arrest of the plaintiff on 1/7/00. In fact, the plaintiff detention rised to an arrest before executing the warrant for second floor apartment 928 Osborne St. Danbury CT on 1/7/00, the defendant had no reasonable information of the plaintiff identity nor did the defendants linked a baseball hat to the plaintiff. When seized and searched illegaly on 1/7/00 and none of the alleged informant(s) identified the plaintiff who is Luis Fernandez. The defendants had no warrants to conduct a "Reverse-Sting" operation nor had authorization to seized the plaintiff Identification and use it to commit crimes. The only physically description of the man or woman known to the defendants as "Alex" is with a Baseball hat and the defendants admitted that they did not know the plaintiff name during the Alleged investigation.

4 of 6

9. The plantiff MATERIAL facts are that he was visiting Angel Ramirez and girl friend Mercedez Moya at the second floor 128 Osborne St. Danbury CT when arriving legaly from the Dominican Republic. He was allowed to sleep in the Attic Apt. unit next to another guest room and cat the this dwelling. On about Nov. 20, 1999 the white Nissan pathfinder was in a repair shope getting fixed do to a small accident which Mercedez Moyas and Angel Ramirez can testify and provide documentation of such and the Brown Honda Civic was sold to Angel Ramirez friend and also house guest at the second floor Apt. 128 Osborne St. Danbury CT. On 1/7/00 the plantiff contacted a friend known to him for approx. 10 years who is a witness to the illegal brutal arrest at Tamarack Ave and Attorney Joseph Romanella can present testimony to documents presented at trial concerning plantiff legal documents and property. Futher, Attorney Raymond P. Yamin can provide testimony to the actual incident reports and documents mailed to the plantiff all relevant to this case.

10. These factual disputes cannot be resolved without a jury trial. Wherefore, defendants motion for summary judgment should be denied.

RESPECTFULLY SUBMITTED

Luis Fernandez Pro Se
M.W.C.I.
1153 East St South,
Suffield, CT 06080

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 13 day of February, 2004.

*Luis Fernandez*

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney this 13. day of February 2004.

Thomas R. Gerarde cl. 05640
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT 06114

*Luis Fernandez*

6 of 6