UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Luis Fernandez

2004 MAR -3 P 2:29    PRISONER

US DISTRICT COURT
BRIDGEPORT CT    CASE NO. 3:02CV2090
                                (JBA)(JGM)

V.

Chief Robert Paquette, et al :    Feb. 13, 2004

## PLAINTIFF RENEW MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff respectfully seeks the Court to Appointment of Counsel Pro Bono in this case pursuant 28 U.S.C. § 1915 (d) and 42 of the United States Code § 1988 (1994) for the following reasons the Court should Consider Appointment of Counsel.

1. The plaintiff Luis Fernandez who is currently being held at M.C.W.I. has been granted the request to proceed without prepayment of fees or costs under 28 U.S.C. § 1915 see the Motion to Proceed In Forma Paupers so ordered on 1/6/03 and filed on 1/7/03 by this Court Clerks. Under Rule 10 (A) F.R.C.P. Citing DAVIS V. UNITED STATES, 214 F.2d 594 (1954); Also, SPEARS V. U.S., supra note 56., were this case Civil Complaint clearly established defendants Robert Paquette, et al acted under color of law

1 of 5

and deprived the plaintiff of Federal (guarantee) Rights Citing, BERG v. COUNTY OF ALLEGHENY, 219 F.3d 261 (3d Cir. 2000).

2. The Court should Consider plaintiff unable to employee Counsel pursuant 28 U.S.C. § 1915 (d) for requesting Counsel representation. Citing BOUND v. SMITH, 430 U.S. 817, 97 S.Ct. 1491 (1977); GORDON v. LEEKE, 574 F.2d 1147, 1153 and N.3 (1978); ALDEBE v. ALDABE, 616 F.2d 1089, 1093 (1980); and (AND) v. HUTTO, 467 F.Supp. 562 (E.D. VA. 1979).

3. The Court should Consider Also Appointment of counsel where Counsel is Able to explain the Applicable legal principles to the Complainant and limit litigation to potentially Meritorious issues. In Addition, Appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional Counsel usually provided by the States for the defendants. Citing WRIGHT V. DALLAS COUNTY SHERIFF'S DEPARTMENT, 660 F.2d (1981), quoting KNIGHTON V. WATKINS, 616 F.2d 759 (5th Cir. 1980); and STRINGER V. ROWE, 616 F.2d 993, 1001 (1980).

4. The Court should Consider the Appointment of Counsel in this Case were the entitle fees to the Attorney Appointed would be determined by the Court and paid by the defendants. 42 U.S.C. § 1988 (1994) Citing EHNSLEY V. ECKENHART, ___ U.S. ___ 103 S.Ct. 933 (1983).

5. The Court should consider Appointing Counsel in this case do to the plaintiff past medical evaluation of paranoid disorder and depression infliction which clearly justifies appropriate an appointment of counsel were colorable claim has been presented. See attached and marked as Exhibit 1 MENTAL HEALTH SERVICE RESPONSE date 6/18/01 referring depression and paranoid. Citing HAMILTON v. LEAVY, 117 F.3d 742, 749 (1997).

6. The Court should consider Appointing Counsel for the plaintiff in this case were the plaintiff is unable to present the case do to the lacking of legal materials, and jail house lawyer assistance, the plaintiff has no law school education and as a spanish speaking person the legal issues are to complex to litigate himself nor does the Dept. of Corrections provides adequate law library containing upto date materials for shepherdicing this case. Citing. BOUNDS v. SMITH, 430 U.S. 817 (1977); YOUNGER v. GILMORE, 404 U.S. 15 (1971), which prejudice obstructs the plaintiff position to investigate the crucial facts needed to prove the claims. Citing SLAVIN v. CURRY, 690 F.2d 446 (1982); STRINGER v. ROWE, supra note 51; Also, MURRELL v. BENNETT, 615 F.2d 306, 311 (1980).

7. The Court should consider the Complexity of the legal issues raised by the plaintiff for appointing of counsel where the need for expert witness(es) for the conflicting

testimony requiring skill in presentation of evidence already marked as Exhibits "1" thru "17", witnesses and Cross-summary Judgment in dispute of the facts will be at issue in this case. Citing BASS V. PERRIN, 170 F.3d 1312, 1320 (1999).

8. The Court should consider the exceptional circumstances from the Motion's filed with this Court for Appointment of Counsel and presentation of the Plaintiff Cross-summary Judgement and witnesses and Cross-Examination of the defendants were credebility of expert witness will be at issue in this case. citing TABRIN V. GRACE, 6 F.3d 147, 155-58 (1993); LAVADO V. KEOHANE, 992 F.2d 601, 606 (1993).

## LEGAL GROUNDS

This Motion is filed pursuant to Civil Right Acts 42 U.S.C. § 1983, 28 U.S.C. § 1915(d) Citing HODGE V. POLICE OFFICERS, 802 F.2d 58, 61 (2d cir. 1986) Cert. denied, 502 U.S. 996 (1991); TABRONE V. GRACE, 6 F.3d 145, 155-58 (1993); 42 U.S.C. § 1988 (1994), And BOUND V. SMITH, 430 U.S. 817, 97 S.Ct 1491 (1977) where exceptional circumstances for appointment Pro Bono Counsel reasonably demostrated and appropriate for the plaintiff justifying merits in this case colorable for the Court to Grant this Motion an

4 of 5

Appoint Counsel.

RESPECTFULLY SUBMITTED

Luis Fernandez Pro SE
M.W.C.I.
1153 East St. South
Suffield, CT 06080

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 13 day of February, 2004:

Thomas R. Gerarde ct 05640
Eric D. Eddy ct 25242
Howd & Ludorf
65 Whethersfield Ave.
Hartford, CT 06114

Luis Fernandez
Pro SE



Ex. 1

HR501 REV.5/94
**CONNECTICUT DEPARTMENT OF CORRECTION**

## REQUEST FOR MENTAL HEALTH SERVICES

| DATE OF REQUEST | INMATE REQUEST | REFERRED BY/TITLE | INMATE NUMBER | DATE OF BIRTH |
|---|---|---|---|---|
| 6/18/01 | Y / N | self | 279900 | |

| INMATE NAME (LAST, FIRST, INITIAL) | | | |
|---|---|---|---|
| Fernandez, Luis | | | |

| SEX | RACE/ETHNIC | FACILITY |
|---|---|---|
| M / F | B W H O | |

**DESCRIBE REASON FOR REQUEST/REFERRAL:**

Depression. Paranoid

See attached

---

## MENTAL HEALTH SERVICES RESPONSE

| DATE REQUEST RECEIVED | REFERRED TO | DATE CLIENT SEEN | SERVICE PROVIDER/TITLE |
|---|---|---|---|
| 6/08/01 | M-H | | |

**SERVICE PROVIDED/RESPONSE:**

PR

**SCHEDULE DATE:**  YES ☐   NO ☐

---

MENTAL HEALTH PROVIDER'S SIGNATURE/TITLE                    DATE