# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED

LUIS FERNANDEZ

2004 MAR -8 P 40

US DISTRICT COURT
BRIDGEPORT CT

PRISONER

NO. 3:02CV2090 (JBA)(JGM)

V.

: MARCH 4, 2004

CHIEF ROBERT PAQUETTE, et al

## PLAINTIFF'S OPPOSITION IN RESPONSE TO DEFENDANT'S SUPPLEMENTAL OBJECTION TO THE PLAINTIFF'S MOTION TO COMPEL

Plaintiff, oppose in response to defendant's supplemental objection to the plaintiff's Motion to Compel dated Feb. 18, 2004 with support of stated claim of force used and IN ITEM 9 of the plaintiff legal argument.

It is well stated in plaintiff civil complaint under §1983 that defendants violated United States Constitution Amendments Rights under the First, Fourth, fifth, sixth, Eighth, Nineth, 13th and fourteenth were defendant have concord with this statement.

The civil complaint §1983 filed by the plaintiff states in part "unreasonable to force the plaintiff from vehicle at gunpoint", even the claims of unreasonable seizure while the plaintiff being the passenger on date 1/7/00 in Angel Ramirez SUV vehicle who's warrant dated

1 of 3

1/6/00 Allegedly was issued for can be evaluated as to the force used in an Arrest by Police Officers. Citing U.S. v. SEELYE, 815 F.2d 48, 50 (8th Cir. 1987) (In determining whether use of force is reasonable (1) the number of officers and police vehicles (2) the nature of the crime and the likelihood that the suspect is armed (3) the strength of the officer's articulable suspicions (4) the need for immediate action (5) the suspiciousness of the suspect's behavior, and (6) the opportunity to conduct the stop in a less threatening way); see also, HEADWATERS FOREST DEFENSE v. COUNTY OF HUMBOLDT, 240 F.3d 1185 (9th 2000).

The plaintiff's legal argument in Item 9 states "Copy's of the plaintiff prior criminal record before case docket No. CR00-0108162-S, if any which are within the possession, custody, or control of the defendants, the existance of which is known, or by exercise of due diligence may become known, to the defendants, is relevant to the allegation in the complaint were defendants took the plaintiff into custody solely to ascertain his identity are not entitled to immunity when knowing of or knew of it was illegal", were in this Civil Complaint § 1983 the plaintiff clearly argues he was not identifyed and defendants criminal activity base solely on race. Citing U.S. v. MONTERO-CAMARGO, 208 F.3d 1122, 1135 (9th Cir. 2000) ( Hispanic Appearance may not contribute to reasonable

SUSPICION).

Wherefore, the plaintiff has made factual allegations in his Civil Complaint § 1983 were defendants are attempting to mislead this honorable Court since they cannot rely on a defense toward the constitutional violations inflections upon the plaintiff rights which the inspection and copying of the documents requested since Nov. 19, 2003 and MOTION TO COMPEL Production of DOCUMENTS dated 1/27/04 will reveal pursuant to Rule 34(b) and 37(A), F.R.C.P. is complyed.

RESPECTFULLY SUBMITTED

Luis Fernandez
M.W.C.I.
1153 East St. South
Suffield, CT 06080

CERTIFICATION

I hereby Certify that a copy of the foregoing was mailed to the following defendants Attorney on this 4 day of March, 2004.

ERIC D. Eddy
Howd & Ludorf,
65 Wethersfield Ave,
Hartford, CT 06114

Luis Fernandez
Pro Se