C2CV2090bne6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 25 P 6: 27

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Luis Fernandez

V.

Chief Robert Paquette, et Al.

PRISONER

Case No. 3:02CV2090
(JBA)(JGM)

March 23, 2004

## BRIEF IN SUPPORT OF PLAINTIFF OPPOSITION IN SUMMARY JUDGMENT TO DEFENDANTS' OBJECTION TO MOTION FOR APPOINTMENT OF PRO BONO COUNSEL DATED MARCH 11 2004.

## STATEMENT OF THE CASE

This is A § 1983 Action filed by A prisoner while at Cheshire Department of Correctional in Cheshire, CT, Seeking damages, declaratory Judgment, And injunctive relief based on Admitted Constitutional violations and unjustified force Against him, illegal Arrest without A warrant or Probable cause And unreasonable search And seizures.

This Motion seeks opposition in Summary Judgment Against Defendants Objection to Motion for Appointment of Pro Bono Counsel Dated March 11, 2004.

## STATEMENT OF FACTS

The Court haves discretion to provide counsel to the plaintiff who has established Prima Facie Case in this Civil Rights Action 42 U.S.C. § 1983 And the plaintiff presentation of exceptional Circumstances for the Court's to Consider Appointment of Pro Bono Counsel. SEE Plaintiff's Affidavit for OPPOSITION IN SUMMARY Judgment to DEFENDANT's objection to MOTION for Appointment of Pro BONO Counsel DATED MArch 11, 2004, ATTached to this MOTION with Exhibits.

## ARGUMENT

There Are NO Material facts iN dispute As to the Plaintiff's presentation of exceptional circumstances for the Court's Consideration in Appointment of PRO BONO Counsel.

Summary Judgment should be granted where A party Shows that "there is no genuine issue As to Any material fact And... the Moving party is entitled to Judgment As A MAtter of law." Rule 56, F.R.C.P. The undisputed facts of this Case show that the plaintiff has presented Exceptional Circumstances for Appointment of Pro Bono Counsel. Thus, there is NO factual dispute preventing the entry of Summary Judgment for the plaintiff on this issues.

IN ASSESSING whether to Appoint Counsel, "Court Must Consider : (1) the type and Complexity of Case; (2) whether indigent litigant is Capable of Adequately presenting his Case; (3) whether litigant is in position to investigate Case Adequately; And (4) whether evidence will Consist in large part of Conflicting testimony, thus requiring skill in presentation and Cross-examination." NORTON V. DIMAZANA, 122 F. 3d 286, 293 (5th Cir. 1997); ULMER V. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982); And TABRON V. GRACE, 6 F.3d 147, 155-58 (3rd Cir. 1993). The Appointment of Counsel Appropriate because plaintiff presented Colorable Claim and is illequipped to represent himself because he suffers from depression And Paranoid disorder. Citing HAMILTON V. LEAVY, 117 F.3d 742, 749 (3d Cir. 1997). The indigent plaintiff has demonstrated reasonable Attempts to SECURE Counsel on his own As A prerequisite to the Court's Consideration of A § 1915 (e)(1) MOTION. JACKSON V. COUNTY OF MCLEAN, 953 F.2d 1070, 1073 (7th Cir. 1992). Even, Court's Automatic denial of inmate's request for Appointment of Counsel ground that Case had not survived MOTION to dismiss was Abuse of discretion. AYERS V. RYAN, 152 F.3d 77, 83 (2d Cir. 1998). In the discretion of the Court, A reasonable Attorney's fee may be Allowed to the prevailing party for Counsel At Any other hearing that is resonable and NECESSARY for the enforcement of

Rights pursuant to a postJudgment Procedure that is held on a Claim. Conn. Gen. Stat § 52-400 c, 42 U.S.C. § 1988 (1994) Citing EHNSLEY V. ECKENHART, _ U.S. _ 103 S.ct 933 (1983). In Adition, Appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional Counsel usually provided by the States for the defendants. Citing, WRIGHT V. DALLAS County SHERIFF's DEPARTMENT, 660 F.2d (1981), quoting KniGHTON V. WALKINS, 616 F.2d 759 (5th cir. 1980); And STRINGER V. ROWE, 616 F.2d 993, 1001 (1980). The plaintiff demonstration that defendants Acted under Color of law when deprived him of federal Rights established PRIMA facie Case under § 1983. Citing, BERG V. County of ALLEGHENY, 219 F.3d 261 (3rd cir. 2000).

In this case, plaintiff has demostrated exceptional Circumstances to Appoint Counsel. That defendants Acted under color of law to Make PriMA facie Case. The lack of legal Materials, No law school Education And As a Spanish speaking Person the legal issues Are to Complex to litigate himself Nor does the Dept. of Corrections provides Adequate law Library Containing upto date Materials for Shepherdicing this Case.

## CONCLUSION

Wherefore, the Court should grant Summary Judgment to plaintiff As to the opposition IN Summary Judgment to Defendant's objection to Motion for Appointment of Pro Bono Counsel DATED March 11, 2004.


RESPECTFULLY SUBMITTED

Luis Fernandez   Pro se
M. W. C. I.
1153 East Street South,
Suffield, CT 06080

## CERTIFICATION

I hereby Certify that a Copy of the foregoing was Mailed to the following defendants Attorney this 23 day of March, 2004.

ATT.
Thomas R. Gerrnde
CT 05640
Howd & Ludorf,
65 Wethersfield Ave,
Hartford, CT 06114

Luis Fernandez