UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.:  3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | MARCH 24, 2004 |

### MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT

     The undersigned defendants hereby move to strike an affidavit submitted by the plaintiff in support of the plaintiff's cross-motion for summary judgment.  The affidavit is irrelevant to the present suit and contains allegations that fall outside the scope of the pleadings.  Furthermore, none of the allegations within the affidavit were disclosed in response to the defendant's discovery requests.  According to the rules of discovery, a party may not conduct a trial by ambush, and even a pro se party, such as the plaintiff, must abide by these rules.

     The aforesaid affidavit was allegedly provided by the plaintiff's "friend" of "ten years", Bristout Bourguignon.  Within the affidavit, Mr. Bourguignon, who is also a current and fellow inmate of the plaintiff's at the MacDougall-Walker Correctional Institution, claims to have witnessed the plaintiff's arrest on January 7, 2000. (seea attached affidavit). Specifically, Mr. Bourguignon claims to have witnessed the police stop the plaintiff's vehicle, and:

     (1)    pull the plaintiff out through the vehicle's window;

     (2)    throw the plaintiff down hard on the "pavement floor";

     (3)    hand-cuff the plaintiff;

ORAL ARGUMENT IS REQUESTED

    (4)    pull the plaintiff's pants down at gun-point and search his body and take money from his wallet; and

    (5)    "drag and shove" the plaintiff at gunpoint, and slam him into a police car.

The plaintiff has submitted this affidavit in support of his cross-motion for summary judgment. Within his memorandum of law in support of cross-summary judgment, the plaintiff cites to this affidavit as evidence in support of an excessive force claim. This is the first occasion in the year and a half since the plaintiff initiated this suit, that the plaintiff has furnished notice of his intention of bringing an excessive force claim.

The plaintiff's complaint, filed on 11/25/02, is a 22-page handwritten document, containing multiple claims and ripe with factual allegations in support thereof. The claims set forth in the plaintiff's complaint consist of the alleged violations of eight (8) Amendments of the U.S. Constitution, violation of Article I Sections 7, 8 and 20 of the Connecticut state constitution, violation of Title VII, as well as alleging numerous theories under the Fourth Amendment. Specifically the plaintiff appears to have alleged:

    (1) Violation of the Fourth Amendment:
        (a) Search warrant not based on probable cause.
            i.    Search warrant insufficiently particular.
        (b) Search warrant rendered ineffective by inclusion of plaintiff's 'alias' in the search warrant.
        (c) Lack of probable cause to stop the plaintiff's motor vehicle.
        (d) Invalid pat down / "Terry" frisk.

      (e) Invalid investigatory detention of plaintiff during execution of search warrant.

      (f) A 'knock and announce' violation.

      (g) Invalid warrantless arrest incident to execution of a search warrant.

      (h) A *Monell v. Dep't of Social Services* style claim brought against the defendants[1], alleging failure to uphold policies on arrest.

(2) Violation of the Fifth Amendment (substantive due process).

(3) Violation of the Sixth Amendment (right to be informed of the nature and cause of the accusation).

(4) Violation of the Eighth Amendment (cruel and unusual punishment).

(5) Violation of the Ninth Amendment (disparagement of rights retained by the people).

(6) Violation of the Thirteenth Amendment (involuntary servitude).

(7) Violation of the Fourteenth Amendment (state due process).

(8) Violation of Article I, Sections 7, 8 and 20 of the Connecticut state constitution.

(9) Violation of Title VII.

Despite the comprehensive nature of his complaint, the plaintiff fails to make any mention of a claim of excessive force. Like wise, the elaborate and detailed factual allegations contained within his complaint are devoid of any mention of those allegations presented in Mr. Bourguignon's affidavit. Additionally, the defendant served the plaintiff with contention interrogatories on November 14, 2003, requesting that the plaintiff spell out the factual bases of his suit against the defendants. The

---

[1] The plaintiff, however, has not sued the defendants in their official capacity (see attached 'returned service of process'), nor has he named the City of Danbury as a defendant in this matter.

3

plaintiff's responses, dated December 13, 2003, are equally devoid of any reference to Mr. Bourguignon and to the allegations in his affidavit.

In fact, the plaintiff's discovery responses are devoid of any indication of an excessive force claim. The defendants' interrogatories request that the plaintiff spell out the bases of his suit. The allegations contained within Mr. Bourguignon's affidavit are not reflected in the plaintiff's responses. Specifically, the defendants ask the plaintiff in Interrogatory #22 to state all facts upon which his §1983 claim is based. The plaintiff's detailed, two page, 533 word response makes no mention of the allegations in Mr. Bourguignon's affidavit, let alone placing the defendants on notice of a claim of excessive force. The words "excessive force" do not even appear within the body of the response.

Indeed, the words "excessive force" only occur once within the entirety of both the plaintiff's complaint and discovery responses. In response to defendants' Interrogatory #25: 'Please list and identify each injury you claim to have sustained as a result of the incidents alleged in the Complaint'; the plaintiff responds: "Loss of sleep, shock, humiliation do [sic] to the emotional distress inflicted in the arrest without a warrant or probable cause, nervous and restless do [sic] to the illegal search and seizure, excessive force do [sic] to the arrest at gun point." This response is not sufficient to place the defendants on notice of an excessive force claim. The plaintiff is merely using these words to describe his alleged emotional distress injury. Furthermore, even this response fails to refer to the allegations in the Bourguignon affidavit.

Moreover, any attempt by the plaintiff, at this point, to 'relate back' and amend his complaint to add this new claim is barred by the resultant prejudicial effect on the defendants. "*Duggins* establishes that courts look unfavorably upon motions seeking to add new claims after opposing counsel has already conducted discovery and

expended the costs of filing a summary judgment motion on the original theories… it is not reasonable to require the defendants to anticipate potential amendments during the discovery period… The defendants would be prejudiced by the lost opportunity for discovery on the new claim." *Williams v. City of Sagninaw* (E.D. Mich. 2002) (attached); citing to *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999).  The time has already passed for the completion of discovery.  (The Court's First Scheduling Order indicates all discovery requests must be filed by November of 2003 – also attached).

As evidenced in the plaintiff's memorandum in support of cross-summary judgment, Mr. Bourguignon's affidavit has been submitted for the sole purpose of supporting the plaintiff's new attempt to bring an additional claim of excessive force. The plaintiff may not use his cross-motion for summary judgment as a vehicle for bringing an additional claim.  The plaintiff has had ample opportunity, both in his complaint, and in his responses to the defendants' discovery requests, to bring a claim of excessive force.  He has failed to do so.  The plaintiff may not now attempt to ambush the defendants with an entirely new claim, brought for the first time within the context of a dispositive motion.  The defendants submit that Mr. Bourguignon's affidavit falls outside of the scope of the pleadings, outside of the scope of discovery, and is irrelevant to the present matter.

WHEREFORE, the defendants move to strike Mr. Bourguignon's affidavit as irrelevant, immaterial, and as falling outside of the scope of the pleadings and discovery.

                DEFENDANTS,
                CHIEF ROBERT PAQUETTE,
                DETECTIVE SGT. FISHER,
                DETECTIVE RAMOS,
                DETECTIVE JOHN MERULLO,
                DETECTIVE JOHN KRUPINSKY,
                DETECTIVE MARK TROHALIS,
                OFFICER KARL MURPHY
                OFFICER SELNER and
                OFFICER RIOLO


                By_____
                  Eric D. Eddy
                  ct25242
                  Howd & Ludorf
                  65 Wethersfield Avenue
                  Hartford, CT  06114
                  (860) 249-1361
                  (860) 249-7665 (Fax)
                  E-Mail:  eeddy@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 24th day of March, 2004.


Mr. Luis Fernandez
Inmate Number 279900
MacDougall-Walker
 Correctional Institution
1153 East Street, South
Suffield, CT 06080

                _____
                Eric D. Eddy