UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.: 3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | MARCH 30, 2004 |

### DEFENDANTS' REPLY TO THE PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT

The defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo, reply to the plaintiff's opposition to the defendants' January 6, 2004 motion for summary judgment. The plaintiff's opposition to summary judgment consists of two documents: (1) a single paragraph cover motion, entitled "Plaintiff's Opposition to Defendants Motion for Summary Judgment" (attached as **Exhibit A**); and (2) "Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgment" (attached as **Exhibit B**).

### I.   STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) requires the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A factual dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

ORAL ARGUMENT IS REQUESTED

A "material fact" is one whose resolution will affect the ultimate determination of the case. *Id.* In determining whether a material issue of fact exists, the court must resolve all ambiguities and draw all inferences against the moving party. *Id.* at 255, 106 S.Ct. at 2513; *J.F. Feeser, Inc. v. Servi-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991). However "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Samuels v. Smith*, 839 F.Supp. 959, 962 (D.Conn. 1993).

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256, 106 S.Ct. 1570, 94 L.Ed.2d 763 (1987); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element that it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987). Where evidence is submitted in support of, or in opposition to, a motion for summary judgment, such evidence must be presented in a manner consistent with its admissibility at trial. *See First National Bank of Clinton, Ill. v. Insurance Co. of North America*, 606 F.2d 760 (7th Cir. 1979) (in ruling on summary judgment motion, the district court properly relied on documents and exhibits identified by affidavit). Unsworn statements of the parties, letters addressed to litigants from third persons, and hearsay which does not fall under one or more of the exceptions listed in Rules 803-805 of the Federal Rules of Evidence, may not

2

properly be considered.  See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179 (9th Cir. 1988); *Edward B. Marks Music Corp. V. Stasny Music Corp.*, 1 F.R.D. 720 (S.D.N.Y. 1941).

The nonmoving party "may not rest upon mere conclusory allegations or denials." See *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997) (internal citations omitted). On a motion for summary judgment, a court cannot try issues of fact; it can only determine whether there are issues to be tried. See *Anderson*, 477 U.S. at 255; *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). The function of the court at this stage is not to weigh the evidence and determine what is true, but rather to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. *Accord, Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d. Cir. 1995) (movant's burden satisfied if it can point to an absence of evidence to support an essential element of nonmoving party's claim). See also *Schacht v. Wisconsin Dep't of Corrs.*, 175 F.3d 497, 503-04 (7th Cir. 1997).

## II.    LEGAL ARGUMENT

The plaintiff has effectively failed to oppose the defendants' motion for summary judgment. The plaintiff has merely filed a cover motion indicating his intent to oppose summary judgment. The plaintiff has not filed a memorandum of law in opposition to summary judgment. The plaintiff has also filed a cross-motion for summary judgment. The cover motion of his cross-summary judgment indicates that the plaintiff has also filed his cross-summary judgment brief for the stated purpose of opposing the defendant's motion for summary judgment: "Plaintiff Luis Fernandez request this Court to grant him Cross-Summary Judgment as to Opposition to Defendants Summary Judgment."[1] (see cover motion of cross-summary judgment attached as **Exhibit C**).

The plaintiff has not filed a legal brief in opposition to the defendants' motion for summary judgment. He has not set forth legal arguments in opposition to those presented by the defendants. He has not placed any material facts in dispute with those cited in the defendants' motion. The plaintiff may not use a cross-motion for summary judgment to oppose a motion for summary judgment. The plaintiff's cross-summary judgment brief also fails to address the defendants' legal arguments and fails to dispute the material facts presented by the defendants in their Local Rule 56(a)1 Statement.

The plaintiff's affidavit in opposition to summary judgment is equally ineffective[2]. (**Exhibit B**). The plaintiff's affidavit in opposition does not adhere to Local Rule 56(a)2. The defendants forwarded the requisite "Notice to Pro Se Litigant", in accordance with Local Rule 56(B), on January 26, 2004. This Court forwarded an

---

[1] The defendants also filed a memorandum in opposition to the plaintiff's motion for cross-summary judgment on March 24, 2004.

[2] The defendants have also moved to strike the plaintiff's affidavit in opposition to defendants' motion for summary judgment.

additional copy of the notice to the plaintiff on February 27, 2004.  Nonetheless, the plaintiff has not submitted a proper 56(a)2 statement.

The plaintiff has not filed a Local Rule 56(a)2 Statement, "which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied.  The Local Rule 56(a)2 Statement must also include in a separate section entitled 'Disputed Issues of Material Fact' a list of each issue of material fact as to which it is contended there is a genuine issue to be tried." (Rule 56(a)2).

The plaintiff's affidavit in opposition merely contains conclusory statements, denials and blank assertions by the plaintiff.  In addition to failing to file a statement in the proper Rule 56(a)2 format, the plaintiff has also neglected to support his allegations with any evidence, in the form of affidavits, sworn testimony, and/or other admissible evidence.  Many of the plaintiff's allegations are not statements of fact, but legal arguments, lacking citation to case law.  In short, the plaintiff's affidavit fails to place any material facts in dispute, in accordance with Local Rule 56(a) and the standard of review for summary judgment.  Local Rule 56(a)1 states: "All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)."

The plaintiff has failed to challenge the defendants' Local Rule 56(a)1 Statement.  The Court should deem admitted all facts contained in the defendants' 56(a)1 Statement.  The plaintiff has failed to submit any evidence, which would place material facts in dispute.  The plaintiff, the nonmoving party, "may not rest upon mere conclusory allegations or denials" such as those in his complaint or responses to the defendants' interrogatories. *See Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101

(2d Cir. 1997). Rather, Mr. Fernandez must come forward with evidence to meet his burden. Here, Fernandez has failed to make a sufficient showing on any of essential elements of his case; accordingly, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. *Accord, Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d. Cir. 1995) (movant's burden satisfied if it can point to an absence of evidence to support an essential element of nonmoving party's claim).

Additionally, the Court has ordered that the plaintiff must file his opposition brief to summary judgment by March 27, 2004. (see Court order attached as **Exhibit D**). This deadline has now passed, and the plaintiff is barred from filing an opposition brief and Rule 56(a)2 Statement.

### III.   CONCLUSION

As stated above, the plaintiff has effectively failed to oppose the defendants' motion for summary judgment. The defendants therefore respectfully request that the Court grant their January 26, 2004 motion for summary judgment.

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO


By_____
  John J. Radshaw, III
  ct19882
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (Fax)
  E-Mail:  jradshaw@hl-law.com

## **CERTIFICATION**

        This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 30th day of March, 2004.

Mr. Luis Fernandez
Inmate Number 279900
MacDougall-Walker
 Correctional Institution
1153 East Street, South
Suffield, CT 06080

                                                                                _____
                                                                                John J. Radshaw, III