UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez            :   PRISONER
                          :   CASE NO. 3:02CV2090
v.                        :   (JBA)(JGM)
                          :
Chief Robert Paquette, et al : April 2, 2004

## PLAINTIFF MOTION FOR RESPOND & OBJECTION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT DATED MARCH 24, 2004.

The plaintiff hereby respond & objects to defendant's motion to strike Affidavit in support of witness statement dated March 24, 2004. The Affidavit in support of witness statement dated Feb. 2, 2004 submitted and marked as exhibit "8" in support of Plaintiff Cross-Summary Judgment Affidavits and brief dated Feb. 13, 2004 is relevant, pursuant under Conn. General Statutes § 1-23 and Connecticut Code of Evidence sec. 6-2 oath or Affirmation and under Rule 56 F.R.C.P. Citing Cologne V. Westfarms Associates, 197 Conn. 141, 152-53, 496 A.2d 476 (1985); Curtiss V. Strong, 4 Day, (Conn.) 51, 55, 56 (1809); And State V Dudicoff, 109 Conn., 711, 721, 145 A. 655 (1929). Also, the plaintiff Pro-se strongly objects to defendants allegations of "Ambush"

1 of 5

And "not Complying with Rules of discovery" when in fact the plaintiff Complyed Accordingly to the Rules of discovery with defendants First Set of Interrogatories And Request for Production Directed to the Plaintiff dated Nov. 14, 2003 which is submitted and marked as Exhibit "17" in support of plaintiff Cross-Summary Judgment Affidavits and brief dated Feb. 13, 2004. See Plaintiff Notice of Manual Filing Exhibit "A".

The defendants <u>did not</u> specify in the Request for Production made dated Nov. 14, 2003 pursuant Rule 34 F.R.C.P to the plaintiff to produce Names of any witnesses or statement of witnesses Concerning the Action Arrest on January 7, 2000 or the search and seizure of same and failed to Request the plaintiff of any Knowledge of witnesses to the Arrest on January 7, 2000. See Plaintiff Notice <u>of Manual filing Exhibit "A".</u>

The defendants are gradually Contradicting their own Argument as "Not Alleging an Excessive force claim", when in fact defendants Admit the words "Excessive force" are in the <u>Entirety</u> of <u>both</u> the plaintiff's Complaint And discovery Response. The plaintiff has Manually filed exhibit "A" And "B" in support of the Several Responses And stated information of the Excessive force claim in the defendants First set of Interrogatories And Request for Production Directed to the plaintiff dated Nov. 14, 2003 in Page 7 Response 10, Page 13 Response 22 And Page 15 Response 25 And Copy from the plaintiff Complaint Marked As Page 14

2 of 5

Exhibit B, states the excessive force claim Citing U.S. V. Melendez-Garcia, 28 F.3d 1046, 1053 (10th Cir. 1994) which in fact has been acknowledge by defendants in page 4 of the MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT DATED MARCH 24, 2004.

Plaintiff witness MR. Bourguignon who without fear, threat or Promise made a witness statement pursuant to 28 U.S.C. § 1746 under Rule 56 of the Local Rules of Civil Procedure is relevant about matter that do tend to prove deliberate indifference infliction of cruel and unusual punishment, unreasonable searches and seizures and excessive force at Gun Point were defendants have in fact admitted that the "excessive force" words are in entirety in bothe of the plaintiff Complaint and discovery response setting forth taken pleaded fact as true, stated claim as matter of law. Citing Johnson V. Stark, (1983, CA 8 Iowa) 717 F.2d 1550. "Even under 42 U.S.C.S. § 1983 and excessive force claim liberally construed, Complaint does state claim for Relief" see Haddock V. Board of Dental Examiners (1985, CA 9 Cal) 777 F.2d 462, 39 BNA FEP Cas 764, 38 CCH EPD ¶ 3577.

The plaintiff is not making any attempt to bring an additional claim of excessive force or an attempt to "ambush" the defendants in any form after already having set forth sufficient information concerning elements of claim asserted to permit

inferences to be drawn as the District Court scrutinized Plaintiff's Civil Rights Complaint with special care. See Plaintiff Notice of Manual Filing Exhibit "C" granting Pro Se 42 U.S.C.S. §1983 petitioner to proceed in forma pauperis Citing Davey v. Tomlinson, (1986, ED Mic) 627 F. Supp. 1458.

Where each side may call witnesses and plaintiff witness MR. Bourguignon if believed by a jury would be sufficient to support a verdict in plaintiff favor.

Furthermore, the plaintiff provided the Clerk of the Court with the proper number of legal documents for filing without prepayment of fees or costs under 28 U.S.C. § 1915 where it is by the plaintiff who depends on the Court, through the United States Marshal Service, to effect service on his behalf since the provision of all necessary information entered on 6/1/03, should not be penalized for improper service by United States Marshal Service "Automatically Constitutes 'good cause' preventing dismissal under Rule 4(M). And summons issued for the defendants in their official capacity have been entered since 6/1/03 see plaintiff Notice of Manual filing Exhibit "D" U.S. District Court Web Pacer (v2.4) Docket Report page 3 of 4.

Wherefore, the plaintiff Affidavit in support of witness statement by MR. Bourguignon is actual relevant material to this case, in fact both of the

plaintiff complaint and discovery response sets forth taken pleaded fact as true, stating claim as matter of law were defendant motion to strike affidavit in support of witness statement dated March 24, 2004 is without merit and should be denied.

RESPECTFULLY SUBMITTED

_____
Luis Fernandez   Pro SE
ID. 279900
M.W.C.I.
1153 East Street South,
Suffield, CT 06080

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, via U.S. mail to the following defendants Attorney this 2 day of April, 2004.

Eric D. Eddy
Ct 25242
Howd & Ludorf
65 Wethersfield Ave.,
Hartford, CT 06114

_____
Luis Fernandez
Pro SE