UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
AT BRIDGEPORT
DATE 12 2004
KEVIN F. Rowe, Clerk
By: Mary E. Larson
Deputy Clerk

Luis Fernandez                    :        PRISONER
                                           Case No. 3:02CV2090
V.                                :        (JBA)(JGM)

Chief Robert Paquette, et al   :      April 2, 2004

## PLAINTIFF NOTICE OF MANUAL FILING

Please take notice that the plaintiff have manually filed the following Exhibits to the Plaintiff MOTION FOR RESPOND & OBJECTION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT DATED MARCH 24, 2004:

1. EXHIBIT A —    DEFENDANTS' FIRST SET OF INTERROGATORIES & REQUETS FOR PRODUCTION DIRECTED TO THE PLAINTIFF, with RESPONSE. DATED NOV. 14, 2003.

2. EXHIBIT B —    PLAINTIFF CIVIL RIGHTS COMPLAINT with marked page 14

3. EXHIBIT C —    APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT GRANTED DATED 1/6/03

1 of 2

4. EXHIBIT    D —

U.S. District Court
WEB PACER (V2.4)
Docket Report Page 3
of 4    Dated 10/1/03.

RESPECTFULLY SUBMITTED

_____

Luis Fernandez    Pro Se
ID. 279900
M.W.C.I.
1153 East Street South,
Suffield, CT 06080

## CERTIFICATION

This is to Certify that a Copy of the foregoing has
been mailed, via U.S. mail to the following defendants
Attorney this 2 day of April, 2004.

ERIC D. EDDY
ct 25242
Howd & Ludorf
65 Wethersfield Ave,
Hartford, CT 06114

_____
Luis Fernandez
Pro Se



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.: 3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | NOVEMBER 14, 2003 |

## DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO THE PLAINTIFF

The defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo,, request that the plaintiff, Luis Fernandez, answer under oath in accordance with Rule 33 of the Fed. R. Civ. P., the interrogatories attached hereto, and produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Fed. R. Civ. P.

## INTERROGATORIES

1.      State your residence address, business address, date and place of birth, height, weight, Social Security Number, marital status, driver's license number, and present employer.

ANSWER: Current Residences Cheshire C.I., 900 highland Ave, Cheshire, CT. 06410, No business Address, date July 22, 1976 in the Dominican Republic place of birth, 5'05 hight Approx. 135 weight, Maride, driver's license number I don't recall, No present Employer," The plaintiff objects to the disclosing of his social security Number were defendants had already illegally confiscated during the Arrest without a warrant or probable Cause on 1/7/00.

2.     State the name, address, and years of attendance and graduation for
each school you have attended, starting with high school and including college, junior
college, technical school, or any other place of continuing education.

ANSWER:   George Washington high school  graduated in
1994 while in the Dominican Rep. . Attended Also  Culver Academy on
lake Maxinkuckee in For ESL preparation and Sports at 29 pershing
place, Culver Indiana the Approx year's were 1992 - 1993. For Summer,
And for continuing education Are Acquiring business And Computer
softWAre  Courses which the Department of Corrections provides see
Attached herein response from Business Education Teacher date
Sept. 10, 2003.

2

3.    Have you ever been suspended, disciplined, or expelled from any school?  If so, please state:

(a)    the date of said action;
(b)    the name of said school; and
(c)    the reason for said action.

ANSWER: the most I can recall is that on the Grade 5 or 6 I did not pass so I had to move from school which was American Bilingual school "ABC." while in the Dominican Rep. to another bilingual school called "THE AMERICAN school" which I was removed do to the high cost leading to George Washington school. , All bilingual schools in the Dominican Republic.

4.    Have you ever been arrested? If so, please state:
      (a)    the charges upon which the arrest was based; and
      (b)    whether you received a sentence for these charges.

ANSWER: Approx. 1/7/00, the plaintiff was in court for Motor Vehicle Case in the Danbury Superior Court Connecticut were a Judge ~~~~ Granted a Counse. before the illegal Arrest by defendants, this is my response since this question is not specific.

4

5.    Have you ever been or are you currently the subject of or the defendant in any prosecution, administrative action or lawsuit, either civil or criminal?  If so, please set forth:

(a)    the nature, substance, and description of each such complaint, disciplinary action, or lawsuit;

(c)    the name and address of each complainant/plaintiff;

(d)    whether you received a conviction for any such prosecution;

(e)    whether you received a prison sentence for each conviction; and

(f)    whether you are currently serving a prison sentence.

ANSWER: the plantiff objects to this question As Appears completely irrelevant were Fifth Amendment privilege Against self incrimination for unrelated Criminal Acts for which the plantiff has not been prosecuted, its requested to Explain its relevance.

6.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the First Amendment.

ANSWER: defendants violated plantiff first Amendment by Abridging his freedom in An Arrest without probable Cause, violated plantiff first Amendment objective expectation of privacy in MR. Angel Raminez the lesse Apartment and violated first Amendment by Ambridging his freedom in An Arrest without A warrant.

5

7.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Fourth Amendment.

ANSWER: defendants violated plantiff fourth Amendment by unreasonable searches and seizures, no probable cause, insufficient probability or cause is also a violation of fourth Amendment, violated plantiff fourth Amendment by depriving of a petition for forfeiture of property in drug cases public Act 89-269, C.G.S. § 54-36h supplied for the purpose of claiming property seized, violated plantiff fourth Amendment when the techniques used by the defendants overcame the plantiff free will or that he was not free to leave when no reliance on warrant issued for Angel Ramirez, violated plantiff fourth Amendment by descriptive information on arrest warrant, violated plantiff fourth Amendment by irrelevant motives, violated plantiff fourth Amendment when exigent circumstances did not exist to justify warrantless search and seizure.

8.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Fifth Amendment.

ANSWER: defendants violated plantiff fifth Amendment by depriving him of liberty and property without due process of law, violated plantiff fifth Amendment when defendants arrested the plantiff without a warrant or probable cause in the indictment for Angel Ramirez, violated plantiff fifth Amendment when intentionally violated Rule 41 (d) with prejudice by refusing to provide copy of search warrant for the apartment, Nissan pathfinder and person Angel Ramirez at onset of search.

6

9.     Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Sixth Amendment.

ANSWER: defendants violated the plaintiff sixth Amendment when execution of warrants for Angel Ramirez and ,suv and Apartment 2 floor, 128 osborne st, Danbury defendants failed to informed of the nature and cause of the accusation which led from seizure Convicted to Arrest As unreasonable and At gun point threating plaintiff life

10.     Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Eighth Amendment.

ANSWER: defendants violated plaintiff Eighth Amendment by deliberate indifference infliction of cruel and unusual punishment , violated plaintiff Eighth Amendment when defendants knew of or should have known of the unreasonable seizure of property without A warrant and without plaintiff name or A Criminal Record to be Identified, violated plaintiff Eighth Amendment when NO warrants was the plaintiff named or identified in the search warrant for second floor, 128 osborne st., Danbury , CT date 1/6/00 to Arrest or seized , violated plaintiff Eighth Amendment when defendants Exceeded scope of warrant seizing plaintiff property with prejudice to inflect punishment , violated plaintiff Eighth Amendment when defendants knew of their wanton action of or should have known of their reckless inaction of unreasonable searches and seizures amounted to and/or Arrest without probable cause infliction of cruel and unusual punishment ban

11.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Ninth Amendment.

ANSWER: defendants violated plantiff ninth Amendment when denyed And/or disparage of Rights retained by the people, violated plantiff ninth Amendment when defendants invaded the privacy right of Constitution guarantee equal protection and imposes limits upon governmental power

12.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Thirteenth Amendment.

ANSWER: defendants violated plantiff thirteenth Amendment by unreasonable seizure without a justifiable cause or probable cause for Arrest Amounted to involuntary servitude, violated plantiff thirteenth Amendment when unreasonable seizure At Gun point Amounted to Arrest As involuntary servitude, violated plantiff thirteenth Amendment when unreasonable seizure At Gun point Amounted to Arrest And taken to police Head Quarters for processing without A warrant or probable cause without plantiff consent, involuntary servitude

8

13.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Fourteenth Amendment.

ANSWER: defendants violated plaintiff fourteenth Amendment when defendants Actions of wanton and reckless inactions deprived the plaintiff of liberty and property, without due process of law, violated plaintiff fourteenth Amendment when defendants Actions deprived the plaintiff of guaranteed the privileges and immunities due to citizens of the united states and to due process and equal protection of the laws

14.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by Article I, Section 7 of the Connecticut Constitution.

ANSWER: defendants violated plaintiff Article First §7 of the Connecticut Constitution when defendants Actions deprived the plaintiff from unreasonable searches and seizures, plaintiff Arrest without probable cause supported by oath or Affirmation, plaintiff Arrest without A warrant to search or seize him or his property and inaccurate description of the plaintiff violates Article First §7 of the Conn. Constitution.

9

15.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by Article I, Section 8 of the Connecticut Constitution.

ANSWER: defendants violated plaintiff rights secured by Article 1 §8 when defendants failed to informed of the nature and cause of the Accusation for Arrest on 1/7/00, defendants violated plaintiffs rights secured by Article 1 §8 when deprived plaintiff of life, liberty and property without due process of law in the Arrest without a warrant or probable Cause on 1/7/00

16.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by Article I, Section 20 of the Connecticut Constitution.

ANSWER: defendants violated plaintiff secured rights under Article 1 §20 for the Arrest without probable Cause or a warrant on 1/7/00 were the plaintiff holds a Constitutional Liberty interest to have the equal protection of the laws while being equally situated as any other citizens of the state.

17.    Please state all facts upon which you base your contention that the actions of the defendants violated "Title VII Federal Act", as alleged in your complaint.

ANSWER: defendants violated title VII Federal Act by discrimination because of plaintiff RACE Arrested him without A warrant or Probable Cause.

18.    Please state all facts upon which you base your contention that the actions of the defendants violated "18 U.S.C. §1621", as alleged in your complaint.

ANSWER: defendants illegal search and seizures Alleged perjury in violation of 18 U.S.C. § 1621 FED. Act. Without Probable Cause, defendants warrants execution and warrantless Arrest of essential facts admitted false information in violation of 18 U.S.C. §1621 subject to Federal Perjury Charge

19.    Please state all facts upon which you base your contention that the actions of the defendants violated "28 U.S.C. §1746", as alleged in your complaint.

ANSWER: defendants in their declaration statement under penalty of perjury as permitted under 28 U.S.C. §1746, willfully subscribed in their warrants affidavit as true material information which defendants did not believe to be true and this said material information did in fact cause the plaintiff loss of liberty interest without DUE PROCESS violating 28 U.S.C. §1746 subject to Perjury Charges

20.    Please state all facts upon which you base your contention that the actions of the defendants violated "P.A. 89-269/C.G.S. §54-36h", as alleged in your complaint.

ANSWER: defendants violated Petition for forfeiture of property in drug cases public Act 89-269 / C.G.S. §54-36h when they unreasonably searched and seized plaintiff property without a warrant or probable cause and failed to supplied the plaintiff with a Public Act 89/269: C.G.S. §54-36h form for claiming property seized which were only made for Angel Ramirez dated 11/7/00 not the plaintiff violating fourth and fifth amendment to U.S.C. were forfeiture statutes must be read and applied strictly and defendants violated Public Act 89-269 / C.G.S. §54-36h when they failed to file or supply withing 90 days the petition for seizure of money or property belonging to the plaintiff.

21.    Please state all facts upon which you base your contention that the actions of the defendants violated "C.G.S. §3109", as alleged in your complaint.

ANSWER: defendants violated 18 U.S.C.S. § 3109, when After Obtaining the keys from the ignition of Nissan Pathfinder belonging to Angel Ramirez unlocked the Apartment 2 floor, 128 Osborne St., Danbury, CT without A Knock And Announce entry.

22.    Please state all facts upon which you base your claim, made under 42 U.S.C. §1983.
Illegal searches And seizures which defendants Are held ANSWER: liable under 42 U.S.C. § 1983, Arrest without Probable Cause or A Warrant gives rise to a claim for damages under §1983, defendants Arrested the plaintiff without a warrant Abridging his freedom Arrosing plaintiff Eighth Amendment Right to the U.S.C. ban cruel and unusual punishment by deliberate indifference knowing that no warrant was executed for the plaintiff or Sufficient Probable Cause to be placed in custody violating his first Amendment by Abridging freedom, 4th Amend Against unreasonable Search and seizures shall not be violated And no warrant shall issue without Probable Cause; fifth Amendment nor be deprived of life, liberty or property without due process of law; sixth Amendment Right to be informed of the nature and cause of the Accusation, 8th Amend. Right ban cruel And unusual punishment inflicted, 9th Amend. Right ban the deny or disparage of Right retained by the people, 13th Amend. Right ban involuntary servitude, and 14 teenth Amend. Right ban Any state from depriving Any person of life, liberty or property without due Process of law, further, violation of Public Act '89-269, Conn. Gen. St § 54-36 h failed to provide petition to the plaintiff money and/or property, violation of plaintiff expectation of privacy in the Attic Apartment 1 room, the warrant

13

23.    Please state whether:

    a.    You have ever identified yourself by the name of "Alex"; and/or
    b,    Others have identified you by the name of "Alex."

ANSWER: the plaintiff name is not Alex which name of "Alex" was alleged by defendants Chief Robert Paquett, et al

24.    Please state whether:

    a.    You have ever identified yourself by the name "Alex Edwart";
    b.    Others have identified you by the name "Alex Edwart."

ANSWER: the plaintiff name is not Alex Edwart which name "Alex" was alleged by defendants Chief Robert Paquett, et al

14

25.    Please list and identify each injury you claim to have sustained as a result of the incidents alleged in the Complaint.

ANSWER: loss of sleep , shock , humiliation do to the Emotional distress inflicted in the Arrest without A warrant or Probable Cause , NERVOUS And Restless do to the illegal search And seizure , EXCESSIVE force do to Arrest At Gun point

15

## REQUESTS FOR PRODUCTION

The defendants request that the plaintiff produce for inspection, copying, testing

or sampling, as the case may be, the documents or tangible things described

hereinafter, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

1.     Please provide any statements you made to any person regarding any of
the events or happenings alleged in your Complaint.  For purposes of this production
request, the term "statement" shall have the same meaning as that adopted in
Connecticut Practice Book, §13-1.

ANSWER: Enclose you will find in response a copy of transcript
date March 18, 2002, docket NO. CV00-0341157-S were testimony
from defendants Mark Tromelos, John Mewillo and the plaintiff
Are made regarding several events Alleged in the Complaint.

2.     A copy of any non-privileged statement of any party in this lawsuit
concerning this action or its subject matter.

ANSWER: Enclose the plaintiff has Already provide a copy
of transcript date March 18, 2002, docket NO. CV00-0341157-S
were testimony from defendants Mark Tromelos, John Mewillo
and the plaintiff Are made regarding several events Alleged in the
Complaint.

16

ANSWER: Executed for Angel Ramirez is not sufficient and lacks objectivity to weigh correctly the strength of the evidence supporting the contemplated action, against the plaintiff interest in protecting his own liberty, the alleged offense committed was not in possession of the plaintiff or at plain view FED. R. CIM. P. 4(A), the warrant executed by defendants is insufficiently particular it did not specifically implicated the attic apart/room nor it can be use for personal knowledge of plaintiff name to come insufficient warrant because name did not appear on warrant and it Constable violates plaintiff 4th Amend by descriptive information on arrest warrant, defendants unreasonably search the attic apt/room despite warrant(s) description of second floor apartment and search invalid because defendants prepared affidavit for a different search and could not have reasonably relied upon the courts finding of probable cause, the defendants violated 18 U.S.C.S. § 3109 when they unlocked Angel Ramirez apartment entered without a knock and announce, were no exigent circumstances to satisfied evidence would be destroyed, defendants intentionally violated with prejudice RULE 41(d) by refusing to provide a copy of search warrant for the apartment, the Nissan Pathfinder and the person Angel Ramirez at outset of search, defendants detention and seizure of plaintiff generalized suspicion of criminal activity based solely on race and scare on face. Also does not justify seizure, there was no reasonable suspicion or indication that plaintiff possessed any drugs or armed, the defendants failed to act diligently, misinformed the plaintiff and moved him from original site of seizure to police headquarters for interrogation, defendants threating the plaintiff life when unreasonable arrested the plaintiff at gunpoint, the defendants warrantless search of plaintiff attic apt/room property seized upon invalid arrest is invalid as search incident to arrest because it was conducted more than 2 hours 75 minutes were there was no justification for the search incident to arrest or any consideration the plaintiff a threat, defendants inventory search invalid because no policy procedure existed regarding scope of inventory search were inventory was not conducted according to warrant

3.    All invoices generated by any attorney who represented you in any criminal charges filed against you as a result of any of the alleged activities of the defendants.

ANSWER: Objection As Client Attorney privileged

4.    All hospital records relating to treatment received as a result of the alleged incident, and to any injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories, and written authorization to inspect and make copies of said hospital records.

ANSWER: Enclose you will find A copy of the PHYSICIAN'S ORDERS from WALKER R.S.H.U. treatment's date 3/28/00 to inspect And Keep Copy.

5.    All reports of all doctors and all other care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident, and to the injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories (exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) and written authorization to inspect and make copies of said reports.

ANSWER: Enclose herein is A copy of the PHYSICIAN'S orders date 3/28/00 to inspect And Keep copy.

6.    All reports of all doctors and all other care providers relating to treatment received as a result of any prior incidents and/or injuries and written authorization to inspect and make copies of said reports.

ANSWER: Enclose herein is a copy of the PHYSICIAN'S orders date 3/28/00 to inspect And Keep Copy.

17

HR925 REV. 12/95
CONNECTICUT DEPARTMENT OF CORRECTION
**PHYSICIAN'S ORDERS**

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 279 900 | 7/22/76 |

| INMATE NAME (LAST, FIRST, INITIAL) | | | | |
|---|---|---|---|---|
| Fernandez, Luis | | | | |

| SEX | | RACE/ETHNIC | | | | FACILITY |
|---|---|---|---|---|---|---|
| (M) F | B | W | H | O | | Walken |

**INSTRUCTIONS FOR USE:**  Physicians must sign name and title under each order. Each order must be initialed in the space provided by the licensed nurse who transcribed the order.   Medications will be dispensed according to brands stocked in pharmacy.

## DRUG ALLERGIES / HYPERSENSITIVITY

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 3/28/00 | 9:20 | 1) Milk of Magnesia 15 ml OD. x 2 wks | |
| | | 2) ↑ fluid intake | |
| | | 3) mental health consultation | |
| | | 4) occult bl. x 1 more specimen | |
| | | T.D M.D | |
| | | noted 3/28/00 | |

CONFIDENTIAL
MEDICAL RECORDS

AUTHORIZATION IS HEREBY GIVEN TO DISPENSE THE MEDICATION EQUIVALENT
(UNDER THE D.O.C. FORMULARY SYSTEM) UNLESS THE PRODUCT  DESCRIBED IS CIRCLED.

7.    All reports of all doctors and other mental health care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident and to the emotional injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories.  Please also sign the enclosed mental health authorization appended pursuant to Conn. Gen. Stat. § 52-146c(c), § 52-146d, and § 52-146e.

ANSWER: Enclose herein is the Copy of REQUEST FOR Mental Health SERVICES 3/28/00 from WALKER R.S.M.U. were Doctor found the plaintiff depressed upon exam. Also seen on 3/29/00 by supervisor, the plaintiff object to disclosing the communications with psychiatrist, which relationship is protected per Conn. Gen. Stat § 52-146 f (5)

8.    All reports of all doctors and other mental health care providers relating to any prior incidents and/or emotional injuries, diseases or defects.  Please also sign the enclosed mental health authorization appended pursuant to Conn. Gen. Stat. § 52-146d, and § 52-146e.

ANSWER: Enclose herein is the Copy of Request for Mental Health SERVICES 3/28/00 from WALKER R.S.M.U. were Doctor found the plaintiff depressed upon exam. Also seen on 3/29/00 by supervisor the plaintiff objects to disclosing the communications with psychiatrist which relationship is protected per Conn. Gen. Stat § 52-146 F (5)

9.    All medical bills that are claimed to have been incurred as a result of this incident.

ANSWER: the plaintiff does not understand were request / question should be explained with more details or specifics.

HR501 REV.5/94

CONNECTICUT DEPARTMENT OF CORRECTION

# REQUEST FOR MENTAL HEALTH SERVICES

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 279900 | 7/22/76 |

INMATE NAME (LAST, FIRST, INITIAL)
*Fernandez, Luis*

| DATE OF REQUEST | INMATE REQUEST | REFERRED BY/TITLE | SEX | RACE/ETHNIC | FACILITY |
|---|---|---|---|---|---|
| 3/28/00 | Y  N | Dr Katznelson | M  F | B  W  H  O | WRSM U |

DESCRIBE REASON FOR REQUEST/REFERRAL:

*MD finds this I/w to be depressed upon exam. She requests MH eval. Thanks*

---

## MENTAL HEALTH SERVICES RESPONSE

| DATE REQUEST RECEIVED | REFERRED TO | DATE CLIENT SEEN | SERVICE PROVIDER/TITLE |
|---|---|---|---|
| 3/28/00 | Daniel Bannel PsyD | 3/29/00 | Daniel Bannel PsyD  Sup Psychologist |

SERVICE PROVIDED/RESPONSE:

*See 3/29/00 note*

RESCHEDULE DATE:        YES ☐        NO ☐

*Daniel Bannel PsyD*

MENTAL HEALTH PROVIDER'S SIGNATURE/TITLE

3/29/00

DATE

10.    All bills for each item of expense that is claimed to have been incurred as a result of this incident and not produced in response to Production Request No. 4 above.

ANSWER: the plaintiff cannot answer unless this question Request is better explained . because he is unable to understand specifics what is refered to.

11.    All photographs taken by any person which depict your condition or injuries which were allegedly sustained as a result of the allegations in your Complaint.

ANSWER: the plaintiff condition was examine by a psychiatrist No photographs were taken to the plaintiff knowlege.

12.    A copy of any non-privileged statement of any party in this lawsuit concerning this action or its subject matter.

ANSWER: SEE response to Production Request No. 2

19

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO


By_____
   Eric D. Eddy
   ct25242
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  eeddy@hl-law.com

## CERTIFICATION

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 14th day of November, 2003.

Luis Fernandez
Inmate Number 279900
Connecticut Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

_____
Eric D. Eddy



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### CIVIL RIGHTS COMPLAINT

Luis Fernandez
279900
_____,
Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use et al.)

v.

Officer Selner,
Officer Riolo,
Det. sgt. Fisher,
Det. Ramos,
Det. J Mewllo,
Det. Kawpowsky
Det. Trohalts Mark,

Robert Paquette,
officer Karl Murphy,

Defendant(s).
(Full name(s) and capacity, e.g., official capacity, individual capacity,
or official and individual capacitites) (Do not use et al.)

Case No. 3:02 CV 2090 (JBA)
(To be supplied
by the court)

## A. PARTIES

1. Luis Fernandez _____ is a citizen of Connecticut _____ who
(Plaintiff)                                    (State)
presently resides at 900 highland Ave Cheshire , CT 06410 .
                     (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 279900 _____

2. Defendant Robert paquette . is a citizen of Connecticut
            (name of first defendant)                      (State)
whose address is 120 main Street , Danbury , CT 06810.

and who is employed as _Chief of police At Danbury Police Dept._
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _✓_ Yes. ____ No. If your answer is "Yes," briefly explain:

_As the chief of police At Danbury police Dept in Danbury, CT his Action Are under color of state law_

3. Defendant _Fisher_
(name of second defendant)
is a citizen of _Connecticut_
(State)

whose address is _120 Main street, Danbury CT 06810_

and who is employed as _Detective Sargent at Danbury Police Det._
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _✓_ Yes ____ No. If your answer is "Yes," briefly explain:

_As the Det sargent At Danbury Police Dept. in Danbury CT his Action Are under color of state law_

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

_✓_

____   42 U.S.C. § 1983 (applies to state prisoners)

____   *Blvens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

2

4) Defendant SELNER _____ is a citizen of Connecticut whose address is 120 Main street, Danbury, CT 06810 And who is employed as Officer At the Danbury Police Dept. At the time the claim(s) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓yes __ no. As An Officer of the Danbury Police Dept. his Action is under color of state law.

5) Defendant Riolo _____ is a citizen of Connecticut whose address is 120 Main street, Danbury, CT 06810 And who is Employed As Officer At the Danbury Police Dept. At the time the claim(s) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓yes __ no. As An Officer of the Danbury Police Dept. his Action is under color of state law.

6) Defendant Ramos _____ is a citizen of Connecticut whose address is 120 Main street, Danbury, CT 06810 And who is Employed As Detective At the Danbury Police Dept. At the time the claim(s) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓yes __ no. As A Detective of the Danbury police Dept. his Action is under color of state law.

7) Defendant John Mazzillo is a citizen of Connecticut whose address is 120 Main street, Danbury, CT 06810 And who is Employed As Detective At the Danbury Police Dept.

At the time the CLAIM(S) Alleged in this complaint Arose, was this defendant Acting under color of state law? ___✓ yes ___ No.
As a detective of the Danbury police Dept. his Action is under color of state law.

8) Defendant Krupinsky ___ is a citizen of Connecticut whose Address is 120 MAIN Street, Danbury, CT 06810 And who is Employed As Detective, At the Danbury Police Dept. At the time the Claim(s) Alleged in this complaint arose, was this defendant Acting under color of state law? ✓ yes ___ As a Detective of the Danbury police Dept. his Action is under color of state law.

9) Defendant Mark Trohalis ___ is a citizen of Connecticut whose Address is 120 main Street, Danbury, CT 06810 and who is Employed As Detective At the Danbury Police Dept. At the time the CLAIM (S) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓ yes ___ No. As a Detective of the Danbury police Dept his Action is under color of state law.

10) Defendant Karl Murphy ___ is a citizen of Connecticut whose Address is 120 MAIN Street, Danbury, CT 06810 And who is Employed As Officer At the Danbury Police Dept. At the time the CLAIM(S) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓ yes ___ No. As An officer of the Danbury Police Dept. his Action is under color of state law.

## C. NATURE OF THE CASE

BRIEFLY state the background of your case Violation of fourth Amendment the plaintiff was arrested without A warrant Abridging his freedom do to unreasonable searches and seizures violating the first Amendment and no warrant shall issue without probable cause ; fifth Amendment non be deprived of life, liberty on property without due process of law (others)

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I:   Violation of first, fourth, fifth, six, eighth and fourteenth Amendment to the U.S.C., Physical and Mental Anguish and Emotional injuries (others)

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)   ON January 7, 2000 Friday at Approximately. 1600 hrs. defendants detective Sgt. Fisher, And Dets Ramos, Merullo, Kwpowsky, Trohalos And officer Karl Murphy had A surveillance for the execution of search warrants for the second floor Apartment at 128 Osborne St., Danbury, CT . the person Angel Ramirez and Vehicle bearing Connecticut registration 569 NVH. The warrant for this investigation were obtained January 6, 2000, After review by A Judge At the Danbury Superior Court.   NO search warrants for the plaintiff or with his person name was executed during the surveillance
—I

# Incident Report

| # INCIDENT NO | DATE OF REPORT | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|---|---|---|
| 00-297 | 1/7/2000 | 0/ /07/00-Fri | 1649:00 | | Search Warrant Execution / Narcotic Arrests | | | | | |

| LOCATION | ST NO | | | | STREET NAME | | | INVESTIGATING OFFICER | | BADGE |
|---|---|---|---|---|---|---|---|---|---|---|
| A-Arrestee  I-Interviewed  J-Juvenile  M-Missing  S-Suspect  V-Victim  W-Witness  O-Other | 128 | | | | Osborne St. | | | Det.  Mark  Trohalis | | 461 |

| | | | | PHONE | STREET | CITY | ST | REG # | ST | APT NO/LOCATION |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Det | | | | 2nd fir |

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | Ramirez | Angel | M | H | 04/17/77 | | 128 Osborne St. | Danbury | CT | 569NVH | CT |
| A | Fernandez | Luis | M | H | 07/22/76 | | 128 Osborne St. | Danbury | CT | | |
| A | Fernandez | Luis | | | | | | | | | |

| STATUTE-1 | OFFENSE-1 | STATUTE-2 | OFFENSE-2 | STATUTE-3 | OFFENSE-3 |
|---|---|---|---|---|---|
| 21a-278(a) | Poss. Over 1oz. Cocaine W/ITS | 21a-279(a) | Poss. Cocaine | 21a-278(a)b | Poss.O/1 oz Narc.W/ts w/i |
| 21a-278(a) | Poss. Over 1 oz. Cocaine W/ITS | 21a-279(a) | Poss. Cocaine | 21a-278(a)b | Poss.O/1 oz Narc.W/ITS w/i |
| | | | | 21a-279(c) | Poss. Marijuana |

**STATUS CODE  C - Complainant**

**DETAILS**

On the above date at approximately 1600 hrs members of the Special Investigation Division established surveillance of 128 Osborne Street, Danbury, Connecticut. The surveillance was set up so that search warrants for the second floor apartment at this location and the person of Angel Ramirez and the vehicle used by Ramirez, a 1996 Nissan Pathfinder Sport Utility Vehicle bearing Connecticut registration 569NVH could be executed. The warrants for this investigation were obtained January 6, 2000 after review by a Judge, at the Danbury Superior court.

Present during the surveillance were Detective Sgt. Fisher, and Detectives, Ramos, Merullo, Krupinsky, Trohalis and Officer Karl Murphy. During the surveillance Detective Merullo had a clear unobstructed view of the house and driveway of the location. Shortly after surveillance was established the white Nissan Pathfinder bearing Connecticut registration 569NVH arrived and parked in the driveway. A small, thin Hispanic male, identified during the investigation as "Alex", and described as having a scar on his face was operating the vehicle. This Hispanic male was later identified as Luis Fernandez. Fernandez was observed talking on a cellular telephone and then exited the vehicle and entered the second floor apartment. Surveillance was maintained and a short time later two Hispanic males exited the second floor apartment and entered into the Nissan Pathfinder. The two Hispanic males were identified as Angel Ramirez and Luis Fernandez. Ramirez entered into the operators seat and Fernandez was seated in the front passenger seat. As the vehicle traveled on the vehicle then left 128 Osborne St. and was kept under constant surveillance.

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM.ONLY) | FOLLOWUP ACTIONS BY |
|---|---|---|---|
| REVIEWED FIELD SUPV | SHIFT COMM | | |

1/6/2000      12:18:45 AM      PAGE   1   OF   3

©1995 Hart & Houlihan Computer Designs