# Incident Report

| INCIDENT NO. | | | TYPE OF INCIDENT | | INVESTIGATING OFFICER | | Report Type |
|---|---|---|---|---|---|---|---|
| 00-297 | | | Search Warrant Execution / Narcotic Arrests | | Det.  Mark  Trohalis | | Init/Clos |
| DATE OF REPORT | INCID. DATE | TIME | INCID CODE | | | | |
| 1/7/2000 | 01/07/00-Fri | 1649:00 | | STREET NAME | | | BADGE |
| LOCATION OF INCIDENT | ST NO | | | Osborne St. | | | 461 |
| | 128 | | | | APT NO/LOCATION | | |
| | | | | | 2nd flr | | |

Tamariez Ave. it was decided to executed the warrant, for the vehicle. The vehicle was stopped on Tamarack Ave., both Fernandez and Ramirez were detained at this time. Officers Sefner, Riolo and Murphy stayed with the suspects and vehicle as Detectives obtained the apartment keys from the ignition keys. The Detectives then went immediately to the second floor apartment to execute the search warrant for the apartment. The keys obtained from the ignition unlocked the apartment door, upon entering no one was in the apartment, this was approximately 1649 hours. When entering the apartment you walk into the kitchen off the kitchen was the bedroom with a stairway to a attic bedroom, this bedroom was found to be Luis Fernandez. Detective Krupinsky was designated the evidence officer at this time to complie a flow chart of items seized and locations seized from. At approximately 1655 hours Det. Sgt. Fisher and Det. Merulo began a search of the bedroom of Angel Ramirez and Moya Mercedes, this bedroom was designated bedroom #1 on the evidence flow chart. Sgt. Fisher in bedroom #1, on the floor between the closet and tall dresser Fisher found a Nike shoe box which was found to contain the following: 1)one black plastic bag which contained three clear ziplock bags which contained a white rock type substance, these bags weighed a combined approximate weight of 15.2 ounces. 2) one black plastic bag which contained a clear ziplock bag which contained a white rock type substance, this bag weighed approximately 13.3 ounces. This bag was field tested by detective Krupinsky and a positive reaction for cocaine was obtained. 3)one ziplock bag which contained ten smaller plastic bags, each contained a white powder. 4) one electronic, digital scale. 5) sixty-two (62) two dollar bills. 6)Various personal checks made out to Cash. At this time Officer Murphy was advised to transport the targets of the investigation, Ramirez and Fernandez to Police Headquarters, that they were to be placed in custody. Officer Murphy was also advised to have the Nissan Pathfinder towed to Police Headquarters, so that a attempt to seize the vehicle under State asset forfeiture could be conducted.
A continued search of the bedroom turned up the following: 1) a gray metal box which contained $5,085 and a piece of mail addressed to Angel Ramirez of 128 Osborne St. Danbury, and two electronic pagers. This metal box was found in a unlocked drawer which was under the bed. Under the mattress to the bed one loaded 9 mm handgun, KBI Inc brand, serial number B46120 was found. Additionally ammunition, passport for Angel Ramirez, calculator, and a additional clear plastic bag which contained a white rock substance was found on a paper pad in the open so that it could easily be seen. The pad was found to contain a list of drug records. $700 in U.S. currency was found in the bedroom, a picture of Al Pacino as Tony Montana in the movie Scar Face. Thirty-six (36) small plastic bags each containing white powdered substance (approx. 1.2 ounces) records of occupancy for Angel Ramirez and Moya Mercedes, additional digital scales, and fifteen (15) small plastic bags which were found in a

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM. ONLY) | FOLLOW-UP ACTIONS BY: |
|---|---|---|---|
| | 461 | | |
| REVIEWED FIELD SUPV. | SHIFT COMM. | | |

1/5/2000    12:18:45 AM

# Incident Report

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|---|
| 00-297 | 01/07/00-Fri | 1649.00 | | Search Warrant Execution / Narcotic Arrests | | | | |
| DATE OF REPORT | LOCATION OF INCIDENT | ST NO | | STREET NAME | INVESTIGATING OFFICER | | APT#/LOCATION | |
| 1/7/2000 | | 128 | | "Osborne St. | Det. Mark Trohalis | | 2nd flr | |
| | | | | | | | BADGE | |
| | | | | | | | 461 | |

shirt pocket, each bag contained a white powdered substance. All the previous listed items were found in the bedroom of Angel Ramirez and Moya Mercedes.

A search of the attic bedroom of Luis Fernandes turned up a plastic bag which contained a plant like material, which was subsequently field tested and a positive reaction for marijuana was obtained, $461 of U.S. Currency, records of occupancy for Fernandez for 128 Osborne St., records of identification for Fernandez and a 40 page Metro Mobile cellular telephone bill for Fernandez for the amount of $891. The search of the apartment was concluded at 1830 hours. Copies of the search warrant for the apartment, the Nissan Pathfinder and the person of Angel Ramirez were left on the kitchen table and additionally copies were given to the targets of the investigation at Police Headquarters.

At Police Headquarters Angel Ramirez was found to have $333 on his person, this money along with all money seized were checked for Danbury Police evidence monies. A five dollar bill taken from his person was found to be Danbury Police evidence money, this money was secured with the other monies and tagged as evidence.

The telephone pager seized from Angel Ramirez's person was found to be telephone pager, number 289-4343. This number was utilized by both Ramirez and Fernandez during the course of the investigation to facilitate the sales of cocaine. That upon seizing this telephone pager it continually went off. Return calls by Detective Merullo to these persons found that the people were looking for both "Sandy" (Angel Ramirez) and "Alex" (Luis Fernandez) too purchase quantities of cocaine. Additionally people contacting the telephone pager were attempting to contact "Sandy" and "Alex" at the cellular telephone Ramirez and Fernandez had in their possession when stopped in the vehicle.

A total of $6751 (six thousand seven hundred fifty one dollars) was seized and a total approximate weight of the cocaine seized was 30.2 ounces.

Both Ramirez and Fernandez were processed without incident and held on 250,000 bond. Passports for each individual was also seized.

A check for the firearm seized was conducted and preliminary checks showed it is not stolen in Connecticut. A additional check with the Department of Alcohol, Tobacco and Firearms will be conducted.

During the course of the investigation both Ramirez and Fernandez were observed conducting cocaine sales using several different vehicles including the Nissan Pathfinder. It was also learned that both Ramirez and Fernandez utilize the telephone pager mentioned with in this report to coordinate cocaine sales.

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|
| | 461 | | |
| REVIEWED FIELD SUPV | SHIFT COMM | | |
| | | | |

`D. Cause of Action`

Claim I:

January 7, 2000 or January 6, 2000 that had been reviewed by a Judge at the Danbury Superior Court see Attached herein and Marked as Exhibit A. Incident reports pages 1, 2, and 3 of the search warrant Execution / narcotic arrest and Attached herein and marked as Exhibit B. Arraignment Report and Affidavit warrantless Arrest sworn by Detective Mark Trohalis pages 1 through 3, All included as evidence of the violations claim. Which unconstitutional Action started to take place when surveillance defendants targeted the plaintiff through Identification of Race without cause see exhibit A and B Attached herein.

Mr. Angel Ramirez who was the target of the surveillance set up for the search warrants executed on January 7, 2000 and the plaintiff where in the Nissan pathfinder coming out from 2nd floor Apartment, 128 osborne st, Danbury, CT "were defendants had there surveillance" on the way to Danbury mall, but At Tamarack ave at approximately 1615 hours the defendants decided to executed the search warrants for Angel Ramirez and with it barring the Plaintiff violating the fourth Amendment which prohibition Against unreasonable searches and seizures and a requirement that probable cause support each warrant issued, And insufficient probability or cause is also prohibit under the fourth Amendment, for unreasonable search or seizures.

Defendants Detective Sgt. fisher And Detectives And

# D. Cause of Action

Officers detained Mr. Angel Ramirez and seized the plaintiff without a warrant it was advised to defendant officer Murphy to transport the "targets" of the investigation Mr. Angel Ramirez and the plaintiff to the police Headquarters to be placed in custody Arising Plaintiff 8th Amendment Right to the U.S.C. ban cruel and unusual punishment by deliberate indifference Knowing that no warrant was executed for the Plaintiff or sufficient Probable Cause to be placed in custody violating his 1st Amendment by Anbridin the freedom; fourth Amendment Against unreasonable searches and Seizures, shall not be violated and no warrant shall issue without Probable Causes fifth Amendment nor be deprived of life, liberty or property without Due process of law; Sixth Amendment Right to be informed of the Nature and cause of the Accusation; Eighth Amendment Right ban cruel and unusual punishment inflicted Ninth Amendment Right ban the deny or disparage of Right retained by the people; 13th Amendment Right ban involuntary Servitude; and 14th Amendment Right ban any state from depriving any person of life, liberty or property, without Due process of law

The defendants furthermore executed the search warrant for the 2 floor apartment at 128 Osborne street, Danbury, CT where the plaintiff held a subjective expectation of privacy in the Attic Apartment/Room which is above of the 2 floor apartment separated by 2 doors one the bathroom door and Attic door. This Attic Apart/Room is not visible from side yard of the 2 floor Apartment,

# D. CAUSE OF ACTION

WALKWAY OR PORCH. The bathroom door has to be opened And then the Attic door to go where plaintiff resided. The defendants which Already violated the plaintiff rights continue to unconstitutionally seized property And designated defendant Kawpinsky the complete A flow chart of items seized and locations seized from As evidence to use Against the plaintiff who held An objective expectation of privacy in friends MR. Angel Ramirez the Lessee Apartment where he Ate And slept At dwelling, kept belongings there on the Attic Apt. / Room Above the second floor Apartment 128 Osborne Danbury, CT, None of plaintiff property was Exposed to the public because it's separates it from the second floor through the bathroom door And the Attic door denying plain View.

The defendant Mark Trohalis Stated in the Incident report Attached And Marked As Exhibit A. And Exhibit B, Arraignment report And Affidavit warrantless Arrest, property found during the search of the Attic Apart / room of plaintiff but defendant Detective Kawpinsky who was designated As the Evidence officer At this time to complete the flow chart of Item Seized And location Seized from Attached And Marked As Exhibit C. included herein indicated that $46 $\frac{00}{xx}$ in U.S. Currency from the plaintiff was Seized On January 7, 2000 without A petition for forfeiture of property in Drug Cases public Act 89-269 ; C.G.S. § 54-36h Supplied to this plaintiff for the purpose of claiming the property seized violating

# D Cause of Action

Fourth and fifth Amendment to the U.S.C

Defendant Detective John Mewllo #292 gave a notarized Affidavit of the only petition for Confiture of property in drug cases Public Act 89-269, C.G.S. § 54-36h made to Angel Ramirez dated January 7, 2000 and two forms of return for and inventory property seized on search and seizure warrant Attached and Marked as Exhibit D. herein, Adding the Plaintiff $ 46⁰⁰ U.S. currency Seized from his persons And $ 461⁰⁰ U.S. Currency with Angel Ramirez property seized to be fontieted when the Plaintiff held a legitimate expectation of privacy in the Attic Apartment / room because such U.S. currency seized was without a warrant, without his consent, without being in the view of the public, and it was not Abandone

Moreover, defendants unreasonable seizures of plaintiff and property is protected by the fourth Amendment when the techniques used by the defendants overcame the plaintiff free will or that he was not free to leave which had no reliance on warrant issued for Angel Ramirez.

It was Also unreasonable for the defendants to seizure plaintiff $ 46⁰⁰ dollars from his persons; $ 450⁰⁰ U.S. Currency in a polo-sport Ralph Lauren case from the Attic bedroom; $ 11⁰⁰ U.S. Currency in shoe from the Attic bedroom; 1 spanish passport And All that is in the special Investigation Division secured by defendant Detective John Mewllo #292, evidence officer which had no warrants with plaintiff name or a criminal record

D. Cause of Actions

to be Identified by/for seizure violating first, fourth, fifth
Sixth, Eighth, ninth, 13th and 14th Amendment to the U.S.C
Attached and marked as exhibit E. included herein.

There was wanton and reckless justification to seizes
the plaintiff on January 7, 2000, the Course of the investigation
by defendants who did not seized any drugs, the defendants
had no facts on an offense committed by the plaintiff
to be Arrested because during the course of the Alleged
investigation were the warrants obtained on January 6, 2000
After review by a Judge at the Danbury Superior Court
the plaintiff name was not on the warrant or identified
in the search warrant for second floor Apartment, 128
Osborne street, Danbury, CT and for the person of Angel
Ramirez and the vehicle used by Ramirez, A 1996 nissan
pathfinder sport utility vehicle bearing Connecticut
registration 569 N.V.H executed on January 7, 2000
where defendants knew plaintiff did not have any drugs
while the Arrest of Angel Ramirez was in progress and no
reasonable suspicion or Articulable facts established in
the warrant obtained January 6, 2000 to seized the
plaintiff who had no previous record.

The warrant executed for Angel Ramirez is not
Sufficient and lacks objectivity to weigh correctly the
Strength of the evidence supporting the counterplated
Action Against the plaintiff interest in protecting his
own liberty.

# D. Cause of Action

Exhibits marked herein A. through E. shows that the Alleged offense committed was not in possession of the plaintiff or at plain view. Fed. R. Crim. P. 4 (A).

The warrant dated January 6, 2000. for Angel Ramirez And 2 floor Apartment, 128 Osborne St. Danbury, CT., is insufficiently particular because defendants had Actual notice that house divided into 2 Apartments before executing search yet failed to list the Attict Apartment / room and redacted Affidavit did not specifically implicate Attict Apartment / room. marked herein As exhibit A. showing Affidavit.

The defendants could not use personal knowledge of plaintiff name to cure insufficient warrant because name did not Appear on warrant, and it constable violated plaintiff fourth Amendment Rights by descriptive information on Arrest warrant.

The defendant Application for and obtained a warrant to search premises known As the 2 floor Apartment, 128 Osborne St., Danbury, CT. photographs were taken from the street infront of the house or Apartment and defendant knew or should have known that there were an Attict Apartment / room on Above the second floor which search of the Attict Apartment / room is invalid because defendants unreasonably search the Attict Apart / room despite warrant's description of second floor Apartment At 128 Osborne Street, Danbury, CT for the person of

# D. Cause of Action

Angel Ramirez, and Also such search invalid because defendants prepared Affidavit for a different search, and could not have reasonably relied upon the Courts finding of probable Cause.

The warrant insufficiently particular obtained on January 6, 2000 because it distinguished the items that may be seized from Angel Ramirez 2 floor Apartment, 128 Osborne St., Danbury, CT. and not of the plaintiff or Attict Apartment/room, this warrant contained no explanata As to how to differentiate the items seized, and it only authorized the seizure and search of Angel Ramirez Apartment and property not the plaintiff.

When defendant obtained the keys from the ignition of Nissan pathfinder belonging to Angel Ramirez unlocked the Apartment 2 floor, 128 Osborne st, Danbury, CT. with out a "Knock and Announce" stating on the Exhibits A. And B herein showing that "upon entering no one was in the Apartment At Aprox. 1649 hours" in Violation of § 3109 were the unlatching A closed, door unannounced instrusions is in violation of the statute, even with arrest warrants defendants failed to Announce in identity and purpose or did so upon entering Apartment were defendants had no Knowledge of any person At th Apartment or not even had A reasonable suspicion that Knocking And Announcing would be dangerous, futile, or destruction to the purpose of the investigations, which Common law Announcement requirement under § 3109

# D. Cause of Action

And no exigent circumstances to satisfied evidence would be destroyed.

The defendants on January 7, 2000 exceeded scope of warrant dated January 6, 2000 by seizing $1,450.00 etc. because warrant only authorized seizure of Angel Ramirez and 2 floor Apartment, 128 Osborne St., Danbury, CT and not the Attic Apartment/room were plaintiff property was seized with prejudice to inflict punishment, see Marked As Exhibits A through E - plaintiff property.

The defendants were required to comply with Rule 41 because warrant obtained by state officers executed by state officers, which defendants intentionally violated Rule 41 (d) with prejudice by refusing to provide copy of search warrant for the Apartment, the Nissan pathfinder and the person Angel Ramirez at outset of search, but rather left warrant at Apartment on the kitchen table after plaintiff was arrested, placed in custody and the search concluded at 1830 hours to provided additional copies at the police Headquarters, and Marked As Exhibits A and B showing location were warrants left At Apartment on the kitchen table.

During the investigation in the affidavit and warrantless arrest report Attached and marked As exhibits A and B. defendants Identified the plaintiff As "Alex" with a scar in the face" and did not reasonably suspected

## I). Cause of Action

of Criminal Activity, question him briefly, or perform
A limited pat down frisk for weapons Acting with
wanton and reckless to the importance of balancing the need
of the search or seize against the invasion on the plaintiff'
fourth Amendment interest which the search and seizure
entails, even when the warrant was executed for
Mr. Angel Ramirez the driver of the vehicle the defendants
had no suspicion of plaintiff involve in illegal Activity
while the Servillance took place on before the execution
of the warrant At Tamarack Ave. in Danbury, CT. were
they should had order the plaintiff out of the vehicle
briefly questioned for procedure outweighed the minimal
instrusion on the plaintiff fourth Amendment, which actua
motive of the defendants to investigate narcotics trafficko
Are irrelevant and under the fourth Amendment, every search
or seizure by a government Agent must be reasonable, such
detention of plaintiff who was at the passenger side of
Mr. Angel Ramirez vehicle was unreasonable because the
detention and seizure was without being informed of
warrant arrest for warrant Mr. Angel Ramirez and search
in progress while transfered and detaine At police
Headquaters for Approx. 1 hour, or that the detention
and seizure of plaintiff generalized suspicion of criminal
Activity based solely on race and scare on face Also
does not justify seizure, Attached and Marked As
Exhibits A. and B. herein showing Transfer of plaintiff t
police Headquaters.

# D. CAUSE OF ACTION

RAMIREZ not the plantiff would give defendants a VAlid PAT-down during the execution exceeded scope of TERRY because defendants had Already determined the Arrest WARRANT foR the PERSON Authorized by a Judge And plaintiff did not contain weapons or narcotics, even with an arrest warrant foR MR. Angel Ramirez And secured floor Apartment 128 osborne st, Danbury, CT, the plantiff had expectation of privacy in the Attict Apartment/Room by the fourth Amendment interest of person not named in the warrant when the Attict Apl./Room is being searched without Plantiff consent and in the Absence of Exigent Circumstances, even defendants warrantless search is invalid because the search was conducted After plantiff was handcuffed and in custody without probable cause when the warrant for the investigation were obtained January 6, 2000 After review by a Judge At Danbury Superior Court And the identification of the plantiff name was not included in the warrants reviewed And Authorized by a Judge, And warrantless search invalid because search took place Approx. 2 hours 75 minutes After plantiff was Arrested handcuffed, Placed in squad CAR, And transffered to police Headquate the plantiff was not in control of search Area.

Furthermore, the defendants Arrested the plantiff on January 7, 2000 on the same drug charges As MR. Angel Ramirez whos Arrest warrant was to be executed Afte discovering drug paraphenalia during the search warra'



# D. Cause of Action

Even though defendants had a warrant to search and seize for the person Mr. Angel Ramirez and the vehicle used by Ramirez A 1996 Nissan pathfinder S.U.V. And second floor Apartment at 128 osborne there was no Reasonable suspicion or indication that plaintiff was in possession of any drugs or Armed to be searched or seized, Attached and Marked As exhibits A and B. showing the plaintiffs did not possessed Any drugs or Armed.

Also the Approx. 2 hours and 75 Minutes of plaintiff detention while the execution of Arrest warrant for Angel Ramirez and second floor Apartment, 128 osborne st., Danbury, CT. provide support to the wanton and reckless by defendants, failed to Act diligently transported the plaintiff to different site and Misinformed detainee As to expected course of investigation, which seizure converted to Arrest because defendants Moved the plaintiff from original site of seizure to police Headquaters for interrogation, and it was unreasonable for defendants to force the plaintiff from vehicle At gunpoint and handcuff him because it was daytime and there was no indication plaintiff was Armed, At the execution of Arrest warrant for Mr. Angel Ramirez there were Approx. 10 officers, the Nature of the suspected crime did not included suspicious behavior, immediate Action or Armed to conduct An unreasona Arrest At gunpoint threating plaintiff life, even when the execution of the Arrest warrant for the person Mr. Angel

# D. Cause of Action

of Mr. Angel Ramirez second floor apart at 128 osborne St., Danbury, CT. and violated plaintiff privacy by breaking in the Attic Apartment/room where an alleged plaintiff like material in a shoe box was seized which was used to serve as part of its justification to incident [to arrest] search and such warrantless search before formal arrest invalid because Probable Cause for arrest did not exist until the search was underway.

The defendants warrantless search of plaintiff Attic Apart/room property seized upon invalid arrest is invalid as search incident to arrest because it was conducted more than 2 hours 75 minutes after arrest defendants had exclusive custody of item and no warrant was obtained, the defendants had only a warrant for second floor Apartment not the entire home under search incident to arrest exception, and there was no justification for the Attic Apartment/room search incident to arrest or any consideration the plaintiff a threat.

The defendants were on the execution of search warrant for Mr. Angel Ramirez second floor Apartment, 128 Osborne St., Danbury, CT for approx. 2 hours and 75 minutes conducting a sweep and failed to demostrate it was immediate and no longer than necessary when there was no risk to officer safety. When defendants conducted a search of the Attic Apartment/room were the plaintiff property was seized which search and seizer

# D. Cause of Action

invalid under plain view doctrine when shoebox unrevealing in appearance, the property was not justify to be in plain view seizure of drug paraphernalia found inside of shoebox invalid, as items were descovered in course of an unconstitutional administrative search, attach and marked as exhibit E herein showing were the plaintiff property was found and seized.

Moreover, there was no justification for the warrantless search or seizure of plaintiff persons by exigent circumstances because there was no immediate or continuous pursuit from crime sceene, an exigent circumstances did not exist to justify warrantless search because defendants could have guarded Angel Ramirez second floor apartment, 128 Osborn St, Danbury, CT, containing cocaine with little or no danger to themselves while search warrant was obtained, even if the defendants belief that suspects would destroy evidence not reasonable because both Mr. Angel Ramirez and plaintiff were under their control.

The plaintiff has a fourth amendment protection apply to attict apt./room, and warrantless search of attict apant/room violate the plaintiff fourth amendment privacy protections surrounding one's apant/room and other temporary living spaces.

The defendants inventory search invalid because no police procedure existed regarding scope of inventory search, which inventory search was to be conducted

I) CAUSE OF ACTION

According to the warrant reviewed by a judge from the Superior Court for Angel Ramirez persons, vehicle and property.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
____Yes __✓__ No.  If your answer is "Yes," describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

  a.  Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

  b.  Name and location of court and docket number_____

  c.  Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed?
Is it still pending?)

_____

  d.  Issues raised: _____

_____

  e.  Approximate date of filing lawsuit:_____

  f.  Approximate date of disposition: _____

2.  I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.    ____Yes __✓__No.

If your answer is "Yes," briefly describe how relief was sought and the results.

3. I have exhausted available administrative remedies. ____ Yes __✓__ No.
   If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
   If your answer is "No," briefly explain why administrative remedies were not exhausted.

it Consist of unconstitutionAl AdministrAtive proceedure
(oHers)

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil
   action or appeal you have brought in a court of the United States, while you were incarcerated
   or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a
   claim upon which relief may be granted. Please describe each civil action or appeal. If there
   is more than one civil action or appeal, describe the additional civil actions or appeals using
   this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED
   ACTIONS OR APPEALS."
   If you are not incarcerated, go to section G.

a. Parties to previous lawsuit:

Plaintiff(s): _Luis Fernandez_

Defendant(s): _JADe AlexanDer, et Al_

b. Name and location of court and docket number _U.S.D.C., Bridgeport 3:01-cv0180_

c. Grounds for dismissal: ( ) frivolous ( ) malicious (✓) failure to state a claim upon which
relief may be granted.

d. Approximate date of filing lawsuit: _9/19/01_

e. Approximate date of disposition: _Oct. 26, 2001_

2. Are you in imminent danger of serious physical injury? _✓_ Yes ____ No.
   If your answer is "Yes," please describe the facts in detail below without citing legal
   authority or argument. Since I am a victim of officers cruel and
unusual punishment without cause it could escalate and they can
send or Arrange some one to take my life just As the Arrest
without A warrant. or probable cause.

6

## G. REQUEST FOR RELIEF

I request the following relief: that the Court issue a declaratory judgement stating that ; 1- The Acts committed and Omitted by the Municipality Danbury Police Department violated search and seizure under the fourth amendment U.S.C. Due Process Procedure, for an Arrest without a warrant or Probable cause.
2. The Plaintiff held A constitutional liberty interest to be Free from illegal search and seizure pursuant to and under Art First sec. 7 Conn. Gen Statute ; and that the practice of Municipality officials violated fourth Amend U.S.C.
3- The municipal officials held an Affirmative duty to Supervise the policy, Procedure, and custom carried out by its employees while ensuring the warrants ~~Application~~ completed due process →

### H. JURY DEMAND

Do you wish to have a jury trial?  Yes __✓__   No_____

_____          _____
Original signature of attorney (if any)          **Plaintiff's Original Signature**

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __Cheshire C.I._____    on __11/14/02_____.
           (location)                    (date)

_____
**Plaintiff's Original Signature**

7

B. Request for Relief

Issue A Declaratory Judgement stating that;
Continue (3) - in compliance and accordance with state
Constitution by ensuring its validity before filing pursuant to
its own Municipal Government Policy by supervising its procedures
customs, accordingly to state law ART First sec. 7 Conn.
Gen. Stat., the municipals failure to do so before plaintiff
arrest deprived him of his Protected Liberty interest secured
by the states Constitution ART. First sec. 7 Conn. Gen. Stat
and violated the fourth Amendment U.S.C.

4- The municipal officials and its officers employees had an
affirmative duty of supervising the dept. Policies, procedures,
customs, to full compliance with statutes of state law and
regulations promulgated by that body's officers before the
execution of its warrants and failed to act when the warrants
applyed for and reviewed by a judge of the Danbury Superior
Court were for Angel Ramirez person and property not the
plaintiff and for their failure to act caused the constitutional
violations of plaintiff first, fourth, fifth, sixth, eigth, ninth,
13th and 14th Amendment to the U.S.C. and that these Acts
of omission and commission are Actionable under 42 U.S.C.
sec. 1983, and the municipal officials are liable for knowing
or reasonable should have known of the constitutional violation
and failed to do anything about it.

5- The defendants warrants execution and warrantless arrest
of essential facts admitted false information subject to the
Federal perjury Charge 18 U.S.C. sec. 1621 and that
the defendants in their declaration statement under penalty
of perjury as permitted under sec. 1746 of title 28 U.S.
Code willfully subscribed in their warrants Affidavit as true
material information which defendants did not believe to be

B. Request for Relief

Issue A Declaratory judgement stating that;

Continue (5) - true and this said material information did in fact cause the plaintiffs loss of liberty interest without due process under Article first sec 7 and 8; in violation of the fourth and fourteenth amendment by the defendants failure to comply with the warrants reviewed by a Judge of the Danbury Superior court and by these failures deprived the plaintiff of the equal protection of the law pursuant under Article first sec. 20 Conn. Con. statue while the plaintiff was equally and similarly situated as other residents of the municipal he were treated differently as a suspect class member by defendants because of his racial Identity.

6. The municipal officials and their officers Actions were of such intentional discrimination on the basis of plaintiffs race so as to cover and hide their errors of omissions when they put the cart before the horse.

7 - The Plaintiff held a Constitutional liberty interest to be Free from illegal search and seizures violating fourth amend and ban from cruel and unusual punishment by deliberate indifference pursuant under the eigth amendment U.S.C.

8 - The municipal officials violated Due process when their officers prepared Affidavits that contained statements of fact which were either knowingly and intentionally false or made with reckless disregard for the truth and which without probable cause for the arrest of the plaintiff was not established, when officials deliberately and knowingly intentionally disregarded the warrant reviewed by a Judge from the Danbury Superior Court issued for the search and seizure of Mr. Angel Ramirez, 2 floor apartment, 128 osborne st., Danbury, CT. and Nissan Pathfinder 1996. under the

B. Request for Relief

Issue A Declaratory Judgement stating that;

Continue (8) - Eigth amendment showed deliberate indifference by deliberate Action and inaction of a culpable mind.

9- The defendants exposure to the warrants reviewed by a judge during course of their surveillance which indicated they had possessed Actual Knowledge of who the warrants were issued for and there unfavorable denial of Knowledge when executing the Arrest warrants by deliberate omissions of fact constituted deliberate indifference under the Eigth Amendment cruel and unusual punishment; when the defendant knew or reasonably should have known of the constitutional violations while executing their warrants and were liable by their wanton and omissions of fact in Arresting the plaintiff without P. cause or a warrant lossing the liberty interest requiered by law.

10- The municipal Discriminated against plaintiff under the Federal Act Title VII because of race while being a Hispanic man with no criminal History.

11- The municipal officials and its supervisors failed to correct the fundamental constitutional violations in their warrants executed within their own responsibility while they knew or should have known about them and are liable for failing to make a policy, Proceedure, custom to prevent Predictable violations of its citizens Rights under State law.

12- The municipality Danbury officials breached Statutory duties to protect its citizens from illegal search and seizures and are held liable under 42 U.S.C. sec. 1983 for their omissions, without Probable cause.

13- The municipality had a duty to promulgate regulations to protect their citizens from illegal search and →

**6. Request for Relief**

Issue A Declaratory Judgement stating that;

Continue (13) - Seizures by Danbury Police and by their failure to do so are liable.

14- The municipal by state regulation was responsible for ensuring that due process before the warrants executed for Arrest was followed by its officials before the arrest of any citizen and by failing to do so is liable.

15- The municipal officials supervisors are liable for Due Process denials in the warrants execution proceeding wsh en it failed to ensure policies in place intended to prevent such denials.

16- The defendants failure to follow ensure and uphold state laws regulation as written under ART First sec. 7 constituted liability.

17- The municipal is liable based on policy of inadequate supervision and review of its warrants execution and Police conduct.

18- The municipals officials deprived Plaintiff of that liberty and protected property interest without due process of law in violation XIV Amend. U.S.C. (other)

19- The plaintiff deprivation of liberty resulted from established State procedures and or policies that were predictable by the municipal officials and their officers failures to promulgate and enforce policy to execute state law.

20- The municipal officials and their officers had an affirmative duty and owed care to make sure and ensure the process due was completely fullfilled before the plaintiff's deprivation of liberty ensured pursuant under Article First sec. 8 Conn. Gen. Stat. and failed the

——▷

"G. Request for Relief"

Issua A Declaratory Judgement Stating that;

Continue (20). the duty owed and care of checking the warrants executed for fundamental defect and omissions of fact which caused the plaintiff loss of liberty without Due Process.

21. The plaintiff held a Constitutional liberty interest to have the equal protection of the law pursuant to and under Art. First sec. 20 Conn. Gen. Stat. while being equally situated as any other citizens of the state.

22. Any other Declaratory Judgement apropiate to this Case.

Claim for Relief;

1. Municipal officials failed to protect its citizens from illegal search and seizures that would cause irrepairable harm and damage and that at the time plaintiff equally and similarly situated under the State's constitution and discriminated against by the defendants action of omission from their illegal search and seizures when no warrants had been issue for the plaintiff or cause established.

2. Municipal officials failure to supervise its own Employees in the time of the execution of warrants by checking for illegal search or seizures had an impact on the Judge from the Danbury Superior Court who reviewed and signed the warrants which the municipals failure to properly ensure procedural Due Process. before the plaintiff Arrest resulted in plaintiff Arrest denial of liberty and denial of property and Constituted Deprivation of liberty without Due process in violation of the fourteenth Amend. to the U.S.C.

<u>Claim for Relief</u>;    " 6. Request for Relief "

3. The defendant were Aware of the plaintiff Race At the time of illegall search and seizure of their warrants violated the municipal Policy Danbury Police on discrimination and constituted violation equal protection clause fourteeth Amed U.S.C.

4. Municipal officials Actions custom of inadequate training Supervision and Disciplining of its officers by their illegal search and seizures in denying Due Process while it was the false misleading statements of their officers that cause the plaintiff Arrest, while the municipal officials had Actual knowledge of the Risk to the plaintiff Right to equal protection of the law being violated Constituted deliberate indifference when municipal officials knew or should have known their Employees were putting forth illegal searches and seizures and had A history of doing so while the duties of municipality include supervision of its Employees so as to protect citizens from irreparable harm the deliberate indifference Shows that officials should have known About these Risks that caused the plaintiff harm and Constituted in violation of first, fourth, fifth, sixth, Eighth, niveth, 13th And 14th Amed. U.S.C.

5. Municipal officials violated Title VII Federal ACT by discrimination because of Plaintiff Race.

6. Municipal officials illegal search And seizures Alleged perjury in violation 18 U.S.C. sec. 1621 FED. Act without Probable cause.

Respectfully Submitted.

Plaintiff - Luis Fernandez

## "6. REQUEST FOR Relief"

### Relief RequesteD

Issua An injunction Ordering;

1. Municipal officials to have their officer Employee's investigated by state grand Jury for investigation and indoctment pursuant under 53A-157 perjury.

2. The Suspension of defendants Fisher, Ramos, Krupinsky, Karl Murphy, Selner, Riolo and Mark Trohalis without pay for 30 day's and Remain on suspension until disciplinary charges are resolved.

3. The immediate Demotion of chief of police Robert Paquette from Acting Capacity as supervisor for the city Danbury Police Department for failing to supervise and enforce state statues on probable cause before Arrest.

4. Immediately order write of Attachment for lieu notice Against the earnings, bank Assets, holdings of All property business, inheritances belongings to defendants until case is resolved.

5. Award Compensatory Damages In lump Sum Amount:
Intentional infliction of emotional distress and Anguish and depression

A. In the Amount of 20 million Dollars Against chief of police Robert paquette for the physical and Mental Anguish and Emotional injuries sustained as a Result of the plaintiff Arrest without Probable Cause in violation of his fourth Amendment.

"B. Request of relief"

<u>Relief Requested</u>;

Issue An injunction Ordering;

Continue (5); Award Compensatory Damages In Lump Sum Amount:

B. In the Amount of 20 million Dollars Against chief of Police Robert paquette for the ~~punishment and~~ Mental Emotional Anguish, ~~Physical injury~~ sustained resulting from the denial of the equal protection of the law violation of plaintiffs fourteenth Amend U.S.C. in Connection with the Plaintiffs Arrest without Probable cause.

C. In the Amount of 20 million Dollars Against chief of Police Robert paquette for the punishment and Physical Emotion Al, Mental anguish sustained ~~by injury~~ Resulting from defendants Acts of discrimination because of Plaintiff RACE in Connection with the Plaintiff Arrest without Probable cause. Pursuant Title VII Federal Act.

D. In the Amount of 20 million Dollars Against chief of Police Robert Paquette for the Punishment ~~and~~ Physical Emotional, Mental Anguish sustained ~~by injury~~ resulting from defendants cruel and unusual punishment by deliberate indifference under 8th Amend. U.S.C. in Connection with the Plaintiff Arrest without Probable Cause.

E. In the Amount of 20 million dollars Against chief of Police Robert paquette for the ~~punishment~~ and Emotional, Mental Anguish ~~and physical injury~~ sustained As a Result of defendants denial and deprivation of Plaintiff privileges under Liberty and Property without Due Process of law Pursuant 14th Amend U.SC.

→

6. Request of Relief

Relief Requested;
~~Issua an injunction ordering;~~
~~Continue (E)(E); Award Compensary Damages In lump Sum Amount;~~

E: In Connection with Plaintiff arrest without Probable cause.

F. In the amount of one million dollars against defendants Det Sgt Fisher, Det. Ramos, Det. John merullo, Det. Karpinsk Det. Mark Trohalis, officer Karl murphy, officer selner and officer Riolo each for the ~~physical and mental anguish and emotional injuries~~ sustained as a result of the plaintiff arrest without Probable cause or a warrant in violation of First amendment against abridging the freedom; 4 amendment against unreasonable searches and seizures, shall not be violated and no warrant shall issue without Probable cause; 5 amendment nor be deprived of life, liberty or property without due process of law; 6 amendment Right to be informed of the nature and cause of the accusation; 8 amendment Right ban cruel and unusal punishment inflicted; 9 amend Right ban deny or disparge of rights Retained by the people; 13 amendment Right ban involuntary servitude; and 14 amendment Right ban any state from depriving any person of life, liberty or property, without Due Process of law.

6. Award Punitive Damages in lump Sum amount.

H. 20 million Dollars against defendants Chief of Police Robert Paquette and Danbury Police Department.

B. Request of Relief

Relief Requested;

Issua an injunction ordering:

I- Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,

by: _____

Luis Fernandez
Plaintiff



AO 240  (Rev. 9/96)

# United States District Court

_____ DISTRICT OF _____

LUIS FERNANDEZ
**Plaintiff**

v.

Chief P. Robert Paquette
**Defendant**

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

Nov 25  3 45 PM '02

**PRISONER**

CASE NUMBER: 3:02 CV 2090 (JBA)

I, LUIS FERNANDEZ _____ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?          ☒ Yes          ☐ No          (If "No" go to Part 2)

    If "Yes" state the place of your incarceration  Cheshire Correctional Ins.

    Are you employed at the institution? NO  Do you receive any payment from the institution? NO

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

    urrently employed?  _____ ☐ Yes          ☒ No

    answer is "Yes" state the amount of your take-home salary or wages and pay period and give the and address of your employer.

    answer is "No" state the date of your last employment, the amount of your take-home salary or es and pay period and the name and address of your last employer. the pay was every two weeks.... Bridgeport C.I. 1106 North Ave. t CT 06604

    st 12 twelve months have your received any money from any of the following sources?

    ness, profession or other self-employment          ☐ Yes          ☒ No
    payments, interest or dividends                    ☐ Yes          ☒ No
    sions, annuities or life insurance payments        ☐ Yes          ☒ No
    bility or workers compensation payments            ☐ Yes          ☒ No
    or inheritances                                    ☐ Yes          ☒ No
    other sources                                      ☐ Yes          ☒ No

    wer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive.

MOTION GRANTED. It is So Ordered.



4/15/03    6    NOTICE re: Motion for Appointment of Counsel by Luis
                Fernandez (mic) [Entry date 04/16/03]

4/15/03    7    Order  directing the plaintiff to complete and return within
                20 days of the date of this order USM-285 forms for all
                defendants in their official and individual capacity.
                Plaintiff is directed to complete the enclosed summons and 1
                Marshal form for the defendants using the address of the
                Hartford City Clerks Office. Upon receipt of the USM-285
                forms the Clerk is directed to forward the appropriate
                papers to the US Marshal to serve the complaint on the
                defendants ( signed by Mag. Judge Holly B. Fitzsimmons )
                (rjj) [Entry date 04/17/03] [Edit date 04/17/03]

4/15/03    --   CASE referred  to Mag. Judge Joan G. Margolis (rjj)
                [Entry date 04/17/03]

5/5/03     8    MOTION by Luis Fernandez to Extend Time to for 60 days for
                service (mic) [Entry date 05/07/03]

5/9/03     9    MOTION by Luis Fernandez to Extend Time for Service for 60
                days (mic) [Entry date 05/09/03]

5/21/03    10   MOTION by Luis Fernandez for Appointment of Counsel (rjj)
                [Entry date 05/22/03]

5/21/03    11   AFFIDAVIT by Luis Fernandez Re [10-1] motion for
                Appointment of Counsel (rjj) [Entry date 05/22/03]

5/21/03    12   MEMORANDUM by Luis Fernandez  in support of [10-1] motion
                for Appointment of Counsel (rjj) [Entry date 05/22/03]

6/2/03     13   RULING granting [8-1] motion to Extend Time to for 60 days
                for service, granting [9-1] motion to Extend Time for
                Service for 60 days. Plaintiff shall submit forms on or
                before 6/20/03. Denying [5-1] motion for Appointment of
                Counsel, denying [10-1] motion for Appointment of Counsel
                ( signed by Mag. Judge Holly B. Fitzsimmons ) 2 Page(s) (rjj)
                [Entry date 06/03/03]

6/9/03     --   NOTICE of Lawsuit and Request for Waiver of Service for
                Summons issued and handed US Marshal for service in
                accordance with [7-1] order  Return of Service due 8/18/03
                (rjj) [Entry date 06/09/03]

6/9/03     --   SUMMONS(ES) issued for Ramos, Krupinsky, Mark Trohalis,
                Karl Murphy, Selner, Riolo, Robert Paquette, John Menullo
                in their official capacity (rjj) [Entry date 06/09/03]

6/12/03    14   RENEWED MOTION by Luis Fernandez for Appointment of
                Counsel (mic) [Entry date 06/13/03]

6/27/03    15   RULING denying [14-1] motion for Appointment of Counsel  (
                signed by Mag. Judge Joan G. Margolis ) 2 Page(s) (rjj)
                [Entry date 07/01/03]

7/3/03     16   APPEARANCE of Attorney for Fisher, Ramos, Krupinsky, Mark
                Trohalis, Karl Murphy, Selner, Riolo, Robert Paquette, John