UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

Apr 14  11 01 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN

LUIS FERNANDEZ

v.

ROBERT PAQUETTE, et al.

PRISONER
Case No. 3:02CV2090 (JBA)(JGM)

## RULING AND ORDER

Defendants seek leave to file an overlong brief in response to plaintiff's cross-motion for summary judgment. Defendants' motion [**dkt. #87**] is **GRANTED**.

Plaintiff asks the court to appoint a special prosecutor to investigate his allegations against defendants and bring criminal charges against them. For the reasons below, plaintiff's motion [**dkt. #86**] is **DENIED**.

A district court lacks general authority to appoint a special prosecutor. The Ethics in Government Act, 28 U.S.C. §§ 591-598, defines the specific circumstances under which a special prosecutor may be appointed by a division of the court established for that purpose. Because none of those specified circumstances are alleged in the complaint, appointment of a special prosecutor is not warranted.

Further, the purpose of plaintiff's request is to have criminal charges filed against defendants. An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted. See S. v. D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another"); <u>Sattler v. Johnson</u>, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim of a crime has constitutional right to have defendant prosecuted). Thus, any request for criminal prosecution of defendants is not cognizable and plaintiff's motion seeking appointment of a special prosecutor is denied.

**SO ORDERED** this 13th day of April, 2004, at New Haven, Connecticut.

JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE