UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.: 3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | MAY 16, 2004 |

### DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVITS OF DETECTIVE MERULLO AND DETCTIVE KRUPINSKY

In motions received by the defendants on April 16, 2004; the plaintiff seeks to strike the affidavits of Detective Merullo and Detective Krupinsky. The defendants attached both affidavits to their January 26, 2004 motion for summary judgment, as supporting exhibits. Both affidavits serve to authenticate two evidence tables, compiled by Detective Merullo and Detective Krupinsky during the January 7, 2000 search of the plaintiff's residence.

The plaintiff moves to strike these affidavits on the grounds that they are inconsistent with the defendants' January 7, 2004 responses to the plaintiff's request for admissions (attached to the plaintiff's motions to strike as Exhibit 1). Specifically, the plaintiff points to the defendants' responses to request #s 4, 5, 6, 7. The plaintiff argues that the defendants' aforesaid responses to requests #s 4, 5, 6 and 7 serve as a denial of the authenticity of the two evidence tables.

Plaintiff misinterprets the defendants' responses. The defendants are *NOT* denying that Detective Merullo and Detective Krupinsky compiled and drafted the evidence tables (attached to the plaintiff's motions to strike as Exhibits 4, 5, 6 and 7). Rather, the responses deny that each and every item contained in the tables was

ORAL ARGUMENT IS REQUESTED

personally seized by Detective Merullo and Detective Krupinsky. Several additional detectives were involved in the January 7, 2000 search of the plaintiff's apartment. Some of the items listed in the tables were seized by these additional detectives. Their seizure is indicated by the detectives' badge numbers, as listed in the tables. The tables clearly show more than two badge numbers. Detective Merullo and Detective Krupinsky compiled these tables. They did not, however, personally find each item listed on the tables. The defendants' admission responses do not contradict the contents of Detective Merullo's and Detective Krupinsky's affidavits.

       Furthermore, the plaintiff relies upon and has submitted both tables as supporting exhibits to his own cross-motion for summary judgment. The defendants are not certain what the plaintiff hopes to accomplish by moving to strike documents, which serve to authenticate his own evidence.

                                      DEFENDANTS,
                                      CHIEF ROBERT PAQUETTE,
                                      DETECTIVE SGT. FISHER,
                                      DETECTIVE RAMOS,
                                      DETECTIVE JOHN MERULLO,
                                      DETECTIVE JOHN KRUPINSKY,
                                      DETECTIVE MARK TROHALIS,
                                      OFFICER KARL MURPHY
                                      OFFICER SELNER and
                                      OFFICER RIOLO

                              By  /s/ Eric D. Eddy_____
                                 Eric D. Eddy
                                 ct25242
                                 Howd & Ludorf
                                 65 Wethersfield Avenue
                                 Hartford, CT  06114
                                 (860) 249-1361
                                 (860) 249-7665 (Fax)
                                 E-Mail:  eeddy@hl-law.com

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 16th day of May, 2004.

Mr. Luis Fernandez
Inmate Number 279900
MacDougall-Walker
 Correctional Institution
1153 East Street, South
Suffield, CT 06080

                                                 /s/ Eric D. Eddy
                                                 Eric D. Eddy