UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAY 27 P 2:55
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Luis Fernandez

v.

CHIEF ROBERT Paquette, et Al

PRISONER
CASE: 3:02CV2090
(JBA)(JGM)

MAY 21, 2004

## The Plaintiff Response & Opposition To Defendants' Objection To The Plaintiff's Motion To Strike The Affidavits Of Det. J. Merullo & Detective Krupinsky

The plaintiff hereby pursuant Federal Rule of Civil Procedure 12(f) Response & Opposition to Defendants' Objection to the plaintiff's Motion to Strike the Affidavits of Detectives J. Merullo & Krupinsky where the Court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter," And objection entered filed on May 16, 2004 fails to Answer within twenty one days of the date the Motion to Strike has been submitted pursuant to Rule 7(A), Fed. R. Civ. P.

The plaintiff in fact, served the defendants with A Response to plaintiff's Third Request for Admission dated Dec. 8, 2003 were the defendants Deny

1 of 5

Exhibits 4, 5 and 6 in paragraphs 4, 5 and 6 to be copies of the flow chart of item seized and locations seized from by defendant Det. J. Krupinsky dated 1/7/00 case no. 00-00297. The <u>denials</u> of the Authentication of these document(s) satified by evidence sufficient to support a finding that the offered "Exhibit C" in defendants Summary Judgment outweighed by facts such as confusion of the issues to the Court's review of Plaintiff Cross Summary Judgment when is not the proffered item its proponent defendant J. Krupinsky claim it to be as the proof already provided by the plaintiff in Plaintiff Notice of Manual filing Exhibits date April 9, 2004 Exhibit <u>1</u>.

The defendants <u>Deny</u> the same Actual evidence label document of the evidence table of items found in the second floor Apt. 128 Osborne St., Danbury, CT on 1/7/00 by defendant Det. J. Krupinsky under Admission Rule and the same with response to plaintiff Third request for Admission date 12/8/03 paragraph 7 <u>Denying</u> Exhibit 7 to be a copy of the flow chart of items seized and location seized from by the Defendant Det. J. Mewllo on 1/7/00 case. no. 00-297 where the <u>denial</u> of the Authentication of this document satisfied by evidence sufficient to support a finding that the Exhibit F Supporting defendants summary Judgment outweighed by facts such as confusion of the issues to the

2 of 5

Court review of Plaintiff Cross-Summary Judgment when is not the proffered item its proponent defendant Det. J. Merullo claims it to be as the already evidence provided by the plaintiff in plaintiff Notice of manual filing exhibits April 9, 2004 Exhibit 1 paragraph 7 which defendants <u>deny</u> under Admission Rule.

The defendants Det. Merullo and Krupinsky Affidavits outweighed by factor such as confusion of the issues, not the proffered item that its proponent claim it to be were the plaintiff has provided evidence in support of striking the Affidavits' mention pursuant Conn. Code of evidence § 4-3, 6-5 and 9-1, <u>citing</u> State v. Paulino, 223 Conn. 461, 477, 613 A.2d 720 (1992).

The defendants are <u>now</u> alleging "several additional detectives were involved in the January 7, 2000 Search of the plaintiff's apartment," when in fact, these alleged additional detectives have <u>not</u> provided Affidavits stating there involvements or cooperating in warrant dated 1/6/00 execution on 1/7/00 <u>NOR</u> defendants Disclosed in responding to Plaintiff Request for Production dated Nov. 19, 2003 pursuant to Fed. R. Civ. P. 33 and 34, Attached herein Exhibit 1 paragraph(s) 7 page 4 and 8 page 5, which in fact shows defendants <u>bad faith</u> and malice against the plaintiff in this case as a Pro Se litigant.

Moreover, the plaintiff has presented a colorable claim

3 of 5

with Exhibits in support of a jury verdict in his favor where defendants mislead and submitted inaccurate and confusive information in Affidavits to conduct an illegal Arrest (others) in violation of the UNITED STATES CONSTITUTION Rights which protect the plantiff.

## Conclusion

The plantiff pursuant Federal Rule of Civil Procedure 12 (F), Rule 7 (A), Conn. Code of evidence § 4-3, 6-5, 9-1, citing STATE v. PAULINO, 223 Conn. 461, 477, 613 A.2d 720 (1992) and Pro Se Right in support of granting Plantiff Motion to strike Affidavits of Defendants DET. John Mewllo and Kwpinsky.

RESPECTFULLY SUBMITTED

_____

Luis Fernandez #279900
M.W.C.I.
1153 east street, south,
Suffield, CT 06080

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS FERNANDEZ | :  PRISONER |
| | :  NO.: 3:02CV2090 (JBA)(JGM) |
| v. | : |
| | : |
| CHIEF ROBERT PAQUETTE, ET AL | :  JANUARY 22, 2004 |

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST
FOR PRODUCTION DATED NOVEMBER 19, 2003**

Pursuant to Fed. R. Civ. P. 33 and 34, the defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo, hereby files responses and objections to plaintiff's Request for Production dated November 19, 2003 as follows.

## REQUESTS FOR PRODUCTION

1.      Any and all complaints or misconduct reports received by the defendants or their agents within the past 2 years from January, 2000 concerning illegal arrest, abuse of authority, excessive force, and other against any citizen of the U.S. or other person within the Danbury city, Connecticut.

**RESPONSE:**      **OBJECTION.**  The defendants object to this request for production as it is irrelevant, immaterial and will not lead to the discovery of evidence.  Complaints, misconduct reports or other such evidence following the date of the incident of the complaint have absolutely no bearing, relevance or impact upon any claim presented by the plaintiff in his complaint.  Moreover, the conclusory and poorly defined allegations of "illegal arrest, abusive authority, excessive force" are not sufficiently particular to the plaintiff's actual complaint.  This request for production is nothing more than a fishing expedition by the plaintiff in his effort to burden the scarce resources of the law enforcement agency protecting the citizens of the City of Danbury, Connecticut.  Additionally, the request makes no sense as phrased.

2.      Any and all policies concerning illegal arrests abuse of authority, excessive force while or off-duty which a police officer, Detective has to refrain from.

**RESPONSE:**      **OBJECTION.**  The defendants object to this request for production because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence.  The plaintiff makes no claims concerning abuse of authority or excessive force against either on-duty or off-duty police officers.  Therefore, any document or evidence which this request would uncover would not be relevant to any allegation of the plaintiff's complaint.  Additionally, the request is vague and unduly burdensome and requires the defendants to expend the scarce resources of the law enforcement agency protecting the City of Danbury.

2

3. Any and all court decisions or consent decree against defendants or their agents concerning illegal arrests, abuse of authority, excessive force against any citizen of the U.S. or other person within the Danbury city, Connecticut.

**RESPONSE:** **OBJECTION.** The defendants object to this request for production because the plaintiff seeks to burden the defendants' counsel with requests for legal research. The plaintiff, despite being pro se, is obliged to do his own legal research. Moreover, this request for production is overbroad, vague and is unlimited in time and scope. Nothing in this request is rationally related to any allegation of the plaintiff's complaint.

4. Any and all warrant(s) dated 1/6/00 or copies of same, relating to case docket No.CR00-0108162-s, Incident Report#00-297.

**RESPONSE:** See the attached – Warrant Affidavit and Application.

5. A copy of any records of Police Officers relating to warrant(s) dated 1/6/00, case docket NO.CR00-0108162-S, Incident report#00-297.

**RESPONSE:** See the attached – Arraignment Report and Affidavit.

3

6. Any and all policies, concerning access to or possession of confiscating property relating to U.S. citizen or other person within the Danbury city arrest(s) or illegal arrest(s0 [sic].

**RESPONSE:** **OBJECTION.** The defendants object to this request for production insofar as it makes no sense as phrased. This request for production is overbroad, vague and unlimited in time and scope. Because the request is vague and unlimited in time and scope, this request for production is unduly burdensome and will strain the scarce resources of the law enforcement agency protecting the citizens of the City of Danbury. The City of Danbury Police Department has policies and procedures on a variety of subjects. This open-ended inquiry is a mere fishing expedition by the plaintiff who does not make any specific allegations concerning the failure to train, supervise or that the claimed civil rights violations were a result of a policy practice or procedure of the City of Danbury, a party that is not a defendant to this action.

7. Any and all books, tangible objects, papers, photographs, or documents within the possession, custody or control of any of the defendants which is material as preparation to the plaintiff or which were obtain from, or purportedly belong to the plaintiff on 1/7/00 arrest the date for warrant(s) dated 1/6/00 was executed.

**RESPONSE:** **OBJECTION.** The defendants object to this request for production insofar as it is overbroad, vague and unlimited in time and scope. Additionally, the defendants object that this request for production violates the attorney-client privilege and illegally seeks to uncover the thoughts, mental impressions and strategy of counsel. Moreover, this request for production plainly does not make any sense as phrased. Without waiving any objection, the defendants refer the plaintiff to the documents produced in response to request for production number 4.

8.   Any and all written, recorded, or oral statements made by the plaintiff, or a co-defendant, before or after warrant(s) dated 1/6/00 execution on 1/7/00 to any of the defendants under the direction of, or cooperation with the defendants concerning this case.

**RESPONSE:**   **OBJECTION.** The defendants object to this request for production insofar as it makes no sense as phrased. Without waiving any objection, the defendants state that no statements were made by the defendants in this action. The defendants have no knowledge of any other statements made except for those that are already produced herein.

9.   Copy's [sic] of the plaintiff prior criminal record before case docket No.CR00-0108162-S, if any which are within the possession, custody, or control of the defendants, the existence of which is known, or by exercise of due diligence may become known, to the defendants.

**RESPONSE:**   **OBJECTION.** The defendants object to this request for production insofar as the request makes no sense as phrased. Additionally, the plaintiff's prior criminal record is irrelevant, immaterial and will not lead to the discovery of admissible evidence. The plaintiff's criminal record is certainly something that the plaintiff is well aware of. Here, the plaintiff is attempting to pervert the civil justice system in order to obtain a document that would not otherwise be obtainable in the context of the criminal prosecution against him. Documents listing the criminal records of individuals are protected by Connecticut state law and cannot be disseminated outside law enforcement officers acting in their official capacity on official business to others.

10. Any and all statute, rule or case law the defendants relied upon in believing the warrant dated 1/6/00 executed on 1/7/00 which was use to arrest the plaintiff considered to be lawful.

**RESPONSE:** **OBJECTION.** The defendants object to this request for production insofar as the plaintiff illegally seeks to violate the attorney-client privilege and uncover the thoughts, mental impressions and trial strategy of defense counsel. The defendants are under no obligation to conduct legal research for the plaintiff. Discovery is appropriately used for the investigation of facts. Legal contentions are not properly the subject of discovery.

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO

By _____
Eric D. Eddy
ct25242
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: eeddy@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 22nd day of January, 2004.

Luis Fernandez
Inmate Number 279900
Connecticut Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

_____
Eric D. Eddy

AFFIDAVIT AND APPLICATION
SEARCH AND SEIZURE WARRANT                STATE OF CONNECTICUT                                    Page 1 Of 6
JD-CR-61 Rev. 9-93                                      SUPERIOR COURT
C.G.S. § 54-33a, 54-33c, 54-33j                    Form JD-CR-52 must also be completed

**File Copy**

INSTRUCTIONS TO APPLICANT
File a copy of the application for the warrant and all affidavits upon which the warrant is based, in a sealed envelope, with the clerk of the court for the geographical area within which the search will be conducted no later than the next business day following the issuance of the warrant. Indicate the police department case number and date of issuance on the front of the sealed envelope.

INSTRUCTIONS TO G.A. CLERK
1. Prior to the execution and return of the warrant, do not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based.
2. Upon execution and return of the warrant, affidavits which are the subject of an order dispensing with the requirement of giving a copy to the owner, occupant or person within forty-eight hours shall remain in the custody of the clerk's office in a secure location apart from the remainder of the court file.

TO: A Judge of the Superior Court:

The undersigned, being duly sworn, complains on oath that the undersigned has probable cause to believe that certain property, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

[X] is possessed, controlled, designed or intended for use of which is or has been or may be used as the means of committing the criminal offense of:
Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

[ ] was stolen or embezzled from:

[X] constitutes evidence of the following offense or that a particular person participated in the commission of the offense of:
Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

[ ] is in the possession, custody or control of a journalist or news organization, to wit:

[ ] and such person or organization has committed or is committing the following offense which is related to such property:

[ ] and such property constitutes contraband or an instrumentality of the criminal offense of:

And is within or upon a certain person, place, or thing, to wit:
PERSON
Angel Ramirez, date of birth 04/17/77, a hispanic male, approximately 5'7" tall, and approximately 265 lbs.

PLACE OR THING
The second floor apartment located at 128 Osborne Street, Danbury, Connecticut. 128 Osborne Street is a two family house, color yellow, with white trim and the number 128 appears on the front of the house. 128 Osborne Street is the 7th house on the right from the intersection of Locust Ave. and Osborne Street when traveling east bound. Entry to the second floor apartment is made from a exterior wood stairway located on the left side of the house when facing the house from the roadway.

And that the facts establishing the grounds for issuing a Search and Seizure Warrant are the following:

1. The affiant, Detective Mark Trohalis, is a regular member of the Danbury Police Department and has been a member since January 5, 1987. At all times mentioned herein he was acting as a member of said department. That the affiant is currently assigned to the Special Investigation Division of said department. That the Special Investigation Division has the primary responsibility of investigating illegal narcotic trafficking within Danbury Connecticut. That the affiant has participated in numerous drug trafficking investigations which has resulted in arrests and convictions and the seizure of narcotics. That the affiant has participated in numerous other types of criminal investgation such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

2. That the affiant, Detective John Merullo, is a member of the Danbury Police Department and has been so for a total thirty one years. The affiant is presently assigned to the Special Investigation Division of said Department, whose primary responsibility is narcotic investigation. That affiant has worked in an undercover capacity and the affiant has participated in numerous drug trafficking investigations which have resulted in the seizure of narcotics and the arrests and convictions for those involved. That the affiant has participated in numerous other types of criminal investigation such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

3. That on July 28, 1999 the affiant Trohalis met with a confidential and reliable informant that has been known to the affiant for several years. This informant has provided information in the past which has led to the seizure of narcotics and weapons and the arrests and convictions for those involved. Upon meeting with this informant the informant stated that the informant has personal knowledge that a Hispanic male, known to the informant as "Sandy" is currently selling cocaine in the City of Danbury, Connecticut. The informant stated that another Hispanic male known to the informant as "Alex" works with "Sandy" selling cocaine. That "Sandy" and "Alex" utilize telephone pager number 289-4343 to make sales of cocaine. The informant stated that the informant is a admitted user of cocaine and has purchased cocaine from both "Sandy" and "Alex" numerous times in the recent past.

4. That after receiving the information from the informant as stated within the previous paragraph it was decided to make a controlled purchase of cocaine from either "Sandy" or "Alex". That the informant was observed by the affiant Trohalis to contact "Sandy" or "Alex" at telephone PARAGRAPH 4 CONTINUED NEXT PAGE

The undersigned ("X" one)  [X] has not presented this application in any other court or to any other judge.

[ ] has presented this application in another court or to another judge (specify)

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 01/06/00 | Det. Mark Trohalis |
| | Danbury | 1/1/00 | Det. John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 1-6-00 | SIGNED (Judge of the Superior Court) |