PARAGRAPH 4 CONTINUED...
pager number 289-4343. A short time after paging the pager number the informant received a telephone call. The informant stated it was "Sandy" and that "Sandy" directed the informant to meet at a location in fifteen minutes. After the telephone call the informant was thoroughly searched for drugs and money and none were found. The informant was then provided with a sum of Danbury Police evidence money to make the controlled purchase of cocaine. That the informant was then under constant surveillance by the affiant Trohalis and Detective Ramos as the informant went to the meet location and waited. That after a short period of time a brown Honda Accord, motor vehicle, bearing Connecticut registration 388NJY arrived at the scene. The informant spoke with the Hispanic male seated in the front passenger seat. After a brief meeting the informant walked away from the vehicle and left the scene. The informant then met directly with the affiant Trohalis. The suspects in the brown Honda drove away from the scene and Detective Ramos conduct a short surveillance of said vehicle and then terminated the surveillance.

5. That upon meeting the informant after the controlled drug purchase as described within the previous paragraph the affiant, Trohalis met directly with the informant. At this meeting the informant turned over to the affiant a prepackaged quantity of white powder. The informant was then again thoroughly searched for drugs and money and none were found. The informant stated that upon going to the meet location a brown Honda arrived on the scene. The informant stated that "Alex" was driving the vehicle and "Sandy" was seated in the front passenger seat. The informant spoke with "Sandy" at this time and purchased the suspected cocaine from "Sandy" using the Danbury Police evidence money. The informant also stated that "Sandy" told the informant that in the future "Alex" would meet the informant to make the sales.

6. That the white powdered substance purchased as described within the previous paragraph was field tested by the affiant and a positive reaction for cocaine was obtained. The cocaine was then packaged for further analysis by the State Toxicology Lab.

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 01/06/00 | Det. Mark Trohalis |
| Danbury | 1/6/00 | Det. John Merullo |
| JURAT Subscribed and sworn to before me on: DATE | 1-6-00 | SIGNED (Judge of the Superior Court) |

7. The affiant Trohalis, July 28, 1999, conducted a check with the Connecticut Department of Motor Vehicles on Connecticut registration 388NJY. This vehicle previously mentioned in paragraph 4 within this affidavit is listed as a 1991, Honda Accord LX, with four doors, color brown and is registered to Luis Torrez, date of birth 04/24/50, with a listed address of 128 Osborne Street, Danbury Connecticut.

8. That during the third full week of October, 1999, the affiant Trohalis met with a confidential and reliable informant not previously mentioned within this affidavit. That this informant has been known to the affiant and other members of the Special Investigation for more than nine years and during this period of time has provided information which has proven to be true and accurate through investigation. That information provided by this informant has led to numerous seizures of cocaine and the arrests and convictions for trafficking narcotics. That this informant stated the informant has personal knowledge that a Hispanic male known to the informant as "Sandy" is currently selling cocaine within the City of Danbury, Connecticut and lives in the area of Osborne Street, Danbury. The informant stated that "Sandy" is assisted in the sales of cocaine by a Hispanic male known to the informant as "Alex". The informant stated that "Sandy" and "Alex" utilize telephone pager number 289-4343 to make the sales of cocaine and that "Sandy" drives a white Sports Utility Vehicle and "Alex" drives a brown, Honda Accord. The informant stated the informant is a admitted user of cocaine and is familiar with it's appearance and effects. The informant stated the informant has purchased cocaine from both "Sandy" and "Alex" several times in the recent past.

9. That during the third week of October, 1999, the affiant Trohalis again met with the informant mentioned in the previous paragraph. That the purpose of this meeting was to make a controlled purchase of cocaine from either "Sandy" or "Alex". That upon meeting the informant the affiant using a Danbury Police telephone paged, telephone pager number 289-4343. A short time later the informant received a return call from "Sandy" while the affiant Trohalis was seated next to the informant. "Sandy" directed the informant to go to a location within the City of PARAGRAPH 9 CONTINUED ON NEXT PAGE...

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 1/6/00 | Det. Mark Trohalis |
| | Danbury | 1/6/00 | Det. John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 1-6-00 | SIGNED (Judge of the Superior Court) |

**PARAGRAPH 9 CONTINUED FROM PREVIOUS PAGE...**
Danbury and wait for him to arrive. That the informant stated this is routine for "Sandy" to not discuss money or amounts of cocaine to be purchased on the telephone. That "Sandy" will arrive on the scene with several packages of prepackaged cocaine.

10. That after the phone conversation described within the previous paragraph the informant was then thoroughly searched for drugs and money and none were found. The informant was then provided with a prerecorded sum of Danbury Police evidence money to make a controlled purchase of cocaine from "Sandy". The informant was then under constant surveillance as the informant went directly to the meet location set by "Sandy". After a short time at the meet location a white Sports Utility vehicle (SUV) bearing Connecticut dealer registration XP97 arrived. That a short meeting took place in which the informant was observed to lean into the drivers side window and speak with the operator of the SUV. As the SUV left the scene the affiant had a clear unobstructed look at the operator as he drove away. The informant also left the scene separately from "Sandy". After this meeting the informant met quickly with the affiant Trohalis and turned over to the affiant a clear plastic bag which contains a white powdered substance. The informant was then again thoroughly searched for drugs and money and none were found. The informant stated that "Sandy" sold the suspected cocaine to the informant.

11. That after meeting with the informant as described within the previous paragraph the affiant Trohalis drove to the area of 128 Osborne Street, Danbury. Upon the affiants arrival at this location the affiant observed the white Nissan Pathfinder bearing Connecticut registration XP97 arrive at the multiple family dwelling. The operator of this vehicle parked to the rear of the building and walked up the rear stairway to the second floor apartment. This heavy set Hispanic male with a closely shaved hair then entered said location.

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 1/6/00 | Det. Mark Trohalis |
| Danbury | 1/6/00 | Det. John Merullo |
| JURAT Subscribed and sworn to before me on: | DATE 1-6-00 | SIGNED (Judge of the Superior Court) |

12. That the affiant conducted a field test on the white powder/rock type substance purchased as described within paragraph 10 of this affidavit. That the affiant obtained a positive reaction for cocaine. That the cocaine was then packaged for further analysis by the State Toxicology Lab.

13. That during the last week of October 1999, the affiants checked with Danbury Police records for any recent incidents reported to the Danbury Police Department which occurred at 128 Osborne Street, Danbury, Connecticut. The affiants found that July 11, 1999 members of the Danbury Police Department Patrol Division responded to a report of a fight / assault at 128 Osborne Street, Police incident report 99-21229. During this incident the officers arrested Angel E. Ramirez, date of birth 04/17/77 for Breach of Peace and Interfering with the duties of a Police Officer. Ramirez at that time reported his address as 2502 Astoria Blvd., Queens New York. The complainant of the incident Mercedes Moya, date of birth 09/19/69, a Hispanic female reported her address as 128 Osborne Street, 2nd floor, Danbury Connecticut. Moya stated she was having a dispute with her boyfriend, Ramirez, when Police arrived.

14. That during the last week of October 1999, the affiant Trohalis, met with the confidential informant previously mentioned in paragraphs 8,9, and 10 within this affidavit. That the informant was shown a Danbury Police photograph of Angel Ramirez, date of birth 04/17/77. The informant positively identified Ramirez as "Sandy", the individual who sold cocaine to the informant as described previously within this affidavit.

15. That during the first days of November, 1999, the affiant again met with the confidential and reliable informant previously mentioned in paragraphs 8,9,10 and 14 within this affidavit. That the purpose of this meeting was to make a controlled purchase of cocaine from "Sandy" or "Alex". That the informant stated the informant contacted "Sandy" at telephone pager number 289-4343. "Sandy" stated that "Alex" would meet with the informant at a location within the City of Danbury Connecticut. That the informant was then thoroughly searched for drugs and money and none were found.
PARAGRAPH 15 CONTINUED ON NEXT PAGE...

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 1/6/00 | Det. Mark Trohalis |
| Danbury | 1/6/00 | Det. John Merullo |
| JURAT  Subscribed and sworn to before me on: | DATE: 1-6-00 | SIGNED (Judge of the Superior Court) |

PARAGRAPH 15 CONTINUED BELOW...
That the informant was then provided with a prerecorded sum of Danbury Police evidence money to make a controlled purchase of cocaine from either "Sandy" or "Alex". That the informant was then under constant surveillance by the affiant Trohalis and Officer Chapman as the informant went to the location designated by "Sandy". That as the informant waited a brown Honda Accord, bearing 388NJY parked adjacent to the vehicle the informant was in. That the informant was observed to walk up to the drivers side window and speak with the operator. That after a short meeting the brown Honda Accord left the area and the informant left the area under constant surveillance by the affiant Trohalis. That the informant met directly with the affiant Trohalis and turned over to the affiant a prepackaged quantity of a white powder / rock type substance. That the informant was then again thoroughly searched for drugs and money and none were found. That the informant stated that "Alex" arrived at the meet location driving the brown Honda Accord. That the informant further stated that the informant then purchased the suspected cocaine from "Alex" and that "Alex" had several small packages of cocaine on his person at the time of the sale.

16. That the the affiant Trohalis, conducted a field test on the suspected cocaine purchased as described within the previous paragraph and obtained a positive reaction for cocaine. The cocaine was then packaged and will be sent to the State Toxicology Lab for further analysis.

17. That the affiants obtained a picture of the registered owner of the brown Honda Accord, 388NJY, Luis Torres, date of birth 04/24/50, previously mentioned within this affidavit in paragraphs 4,5,7 and 15. That the this picture obtained from the the Connecticut Department of Motor Vehicles was shown to the informant which is mentioned in the previous paragraph. That the informant stated that this picture is not of "Alex" the person previously mentioned within this affidavit when making sales of cocaine to the informant. The informant described "Alex" as a Hispanic male, thin build, approximately 160 lbs, approximately 5'6" tall, approximately 23 years of age, clean shaven, usually wears a baseball hat and has a large scar on the left cheek of his face.

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 1/6/00 | Det. Mark Trohalis |
| | Danbury | 1/6/00 | Det. John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 1-6-00 | SIGNED (Judge of the Superior Court) |

18. That the affiants during the course of the investigation at all hours of the day and night conducted surveillance's of 128 Osborne Street, Danbury. During these surveillance's both the brown Honda Accord, bearing Connecticut registration 388NJY and the white Nissan Pathfinder bearing Connecticut Dealer registration, XP97 are frequently parked in the driveway. That the affiant, Merullo has frequently observed a heavy set Hispanic male leave the second floor apartment of this location and drive the Nissan Pathfinder. The affiant Merullo, has additionally observed a small Hispanic male come and go from the second floor apartment of said location and operate both the Nissan Pathfinder and the Honda Accord.

19. That during the second week of November, 1999, the affiant Trohalis again met with the informant previously mentioned within this affidavit in paragraphs 4,5,7,15 and 17. That the purpose of this meeting was to make a controlled purchase of cocaine from either "Sandy" or "Alex". That upon meeting the informant the affiant using a Danbury Police telephone paged, telephone pager number 289-4343. A short time later the informant received a return call from "Alex" while the affiant Trohalis was seated next to the informant. "Alex" directed the informant to go to a location within the City of Danbury in close proximity to 128 Osborne St. Danbury and wait for him to arrive. That the informant stated this is routine for "Alex" to not discuss money or amounts of cocaine to be purchased on the telephone. That "Alex" will arrive on the scene with several packages of prepackaged cocaine. That the affiant Merullo, established surveillance of 128 Osborne St., Danbury and observed both the white Nissan Pathfinder and the brown Honda Accord, both previously mentioned throughout this affidavit parked in the driveway

20. That after the phone conversation described within the previous paragraph the informant was then thoroughly searched for drugs and money and none were found. The informant was then provided with a prerecorded sum of Danbury Police evidence money to make a controlled purchase of cocaine from "ALEX". The informant was then under constant surveillance as the informant went directly to the meet location set by "ALEX".
PARAGRAPH 20 CONTINUED ON NEXT PAGE...

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 1/6/00 | Det. Mark Trohalis |
| Danbury | 1/6/00 | Det. John Merullo |
| JURAT Subscribed and sworn to before me on: | DATE 1-6-00 | SIGNED (Judge of the Superior Court) |

20. **PARAGRAPH 20 CONTINUED FROM PREVIOUS PAGE...**
That while the informant waited the affiant Merullo observed a small thin Hispanic male leave the second floor apartment located at 128 Osborne St. Danbury and get into the white Nissan Pathfinder bearing Connecticut registration XP97. That this vehicle was under constant surveillance as the vehicle left 128 Osborne St. and go directly to the meet location. That a short meeting took place between the informant and the operator of the Nissan Pathfinder in which the informant was observed to lean into the drivers side window and speak with the operator of the SUV. As the SUV left the scene the affiant had a clear unobstructed look at the operator as he drove away, the affiant could see that the Hispanic male known to the informant as "Alex" was operating the vehicle. The informant also left the scene separately from "Alex". After this meeting the informant met quickly with the affiant Trohalis and turned over to the affiant a clear plastic bag which contains a white powdered substance. The informant was then again thoroughly searched for drugs and money and none were found. The informant stated that "Alex" sold the suspected cocaine to the informant.

21. That the suspected cocaine purchased as described within the previous paragraph was field tested by the affiant Trohalis and a positive reaction for cocaine was obtained. That the cocaine was then packaged and will be sent to the State Toxicology lab for further analysis.

22. That on November 23, 1999 the affiants obtained a search and seizure warrant for the person of Angel Ramirez and for the white Nissan Pathfinder, the brown Honda Accord and for the apartment located at 128 Osborne Street, Danbury. That since that time the affiants conducted several surveillance's of the apartment located at 128 Osborne Street, Danbury Connecticut. That during these surveillance's the white Nissan Pathfinder and the brown Honda Accord previously mentioned within this affidavit were no longer at this location and have not been seen. That the affiants observed the targets of the investigation, "Alex" and "Sandy" Angel Ramirez operating a green Plymouth Breeze, bearing Vermont registration CFF732. , both were observed operating this vehicle. That the affiants observed this vehicle parked at this location during the day and night and that both "Alex" and "Sandy" both were observed coming and going from the second floor apartment at 128 Osborne Street, Danbury.

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 1/6/00 | Det. Mark Trohalis |
| | Danbury | 1/6/00 | Det. John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE: 1-6-00 | SIGNED (Judge of the Superior Court) |

23. That the affiants conducted a registration check on the Plymouth Breeze bearing Vermont registration CFF732. That the motor vehicle is registered to ELRAC Inc.' of 155 Polyfly rd., Hackensack, New Jersey. That the affiants believe based on the registration information the vehicle is a leased or rental vehicle temporarily used by the targets of the investigation.

24. That the affiants based on their training and experience know that drug traffickers use different methods to avoid detection by Law Enforcement. That one method used by drug traffickers is to routinely rent vehicles for short periods of time. This can cause confusion of Law Enforcement officers when targeting a vehicle such as the Pathfinder and Accord mentioned within this affidavit only to find later the drug traffickers are using a different vehicle. Drug traffickers also used rental vehicles because the vehicles are, registered with insurance and are in good mechanical conditioned which helps the traffickers to avoid contact with Law Enforcement officers. That the affiants believe "Sandy" and "Alex" have changed vehicles in a attempt to avoid detection by Law Enforcement officers. That because "Sandy" and "Alex" altered their drug trafficking operation the warrants were not executed until further investigation could be conducted by the affiants.

25. That the affiant Trohalis, during the first week of January 2000, met with the confidential and reliable informant previously mentioned in paragraphs 4,5,7,15,17,19, and 20 within this affidavit. That the purpose of this meeting was to again make a controlled purchase of cocaine from "Alex" or "Sandy". That upon meeting the informant the affiant paged the pager number 289-4343, utilized by "Alex" and "Sandy" to make sales of cocaine. That shortly after doing so the informant received a call from "Sandy", "Sandy" directed the informant to go to a location set by "Sandy" where the informant could purchase a quantity of cocaine as the informant has done so as described within this affidavit. That the informant was then thoroughly searched for drugs and money and none were found. The informant was then provided with a sum of Danbury Police evidence money to make the purchase of cocaine. That the informant was then under constant surveillance by the affiants and Detective Ramos as the informant went to the designated meet location. Prior to the arrival of the informant a white Nissan Pathfinder motor vehicle, bearing Connecticut registration 569NVH was (CONTINUED)

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 1/6/00 | Det. Mark Trohalis |
| | Danbury | 1/6/00 | Det. John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 1-6-00 | SIGNED (Judge of the Superior Court) |

PARAGRAPH 25 CONTINUED FROM PERVIOUS PAGE...
waiting at the location. That upon the informants arrival the informant could be observed to meet with the persons in the Nissan Pathfinder. That after a short meeting the informant left the scene and met directly with the affiant Trohalis. That the affiant Merullo, Detective Ramos along with Officer Karl Murphy maintained surveillance of the Nissan Pathfinder as the vehicle left the meet location and then went directly to 128 Osborne st., Danbury and park. The affiant Merullo observed two hispanic males exit the vehicle and then enter the second floor apartment. The affiant Merullo stated that these two parties have been previously identified as Angel "Sandy" Ramirez and "Alex".

26. That the affiant Trohalis, after the controlled drug purchase described within the previous paragraph met with the informant. The informant at this time turned over to the affiant one small clear plastic bag which contained a white powdered substance, this white powder was subsequently field tested and a positive reaction for cocaine was obtained. That the cocaine was then packaged and will be sent to the State Toxicology for further analysis. That the informant was then again thoroughly searched for drugs and money and none were found. That the informant then stated that the informant met with "Sandy" who was operating the vehicle and "Alex" who was seated in the front passenger seat. The informant stated that "Alex" was holding the cocaine and then turned the cocaine over to "Sandy" who then sold the cocaine to the informant.

27. That the affiants have conducted numerous surveillance's at 128 Osborne St., Danbury and have observed the white Nissan Pathfinder, bearing Connecticut registration 569NVH parked at this location during various times of the day, night and early morning hours. That the affiants have also observed the same individuals identified within this affidavit operating the vehicle.

---

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 1/6/00 | Det. Mark Trohalis |
| Danbury | 1/6/00 | Det. John Merullo |
| JURAT Subscribed and sworn to before me on: | DATE 1-6-00 | SIGNED (Judge of the Superior Court) |

28. That the affiants conducted a check with the department of motor vehicles on Connecticut registration 569NVH. The motor vehicle department stated at this time they have no information on said registration.

29. That the affiants believe based on the facts and circumstances contained within this affidavit that probable cause exists that Angel Ramirez, a Hispanic male, date of birth 04/17/77 also known as "Sandy" and a Hispanic male known as "ALEX" and described as approximately approximately 5'6" tall, thin build and a scar on his left cheek are both currently selling cocaine together within the City of Danbury, Connecticut in violation of Connecticut General Statutes 21a-279(a) the possession of cocaine and 21a-278(b) the Possession of Cocaine with Intent to Sell. That both Ramirez and "Alex" utilize telephone pager number 289-4343 to facilitate the sales of cocaine and that they utilize a white Nissan Pathfinder Sport Utility Vehicle, bearing Connecticut registration 569NVH to make deliveries of cocaine. That additionally the affiants believe that probable cause exists that the second floor apartment located at 128 Osborne Street, Danbury, Connecticut is the residence of Angel Ramirez, and that it is utilized as a safe location to store cocaine, and monies from drug transactions.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 1/6/00 | Det. Mark Trohalis |
| Danbury | 1/6/00 | Det. John Merullo |
| JURAT — Subscribed and sworn to before me on: | DATE 1-6-00 | SIGNED (Judge of the Superior Court) |

# AFFIDAVIT REQUESTING DISPENSATION WITH REQUIREMENT OF DELIVERY
## pursuant to § 54-33c, Connecticut General Statutes

TO: A Judge of the Superior Court

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

[X] The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

[X] The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

[ ] The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of the general statutes;

and the specific details with regard to such reasons are as follows:

That the affidavit in support of the search and seizure warrant has been reviewed by a Judge of the Danbury Superior Court who has / ~~has not~~ found probable cause for the issuance of this affidavit and has / ~~has not~~ found that to deliver a copy of this affidavit to the owner, occupant, or person named herein, would jeopardize the personal safety of the person or informant named within this affidavit, and in addition, reveal the methods of the investigation that could jeopardize any future investigation related to this target.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 1/6/00 | Det. Mark Trohalis |
| Danbury | 1/6/00 | Det. John Merullo |
| JURAT  Subscribed and sworn to before me on: | 1-6-00 | SIGNED (Judge of the Superior Court) |

The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior Court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application and that, therefore, a Search and Seizure Warrant should issue for said property.

NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer or a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to

[X] enter into or upon and search the place or thing described in the foregoing affidavit and application, to wit:

The second floor apartment located at 128 Osborne Street, Danbury, Connecticut. 128 Osborne Street is a two family house, color yellow, with white trim and the number 128 appears on the front of the house. 128 Osborne Street is the 7th house on the right from the intersection of Locust Ave. and Osborne Street when traveling east bound. Entry to the second floor apartment is made from a exterior wood stairway located on the left side of the house when facing the house from the roadway.

[X] search the person described in the foregoing affidavit and application, to wit:

Angel Ramirez, date of birth 04/17/77, a hispanic male, approximately 5'7" tall, and approximately 265 lbs.

for the property described in the foregoing affidavit and application, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.

[ ] The foregoing requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:

[✓] GRANTED for a period of _Two Weeks_ (NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED)

This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.

[ ] DENIED

Signed at Danbury Connecticut, on: DATE 1-6-00   SIGNED (Judge of the Superior Court) [signature]

# RETURN FOR AND INVENTORY
## PROPERTY SEIZED ON SEARCH AND SEIZURE WARRANT

Page 6 Of 6

| INVENTORY CONTROL NO. | |
|---|---|
| JUDICIAL DISTRICT OF: Danbury | G.A.: 3 |
| AT (Address of Court): 146 White Street, Danbury | DATE OF SEIZURE: Fri, Jan 7, 2000 |
| DOCKET NO.: CR- | UNIFORM ARREST NO.: |
| POLICE CASE NO.: 00-297 | COMPANION CASE NO.: 00-296 |

Then and there by virtue and pursuant to the authority of the foregoing warrant, I searched the person, place, or thing named therein, to wit:

**PERSON**

**PLACE or THING**

The second floor apartment located at 128 Osborne Street, Danbury, Connecticut. 128 Osborne Street is a two family houe, color yellow, with white trim and the number 128 appears on the front of the house. 128 Osborne Street is the 7th house on the right from the intersection of Locust Ave. and Osborne Street when traveling east bound. Entry to the second floor apartment is made from a exterior wood stairway located on the left side of the house when facing the house rom the roadway.

and found thereon or therein, seized, and now hold in custody, the following property...

[X] Total Cash Seized: $6,744.00 consisting of

**ITEMS:**
#1-2 house keys
#2-1 wallet containing $328.00 in United States currency
#3-1 Electronic pager
#4-1 Cell phone
#5-1 Nike Shoe box containing
 a. 1 black plastic bag containing 3 ziplock bags each containing white rock like susbtance
 b. 1 black plastic bag containing 1 ziplock bag containing white rock susbtance
 c. 1 ziplock bag containing 10 smaller plastic bags each containing white powder
 d. 1 1 electronic scale
 e. 62 ($124.00) $2 dollar bills
 f. Yarious checks &papers
6. Grey metal box containing:
 a. $5,085.00 in United States currency
 b. 2 electronic pagers
 c. U.S. Mail
7. 1 KBI Inc. 9mm Handgun S#B46120 & 2 clips, 1 containing ammo
8. 1 passport
9. box of blazer 9mm ammo
10.-jewelry box containing 12 9mm rounds
11.-pastport Angel Ramirez
12.-bail receipt for Jose Medina
13.-electronic calculator
14.-1 small plastic bag containing white powder

and I gave a copy of such warrant to __Angel Ramirez & Luis Fernandez__ the owner or occupant of the dwelling, structure, motor vehicle or place designated therein, or to the person named therein, on (Date): 01/07/00

DATE OF THIS RETURN: Mon, Jan 10, 2000
SIGNED (Officer's Signature and department): [signature] #292
Danbury Police/SID

Note: Form JD-CR-61, pages 1-6 must be supplemented by Form JD-CR-52.

# RETURN FOR AND INVENTORY
## PROPERTY SEIZED ON SEARCH AND SEIZURE WARRANT

Page 6 Of 6

| | | | |
|---|---|---|---|
| INVENTORY CONTROL NO. | | | |
| JUDICIAL DISTRICT OF: Danbury | G.A. 3 | AT (Address of Court): 146 White Street, Danbury | DATE OF SEIZURE: Fri, Jan 7, 2000 |
| DOCKET NO. CR- | UNIFORM ARREST NO. | POLICE CASE NO. 00-297 | COMPANION CASE NO. 00-296 |

Then and there by virtue and pursuant to the authority of the foregoing warrant, I searched the person, place, or thing named therein, to wit:

**PERSON**

**PLACE or THING**

The second floor apartment located at 128 Osborne Street, Danbury, Connecticut. 128 Osborne Street is a two family houe, color yellow, with white trim and the number 128 appears on the front of the house. 128 Osborne Street is the 7th house on the right from the intersection of Locust Ave. and Osborne Street when traveling east bound. Entry to the second floor apartment is made from a exterior wood stairway located on the left side of the house when facing the house rom the roadway.

and found thereon or therein, seized, and now hold in custody, the following property...

[X] Total Cash Seized: $6,753.00 consisting of

ITEMS:
#1-2 house keys
#2-1 wallet containing $328.00 in United States currency & $5.00 for Ramirez
#3-1 Electronic pager
#4-1 Cell phone
#5-1 Nike Shoe box containing
a. 1 black plastic bag containing 3 ziplock bags each containing white rock like susbtance
b. 1 black plastic bag containing 1 ziplock bag containing white rock susbtance
c. 1 ziplock bag containing 10 smaller plastic bags each containing white powder
d. 1 1 electronic scale
e. 63 ($126.00) $2 dollar bills
f. Yarious checks &papers
6. Grey metal box containing:
a. $5,085.00 in United States currency
b. 2 electronic pagers
c. U.S.Mail
7. 1 KBI Inc. 9mm Handgun S#B46120 & 2 clips, 1 containing ammo
8. 1 passport
9. box of blazer 9mm ammo
10.-jewelry box containing 12 9mm rounds
11.-pastport Angel Ramirez
12.-bail receipt for Jose Medina
13.-electronic calculator
14.-1 small plastic bag containing white powder

and I gave a copy of such warrant to   Angel Ramirez & Luis Fernandez   the owner or occupant of the dwelling, structure, motor vehicle or place designated therein, or to the person named therein, on (Date): 01/07/00

DATE OF THIS RETURN: Mon, Jan 10, 2000

SIGNED (Officer's Signature and department): Danbury Police/SID

Note: Form JD-CR-61, pages 1-6 must be supplemented by Form JD-CR-52.

RETURN AND INVENTORY
PROPERTY SEIZED ON SEARCH AND SEIZURE WARRANT

Page 6 Of 6

| JUDICIAL DISTRICT OF | G.A. | AT (Address of Court) | INVENTORY CONTROL NO. |
|---|---|---|---|
| Danbury | 3 | 146 White Street, Danbury | |
| DOCKET NO. CR- | | UNIFORM ARREST NO. | DATE OF SEIZURE Fri, Jan 7, 2000 |
| | | POLICE CASE NO. 00-297 | COMPANION CASE NO. 00-296 |

Then and there by virtue and pursuant to the authority of the foregoing warrant, I searched the person, place, or thing named therein, to wit:

PERSON

PLACE or THING

The second floor apartment located at 128 Osborne Street, Danbury, Connecticut. 128 Osborne Street is a two family houe, color yellow, with white trim and the number 128 appears on the front of the house. 128 Osborne Street is the 7th house on the right from the intersection of Locust Ave. and Osborne Street when traveling east bound. Entry to the second floor apartment is made from a exterior wood stairway located on the left side of the house when facing the house rom the roadway.

and found thereon or therein, seized, and now hold in custody, the following property...

Total Cash Seized: _____ consisting of

PAGE#2
ITEMS:
15.-appointment book containing drug records & the following
a.$700.00
b.Picture of Al Pachino "Scar Face"
16.-plastic bag containing 36 small plastic bags of white powder (bundled 5 to bag)
17.-2 ID's & wallet
18.paper containing telephone numbers
19.-2 electronic scales/1 containing a $2 bill & phone cards
20.-records of occupancy
21.-Yankee Gas Bill in the names of Angel Ramirez & Idenyzes Moya
22.-6 boxes of sandwich bags used for packaging
23.-$46.00 in United States currency
24.-15 small plastic bags containing white powder.
TIEMS(ATTIC)
1.-1 plastic bag conntaining plant material
2.$450.00 in United States currency
3.-$11.00 in United States currnecy
4.1 envelope addressed to Alex Edwart 128 Osborne St. Danbury,CT
5.-1 Spanis passport #007260 to Luis Mauel Fernandez Arias, Florida drivers license,NY learner permit,DominicanID,
6.-CT MVD title,MVD registration papers & SS card for Luis Fernandez
7.-Bell Atlantic Mobile bill acc#103644827 40 pages

and I gave a copy of such warrant to **Angel Ramirez & Luis Fernandez** the owner or occupant of the dwelling, structure, motor vehicle or place designated therein, or to the person named therein, on (Date); **01/07/00**

DATE OF THIS RETURN
Mon, Jan 10, 2000

SIGNED (Officer's Signature and department) John Merullo #292

Danbury Police / Sid

Note: Form JD-CR-61, pages 1-6 must be supplemented by Form JD-CR-52.

# ARRAIGNMENT REPORT AND AFFIDAVIT
## Warrantless Arrest



**JUDICIAL DISTRICT OF** DANBURY

The undersigned, an officer of the ___Danbury Police Department___ having been duly sworn,

deposes and says: That I am the officer who prepared this police report consisting of ___3___ pages.

That the information contained therein was secured as a result of: (1) my personal observation and knowledge; or, (2) information relayed to me by other members of my police department or of another organized police department; or, (3) information secured by myself or another member of an organized police department from the person or persons named or identified therein, as indicated in this attached report. That this report is an accurate statement of the information so received by me.

| CASE/INCIDENT NO | ARREST DATE | ARREST TIME | PLACE OF ARREST |
|---|---|---|---|
| 00-297 | 01/07/00 | 1649 | 128 Osborne St. |

| ACCUSED (Last, First MI) | DOB | PREVIOUS RECORD Y/N |
|---|---|---|
| Ramirez, Angel | 4-17-77 | Y |

**ADDRESS:** 128 Osborne St. Danbury CT

| CHARGE 1 | CHARGE 2 | CHARGE 3 | CHARGE 4 | CHARGE 5 | CHARGE 6 |
|---|---|---|---|---|---|
| 21a-278a | 21a-278a | 21a-278(a)b | | | |

**ARREST CIRCUMSTANCES**

On the above date at approximately 1600 hrs members of the Special Investigation Division established surveillance of 128 Osborne Street, Danbury, Connecticut. The surveillance was set up so that search warrants for the second floor apartment at this location and for the person of Angel Ramirez and the vehicle used by Ramirez, a 1996 Nissan Pathfinder Sport Utility Vehicle bearing Connecticut registration 569NVH could be executed. The warrants for this investigation were obtained January 6, 2000 after review by a Judge at the Danbury Superior court.

Present during the surveillance were Detective Sgt. Fisher, and Detectives, Ramos, Merullo, Krupinsky, Trohalis and Officer Karl Murphy. During the surveillance Detective Merullo had a clear unobstructed view of the house and driveway of the location. Shortly after surveillance was established the white Nissan Pathfinder bearing Connecticut registration 569NVH arrived and parked in the driveway. A small, thin Hispanic male, identified during the investigation as "Alex", and described as having a scar on his face was operating the vehicle. This Hispanic male was later identified as Luis Fernandez. Fernandez was observed talking on a cellular telephone and then exited the vehicle and entered the second floor apartment. Surveillance was maintained and a short time later two Hispanic males exited the second floor apartment and entered into the Nissan Pathfinder. The two Hispanic males were identified as Angel Ramirez and Luis Fernandez. Ramirez entered into the operators seat and Fernandez was seated in the front passenger seat. The vehicle then left 128 Osborne St. and was kept under constant surveillance. As the vehicle traveled on

Signed (Officer) M. _____ 461

Subscribed and sworn to before me this ___8th___ day of ___January___ 19 2000

PG ___1___ OF ___3___

ARRAIGNMENT REPORT AND AFFIDAVIT

| JUDICIAL DISTRICT OF | DANBURY | | | |
|---|---|---|---|---|
| CASE/INCIDENT NO. | ARREST DATE | ARREST TIME | ACCUSED (Last, First MI) | DOB |
| 00-297 | 01/07/00 | 1649 | Fernandez, Luis | 7-22-76 |

Tamarack Ave. it was decided to executed the warrant for the vehicle. The vehicle was stopped on Tamarack Ave., both Fernandez and Ramirez were detained at this time. Officers Selner, Riolo and Murphy stayed with the suspects and vehicle as Detectives obtained the apartment keys from the ignition keys. The Detectives then went immediately to the second floor apartment to execute the search warrant for the apartment. The keys obtained from the ignition unlocked the apartment door, upon entering no one was in the apartment, this was approximately 1649 hours. When entering the apartment you walk into the kitchen, off the kitchen was the bedroom of Angel Ramirez and Moya Mercedes, the bedroom door was opened, the apartment then consisted of a living room, a bathroom with a stairway to a attic bedroom, this bedroom was found to be Luis Fernandez. Detective Krupinsky was designated as the evidence officer at this time to complete a flow chart of items seized and locations seized from. At approximately 1655 hours Det. Sgt. Fisher and Det. Merullo began a search of the bedroom of Angel Ramirez and Moya Mercedes, this bedroom was designated bedroom #1 on the evidence flow chart. Sgt. Fisher in bedroom #1, on the floor between the closet and tall dresser Fisher found a Nike shoe box which was found to contain the following: 1)one black plastic bag which contained three clear ziplock bags which contained a white rock type substance, these bags weighed a combined approximate weight of 15.2 ounces. 2) one black plastic bag which contained a clear ziplock bag which contained a white rock type substance; this bag weighed approximately 13.3 ounces. This bag was field tested by detective Krupinsky and a positive reaction for cocaine was obtained. 3)one ziplock bag which contained ten smaller plastic bags, each contained a white powder. 4) one electronic, digital scale. 5) sixty-two (62) two dollar bills. 6)Various personal checks made out to Cash. At this time Officer Murphy was advised to transport the targets of the investigation, Ramirez and Fernandez to Police Headquarters, that they were to be placed in custody. Officer Murphy was also advised to have the Nissan Pathfinder towed to Police Headquarters so that a attempt to seize the vehicle under State asset forfeiture could be conducted.

A continued search of the bedroom turned up the following: 1) a gray metal box which contained $5,085 and a piece of mail addressed to Angel Ramirez of 128 Osborne St. Danbury, and two electronic pagers. This metal box was found in a unlocked drawer which was under the bed. Under the mattress to the bed one loaded 9 mm handgun, KBI Inc brand, serial number B46120 was found. Additionally ammunition, passport for Angel Ramirez, calculator, and a additional clear plastic bag which contained a white rock substance was found on a paper pad on the small dresser, clearly in the open so that it could easily be seen. The pad was found to contain a list of drug records. $700 in U.S. currency was found in the bedroom, a picture of Al Pachino as Tony Montana in the movie Scar Face, thirty-six (36) small plastic bags each containing white powdered substance (approx. 1.2 ounces) records of occupancy for Angel Ramirez and Moya Mercedes, additional digital scales, and fifteen (15) small plastic bags which were found in a

Signed (Officer) _____

Subscribed and sworn to before me this ___8th___ day of ___January___ 19 2000

PG 2 OF 3

## ARRAIGNMENT REPORT AND AFFIDAVIT
### Warrantless Arrest

| CASE/INCIDENT NO | ARREST DATE | ARREST TIME | ACCUSED (Last, First MI) | DOB |
|---|---|---|---|---|
| 00-297 | 01/07/00 | 1649 | Fernandez, Luis | 7-22-76 |

shirt pocket, each bag contained a white powdered substance. All the previous listed items were found in the bedroom of Angel Ramirez and Moya Mercedes.

A search of the attic bedroom of Luis Fernandes turned up a plastic bag which contained a plant like material, which was subsequently field tested and a positive reaction for marijuana was obtained. $461 of U.S. Currency, records of occupancy for Fernandez for 128 Osborne St., records of identification for Fernandez and a 40 page Metro Mobile cellular telephone bill for Fernandez for the amount of $891. The search of the apartment was concluded at 1830 hours. Copies of the search warrant for the apartment, the Nissan Pathfinder and the person of Angel Ramirez were left on the kitchen table and additionally copies were given to the targets of the investigation at Police Headquarters.

At Police Headquarters Angel Ramirez was found to have $333 on his person, this money along with all money seized were checked for Danbury Police evidence monies. A five dollar bill taken from his person was found to be Danbury Police evidence money, this money was secured with the other monies and tagged as evidence.

The telephone pager seized from Angel Ramirez's person was found to be telephone pager number 289-4343. This number was utilized by both Ramirez and Fernandez during the course of the investigation to facilitate the sales of cocaine. That upon seizing this telephone pager it continually went off. Return calls by Detective Merullo to these persons found that the people were looking for both "Sandy" (Angel Ramirez) and "Alex" (Luis Fernandez) too purchase quantities of cocaine. Additionally people contacting the telephone pager were attempting to contact "Sandy" and "Alex" at the cellular telephone Ramirez and Fernandez had in their possession when stopped in the vehicle.

A total of $6751 (six thousand seven hundred fifty-one dollars) was seized and a total approximate weight of the cocaine seized was 30.2 ounces.

Both Ramirez and Fernandez were processed without incident and held on 250,000 bond. Passports for each individual was also seized.

A check for the firearm seized was conducted and preliminary checks showed it is not stolen in Connecticut. A additional check with the Department of Alcohol, Tobacco and Firearms will be conducted.

During the course of the investigation both Ramirez and Fernandez were observed conducting cocaine sales using several different vehicles including the Nissan Pathfinder. It was also learned that both Ramirez and Fernandez utilize the telephone pager mentioned within this report to coordinate cocaine sales.

Signed (Officer): _____ 461

Subscribed and sworn to before me this ___8th___ day of ___January___ 18 2000

PG 3 OF 3

ARRAIGNMENT REPORT AND AFFIDAVIT
Warrantless Arrest

JUDICIAL DISTRICT OF DANBURY