UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

v.

Robert Paquette, et al

PRISONER
CASE NO: 3:02CV2090
(JBA)(JGM)

Feb. 13, 2004

## BRIEF IN SUPPORT OF PLAINTIFF'S CROSS-SUMMARY JUDGMENT

### STATEMENT OF CLAIM

This is a §1983 action filed by a prisoner while currently at Cheshire D.O.C., Cheshire, Connecticut, seeking damages, compensatory & punitive, a declaratory judgment and injunctive relief based on fourth amendment violation of against unreasonable searches and seizures; violation First, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment; violation of Article 1 § 7, 8 and 20 of the Connecticut State Constitution; violation of Title VII; violation of Conn. Gen. Stat § 54-36h; violation of 18 U.S.C. § 3109; violation of 18 U.S.C. § 1621; violation of 28 U.S.C. § 1746; violation of Rule 41(d); lack of sufficient probable cause to arrest; violation of objective

1 of 51

subjective and legitimate expectation of privacy; unconstitutionally seizure of property; the Application for search and seizure warrant did not provide the issuing judge with sufficient facts for determination of Probable Cause; Violation of a "Knock and Announce"; invalid arrest without warrant; invalid warrantless searches; Property seized upon invalid arrest and no warrant issued; invalid seizuer under plain view doctrine; No justification for the warrantless search or seizure of the plaintiff by exigent circumstances; invalid inventory searches; search warrant not based on probable cause; search warrant insufficiently particular; Excessive force; invalid Pat-down "Terry" frisk; invalid and insufficent warrant; defendants exceeded scope of warrant; NO Reasonable Suspicion to detain the plaintiff; incident to arrest invalid; invalid warrantless arrest; Compensatore damages and Mental and Emotional distress, psychological injuries.

This motion seeks Cross-summary Judgment against defendants Robert Paquette, et al as to their liability in this § 1983 several unconstitutional deprivations and violations of several Fed. Acts

## STATEMENT OF FACTS

2 of 51

Defendants have admitted to the documents attached and marked as Exhibit "A" in the Complaint to be an authentic copy of Incident Report NO. 00-297, pages 1 thru 3, Date of Report 1/7/2000, signed by investigator Officer Det. MARK Trohalis. SEE RESPONSES TO PLAINTIFF's REQUEST FOR ADMISSIONS DATED NOVEMBER 5, 2003. NO. 1., Attached to this MOTION AS Exhibit "1".

1) Defendants have admitted that Det. MARK Trohalis and Det. John Merollo defendants gave under oath testimony at the Superior Court of Conn. Judical District of Danbury before the Honorable James P. Ginocchio, Judge in REM Civil Proceeding on March 18, 2002. SEE RESPONSES TO PLAINTIFF's SECOND REQUEST FOR ADMISSIONS DATED NOVEMBER 11, 2003. NO. 1 and 2, Attached to this MOTION AS Exhibit "2".

1) Defendants have admitted that the documents attached and marked as Exhibits "1","2" and 3" in the third request for Admission are authentic copies of ARRAIGNMENT REPORT AND AFFIDAVIT WARRANTLESS ARREST pages 1 of 3, 2 of 3 and 3 of 3 dated January 8, 2000, signed by MARK Trohalis #461 who is a defendant in this case civil complaint, see RESPONSES TO PLAINTIFF's THIRD REQUEST FOR ADMISSIONS DATED DECEMBER 8, 2003. NO. 1, 2 and 3., Attached to this MOTION AS Exhibit "3."

3 of 51

Defendants have admitted to the document attached and marked as Exhibit "8" in the third Request for Admission is an authentic copy of the Petition For Forfeiture of Property in Drug Cases Public Act 89-269, Conn. Gen. Stat. § 54-36h made to Angel Ramirez dated 1/7/00, State of Conn. V. ANGEL RAMIREZ, Civil Docket # CV # NONE, Police Case # 00-297, Inventory Control # 00-297, Police Department Danbury Police Department, Name/Address of defendant/subject Angel Ramirez 128 Osborne St. 2nd flr. Danbury CT 06810, Town of Seizure Danbury, Warrant Issued? NONE, AFFIDAVIT TO: A Judge of the Superior Court in the Judicial District of Danbury, 00 pages Affidavit-Petition Consist of, Subscribed And Sworn to before Notary on 7th day of January, 2000 per section 1-24 of the Conn. Gen. Statutes. SEE RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR ADMISSION DATED DECEMBER 8, 2003, NO. 8, Attached to this MOTION AS Exhibit "2."

Defendants have admitted that defendants Det. Sgt. Fisher, Det. Ramos, Det. Merullo, Det. Trohalis, and Officer Karl Murphy had a serveillance for the execution of search warrants for the second floor Apt., 128 Osborne St., Danbury, CT 06810, the Person Angel Ramirez and vehicle bearing Conn. Reg. 569 NVH on January 7, 2000. SEE RESPONSES TO PLAINTIFF'S Fourth REQUEST FOR

4 of 51

Admissions Dated December 31, 2003, No. 1, Attached to this Motion as Exhibit "4".

## ARGUMENT I

Material Facts have been left out by the Defendants where factual allegations are not correct and incomplete as to Fourth Amendment Violation Against Unreasonable Searches and Seizures.

The Fourth Amendment to the United States Constitution Provides: "The Right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." MINCEY V. ARIZONA, 437 U.S. 385, 390 [98 S. Ct. 2408, 57 L. Ed. 2d 290] (1978); UNITED STATES V. Chadwick, 433 U.S. 1, 9 [97 S. Ct. 2476, 53 L. Ed. 2d 538] (1977); UNITED STATES V. UNITED STATES DISTRICT COURT, 407 U.S. 297, 317 [92 S. Ct. 2125, 32 L. Ed. 2d 752] (1972); KATZ V. UNITED STATES, 389 U.S. 347, 357 [88 S. Ct. 507, 19 L. Ed. 2d 576] (1967); AGNELLO V. UNITED STATES, 269 U.S. 20, 33 [46 S. Ct. 4, 70 L. Ed. 145] (1925), and insufficient probability or cause

443, 294 A.2d 517, cert denied, 409 U.S. 870, 93 S. Ct 198, 34 L. Ed. 2d 127 (1972).

In this case, NO SEARCH WARRANTS for the plaintiff or with his person NAME was executed during the SERVEILLANCE of JANUARY 7, 2000 OR JANUARY 6, 2000 that had been reviewed by A Judge at the DANBURY Superior Court. (SEE EXHIBIT "5" paragraph 4. WARRANT AFFIDAVIT AND Application AND EXHIBIT "7" RAYMOND P. YAMIN, Ass. Corp. Counsel letter DATED JUNE 25, 2002, EXHIBIT "1" NOTICE OF RESPONDING TO PLAINTIFF'S REQUESTS FOR ADMISSIONS DATED NOV. 5, 2003 paragraphs 1 and documents attached and marked as Exhibit 'A' in the Complaint) "A SEIZURE OCCURS, under the fourth Amendment, EVEN when AN UNINTENDED PERSON OR thing is the object of the detention OR tAKing" Citing VATHEKAN V. PRINCE GEORGE'S COUNTY, 154 F.3d 173 (4th CIR. 1998). "A WARRANT MAY fail by REASON of POOR drafting" citing, HIGNUT V. STATE, (1973) 17 Md App. 399, 303 A.2d 173, 175.
The Fourth Amendment's prohibition on unreasonable SEARches and SEIZURES generally requires police to SECURE WARRANT before Conducting search. Citing, MARYLAND V. DYSON, ___ U.S. ___, ___ L.Ed.2d ___, 119 S.Ct. 2013 (1999), which AFFIDAVIT And Application FOR SEARCH AND SEIZURE WARRANTS WAS SECURE for SECOND FLOOR Apt. 128 Osborne St., Danbury, CT

7 of 51

is also prohibit under the Fourth Amendment for unreasonable searches or seizures. Citing, Hill v. California, 401 U.S. 797, 804 (1971); and Carroll v. U.S., 267 U.S. 132, 155-56 (1925). In the ordinary case, therefore, a search of private property must be both reasonable and performed pursuant to a properly issued search warrant. Arkansas v. Sanders, 442 U.S. 753, 757-58, 99 S. Ct. 2586, 61 L. Ed. 2d 235 (1979); Coolidge v. New Hampshire, 403 U.S. 443, 481, 91 S. Ct. 2022, 29 L. Ed. 2d 564, reh. denied, 404 U.S. 874, 92 S. Ct. 26, 30 L. Ed. 2d 120 (1971); Trupiano v. United States, 334 U.S. 699, 705, 68 S.Ct. 1229, 92 L. Ed. 1663 (1948); Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L. Ed. 436 (1948)." State v. Federici, 179 Conn. 46, 51-52, 425 A.2d 916 (1979). Also, Conn. Const., Art. I § 7 "No warrant to search any place, or to seize any person or things, shall issue without... probable cause supported by oath or affirmation." "Through the Fourteenth Amendment the fundamental federal Constitutional safeguards as to the issuance of warrants embodied in the Fourth Amendment, as interpreted and applied in decisions of the United States Supreme Court, are made obligatory upon the states. Ker v. California, 374 U.S. 23, 33, 83 S. Ct. 1623, 10 L. Ed. 2d 726." State v. Licari, 153 Conn. 127, 132, 214 A.2d 900." State v. Jackson, 162 Conn. 440,

, the person Angel Ramirez and vehicle bearing Conn. Registration 569 NVH obtained on January 6, 2000, after review by a judge at the Danbury Superior Court NOT the Plaintiff. The defendants have failed to even mention the fact that from the allegedly 5 months of an informant(s) sale surveillance, they only conducted 5 sales or surveillance as on July 28, 1999, Oct. 22, 1999, Nov. 3, 1999, second week? of Nov. 1999 and January 3, 2000 without proper equipments, no finger prints from the alleged evidence recovered, and failed to provide the quantity of the alleged evidence recovered (see Exhibit "6" paragraph 4 AFFIDAVIT and Application Search and Seizure Warrant) "for an unindicted Crime [which] seriously affects the fairness, integrity or public Reputation of Judicial Proceeding" citing U.S. v. BAP-Tiste, 2001 WL 1006712 (CA 5-LA), "Where warrant issued on basis of an affidavit that shows probable cause only because it contains a deliberate reckless falsehood or omission violates the Fourth Amendment" citing TECHNICAL ORDANCE, INC. v. U.S., 244 F.3d 641 (8th Cir. 2001). Also, defendants had learn on Nov. 23, 1999 information that destroyed their search and seizure warrant to arrest the person of Angel Ramirez, white Nissan Pathfinder, brown Honda Accord and apt. located at 128 Osborne St., Danbury, CT which

— 8 of 51

omission was used to illegaly arrest the plaintiff (see Exhibit "5" Affidavit and Application search and seizure warrant page 3f of 6 paragraph 22) (Citing U.S. V. EDWARDS, 242 F.3d 928 (10th Cir. 2001) "IF the police learn information that destroys their probable cause to arrest a defendant, the arrest may become illegal."

The Court must consider a warrant necessary were in this case the plaintiff has been arrested without a warrant against his interest in protecting his own liberty. (see EXHIBITs "5" paragraph 4 EXHIBIT "7") Citing STEAGALD V. U.S., 451 U.S. 204, 212 (1981) (warrant necessary because law enforcers "may lack sufficient objectivity to weigh correctly the strength of the evidence supporting the contemplated action against the individual's interest in protecting his own liberty).

The Fourth Amendment contains two separate clauses: (1) A Prohibition against unreasonable searches and seizures, and (2) A requirement that probable causes support each warrant issued. The Magistrate could not make independent assessment of probable cause with the use of a none executed warrant dated Nov. 23, 1999 for the person Angel Ramirez, white Nissan pathfinder, brown Honda Accord and Apartment 128 Osborne St, CT, and executed warrant dated January 6, 2000 for the person Angel Ramirez, second floor 128 Osborne st

9 of 51

CT, and vehicle white Nissan pathfinder registration 569 NVH without informations of registration owner and left out material facts as to disclosure of the prerecorded sum Danbury Police evidence money supplied, the quantity and weight of the packages returned was not provided, the alleged credible informant(s) or person gave no sworn written statements, the packages returned by the alleged credible informant(s) or person were not tested for finger prints, no surveillance photograph(s) of the alleged credible informant(s) or person with either Angel Ramirez nor the plaintiff was provided, no material facts as to the type of equipment used in this alleged surveillance during July 28, 1999, Oct. 22, 1999, Nov. 3, 1999, Second week? of Nov. 1999 and January 3, 2000; there was no information of objects seen or at Plain view for determination of probable cause where beliefs without disclosure of supporting facts and circumstances contained in a unreliable affidavit is insufficient basis upon which finding of Probable could be made. (See Exhibit "5" paragraph 4.) Citing <u>Giordenello</u> v. <u>U.S.</u>, 357 U.S. 480, 486-87 (1958) (Magistrate could not make independent assessment of probable cause because "Complaint contained no affirmative allegation that affiant spoke with personal knowledge of matters contained therein, [did not] indicate any sources for Complaint's belief, and did not set forth any other sufficient basis upon which

finding of probable cause could be made); and Nathanson v. U.S., 290 U.S. 41, 47 (1933) (magistrate could not make independent assessment of probable cause because officer affirmed suspicion or belief without disclosure of supporting facts); and Aguilar v. Texas, 378 U.S. 108, 109, 111-13 (1964) (magistrate could not make independent assessment of probable cause when officers stated only that they "received reliable information from a credible person and do believe" narcotics stored in defendant's home)

"Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same and so are law enforcement officers.... the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement. Id. at 231-32.

In Illinois v. Gates, the Court stated that probable cause does not deal with hard certainties, but with probabilities. 462 U.S. 213, 241 (1983) citing U.S. v. Cortez, 449 U.S. 411, 418 (1981). Probable cause is "a fluid concept turning on the assessment of probabilities in particular factual contexts not readily, or even usefully, reduced to a neat set of legal rules," and its existance must be determined by an analysis of the totality

of the circumstances surrounding the intrusion. Id. At 232, 238; see ORNELAS, 517 U.S. At 697 ("the legal rules for probable cause .... Acquire content only through application)."

PER SE rules are inappropriate for determining Probable Cause, each case must be Judged by its own facts. See, U.S. v. Khounsavanh, 113 F.3d 279, 285 (1st Cir. 1997) (Purchase of Controlled substance observed by officer does not provide PER SE Probable Cause, noting "[A] PER SE Rule is not Appropriate in the context of protecting Precious fourth Amendment freedoms")

The warrant dated January 6, 2000 executed on 1/7/00 for the person Angel Ramirez, second floor apt., 128 Osborn St., Danbury, CT and vehicle white Nissan pathfinder registration 569 NVH without information of registration owner is not sufficient and lacks objectivity to weigh correctly the strength of the evidence supporting the contemplated action against the plaintiff interest in protecting his own liberty when the alleged offense(s) committed was not in possession of the plaintiff or at plain view FED. R. CRIM. P. 4 (A) (see Exhibit "1" paragraph 1 Exhibit "2" paragraphs 1 and 2, Exhibit "3" paragraph 1 and 2, Exhibit "4" paragraph 9, Exhibit "10", Exhibit "12", Exhibit "13") Citing, Johnson v. United States,

12 of 51

333 U.S. 10, 13-14 (1948); and <u>Steagall</u> v. <u>U.S.</u>, 451 U.S. 204, 212 (1981) (warrant invalid because supporting affidavit was "devoid of any basis from which magistrate could infer that evidence of drug activity would be found at [defendant's address] especially since affidavit gave no information as to proximity of alleged narcotics sales to defendant's residence).

There was wanton and reckless justification to seize the plaintiff on January 7, 2000, the course of the investigation since July 28, 2000 were the informant or informants failed to accurately predicte movements and actions, did not identify the plaintiff from photographs shown by the defendants who did not seized drugs from the plaintiff on January 7, 2000 illegal arrest and did not observed an object or drugs in plain view. (See Exhibit "5", Exhibit "1" paragraph 1, Exhibit "2" paragraph 1 and 2, Exhibit "3" paragraph 1 and 2, Exhibit "4" paragraph 9, Exhibit "10", Exhibit "12" and Exhibit "13") Citing <u>U.S.</u> v. <u>Gilbert</u>, 45 F.3d 1163, 1166-67 (7th Cir. 1995); and <u>U.S.</u> v. <u>Roberson</u>, 90 F.3d 75, 79 (3d Cir. 1996) (no reasonable suspicion to detain person based on anonymous tip that provided no predictive information, even though neighborhood was known as area of high drug activity); <u>U.S.</u> v. <u>Prandy-Binett</u>, 995 F.2d 1069, 1078 (D.C. Cir. 1993) (no probable cause to arrest when

13 of 51

police observed suspect in train station carrying rectangular object wrapped in duct tape because packaging material not unique to drug trade); and U.S. v. WALD, 216 F.3d 1222, 1226 (10th Cir. 2000) (no probable cause to search car trunk based merely on officer's detection of odor of burnt methamphetamine). See also, U.S. v. Wilhelm, 80 F.3d 116, 119-20 (4th Cir. 1996) (no probable cause for search warrant when police relied on information from an unnamed informant, had no indication of the informant's truthfulness or reliability, and had little or no corroboration).

The degree of intrusiveness involved in the government action is also relevant to determining whether a search has occurred. The Fourth Amendment also protects against unreasonable government seizures of person and property.

The defendants mistaken the plaintiff to be "Alex" with a "scar in the face" and did not suspect of criminal activity at the time of warrant execution date 1/7/00, did not briefly question the plaintiff and failed to perform a limited pat down frisk for weapons acting with wanton and reckless to the importance of balancing the need of the search or seizure against the invasion on the fourth amendment interest which the search and

14 of 51

seizure entails. (See Exhibits "5" paragraph 4, Exhibit "1" paragraph 1) Citing TERRY v. OHIO, 392 U.S. 1, 26 (1968); U.S. v. MONTERO-CARMARGO, 208 F.3d 1122, 1135 (9th Cir. 2000) (HISPANIC APPEARANCE may not contribute to reasonable suspicion).

The defendants had no suspicion of illegal activity while alleged surveillance of 128 Osborne St, Danbury CT second floor Apt. on January 7, 2000 before the execution of the warrant for the person Angel Ramirez, Second floor Apt. 128 Osborne St, Danbury, CT and vehicle white Nissan Pathfinder registration 569 NVH without information of registration owner at Tamarack Ave, in Danbury, CT and failed to order the plaintiff out of the vehicle briefly questioned for procedure outweighed the minimal intrusion on the plaintiff fourth Amendment. (See Exhibit "1" paragraph 1, Exhibit "2", Exhibit "3" and Exhibit "10"). The defendants failed to informed the plaintiff of warrant arrest dated 1/6/00 for Angel Ramirez person, second floor Apt. 128 Osborne St, Danbury CT, and vehicle white Nissan Pathfinder registration 569 NVH without information of registration owner and search in progress while transfered and detained at police headquaters for approx. 1 hour. (See Exhibit "1" paragraph 1 and Exhibit "10") This mention detention on January 7, 2000 and seizure of the plaintiff generalized suspicion of

15 of 51

criminal activity base solely on RACE and scare on face because no baseball hat was recovered linking the plaintiff as to the alleged informant discription of "Alex". Also does not justify seizure. (see Exhibit "1" paragraph 1, Exhibit "3" paragraph 1, Exhibit "4" paragraph 14 and 15, Exhibit "13" and Exhibit "14") Citing, U.S. v. Gantt, 194 F.3d 987, 1004 (9th cir. 1999); When v. U.S., 517 U.S. 806, 811-13(1996); U.S. v. Edwards, 103 F.3d 90, 94 (10th cir. 1996); U.S. v. Brignoni-Ponce, 422 U.S. 873, 885-86 (1975) (no reasonable suspicion for border agent to detain person based solely on apparent Mexican ancestry); and U.S. v. Grant, 920 F.2d 376, 388 (6th cir. 1990)(no reasonable suspicion to detain person when agent's only reasons for being suspicious were assumption that man of color wearing dreadlocks was illegal alien from Jamaica and fact that he traveled from drug-source city).

The defendants left out material facts were there was no reasonable suspicion or indication that the plaintiff was in possession of drugs or armed to be searched or seized on January 7, 2000 when defendants decided to execute the warrant dated January 6, 2000 for the person Angel Ramirez, second floor Apt., 128 Osborne St., Danbury CT and vehicle white Nissan Pathfinder 569 NUH without owner registration information bearing the plaintiff (see Exhibit "1" paragraph 1

- 15 of 51 -