Exhibit "2", Exhibit "3" and Exhibit "4"). The Approx. 2 hours and 75 minutes detention of the plaintiff on January 7, 2000 at the Police Headquarters while the execution of Arrest Warrant dated 1/6/00 for the person Angel Ramirez, Second floor Apt. 128 osborne St Danbury CT and Vehicle Nissan Pathfinder 569 NVH without owner registration information was taken place and defendants had moved the plaintiff to a different site. Misinforming him as to expected course of investigation converting seizure into Arrest (see Exhibits "1" paragraph 1 & Exhibit "3" paragraph 1 threw 3)
Cite YBARRA V. ILLINOIS, 444 U.S. 85, 92-93 (1979); U.S. V. PLACE, 462 U.S. 696, 709-10 (1983); DUNAWAY V. NEW YORK, 442 U.S. 200, 216 (1979) U.S. V. OBASA, 15 F.3d 603, 608-09 (6th cir. 1994)(Stop converted to Arrest because officers searched Suspect and transported suspect to Airport police station).

In TERRY V. Ohio, 392 U.S. 1, 26 (1968), the Supreme Court held that a police officer may stop an individual reasonably suspected of Criminal activity, question him briefly, and perform a limited pat down frisk for weapons.
Even when the execution of the Arrest warrant dated 1/6/00 on January 7, 2000 for the person Angel Ramirez not the plaintiff would give defendants a valid pat-down during the execution exceeded

scope of TERRY because defendants had already determined the arrest warrant for the person, place and thing authorized by a judge and the plaintiff did not contain weapons or narcotics. (See Exhibit "1" paragraph 1, Exhibit "2" paragraph 1, Exhibit "3", Exhibit "4", Exhibit "5", Exhibit "7", and Exhibit "10"). U.S. v. Shchiavo, 29 F.3d 6, 9 (1st Cir. 1994); U.S. v. Twilley, 222 F.3d 1092, 1097 (9th Cir. 2000) (no reasonable suspicion because officer mistakenly believed two license plates required by law); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992) (no reasonable suspicion to stop driver who was double-parked within 10 feet of pedestrian at drug-trafficking location); Ybarra v. Illinois, 444 U.S. 85, 92-93 (1979) (no reasonable suspicion to detain patron, even though police had warrant to search tavern and generalized suspicion that drug transaction took place in tavern, because no indication that patron was armed); U.S. v. Edwards, 103 F.3d 90, 94 (10th Cir. 1996) (detaining individual who was departing from house was unreasonable because detained for 45 minutes without being informed search was in progress); U.S. v. Place, 462 U.S. 696, 709-10 (1983) (90-minute detention unreasonable because police failed to act diligently, transported luggage to different site, and misinformed detainee as to expected course of investigation)

18 of 51

It was unreasonable for defendants to force the plaintiff out of the white Nissan Pathfinder registration 569 NUH on January 7, 2000 at gun point, handcuff him, were approx. 10 officers executed the arrest warrant for Angel Ramirez person, place 2d floor 128 Osborne St. Danbury and vehicle without information on register owner of white Nissan Pathfinder at Tamarac Ave, during daytime and there was no indication plaintiff was armed or need to search the plaintiff private areas in public, the nature of the suspected crime did not included suspicioness behavior, immediate action or armed to conduct an unreasonable arrest at gun point threating plaintiff life (see Exhibit "1", Exhibit "3", Exhibit "4" and Exhibit "8"). Even the removal of the plaintiff wallet, money and contents is invalid and exceeded scope of Terry on January 7, 2000 execution arrest warrant for Angel Ramirez person, property 2d floor Apt 128 Osborne St. Danbury, CT and vehicle white Nissan Pathfinder Registration 569 NUH (see Exhibit "1", Exhibit "3", Exhibit "4", Exhibit "8", Exhibit "10", Exhibit "12", Exhibit "13" and Exhibit "14") Citing U.S. v. Schiavo, 29 F.3d 6, 9 (1st Cir. 1994) (opening of suspect's paper bag found during valid pat-down exceeded scope of Terry because officer had already determined bag did not contain weapon); U.S. v. Ponce, 8 F.3d 989, 999 (5th Cir. 1993) (removal of contents of suspect's pocket

19 of 51

exceeded scope of TERRY because pocket revealed only a little bump and could not contain a weapon); U.S. v. Anderson, 981 F.2d 1560, 1566 (10th Cir. 1992) (custodial arrest occurred because officers blocked suspect with cars and official approached suspect with gun drawn); U.S. v. Robertson, 833 F.2d 777, 781-82 (9th Cir. 1987) (unreasonable for 7 to 10 officers to confront woman at gunpoint, tell her to freeze, and detain her for 5 to 15 minutes because no indication she was armed or dangerous); U.S. v. Melendez-Garcia, 28 F.3d 1046, 1053 (10th Cir. 1994) (unreasonable for officer to force suspects from vehicle at gunpoint and handcuff them because it was daytime and there was no indication suspects were armed); and Sibron v. New York, 392 U.S. 40, 64 (1968) (frisk of person seen talking to narcotics addicts not justified because officer had no reasonable belief suspect was armed).

In U.S. v. Seelye, the Eighth Circuit listed six factors to consider in determining whether use of force is reasonable: (1) the number of officers and police vehicles; (2) the nature of the crime and the likelihood that the suspect is armed; (3) the strength of the officer's articulable suspicions; (4) the need for immediate action; (5) the suspiciousness of the suspect's behavior; and (6)

20. of 51

the opportunity to conduct the stop in a less threatening way. 815 F.2d 48, 50 (8th Cir. 1987); see, also citing NELSON V. McMULLEN, 207 F.3d 1202 (10th Cir. 2000) "For purposes of determining reasonableness of search, a strip search is an invasion of personal rights of the first magnitude"; U.S. V. BURTON, 228 F.3d 524 (4th Cir. 2000) "Police officers may not place their hands on citizens in search of anything without constitutionally adequate, reasonable grounds for doing so"; HEADWATERS FOREST DEFENSE V. COUNTY OF HUMBOLDT, 240 F.3d 1185 (9th Cir. 2000) (where there is no need for force to effect an arrest, any force used is constitutionally unreasonable); BASS V. ROBINSON, 167 F.3d 1041 (6th Cir. 1999) (use of excessive force by law enforcement officials in effecting arrest may give rise to claim under § 1983).

THE DEFENDANTS FACTUAL ALLEGATIONS ARE NOT CORRECT AND INCOMPLETE IN DETERMINING THE "UNANNOUNCED INTRUSION" STATUTE § 3109.

An officer authorized by warrant to enter a private dwelling generally must comply with the statutory "Knock and Announce" requirement: the officer must announce his or her authority and purpose before entering and may resort to forcible

21 of 51

entry only if denied admittance 18 U.S.C. §3109 (2000).

In <u>Sabbath</u>, the Supreme Court held that use of force was not necessary for a violation of §3109 and ruled that unlatching a closed, unlocked door was an "unannounced intrusion" in violation of the statute. 391 U.S. at 590.

The defendants conceded the facts when they took the key from the ignition of the white Nissan Pathfinder Registration 569 NVH without information of owner on January 7, 2000, arrest warrant dated 1/6/00 execution and went to the second floor apt. 128 Osborne St. Danbury CT unlocked the second floor apartment without reasonable suspicion of any one in the apartment, danger or destructive to the investigation while knowing Mercedez Moya resident at this location and failed to announce identity and did not do so upon entering in violation of the statute 18 U.S.C. §3109. (See Exhibit "1", Exhibit "3", Exhibit "5" and Exhibit "10") Citing, <u>U.S. v. Cantu</u>, 230 F.3d 148, 152-53 (5th Cir. 2000) (§3109 violated when police failed to announce presence before trying to pry open outer door, absent knowledge suspect was armed or dangerous); <u>U.S. v. Dice</u>, 200 F.3d 978, 982-83 (6th Cir. 2000) (§3109 violated when police entered home of suspected marijuana grower "a few seconds" after knock and

22 of 51

Announcement, Absent evidence of exigent Circumstances); U.S. V. DiCESARE, 765 F.2d 890, 896 (9th Cir. 1985) (§ 3109 violated during execution of Arrest Warrant because officers failed to announce identity and purpose or did so while entering through open outer door and closed, but unlocked, inner screen door); INGRAM V. CITY OF COLUMBUS, 185 F.3d 579 (6th Cir. 1999) (The Fourth Amend. deems unreasonable and thus unconstitutional an officer's unannounced entry into a dwelling); And WILSON V. ARKANSAS, 514 U.S. 927, 131 L.Ed.2d 976, 115 S.Ct 1914 (1995) "(1) where reasonable, officer of the law should first announce his presence and authority before entering home to search (2) Statutory knock and announce requirements applies when officers attempt to enter house to execute arrest warrant and to entries affected by use of passkey."

MATERIAL FACTS LEFT OUT AND NOT CORRECT WERE THE WARRANT DATED 1/6/00 DID NOT SATISFY THE PARTICULARITY REQUIREMENTS OF THE FOURTH AMENDMENT.

The Warrant Clause of the Fourth Amendment proscribes the issuance of any warrant except one "particularly describing the place to be searched, and the persons or things to be seized." This requirement is to limit the

23 of 51

authorization to search to the specific areas and items for which there is probable cause to search, so that the search which the Framers of the Constitution intended to prohibit. Citing, <u>Andresen</u> v. <u>Maryland</u>, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976).

The Magistrate has pointed out in the Report and Recommendation, the test to determine the adequacy of the description of the location to be searched in a search warrant is 1) whether the description is sufficient to enable the executing officer to locate and identify premises with reasonable effort; and 2) whether there is any reasonable probability that another premise might be searched. <u>United States</u> v. <u>Bonner</u>, 808 F.2d 864 (1st Cir. 1986), cert. denied, 481 U.S. 1006, 107 S.Ct. 1632, 95 L.Ed.2d 205 (1987).

In the instant case, the search warrant dated 1/6/00 describes the apartment to be searched as follows:

"The second floor apartment located at 128 Osborne St., Danbury, CT. 128 Osborne St. is a two family house, color yellow, with white trim and the number 128 appears on the front of the house. 128 Osborne St. is the 7th house on the right from the intersection of Locust Ave. and Osborne St. when traveling east bound. Entry to the second floor apartment is made from a exterior wood

24 of 51

stairway located on the left side of the house when facing the house from the roadway." (see Exhibit "5")

The warrant dated 1/6/00 did not describes the Attic/Apt. room of the two family house building nor the Basement or First floor if there were any occupants at the time January 7, 2000 warrant Execution. However, the search warrant does not accurately state the second floor layout and confusingly refers to a second floor Apartment without an Attic unit. Thus, even though the defendants alleged they surveillance the second floor Apartment 128 Osborne St. but did not entered and they thought there was only a second floor Apartment on the premises described in the warrant, when in fact, the second floor Apartment was divided into Apartment and Attic unit. (see Exhibit "5")
After the defendants unlocked the second floor Apart. on 1/7/00 without knock announcement to execute the warrant dated 1/6/00 and allegedly found Contraband in the second floor, they suddenly realized there were in Angel Ramirez 2 floor Apartment and that when opening the bathroom door and Attic door they identified the Attic/unit one occupied by the plaintiff [After opening the boxes finding plaintiff passport I.D.]. Thus, it was only after the search warrant was executed that the defendants realized the second floor Apartment contained an Attic/Apt unit,

25 of 51

And hence, the warrant is overbroad. (See Exhibit "1", Exhibit "4", and Exhibit "10") Citing MARYLAND v. GARRISON, 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987) "undoubtedly would have been valid if it had reflected a completely accurate understanding of the building's floor plan."

Moreover, Affidavits and search warrants should be interpreted in a common sense manner, and hypertechnical reading of the warrant should be avoided. Citing, United States v. HINDS, 856 F.2d 438, 441 (1st Cir. 1988); United States v. HAYDEL, 649 F.2d 1152, 1157 (1st Cir. 1981); cert. denied, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 140 (1982).

A search warrant for an apartment house or hotel or other multiple occupancy building will usually be held invalid if it fails to describe the particular subunit to be search with sufficient definiteness to preclude a search of one or more subunits indiscriminately citing United States v. HIGGINS, 428 F.2d 232 (7th Cir. 1970). See Also 1 W. LaFave & J. Israel, Criminal Procedure, § 3.4, at 225 (1984).

The defendants left out material facts when they allegedly gather information to obtain the warrant dated 1/6/00 without specific inquiries and failed to determine the identity of the occupants of the

25 of 51

second floor Apartment and Attic 1apt unit. Also, the Alleged informant (s) did not provided any description as to the Occupants in the second floor Apartment. Even though defendants had the second floor 128 osborne st. Danbury CT Address with records of the Danbury Police Department they did not Adequatly Provided a description of the second floor Apartment Attic unit and failed to checked with local gas and electric Company to discover whos name was on the second floor 128 osborne st., Danbury, CT premises verifying occupants to disclose it to the issuing Magistrate, were in this case did not fulfill the particularity requirements of the fourth Amendment and warrant dated 1/6/00 invalid. (see Exhibit "S") citing, WONG SUN v. UNITED STATES, 371 U.S. 471, 484-88, 83 S.Ct. 407, 415-17, 9 L.Ed.2d 441 (1963); TERRY v. Ohio, 392 U.S. 1, 29. 88 S.Ct. 1868, 1884, __ L.Ed.2d 889 (1968); UNITED STATES v. BERRYMAN, 717 F.2d 651, 659 (1st cir. 1983), cert. denied, 465 U.S. 1100, 104 S.Ct 1594 80 L.Ed.2d 125 (1984).

The Plaintiff held a subjective expectation of privacy in the Attic Apartment unit Above the second floor Apartment of Angel Ramirez separated by doors, not visible from side yard of the second floor Apartment, walkway or porch. (see exhibit "1 and Exhibit "3")

27 of 51

Citing U.S. v. King, 227 F.3d 732, 743 (6th cir. 2000); U.S. v. Anderson, 154 F.3d 1225, 1229 (10th cir. 1998); And U.S. v. Nerber, 222 F.3d 597, 603 (9th cir. 2000).

The warrant dated 1/6/00 executed for the person Angel Ramirez and second floor apartment 128 Osborne St. Danbury CT is insufficiently particular because defendants had actual notice that house divided into 2 apartments before executing search yet failed to list the Attic 1 unit or basement and redacted Affidavit did not specifically implicate Attic apartment. (See Exhibit "5"). Citing U.S. v. Shamaeizadeh, 80 F.3d 1131, 1137 (6th cir. 1996).

The defendants could not use personal knowledge of Plaintiff name to cure insufficient warrant because name does not appears in the warrant dated 1/6/00. (See Exhibit "5" And Exhibit "7") Citing, U.S. v. Ellis, 971 F.2d 701, 704 (11th cir. 1992); "descriptive information on arrest warrant violates the Fourth Amendment" Brown v. Byer, 870 F.2d 975, 978-79 (5th cir. 1989).

This warrant dated 1/6/00 to search premises known as second floor Apt. 128 Osborne St. Danbury CT. photographs were taken from the front of the house or apartment. Knowing or should have known the second floor contains an Attic 1 unit and such wanton and reckless makes this warrant invalid for unreasonable

28 of 51.

search despite the warrant descriptions of second floor Apartment 128 Osborne St. Danbury, CT. (See Exhibit "5".) Citing <u>Jacobs</u> v. <u>Chicago</u>, 215 F.3d 758, 768-69 (7th Cir. 2000). Also, "search invalid because affidavit prepared for a different search and could not have reasonably relied upon the Court's finding of Probable Cause" <u>U.S.</u> v. <u>Herrow</u>, 215 F.3d 812, 814 (8th Cir. 2000).

The plaintiff had expectation of privacy in the Attict Apt./unit under the fourth Amendment interest of person not named in the warrant when the Attict Apt./unit was searched without plaintiff consent and in the absence of exigent circumstances. Citing, <u>Steagld</u> v. <u>U.S.</u>, 204, 212-14 (1981).

The warrantless search is invalid because the search was conducted after plaintiff was in custody without probable cause when the warrant dated 1/6/00 for the investigation had been reviewed by a Judge at the DANBURY SUPERIOR COURT and the identification of the plaintiff name was not included/provided in the warrant dated 1/6/00 (see Exhibit "5" and Exhibit "7"). Citing <u>U.S.</u> v. <u>Bonitz</u>, 826 F.2d 954, 956 (10th Cir. 1987). The plaintiff was not in control of search area which warrantless search invalid. (See Exhibit "1", Exhibit "3" and Exhibit "4") citing <u>U.S.</u> v. <u>Vasey</u>, 834 F.2d 782, 787-88