(9th Cir. 1987). The Warrantless Search of plaintiff Attic Apt. 1 Unit. property seized upon invalid arrest on January 7, 2000 is invalid as search incident to Arrest because the search was conducted more than 2 hours 75 minutes After Arrest of the plaintiff, defendants had Exclusive Custody of item and no Warrant was obtained. The Warrant was issued for second floor Apartment not the entire home under search incident to Arrest exception were there was no justification for search incident to Arrest or any consideration the plaintiff A threat. (See Exhibit "1", Exhibit "3", Exhibit "4", Exhibit "5" and Exhibit "10"). Citing, U.S. V. Chadwick, 433 U.S. 1, 15 (1977); Chimel V. California, 395 U.S. 752, 763 (1969); and Maryland V. Buie, 494 U.S. 325, 337 (1990); Fourth Amendment requires warrant Application to contain truthful factual showing of Probable Cause. Hunter V. Namanny, 219 F.3d 825 (8th Cir. 2000); and U.S. V. Silva, 247 F.3d 1051 (9th Cir. 2001); (U.S. V. Cardoza - Hinojosa, 140 F.3d 610 (5th Cir. 1998) (Fourth Amendment protections Against Arbitrary searches and seizures are presumptively Applicable not only in an individual's home, but also in Any Commercial premises he may own or use); Miller V. Kennebec County, 219 F.3d 8 (1st Cir. 2000) (seizure conducted pursuant to Arrest warrant must Conform to terms of that warrant).

. 30 of 51

The execution of search warrant dated 1/6/00 for the person Angel Ramirez, second floor Apt. 128 Osborne st. Danbury, CT lasted Approx. 2 hours 75 Minutes conducting a sweep and failed to demostrate it was immediate and no longer than necessary when there was no risk to officer safety. The conducted search of the Attic Apt / unit were plaintiff property got seized in a invalid search and seizure under plain view doctrine when shoe box unrevealing in appearance. (see Exhibit "1", Exhibit "3" Exhibit "4", Exhibit "10" and Exhibit "12"). Citing, U.S. V. AKRAWI, 920 F.2d 418, 421 (6th cir 1990) U.S. V. HOGAN, 38 F.3d 1148, 1150 (10th cir. 1994); and U.S. V. DOE, 61 F.3d 107, 110 (1st cir. 1995).

There was no justification for the warrantless search or seizure of plaintiff person without exigent circumstances because no immediate or continuous pursuit from scene. And exigent circumstances did not exist to justify warrantless search because the defendants on 1/7/00 while inside the second floor Apt. 128 Osborne st. Danbury, CT they could have guarded the apartment with little or no danger to themselves while search warrant was obtained. And both Angel Ramirez and the plaintiff illegaly seized were under their custody. The plaintiff has a fourth Amendment protection applyed to the Attic Apt / unit and warrantless search of Attic Apt / unit violated the fourth amendment privacy protection surrounding one's

31 of 51

Apartment and other temporary living spaces. (see Exhibit "1", Exhibit "3", Exhibit "4" and Exhibit "10") Citing WELSH v. WISCONSIN, 466 U.S. 740, 753 (1984); U.S. v. MORALES, 171 F.3d 978, 982 (5th Cir. 1999); U.S. v. PIERSON, 219 F.3d 803, 806 (8th Cir. 2000); U.S. v. WICKS, 995 F.2d 964, 969 (10th Cir. 1993); STONER v. CALIFORNIA, 376 U.S. 483, 490 (1964); And US. v. MCCRAW, 920 F.2d 224, 228 (4th Cir. 1990)

## MATERIAL FACTS LEFT OUT FROM UNCONSTITUTIONAL SEIZED PROPERTY.

The defendants completed a flow chart of the Alleged items seized with plaintiff property and location seized from As evidence to use Against the Plaintiff who held An objective Expectation of privacy in Angle Rumono the lesse Apartment (see Exhibit "1", Exhibit "3", Exhibit "10", Exhibit "12" and Exhibit "13"). Citing MINNESOTA v. OLSON, 495 U.S. 91, 100 (1990); U.S. v. INFANTE-RUIZ 13 F.3d 498, 501 (1st Cir. 1994); U.S. v. POLLARD, 215 F.3d 643, 647-48 (6th Cir. 2000) And U.S. v. CHAVE 169 F.3d 687, 690-91 (11th Cir. 1999).

The plaintiff property seized on 1/7/00 without A warrant and failed to supply a petition for forfeiture of Property in Drug cases public Act 89-269; Conn. Gen: Stat § 54-36h for the purpose of Claiming the property seized violating fourth

And fifth Amendment to the U.S.C. were the only
Petition for forfeiture of property in drug cases public
Act 89-269; C.G.S § 54-36h was made to Angel
Ramirez dated 1/7/00 with form for return of property
Adding Including with the plaintiff property. without
the plaintiff Consent, without A warrant identifying the
plaintiff person, without being in the view of the
public and the property not Abandoned. (see Exhibit
"1", Exhibit "3", Exhibit "10" Exhibit "12" and Exhibit
"13"). This warrant dated 1/6/00 did not Contained
explanation As to how to differentiate the items
Seized and only Authorized the seizure and
search of Angel Ramirez Apartment second Floor and
property not the plaintiff (see Exhibit "5"). The
property was not justify to be in Plain view seizure
of drug paraphernalia found Allegedly inside of A shoe
BOX invalid, As items were descovered in Course
of AN unconstitutional Administrative search. (see
Exhibit "1", Exhibit "3", Exhibit "4", Exhibit "10"
Exhibit "12" And Exhibit "13") The inventory search
invalid. because no police procedure existed regarding
Scope of inventory search which inventory search
failed to be Conducted According to warrant dated
1/6/00. (see Exhibit "1", Exhibit "3", Exhibit "4", Exhibit "5"
Exhibit "10", Exhibit "12", Exhibit "13", Exhibit "14", Exhibit "15"
Exhibit "16"). Citing, MINNESOTA V. OLSON, 495 U.S.
91, 100 (1990); U.S. V. Riley, 906 F.2d 841, 844-45
(2nd Cir. 1990); MARKS V. CLARKE, 102 F.3d 1012, 1028-29

(9th Cir. 1996); DALE V. BARTELS, 732 F.2d 278, 284 -85 (2nd Cir. 1984); U.S. V. DOE, 61 F.3d 107, 110 (1st Cir. 1995); U.S. V. BULACAN, 156 F.3d 963, 968 (9th Cir. 1998); "An inventory search is invalid when no police procedure existed regarding scope of inventory search" U.S. V. SALMON, 944 F.2d 1106, 1121 (3d Cir. 1991) U.S. V. $639,558 IN U.S. CURRENCY, 955 F.2d 712, 715 -18 (D.C. Cir. 1992) (warrantless search of suspect's luggage deemed invalid as incident to Arrest because suspect was handcuffed to chair in security office, there was no danger of suspects gaining access to luggage, and search occured 30 minutes After Arrest).

General Statutes § 54-36h (b) provides in relevant part: "Not later than 90 days After the seizure of Moneys or property subject to forfeiture... in Connection with a lawful Criminal Arrest or a lawful Search," the petition must be filed "not later than 90 days After the seizure of Money or property." WEINBERG V. ARA VENDING Co., 223 Conn. 336, 341, 612 A.2d 1203 (1992). Forfeiture statutes must be read and applied strictly citing STATE V. CHAMPAGNE, 206 Conn. 421, 430, 538 A.2d 193 (1988); STATE V. ONE 1981 BMW Automobile, 5 Conn. App. 540, 542, 500 A.2d 961 (1985).

Some Federal decisions indicate a growing Apprehension About the procedural inadequacies of civil forfeiture laws and potential government Abuses of these laws. Citing,

UNITED STATES V. All ASSETS OF STATEWIDE AUTOPARTS, INC., 971 F.2d 896, 905 (2d cir. 1992); U.S. V. $31,990 IN U.S. CURRENCY, 982 F.2d 851 (2nd cir. 1993) Possession of large amount of CASH is not per se evidence of drug related illegal activity for forfeiture purposes)

THE DEFENDANTS factual Allegations ARE NOT CORRECT AND INCOMPLETE WHEN FAILING TO COMPLY WITH RULE 41 (d).

ON JANUARY 7, 2000 After the Plaintiff had been Arrested without cause illegaly searched and force into police CAR and transfered to the police Headquarters At 1830 hours an additional copy of Page 1 of 6 and 5 of 6 warrant 1/6/00 but at the outset of search the defendants rather left the warrant dated 1/6/00 for Angel Ruminey persons, Second floor 128 osbowe st, Danbury, CT and Vehicle white Nissan pathfinder 569 NVH without info on owner in the second floor Apant. 128 osbowe st, Danbury, CT Kitchen table in violation of Rule 41 (d). (See Exhibit "1", Exhibit "3", Exhibit "4" and Exhibit "10"). The State officer Are required to comply with Rule 41 (d) because warrant obtained by State officers executed by State officers citing U.S. V. Comstock, 805 F.2d 1194, 1205 (5th cir. 1986); U.S. V. GANII, 194 F.3d 987, 1004 (9th cir. 1999). Rule 41 (d) further requires an officer to prepare

An inventory of the items seized, and upon completion of the search, to give the person from whom the property was taken a copy of the warrant and a receipt for the property taken.

## THE DEFENDANTS CONCEDED THE FACTS AND ALLEGATIONS OF LIABILITY ARE NOT CORRECT.

Title 42 of the United States Code § 1983 (1994) provides: "Civil Action for deprivation of Rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

In this case, plaintiff arrest without probable cause, violates the fourth amendment and gives rise to a claim for damages under §1983 citing LEE V City of Los ANGELES, 250 F.3d 668 (9th cir. 2001). For qualified immunity purposes, right

36 of 51

Not to be Arrested without probable Cause is Clearly established Right. _Citing_, LEE V. SANDBERG 136 F.3d 94 (2nd cir. 1997).

A Municipality such as Danbury may be liable under § 1983 for the unconstitutional Acts of its Employees if Some custom or policy of the Municipality was the moving force behind the Constitutional Violation (see Exhibits "1" threw "17") _Citing_ WILSON V SPAIN, 209 F.3d 713 (8th cir. 2000); and MORRIS V. LINDAU, 196 F.3d 102 (2nd cir. 1999). "Municipalities have NO immunity defense, Either qualified or Absolute, in A suit under § 1983 Also, Cities can be sued directly under § 1983 _Citing_, PETREY V. CITY OF TOLEDO, 246 F.3d 548 (6th cir. 2001).

According to the Court's, Plaintiff may bring independent Civil Action for Return of property even if underlying Criminal case has been closed _Citing_, U.S. V. GUZMAN, 85 F.3d 823 (1st cir. 1996) Even "when Police officer obtains warrant through material false statements made either knowingly or with reckless disregard for the truth, he may be sued under § 1983 for fourth Amendment Violation" see, HUTSELL V. SAYER, 5 F.3d 996 (6th cir. 1993). And Also Courts have upheld Constitutional Rights were "Criminal defendant who is Convicted of violating A law may Appeal his conviction by challenging

Constitutionally of the law on its face, and this is true even if defendant pleaded guilty to violating the law". Citing U.S. V. FRANDSEN, 212 F.3d 1231 (11th cir. 2000).

The plaintiff on January 7, 2000 was not protected from the use of excessive force threatening his life when defendants executed a warrant for the person Angel Ramirez, second floor Apt 128 osborne st. Danbury CT and vehicle white Nissan pathfinder 569 NUH without owner registration beating the plaintiff without reasonable measures. (see exhibit "1", exhibit "3", exhibit "4", exhibit "5", exhibit "7", exhibit "8", exhibit "10"). Citing HALE V. TOWNLEY, 45 F.3d 914 (5th cir 1995); and U.S. V. KOON, 34 F.3d 1416 (9th cir. 1994) "Police officer who is present at scene and who does not takes reasonable measures to protect suspect from another officer's use of excessive force may be liable for civil Rights violations".

The defendants wanton and reckless action of excessive force on the plaintiff while executing a warrant dated 1/6/00 for the person Angel Ramirez, second floor Apt. 128 osborne st. Danbury, CT that lead to the pulling of the plaintiff out of the white Nissan pathfinder threw the passenger windows, floor and invasion of privacy. give RISE to a § 1983 claim for damages (see Exhibit "1", Exhibit "3", Exhibit "4", Exhibit "5", Exhibit "8" and Exhibit "10"). Citing BASS V.

ROBINSON, 167 F.3d 1041 (6th Cir. 1999)( use of
EXCESSIVE force by law enforcement officials in
effectuating Arrest may give Rise to claim under
§ 1983).

Even in this case where a warrantless search
occured through material false statements resulting
from a warrant for Angel Ramirez person, second Fl.
Apt. 128 osborne st Danbury CT and vehicle white nissan
pathfinder 569 NUH without owner registration info that
unconstitutionally arrested the plaintiff makes defendants
liable for their action under § 1983. (see Exhibit "1"
Exhibit "2", Exhibit "3", exhibit "4", Exhibit "5", Exhibit "
Exhibit "8", Exhibit "10" and Exhibit "15"). Citing
APONTE MATOS V. TOLEDO DAVILA, 135 F.3d 182
(1st Cir. 1998) ( officer who obtains search warrant
through material false statements which result
unconstitutional search may be held personal liable
for his actions § 1983).

A municipality can be subject to liability for
damages under § 1983 for the unconstitutional acts
of its employees. SEE THOMAS V. ROACH, 165 F.3d
137 (2nd Cir. 1999).

The defendants are not entitled to immunity
when the plaintiff illegal seizure was to solely
ASCERTAIN his identity and defendants knew of or
should have known it was illegal to conduct such
an Arrest on 11/7/00. (see Exhibit "1", Exhibit "3"
Exhibit "4", Exhibit "7" and Exhibit "10") Citing,

ARRINGTON V. MCDONALD, 808 F.2d 466 (6th cir. 1986) (Police officers who took individual into custody solely to ASCERTAIN her identity were not entitled to immunity. Officers knew it was illegal to make arrest solely for that purpose).

The doctrine of qualified immunity is inapplicable to defendant Chief of Police Robert Paquette as the Chief of police he knew of or should have known that subordinate's Actions of depriving the plaintiff of his property protected under the Fourth Amendment when the techniques used overcame the plaintiff free will or that he was free to leave which had NO reliance on WARRANT dated 1/6/00 issued For Angel Ramirez person, second floor Apt. 128 osborne st Danbury CT and White Nissan pathfinder 569 NUH without info on owner registration And As Chief of Police Robert Paquette should have known OR knew that subordinates Actions violated Clearly establish Constitutional Rights and As the Chief of police is liable for such violations perpetrated by his subordinates (see Exhibit "1" Exhibit "5", Exhibit "6" Exhibit "7") Citing, BERG V. County of Allegheny 219 F.3d 261, 269 (3rd cir. 2000); Also, Camilo-Robles V. Hoyos, 151 F.3d 1, 61 (1st cir. 1998).
The doctrine of Governmental immunity is without Merit in this case were the ELEVENTH Amendment does not bar either injunctive or damages suits
40 of 51

Against individual officials. Citing SPICER V. HILTON, 618 F.2d 232, 237 (3d Cir. 1980).

The plaintiff Allegations in the Complaint are clearly true and Supported by Exhibits which would entitle him to Relief and defendants have Already Admitted to the plaintiff Exhibits Attached And Marked in the Complaint. (SEE Exhibit "1" Paragraph 1). Citing Conley V. Gibson, 355 U.S. 41, 75 S.Ct. 99 (1957); and, Scheuer V. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683 (1974).

In this CASE, qualified immunity is inapplicable were the defendants have a responsibility imposed by Statute As state Actors, failure to perform it makes them liable even if s/he does not know About the Resulting Constitutional Violation. Citing, TATUM V. HOOSER, 642 F.2d 253 (8th Cir. 1981); DOE V. NEW YORK City Dept. of SOCIAL SERVICES, 649 F.2d 134 (2d Cir. 1981); UNITED STATES EX. REL. LARKINS V. OSWALD, 510 F.2d 583, 589 (2d Cir. 1975).

In other words, if any reasonable trier of fact could find that the defendants' Actions were objectively unreasonable, then the defendants are not entitled to Summary Judgment [or a directed verdict]". Citing (LENNON V. MILLER, 66 F.3d 416, 420 (2d Cir. 1995).

IS FACT THAT COMPENSATED DAMAGES CAN BE EVALUATED BY JURY IN THIS INJURY CLAIM.

The plaintiff has provided the defendants with a copy of the PHYSICIAN order's from WALKER R.S.M.U. to proof the psychological injuries sustained (see exhibit "17"). Citing FERRILL V. RARKER GROUP, INC., 168 F.3d 468 (11st cir 1999) ( A plaintiff bringing a civil rights claim may be compensated for intangible, psychological injuries as well as financial, property, or physical harms); DASKALEA V. DISTRICT OF COLUMBIA, 227 F.3d 433 (D.C. Cir 2000) (Mental and Emotional distress are compensable under § 1983 even in the absence of physical injury); THOMPSON V. OPEIN, 74 F.3d 4492 (6th cir 1996) (Generally, damages for emotional distress may be awarded upon showing of intimidation, marital problems, weight loss, loss of sleep, shock or humiliation)

According, to the Courts "damages may be awarded for false arrest for period from initial custody untill arraignment, and subsequent damages from continued incarceration are attributable to malicious prosecution. Citing Hygh V. Jacobs, 961 F.2d 359, 366 (2d cir. 1992); Also, SINGER V. FULTON COUNTY Sheriff, 63 F.3d 110, 117 (2d cir 1995) ("typically, a warrantless deprivation of liberty from the moment of arrest to the

42 of 51

time of arraignment will find its analog in the tort of false arrest ... While the tort of malicious prosecution will implicate post-arraignment deprivation of liberty ).

In this case, with respect to the place to be searched the second floor apmnt. 128 osbone st., Danbury CT, however, the affidavints in the Application for the search and seizure warrant dated 11/6/00 did not provide the issuing Judge with sufficent facts to permit the determination of the probable "present location" of the narcotics alleged (see Exhibit "5") The issuing Judge, in determining whether probable cause exists, must consider only the information contained in the Affidavit. Conn. Gen. Stat. 54-33a(c); STATE v. WILLIAMS, 170 Conn. 618, 628, 368 A.2d 140, cert. denied, 429 U.S. 865, 97 S. Ct. 174, 50 L. Ed. 2d 145 (1976); see also STATE v. ALLEN, 155 Conn. 385, 391, 232 A.2d 315 (1967). The consideration of other information is improper Citing STATE v. WILLIAMS, 170 Conn. 618, 628, 368 A.2d 140 (1976).

The facts set forth in the Affidavit do not establish probable cause to belive that narcotics would be found in the second floor Apartment 128 Osbone St. Danbury CT or Attic Unit. The affidavit contains no statement to the effect that either of the affiants or the informant(s) was ever in the

43 of 51

Apartment second floor 128 osbone st. Danbury CT. NOR does it set forth facts observed OR perceived by any of these persons from which the presence of narcotics in the second floor Apartment reasonably could have been inferred. Telephone calls by an informant to a particular number to "order" illicit drugs do not per se establish probable cause to believe that the drugs themselves are located in the same premises as the telephone at which the "order" is received. There was no indication in the affidavit that anyone saw the plaintiff carrying a package when he exited from that apartment. In and of itself no individual nor did defendants identified the plaintiff or that the alleged baseball hat was recovered to suggest linking of criminal activity. (see Exhibit "1", Exhibit "2", Exhibit "3", Exhibit "4", Exhibit "5", Exhibit "9", Exhibit "10"). Citing SPINELLI V. UNITED STATES, 393 U.S. 410, 418, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1968); Compare STATE V. ROMANO, 165 Conn. 239, 332 A.2d 64 (1973).

Where the warrant Application dated 1/6/00 is so lacking in indicia of probable cause as to render official belief in its existence unreasonable (see Exhibit "5") citing MALLEY V. BRIGGS, 475 U.S. 335, 344-45, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

# THE DEFENDANTS LEFT OUT MATERIAL FACTS TO THE CONSTITUTIONAL VIOLATIONS

In this case, defendants violated plaintiff First Amendment Right by Abridging his freedom in An Arrest without A warrant nor probable cause and violated plaintiff First amendment objective expectation of privacy in Angel Ramirez the lesse Apartment Attic luint. (see Exhibit "1", Exhibit "2" Exhibit "3", Exhibit "4", Exhibit "5", Exhibit "7", Exhibit "8" Exhibit "10", Exhibit "11", Exhibit "12", Exhibit "13" And Exhibit "17"). Citing CENTALA V City of Tucson, 213 F.3d 1055 (9th Cir. 2000) (The loss of First Amendment freedoms, for even minimal periods of time, Constitutes "irreparable injury" for purposes of entitlement of injunctive Relief).

The Court has long Acknowledged that "entry by the government into A person's home is the chief evil Against which the wording of the Fourth Amendment is directed. The warrantless searches and seizures of the plaintiff and property inside Angel Ramirez home Are presumptively unreasonable Absent Consent And probable Cause. (see Exhibit "1" Exhibit "3" And Exhibit "5"). Citing PAYTON V. NEW YORK, 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L. Ed. 2d 639 (1980); STATE V. GEISTER, 222 Conn. 672, 681, 610 A.2d 1225 (1992).

The plaintiff seizure on January 7, 2000 without a warrant issued to his name and seizure of property [moneys] without supply a Petition for forfeture of Property in Drug case public Act 89-269; C. G.S. §54-36 h supplied to this plaintiff for the purpose of Claiming the property seized violates the fourth and fifth Amendment to the U.S.C. (see Exhibit "1", Exhibit "2", Exhibit "3" Exhibit "4" Exhibit "5", Exhibit "7", Exhibit "10", Exhibit "12", Exhibit "13", Exhibit "14", Exhibit "15", Exhibit "16", and Exhibit "17"). Citing, JUDGE V. CITY OF LOWELL, 160 F.3d 67 (1st cir. 1998) (State Actors violate the equal protection clause if they deliberately and selectively deny protective services to the members of a disfavored minority); U.S. V. DEERING, 179 F.3d 592 (8th cir. 1999) (equal protection component of fifth Amendment Due process Clause precludes selective enforcement of the law based upon an "unjustifiable" factor such as race).

The defendants violated plaintiff, Sixth Amendment when execution of WARRANT dated 1/6/00 for the person Angel Ramirez, Second floor Apt. 128 osborne St. Danbury, CT and SUV white NISSAN pathfinder 569 NVH without owner registrations failed to informed the plaintiff of the Nature and cause of the arrest on January 7, 2000 which seizure converted to

ARREST AS UNREASONABLE. (SEE Exhibits "1", "3", "4" "7", "8", And "10) Citing U.S. Const. Amend VII, Conn. Const., ART. I § 8. SEE, Cole V. ARKANSAS 333 U.S. 196, 201 (1948).

The defendants on JANUARY 7, 2000 exceeded scope of WARRANT dated 1/6/00 when seizing the plaintiff property on his person And property in the Attic Apt. 1 unit not in plain view because warrant only authorized search and seizure of the person Angel RAMIREZ person, second floor Apt. 128 Osborne St. Danbury CT And SUV White NISSAN PATHfinder registration 569 NVH without owner info Violating 8th and inflicting punishment. (see Exhibits "1", "2", "3", "4" "5", "7", "10", "11", "12", "13", "14", "15", "16" and "17". Citing DALE V. BARTELS, 732 F.2d 278, 284-85 (2nd Cir. 1984); AUSTIN V. U.S., 509 U.S. 602, 125 (ed 2d 488, 113 S.Ct 2801 (1993); U.S. V. HAlPER 490 U.S. 435, 109 S.Ct 1892 (1989) (1) 8th Amend Excess fines clause held to Apply to drug related forfeitures of property to United States under 21 USCS. §§ 881 (A)(4) And 881 (N)(7) 2) Certain civil forfeiture Actions Constitute "punishment" under HAlPER.)

The defendants violated plaintiff Ninth Amendment when deprived and/or denied of Rights retained by the people on   the Bill of Rights largely

47 of 51

incorporated into the due process clause of the fourteenth amendment. Citing BROWN V. NATIONSBANK CORP., 188 F.3d 579 (5th Cir. 1999) (The guarantee of due process citizens against deliberate harm from government officials).

The defendants violated plaintiff thirteenth Amend. by unreasonable seizures without a justification cause or probable cause for an arrest at gun point and taken to police Head quarter for processing without a warrant or probable cause see Exhibit "1" Exhibit "3" Exhibit "4" Exhibit "5" Exhibit "8" and Exhibit "17"). see 197 U.S. 207, 215.

The defendants violated plaintiff fourteenth Amendment were action of wanton and reckless inaction deprived the plaintiff of liberty and property without due process of law denying the guaranteed of the privileges and immunities due to citizen of the United States and equal protection (see Exhibits 1 thru 17) Citing BROWN V. Board of Education, 347 U.S. 483 (1954); and Tribe, American Constitution Law § 11-12 (2d ed. 1988).

The defendants violated plaintiff ARTICLE 1, §7 of the Conn. Constitution when on 1/7/00 Arrested the plaintiff without a warrant or probable cause. (see

Exhibit "5" and "17"), Plaintiff Rights secured by Article I, § 8 of the Conn Constitution was violated by defendants when failed to inform of the nature and cause of the Accusation for the Arrest on 1/7/00 (see Exhibit "8") Article I, § 20 of the Conn. Constitution for the Arrest on 1/7/00 without A warrant or Probable Cause were the plaintiff As equally situated held A liberty interest protection in the Connecticut State (see Exhibit "1", Exhibit "2", Exhibit "3", Exhibit "4", Exhibit "5", Exhibit "10" and Exhibit "17")

The defendants violated Title VII Federal Act by discrimination because of plaintiff RACE Arrested him without A warrant or Probable Cause to identify him. (see Exhibit "1", "2", "4", "5" and "9")

The defendants violated 18 U.S.C. § 1621 when the warrant execution dated 1/6/00 and warrantless Arrest Report dated 1/7/00 of essential facts Admitted false information (see Exhibits "1", "2", "3", "5" and "17") Citing United States v. Masters (1973, CA 10 KAN) 484 F2d 1251 ; United States v. Hvass (1958) 355 U.S. 570, 2 L.Ed.2d 496, 78 S Ct 501 ( Perjury may be Committed during Ex parte proceeding or investigation.

49 of 51

The defendant violated 28 U.S.C. § 1746 when willfully subscribes to false statement their warrant dated 1/6/00 and warrantless arrest report dated 1/7/00 As true material information which defendants did not believe to be true and this said material information did in fact cause the plaintiff loss of liberty interest without DUE PROCESS (see Exhibits "1", "2", "3", "4", "5" and "17") Citing DICKINSON V. WAINWRIGHT (1980, CA 5 FLA) 626 F.2d 1184.

## IS MATERIAL FACT THAT THE PLAINTIFF ENTITLE TO COMPENSATION DAMAGES BY JURY.

Compensatory damages are meant to place the plaintiff back in the position s/he was in before the injury occurred. The concept of "making the victim plaintiff whole" means that the wrongdoer the defendants are liable for all the NECESSARY OR NATURAL CONSEQUENCES of their unlawful acts. Citing AUMILLER V. UNIVERSITY OF DELAWARE, 434 F. Supp. 1273, 1309-13 ; SPELL V. McDANIEL, 824 F.2d 1380, 1400 (4th Cir. 1987) (upholding jury award of $ 900,000.00 As compensation for police brutality) ; HALE V. FISH, 899, F.2d 390, 403 (5th Cir. 1990) (upholding court award of compensatory damages for arrest without probable cause,

50 a 51

<u>Chatman</u> v. <u>Slagle</u>, 107 F.3d 380, 385 (6th Cir. 1997) (upholding $ 8,500.00 award in compensatory damages against officer because arrestee testified that illegal search and arrest left him nervous, restless and unable to sleep); and <u>Pantee</u> v. <u>Lane</u>, 528 F.Supp. 1254 (N.D. Ill. 1981) (no doubt most, if not all prisoner's are depressed some if not all the time).

RESPECTFULLY SUBMITTED

Luis Fernandez Pro Se
MUNIT I
1153 East St. South.
Suffield, CT 06080

<u>CERTIFICATION</u>

I hereby certify that the foregoing has mailed to the following defendants Attorneys this 13 day of February, 2004:

Thomas R. Gerride
Ct. 05640
Eric D. Eddy
Ct. 25242
65 Wethersfield Ave.,
Hartford, CT 06114

Luis Fernandez
Pro Se