UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez        :

V.                    :    Case No. 3:02cv2090
                           (JBA)(JGM)

CHIEF Robert Paquette, et al    :    April 9, 2004

PLAINTIFF RESPOND & OBJECTION TO DEFENDANTS
OPPOSITION TO THE PLAINTIFF'S CROSS-MOTION FOR
SUMMARY JUDGMENT DATED MARCH 24, 2004

The plaintiff hereby respond & objects to defendants
opposition to the plaintiff's Cross-motion for Summary
Judgment dated March 24, 2004. The plaintiff filed
in response to defendants dated January 26, 2004
MOTION FOR SUMMARY Judgment A Cross-Summary
Judgment with Affidavits and brief Attached relying
on facts, evidence and witnesses that will support
A verdict by A Jury to Contradict the defendant's
Assertions pursuant to VITAL V. INTERFAITH
MEDICAL CTR, 168 F.3d 615 (2d cir. 1999) And
MCPHERSON V. COOMBE, 174 F.3d 276 (2d cir. 1999),
Where opposition to defendants 56 (A) 1 statement
of material facts was made in Affidavit and brief
in support of Plaintiff Cross-Summary Judgment explaining
why the facts as Alleged by the defendants show
that the plaintiff is legally Correct and entitled to
Judgment.

1 of 64

The Plaintiff opposing brief states the Constitutional Violations which are admitted by the defendants in the MEMORANDUM OF LAW IN SUPPORT OF defendants MOTION FOR SUMMARY JUDGMENT date January 26, 2004 see page 29. Also, the plaintiff brief statement lists in a separate section as argument each issue of material facts that have been leftout by the defendant where factual Allegations are not Correct and incomplete which the plaintiff contends must be tried. Furthermore, the plaintiff submitted pursuant Rule 56 (e), Fed. R. Civ. P. Supporting and opposing Affidavits made on personal knowledge of material facts left out, undisputed and factual Allegations not Correct and incomplete; and Witness statement setting forth facts as would be Admissible in evidence, were Affiants are competent to testify to the MATTER Stated therein.

The Court may permit Affidavits to be supplemented or opposed by despositions, answer to interrogatories or further Affidavits. The plaintiff response opposing to defendants Motion for Summary Judgment in cross-move for Summary Judgment with Affidavits or as otherwise provided in this Rule 56 (e), Fed. R. Civ. P. setting forth specific facts have been left out, factual Allegations are not Correct and incomplete showing there is genuine issues for trial that would support a verdict by a Jury. The Affidavits, responses to discovery request in the list of Exhibits 1 three 17 and brief Containing evidence that would be

Admissable at trial has been filed and served were plaintiff brief statement is in conformity with Fed. R. Civ. P. 56 (e)

The plaintiff Pro Se complaint with exhibits attached marked and admitted by defendants in responses to plaintiff's request for admissions dated Nov. 5, 2003 paragraph 1 , (see, Plaintiff's actual notice of manual filing exhibits exhibit "1" filed in support of plaintiff cross-summary judgment affidavits and brief dated Feb. 13, 2004). admitting facts to the exhibit "A" attached marked in the Pro Se complaint supporting plaintiff claim of constitutional violations were under 42 U.S.C. § 1983 Pro Se complaints are held to less stringent standards than formal pleadings drafted by lawyers. citing Cruz v. Cardwell, (1973, CA 8 Mo) 486 F.2d 550. And District court must be sensitive to problems of Pro Se plaintiff in civil rights actions and not be too quick to dismiss complaint for failure to state technical cause of action citing Martin v. Wainwright, (1976, CA 5 Fla) 526 F.2d 938. Also, where the plaintiff has demostrated exceptional circumstances to appoint counsel. (see plaintiff notice of manual filing exhibits exhibit (A) showing the plaintiff opposition In summary judgment to defendants objection to motion for appointment of Pro Bono counsel dated March 11, 2004). Moreover, the defendants now alleged they had not been

3 of 64

Placed on Notice as to whether the plaintiff was suing the defendants in their individual or official Capacities which the plaintiff respond and objects since the plaintiff provided the Clerk of the Court with the proper Number of legal documents for filing without prepayment of fees or costs under 28 U.S.C. § 1915, where it is by the plaintiff who depends on the Court, through the United States Marshal Service, to effect Service on his behalf since the provision of All Necessary information entered on 6/1/03, should NOT be penalized for improper Service by the United States Marshal Service Automatically constitutes 'good Cause' preventing dismissal under Rule 4 (M) and Summons issued for the defendants in their official Capacity have been Entered since 6/1/03. (See, Plaintiff Notice of Manual filing Exhibits Exhibit 'D' in support of the Plaintiff's Motion For Respond & Objection to defendants Motion to Strike Affidavit in support of witness statement Dated March 24, 2004).

## HISTORY OF CASE

The following is A Pro Se Complaint under 42 U.S.C. § 1983, Jurisdiction is Also invoked pursuant to 28 U.S.C. § 1343 (A)(3) without prepayment of fees or costs under 28 U.S.C. § 1915 which Pro Se Complaint under 42 U.S.C. § 1983 consist of :

1) Compensatory and Punitive Damages;

2) Declaratory Judgment and Injunctive Relief;

3) Violation of first, fifth, sixth, eighth, ninth, thirteenth, and fourteenth, fourth Amendment, to the U.S.C.;

4) Violation of Article I §§ 7, 8 and 20 of the Conn. State Constitution;

5) Violation of Title VII Fed. Act. Conn Gen. Stat. § 54-36h, 18 U.S.C. § 3109, 18 U.S.C § 1621, 28 U.S.C. § 1746;

6) Violation of Rule 41 (d) and Rule 4;

7) Lack of sufficient Probable Cause to Arrest, Violation of objective, subjective and legitimate Expectation of Privacy;

8) Unconstitutionally Seizure of property;

9) Application for searches and seizures warrant did not provide the issuing Judge with sufficient facts for determination of Probable Cause;

10) Violation of "Knock and Announce"; invalid Arrest without Warrant; invalid Warrantless Searches,

Property seized upon invalid arrest and no warrant issued, invalid seizure under plain view doctrine, no justification for the warrantless search or seizure of the plaintiff by exigent circumstances, invalid inventory searches, search warrant not based on probable cause, search warrant insufficiently particular;

11) Excessive force, invalid Pat-down "Terry" Frisk, invalid and insufficient warrant, defendants exceeded scope of warrant, no reasonable suspicion to detain the plaintiff;

12) Incident to arrest invalid, invalid warrantless arrest, mental and emotional distress, psychological injuries;

13) Liability under § 1983.

The defendants in this case Chief Robert Paquette, et al have filed a Motion For Summary Judgment dated January 26, 2004 entered on 2/4/04 and the plaintiff Pro se in response filed an opposition to defendants Motion for Summary Judgment which material facts have been left out, factual allegations are not correct and incomplete were plaintiff's Cross-Summary Judgment Affidavits and brief relying on facts, evidence and witnesses that would support a verdict by a Jury showing that the plaintiff is legally correct and entitled to Judgment.

6 of 64

The plaintiff submitted pursuant Rule 56(e), Fed. R. Civ. P. Supporting And Opposing Affidavits Made on personal Knowledge of Material facts left out, undisputed And Factual Allegations not Correct And incomplete; And witness statement setting forth facts As would be Admissiable in evidence were Affiants Are competent to testify to the matters Stated therein.

Additionally, the defendant have acknowledge plaintiff's Factual Allegations throughout his legal Arguments Contained in his brief in support of Plaintiff's Cross-Summary Judgment.

## SPECIFIC FACT

I. In fact, the Plaintiff has Submitted pursuant under Rule 56(A)(3) Manually filed Exhibits 1 thaew 17 opposing And in support of Plaintiff Cross-Summary Judgment. (SEE Plaintiff ACTUAL NOTICE OF MANUAL FILING Exhibits Date Feb 13, 2004 in Support of Plaintiff Cross-Summary Judgment Affidavits And brief dated Feb. 13, 2004.)

II. The defendants own 56(A)(1) statement Attached to their dated JANUARY 26, 2004 Motion for Summary Judgment Consist of insufficent And Redundant defense in which the plaintiff has move to Strike the Affidavits of Det. John Krupinsky, MARK Trohalis, John Menullo And Robert Paquette; And

the plaintiff has requested a Federal Prosecutor to be Appointed for Prosecution of the necessary Changes for Violations of the Constitution and/or false testimony, others. (SEE Plaintiff MOTIONS to Strike dated April 9, 2004 and OPPOSITION to defendants MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SPECIAL PROSECUTOR dated MARCH 30, 2004).

III. The plaintiff respond and objects to the defendants Attempts to have the plaintiff Exhibits 1 threw 17 Alleging "ORGANIZE to Respond", is a malicious Act as to Mislead the District Court from the set facts in the proposed Complaint when in fact the Exhibits 1 threw 17 are marked were defendants have Identified them which have been submitted in support of Plaintiff Cross- Summary Judgment stating substantial basis for Claims Against proposed Respondent, (SEE, Plaintiff ACTUAL NOTICE of MANUAL FILING Exhibits Dated Feb. 13, 2004 in support of Plaintiff Cross- Summary Judgment AFFidavits and brief dated Feb. 13, 2004) showing Readable and ORGANIZED Exhibits.

IV. The plaintiff respond and objects to defendants Section A Alleging "Plaintiff statement of fact in support of Cross- Summary Judgment does not Contain A statement of MATERIAL facts in support of his Legal Arguments", when in fact the defendants have Acknowledge plaintiff factual Allegations throughout

8 of 64

his legal arguments contained in his brief in support of plaintiff's Cross Summary Judgment and the plaintiff submitted pursuant Rule 56(e), Fed. R. Civ. P. Supporting and opposing affidavits made on Personal Knowledge of material facts left out, undisputed and factual Allegations not correct and incomplete; and witness statement setting forth facts as would be admissible in evidence were Affidavits are competent to testify to the matters stated therein, consistent with Connecticut law. Citing State V. Rinaldi 220 Conn. 345, 353, 599 A.2d 1 (1991) ("to be relevant, the evidence need not exclude all other possibilities; it is sufficient if it tends to support the conclusion, even to a slight degree"). The materiality of Plaintiffs' Exhibits turns upon what is at issue in the case, which generally will be determined by the pleadings and the applicable substantive law. Citing Williams Ford, Inc. V. Hartford Courant Co., 232 Conn. 559, 570, 657 A.2d 212 (1995); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 8.1.2, pp. 226-27; and Connecticut Gen. Stat. § 52-145.

V. The plaintiff Respond and Objects to defendants section A page 6 Allegation on "Relying on (A) the incident report; (b) the January 6, 2000 warrant Affidavit; (C) the January 6, 2000 Search warrant for Angel Ramirez and for the second

floor Apartment at 128 Osborne Street; (d) the return for and Inventory of Property seized on search and Seizure Warrant; (E) The Arraignment Report and Affidavit of Warrantless Arrest; (F) Special Investigations Division, Evidence Table complied by Det. John Mewllo; and (g) Special Investigation Division, Evidence Table complied by Det. J. Keopinski As evidence in support of their January 26, 2004 Motion For Summary Judgment As incorporated into the defendant's Local Rule 56 (A)(1) Statement", when in fact defendants have admitted as true to the copies Attached and marked as Exhibit "A" of Plaintiff's Civil Complaint Against defendants Chief Robert Paquette, et Al submitted as Exhibit "1" in support of plaintiff Cross-summary Judgment date Feb. 13, 2004, (see Plaintiff Actual Notice of Manual Filing Exhibits date Feb 13, 2004 Ex. "1" in support of Plaintiff Cross-summary Judgment Affidavit and brief date Feb. 13, 2004). showing responses to plaintiff's request for Admissions dated Nov. 5, 2003. Also, defendants incorporated insufficent and redundant Exhibits with Affidavits which the plaintiff has moved to strike and requested a Federal Prosecutor to be Appointed. (see, Plaintiff Motion to strike and opposition to defendant Memorandum of Law in opposition to Plaintiff's Motion For Special Prosecutor dated March 30, 2004).

II. The plaintiff respond and objects to the Assumption made by the defendants as relying in support of their own legal Arguments to the documents submitted in support of the Arguments Contained in plaintiff Cross-Summary Judgment brief when in fact the Affidavits, brief relying on legal grounds, evidence and witnesses are material to grant Cross-Summary Judgment Against the defendants that in trial would support a verdict by a Jury which these have NOT been submitted by the defendants in their Motion for Summary Judgment dated January 26, 2004.

III. The plaintiff respond and objects to defendants Allegation of MR. Bourguigon Affidavit as "irrelevant and immaterial to the suit and outside of the scope of the pleading and outside of the scope of discovery", when in fact the Affidavit in support of witness statement dated Feb. 2, 2004 submitted and marked as Exhibit "8" in support of Plaintiff Cross-Summary Judgment Affidavits and brief dated Feb. 13, 2004, is relevant, the evidence MR. Bourguigon Affidavit in support of witness statement dated Feb. 2, 2004 need not Exclude All other possibilities it is sufficient if it tends to support the Conclusion, even to a slight degree, also it is Admissible if it has a tendency to support a fact relevant to the issues if only in a slight degree, pursuant under Conn. Gen. Stat. § 1-23

and Connecticut Code of Evidence Sec.s' 41 and 6-2 Oath or Affirmation and under Rule 56, F.R.C.P. Moreover, the plaintiff in fact complyed accordingly to the Rules of discovery with defendants first set of Interrogatories and Request for Production directed to the plaintiff dated Nov. 14, 2003 which is submitted and marked as Exhibit "17" in support of plaintiff Cross-Summary Judgment Affidavits and brief dated Feb. 13, 2004, where the defendants <u>did not</u> specify in the Request for production made dated Nov. 14, 2003 pursuant Rule 34, F.R.C.P. to the plaintiff to produce names of any witnesses or Statement of witnesses Concerning the actions Arrest on January 7, 2000 or the search and Seizure of same and failed to request the plaintiff of any knowledge of witnesses to the Arrest on January 7, 2000. (<u>See</u>, Exhibit "17" in support of plaintiff Cross-Summary Judgment Affidavits and brief dated Feb. 13, 2004 and Plaintiff Motion for Respond & Objection to defendants Motion to strike Affidavit in support of witness statement dated March 24, 2004). Finally, the defendants are gradually Contradicting their own argument as "not Alleging an Excessive force Claim", when in fact defendants Admit the words "Excessive force", <u>are in</u> the entirely of both the plaintiff's Complaint and discovery Response. (<u>See</u>, Plaintiff Motion for Respond & Objection to defendants Motion to strike Affidavit in support of witness statement dated March 24, 2004

MANUALLY filed Exhibits 'A' And 'B' in support of
the several Responses And stated information of the
EXCESSIVE force CLAIMS in the defendants First
set of INTERROGATORIES And Request foR Production
directed to the plaintiff Already Answered And Copy
from the plaintiff Complaint MARKED As PAGE 14 EX. 'B'.)

VIII. The plaintiff Respond And objects to defendants
section B Allegation of "Not submitted A pRopER
Statement of facts in support of his Motion foR
Cross-Summary Judgment" when in fact the plaintiff
Cross-Summary Judgment Contains Affidavits And
brief Attached Relying on facts, Evidence And witnesses
that will support A VERDICT by A Jury to Contradict
the defendants' ASSERTIONS where opposition to
defendants 56(A)1 statement of Material fact
was made in Affidavits And brief in support of
plaintiff's Cross-Summary Judgment Explaining why the
facts As Alleged by the defendants show that
the plaintiff is legally Correct And entitled to
Judgment. Also, the defendants have Acknowledge
Comprehensive statement of facts submitted by the
plaintiff in support of his MOTION foR Cross-
Summary Judgment. The plaintiff opposition
Affidavit paragraphs Are relevant in support of factual
Relevant to the issues of Targeting the plaintiff only
because of RACE As Actual Motives foR his ARrest
ON JANUARY 7, 2000, the OMISSIONS used by
the defendants to conduct unReasonable searches

13 of 64

And seizures without Probable Cause; and deliberate indifferent sworn statements used when knowing of or should had known of the defendants intentions of disregarding Constitutional Rights of the property removed and the force used by the defendants that are materials to the determination of the proceeding more probable or less probable than it would be without the evidence, even to a slight degree. In fact, defendants have provided the district court with evidence showing that the plaintiff was admitted to the United States of America on Nov. 10, 1999 were admition was until Feb. 9, 2000 proving that defendants could have NOT seen the plaintiff during the alleged investigation nor did the Alleged C.I. could have seen the plaintiff in any of Alleged sales, (see, defendants Exhibit Luis Fernandez Immigration Paper Status As a non-immigrant), which supporting evidence not disclosed to the plaintiff until now shows that the plaintiff is more than legally correct and entitled to Judgment.

IX. The plaintiff respond and objects to defendants section C Allegation As to the "Exhibits submitted by the plaintiff in support of Cross-summary Judgment brief and Affidavits Confusing and deceptive and may Mislead the court which the defendants Are relying on same acknowledging plaintiff Exhibits As relevant to the review of the plaintiff Cross-summary Judgment" when in fact, the court may consider

14 of 64

documents which are Attached to the Complaint Marked as Exhibit 'A' evidence in granting the plaintiff Cross- Summary Judgment that would support a verdict by a jury to contradict the defendant's Assertions. Even plaintiffs Affidavit submitted in support of his Motion for Cross- summary Judgment is Relevant and Admissible while having tendency to support facts Relevant to the issues of unreasonable Searches and Seizure, Arrest without Probable Cause or Warrant, Excessive force and unconstitutional descriptive information which it is offered or render fact More probable than not. (see plaintiff Affidavit in support of Cross- summary Judgment date Feb. 13, 2004).

## LEGAL GROUNDS

## CROSS- SUMMARY Judgment REVIEW

The Pro se Complaint is liberally Construed and the facts must be Reviewed in the light most favorable to the plaintiff. The Court is obligated to give the plaintiff's Complaint A Sympathic personal and find that every inference fairly deducible from the well-plead Allegations of the Complaint should be Accepted As true by the Court. This standard of Review is Also Applicable to facts Alleged on information And belief Liberal Standards of Review are particularly Appropriate with pro se Complaints.

15 of 64

The Court may consider documents which are attached to or submitted with the Complaint. O'BRIEN V. DiGRAZIA, 344 F.2d 543 (1st cir. 1976) (SEE, Plaintiff Complaint Exhibits 'A' threw 'E' attached and marked in the Complaint and Ex. '1' Responses to Plaintiff Request for Admissions Dated Nov. 5, 2003 paragraph '1' defendants Admitting to the Ex. 'A' submitted Against them).

The Court may Also Consider legal Arguments presented in plaintiff brief in support of Cross Summary Judgment, As well As matters outside the pleading when the Motion is Alternatively Styled As a motion for Summary Judgment which include, Affidavits, Answer to Interrogatories and Admissions. PRO SE Complaints under 42 U.S.C. § 1983 Are held to less stringent standards than formal pleadings drafted by lawyers. citing CRUZ V. CARDWELL, (1973, CA 8 MO) 486 F.2d 550. District court must be sensitive to problems of pro se plaintiff in Civil Rights Actions And not be too quick to dismiss Complaint for failure to State technical Cause of Action. citing MARTIN V. WAINWRIGHT, (1976, CA 5 FlA) 526 F.2d 938.

I. Plaintiff Response and Objection to defendants IV LEGAL ARGUMENT :

The plaintiff brief statement lists in A separate

16 of 64

Section As Argument each issue of Material facts that have been left out by the defendants where Factual Allegations are not corrected and incomplete which the plaintiff contends must be tried. The plaintiff submitted pursuant Rule 56 (E), Fed. R. Civ. P. supporting and opposing Affidavits made on personal knowledge of Material facts left out, undisputed and factual Allegations not correct and incomplete; and witness statement setting forth facts as would be Admissable in evidence, were Affiants Are competent to testify to the matters stated therein which Connecticut Code of Evidence section 4-1 incorporates the requirement of provative value by providing that the proffered evidence must tend "to make the existence of any fact ... More probable or less probable than it would be without the evidence. See E. g. STATE v. PRIOLEAU, 235 Conn. 274, 305, 664 A.2d 793 (1995); And STATE v. BRIGGS, 179 Conn. 328, 332, 426 A.2d 298 (1979), Cert. denied 447 U.S. 912, 100 S.Ct. 3000, 64 L. Ed. 2d 862 (1980), Connecticut General Statutes § 52-145 And the Rule that every witness must declare that he or she will testify truthfully by oath or Affirmation before testifying is well Established. Citing Cologne v. WEST FARMS, Asso. 197 Conn. 141, 152-53, 496 A.2d 476 (1985) in Accordance with Connecticut Law.

II. The plaintiff respond and objects to defendants Analysis of Plaintiff's 4th Amendment Claim.

In Fact, the plaintiff Complaint and brief in support of Plaintiff Cross-summary Judgment date Feb. 13, 2004 specifies the fourth Amendment violations were in fact NO search warrants for the plaintiff or with his person name was NOT Executed on January 7, 2000 NOR did a Judge from the Danbury Superior Court reviewed a warrant for the plaintiff Arrest which defendant(s) MARK Trohalis the Affiant Applicant for the warrant dated January 6, 2000, testified on March 18, 2002. giving under oath testimony At the Superior Court of Conn. Judicial District Danbury before the Honorable Judge James P. Ginoccho, in Rem civil Proceeding stating that "no warrant, no Alleged Narcotics and no evidence was Seized from the defendant (the plaintiff) on January 7, 2000." (see, Plaintiff Actual Notice of Manual filing Exhibits date Feb. 13, 2004 Exhibit '2' Responses to Plaintiff's second Request for Admission dated Nov. 11, 2003 in support of Plaintiff Cross-summary Judgment, showing defendants admit that MARK Trohalis testified on March 18, 2002 And the Plaintiff Notice of Manual Filing Exhibits Exhibit 'B' Transcript of the Court in Rem civil Proceeding date March 18, 2002) Citing. VATHEKAN V. PRINCE GEORGE'S COUNTY, 154 F. 3d 173 (4th cir. 1998) "A SEIZURE OCCURS,

under the fourth Amendment, even when An uninteded person or thing is the object of the detention or taking."

The fourth Amendment contains two separate clauses. (1) A prohibition against unreasonable searches and seizures, And (2) A requirement that probable cause support each warrant issued.

The defendants deliberate wanton and indifference reckless justification to seizes the plaintiff on January 7, 2000, the course of the investigation Alleged on July 28, 1999, where the alleged informant or informants failed to accurately predict movements and actions, did not identitifyed the plaintiff from photographs shown by the defendants who did not observed an object or drugs in plain view As defendants own testimonies in Rem civil proceeding date March 18, 2002 (see, plaintiff notice of manual filing Exhibits date 4/9/04 Exhibit `B' Transcript of the Court in Rem civil proceeding date March 18, 2002). citing, Giordenello v. U.S, 357 U.S. 480, 486-87 (1958) (Magistrate could not make independent Assessment of probable cause because "Complant contained no Affirmative Allegation that Affiant spoke with personal Knowledge of matter contained therein, [did not] indicate Any source for Complants' belief, and did not set forth Any other sufficient

basis upon which A finding of probable Cause could
be made); And <u>NATHANSON</u> V. <u>U.S</u>, 290 U.S.
41, 47 (1933) (Magistrate could not make independent
Assessment of probable Cause because officer Affirmed
suspicion or belief without disclosure of supporting
facts). And the Incident Reports No. 00-0297
in the Complaint marked as Exhibit `A' (see plaintiff
Actual notice of manual filing Exhibits date Feb 13, 2004
Exhibit `1' Notice of RESPONDING TO PLAINTIFF'S
Requests For ADMISSIONS DAted Nov. 5, 2003 in
support of Plaintiff Cross-Summary Judgment) providing
proof of defendants violations of the plaintiff fourth
Amendment which prohibition Against unreasonable searches
And seizures And A requirement that probable Cause
support each warrant issued, but Also showing
that the Alleged offense Comitted was not in
possession of the plaintiff or At plain view Fed.
R. Crim. P. 4 (A) <u>Citing</u>, <u>U.S</u> V. <u>Gilbert</u>, 45 F.3d
1163, 1166-67 (7th Cir. 1995); And <u>U.S</u>. V. <u>Roberson</u>,
90 F.3d 75, 79 (3d Cir. 1996) (NO reasonable
suspicion to detain Person based on Anonymous tip
that provided no predictive information, even though
Neighborhood was Known As Area of high drug
Activity); <u>U.S</u> V. <u>PRAndy-BINETT</u>, 995 F.2d
1069, 1078 (D.C. Cir. 1993) (NO probable Cause
to Arrest when Police observed suspect in train
Station Carrying rectangular object wrapped in duct
tape because packaging material not unique to
drug trade). PER SE Rules Are inappropriate

for determining Probable cause, each case must be
Judged by its own facts.

The Plaintiff is protected under the fourth
Amendment Against unreasonable Government Seizures
of Person And Property, when in fact defendants
mistaken the plaintiff to be "Alex" with a "scare
in the face", And did not suspect of criminal
Activity the time of warrant execution date 1/7/00,
did not briefly question the plaintiff and failed
to perform a limited pat down frisk for weapons
Acting with wanton and Reckless to the importance
of balancing the need of the search or seizure
Against the invasion on the fourth Amendment
interest which the search and seizure entails.
(see Plaintiff Actual Notice of Manual Filing
Exhibits date Feb. 13, 2004 Exhibit '8' Affidavit
in support of witness Statement date Feb. 2, 2004
who witness the Actual Arrest in detail on January
7, 2000; Exhibit '5' Responses and objections
to Plaintiff's Request for Production dated Nov.
19, 2003 and in complaint marked Exhibit 'A'
showing that defendants had no corroboration
of drug Activity when executing warrant dated
January 6, 2000 on January 7, 2000 nor information
of objects seen or at Plain view for determination of
Probable cause). Citing Johnson v. United States, 333
U.S 10, 13-14 (1948) Even defendants base for
suspicion of drug Activity just because Hispanic
Appearance of Person is unconstitutional and may

21 of 64

NOT Contribute to reasonable suspicion of Criminal Activity base on Race and Assumptions are Also unreasonable to detain a person. (See, Plantiff Actual Notice of manual filing Exhibits date Feb 13, 2004 in support of Plantiff Cross-Summary Judgment Exhibits `5` Responses and objections to plantiff's Request for Production dated Nov. 19, 2003, And Exhibit `10` Incident Report No 00-297 dated 1/7/00-Fri showing that the unreasonable search and seizure of the plantiff and delention (Generalized suspicion of Criminal Activity was base solely on Race and scare on face Alleged) Citing. U.S V. BRIGNON-PONCE, 422 U.S. 873, 885-86 (1975); And U.S V. GRANT, 920 F.2d 376, 388 (6th Cir. 1990) (No reasonable suspicion to detain person when Agent's only reasons for being suspicious were Assumption that man of color wearing dreadlocks was illegal Alien from JAMAICA And fact that he traveled from drug-source city).

In fact, defendants left out material facts were there was no reasonable suspicion of Criminal Activity when defendants knew of or Should have known of the Plantiff Arrival to the United States on Nov. 10, 1999 As legally Admitted until Feb 9, 2000 (See, Plantiff Notice of manualy filing Exhibits date April 9, 2004 Ex `C` Luis FERNANDEZ IMMIGRATION).

22 of 64

According to the Rules 34, F.R.C.P. of discovery and Plaintiff Request For Production of Documents paragraph 7, "Any and All documents within the possession, custody or control of any of the defendants which is material as preparation to the plaintiff or which were obtain from," (see Plaintiff Notice Manual filing Exhibits Exhibit 'D' REQUEST for Production of Documents Nov. 14, 2003) where in fact defendants <u>did not</u> provided the plaintiff with the document Concerning the legal Immigration Status of Luis Fernandez (the plaintiff) in the United States under their Control or Custody As defendants provided in their Memorandum in opposition to the plaintiff's Cross-Motion for Summary Judgment dated March 24, 2004 in violation of discovery Rules 34, F.R.C.P. were such document Concerning the legal Immigration status of Luis Fernandez is material evidence to the plaintiff. (see Plaintiff Notice of Manualy filing Exhibits dale April 9, 2004 Exhibit 'C' Luis Fernandez Immigration). <u>Citing Oppenheimer Fund, Inc.</u> V. <u>Sanders</u>, id at 351.

The plaintiff submitted '17' seventeen Exhibits relevant As evidence to support Plaintiff Cross-summary Judgment Affidavits and brief dale Feb. 13, 2004, (see Plaintiff Actual notice of Manual filing Exhibits dale Feb. 13, 2004 in support of Plaintiff Cross-summary Judgment), Also, in the Complaint Attached marked Exhibit 'A' admitted by defendants the plaintiff submitted material evidence to the Complaint. (see Plaintiff

Complaint Exhibit 'A' Attached marked and Plaintiff Actual Notice of Manual filing Exhibits date Feb. 13, 2004 Exhibit '10' Showing Incident Report no. 00-297 dated January 7, 2000-Fri which is in support of the Claims in the Complaint And Exhibit '1' in support of the defendants Admissions regarding Ex. 'A' Attached Marked in the Complaint). Citing STATE V RINALDI, 220 Conn. 345, 353, 599 A.2d 1 (1991); and STATE V. PROLEAU, 235 Conn. 274, 305, 664 A.2d 743 (1995), "Relevant Evidence", pursuant under Connecticut Code of Evidence SEC. 4-1 & SEC. 6-1, E.g. Connecticut General Statutes § 52-145.

The plaintiff Pro Se made in fact legal Arguments in support of plaintiff Cross-summary Judgment Affidavits And brief citing the fourth Amendment to the United States Constitution, Statute § 3109, Connecticut General Statue § 54-36h, Rule 41(d), 42 U.S.C. § 1983, Excessive force, the First Amendment U.S.C., Fifth Amendment U.S.C., Sixth Amendment U.S.C., Ninth Amendment U.S.C., Eighth Amendment U.S.C., thirteenth Amendment U.S.C., fourteenth Amendment U.S.C., ARTICLE I § 7,8 And 20 of the Connecticut State Constitution, Title VII And 28 U.S.C. § 1746 Against defendants Robert Paquette, et al unconstitutional deprivations which they have admitted and violations of federal Acts. (see Plaintiff Brief In Support of Plaintiff's Cross-summary Judgment date Feb. 13, 2004).

In this Case, the plaintiff arrest without Probable Cause Violates the fourth Amendment and gives Rose to a Claim for damages under § 1983 "Every person who, under Color of any Statute, Ordinance, Regulation, custom, or usage of any State or territory on the District of Columbia, subjects, or Causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any Rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an Action at law, suit in Equity, or other proper proceeding for Redress. For the purposes of this section, any Act of Congress Applicable exclusively to the District of Columbia Shall be Considered to be a statute of the District of Columbia," Citing <u>LEE</u> V. <u>City of LOS ANGELES</u>, 250 F.3d 668 (4ᵗʰ Cir. 2001).

The plaintiff has provided Material Facts that defendants learned information that destroys their Probable Cause to Arrest the plaintiff which became illegal when in fact the warrant dated January 6, 2000 issued on basis of an Affidavit that shows probable cause only because it Contains a deliberate Reckless falshood or omissions, Violating the fourth Amendment. Citing <u>TECHNICAL ORDANCE, INC</u> V. <u>U.S.</u> 244 F.3d 641 (8ᵗʰ Cir. 2001) where defendants failed to properly

provide the quantity of the Alleged evidence recieved
which seriously Affected the fairness, integrity or
public reputation of Judicial proceeding while there was
no information of objects seen or in plain view for
determination of probable Cause where beliefs without
disclosure of supporting facts and circumstances
Contained in A unreliable Affidavit is insufficient
basis upon which finding of Probable Cause Could be
Made to Arrest the plaintiff or without a WARRANT.
Citing NATHANSON V. U.S., 290 U.S. 41, 47 (1933)
; and Aguilar V. TEXAS, 378 U.S. 108, 109, 111-13 (1964).

The Court must Consider A WARRANT NECESSARY
were in this Case the plaintiff has been Arrested
without a warrant Against his interest in protecting
his own liberty.
The Alleged informant or informants provided NO
Sworn Statements, failed to Accurately predicte
Movements and Actions, did not Identify the
plaintiff from photographs shown by the defendants
who did not Seized drugs from the plaintiff
illegal Arrest and did not observed An object or
drugs in plain view. Citing Giordanello V. U.S,
357 U.S. 480, 486-87 (1958) (SEE Plaintiff Actual
NOTICE OF MANUAL FILING Exhibits Feb 13, 2004 Ex. 5
Responses And objections to Plaintiff's Request for
PRODUCTION DATED NOV 19, 2003 And Brief IN
Support of PLAINTIFF'S Cross summary Judgment date Feb
13, 2004). SEE U.S V. ROBERSON, 90 F.3d 75, 79 (3dcir.1996)
26 of 64

The defendants already used to illegaly arrest the plaintiff information from the uncrealed Nov. 23, 2000 warrant which also was used in Affidavit and Application search and seizure warrant dated January 6, 2000. (see plaintiff Actual Notice of manual filing Exhibits date Feb 13, 2004 Exhibit '5' Responses and objections to Plaintiff's REQUEST FOR PRODUCTION DATE(1) Nov 19, 2003 in support of Plaintiff cross summary Judgment Affidavits and brief date Feb 13, 2004) Citing U S V. EDWARDS, 242 F 3d 928 (10th Cir 2001).

The defendants did not provided any evidence of "suspicion of illegal Activity", while an Alleged surveillance of 128 osborne St. Danbury, CT second floor Apt. look place on January 7, 2000 before execution the warrant for the person Angel Ramirez, second floor Apt. 128 osborne St. Danbury CT and vehicle while Nissan pathfinder registration 569 NVII (without information of vehicle registration owner) at Tamarck Ave., in Danbury, CT and failed to order the plaintiff out of the vehicle briefly questioned for procedure out weighed the minimal intrusion on the plaintiff fourth Amendment. The plaintiff was not informed of the warrant Arrest for ANGEL RAMIREZ person, second floor 128 osborne St. Danbury, CT and vehicle white Nissan pathfinder registration 569 NVII dated 1/6/00 and search in progress while transfered and detained at police Headquaters for Appro. 2

27 of 64

hours and 75 minutes moving the plaintiff to a different site misinforming him as to expected course of investigation converting seizure into arrest. (see plaintiff Actual Notice of Manual Filing Exhibits date Feb 13, 2004 Exhibit '3' Responses to Plaintiff Third Request for Admissions Dated Dec 8, 2003 paragraph 1 thru 3 defendants admissions that the documents attached marked as Exhibits 1, 2, and 3 are copies of the Arraignment Report and Affidavit dated 1/8/00 signed by Mark Thomas #461 who is a defendant in this case court complaint showing the Approx. 3 hours and 75 minutes detention and moving of the plaintiff to a different site) Citing DUNAWAY V. NEW YORK, 442 US. 200, 216 (1979); And U.S. V. OBASA, 15 F.3d 603, 608-09 (6th Cir. 1994)

Even when the execution of the arrest warrant dated January 6, 2000 or January 7, 2000 for the person Angel Ramirez not the plaintiff Assuming a valid pat-down during the execution the defendants exceeded scope of TERRY because defendants had already determined the arrest warrant for the person, place and thing Authorized by a Judge and the plaintiff did not contain weapon or narcotics. Citing YBARRA V. ILLINOIS, 444 US. 85, 92-93 (1979).

The execution of warrant dated 1/6/00 or 1/7/00 was during daytime with NO indication that the plaintiff was armed or need to search of private body areas in public when the nature of the suspected

Crime did not included suspicious behavior, immediate action or armed to conduct an unreasonable force at gun point, handcuff the plaintiff were Approx. 10 officers executed the arrest threating plaintiff life. (SEE Plaintiff Actual Notice of Manual filing Exhibits Exhibit 1, 3, 4 and Exhibit "8" which Affidavit in support of witness statement dated Feb 2, 2004 in support of Plaintiff Cross-summary Judgment date Feb 13, 2004)

The warrant clause of the fourth Amendment prescribes the issuance of any warrant except one "particularly describing the place to be searched, and the persons or things to be seized." This requirement is to limit the Authorization to search to the specific areas and items for which there is probable cause to search, so that the search which the Farmers of the Constitution intended to prohibit, Citing Andresen V. Maryland, 427 U.S. 463, 480, 96 S Ct. 2737, 2748, 49 L. Ed. 2d 627 (1976).

In the instant case, the search warrant dated 1/6/00 executed on 1/7/00 failed to describe the Attic/ Apt. Room of the two family house building NOR the basement or First floor if there were any occupants at the 128 Osborne St. Danbury CT were warrant dated 1/6/00 execution was for the second floor of the two family house not the Attic/Apt. Room. The search warrant does not Accurately

29 of 64.

state the second floor layout and confusingly refers to a second floor apartment without an attic/apt. room-unit. Even though the defendants alleged they "surveillance the second floor apartment 128 osborne st.", but did not entered and they thought there was only a second floor apartment on the premises described in the warrant, when in fact the second floor apartment was divided into apartment and attic room-unit. ( see plaintiff actual notice of manual filing exhibits date Feb. 13, 2004 Exhibit '5' Responses and Objections to Plaintiff's Request For Production Dated Nov 19, 2003 paragraph 4 Response - warrant Affidavit & Application dated 11/6/00 not or failing to describe the attic/apt. room-unit of the two family house building nor the basement or first floor ). Citing "a search warrant for an apartment house or hotel or other multiple occupancy building will usually be held invalid if it fails to describe the particular subunit to be search of one or more subunits indiscriminate," United States v. Higgins, 428 F.2d 232 (7th cir. 1970) see also 1 w. LaFave & J. Israel, Criminal Procedure § 3.4, at 225 (1984).

The test to determine the adequacy of the description of the location to be searched in a search warrant is : 1) Whether the description is sufficient to enable the executing officer to locate and identify premises with reasonable effort, 2) whether there is any reasonable probability that another premise might

30 of 64