be searched. Citing UNITED STATES V. BONNER, 808
F.2d 864 (1st cir. 1986), cert denied, 481 U.S. 1006,
107 S.Ct. 1632, 95 L.Ed.2d 205 (1987).

Without Knock announcement the defendants executed
warrant dated 1/6/00 unlocking the second floor
128 osborne st. Danbury, CT. (See Affidavit
of Detective Mark Trohalis Danbury Police Department
dated 1/22/04 Exhibit 'D' in support of Defendants
Summary Judgment dated 1/26/04 showing Det.
Trohalis did not Knock announcement before entering
the second floor apartment 128 osborne st. Danbury CT).
And that when opening the bathroom door and Attic
door it was identified After opening boxes, going
through personal property the plaintiff passport was
seized from one of the apartment's room units in the
Attic. Thus, it was only After the search warrant
was executed that the defendants realized the second
floor apartment contained an Attic Apt. room unit and
hence, the warrant is overboard. (See Plaintiff
Actual Notice of Exhibits date Feb 13, 2004 Exhibits
1, 4 and 10 showing defendants executions of
search warrant dated 1/6/00 entrance UNANNOUNCE
into the second floor Apt. 128 osborne st. And Also,
Admitted in Complaint Attached marked Exhibit 'A').
Citing MARYLAND V. GARRISON, 480 U.S. 79, 107
S.Ct. 1013, 94 L.Ed.2d 72 (1987)

The defendants "relyed" in warrant affidavit and arraignment affidavit without material facts of sufficient information that would specified inquiries, failing to determine the identity of the occupants of the second floor Apt. and Attic Apt room-unit. Also, the informants did not and failed to provide any description as to the occupants in the second floor Apt. 128 Osborne St. Danbury CT. The defendants did not adequately provided a description of the second floor Apt. 128 Osborne St Danbury CT Attic Apt. Room-unit and failed to checked with local gas and electric company to discover who's name was on the second floor Apt. 128 Osborne St. Danbury, CT premises verifying occupants to disclose it to the issuing magistrate, were in this case did not fulfill the particularity requirements of the fourth Amendment and warrant dated 11/6/00 invalid. (see Plaintiff Complaint Exhibit 'A' and Plaintiff Notice of Manual Filing Exhibits date Feb 13, 2004 Exhibit '1' and Exhibit '5' showing the insufficient information and the inadequate materials used to Mislead the issuing magistrate). Citing WONG SUN V. UNITED STATES, 371 U.S. 471, 484-88, 83 S Ct. 407, 415-17, 9 L. Ed. 2d 441 (1963); TERRY V. Ohio, 392 U.S. 1, 29, 88 S Ct. 1868, 1884 — L. Ed. 2d 889 (1968); UNITED STATES V. BERRYMAN, 717 F 2d 651, 659 (1st Cir. 1983), cert. denied, 465 US 1100, 104 S. Ct. 1594 80 L. Ed. 2d 125 (1984).

III. The plaintiff respond and objects to defendants respond As three Assertions in , 2. The January 6, 2000 warrant was insufficient.

When the facts, in the Affidavit do not establish probable cause to believe that narcotics would be found in the second floor Apartment 128 osbone St. Danbury, CT or Attic Apt. room - unit. The Affidavit Contains NO statement to the effect that either of the Affiants or the informant (s) was ever IN the Apartment second floor 128 osbone St. Danbury. CT. NOR does it set forth facts observed or perceived by Any of these persons from which the presence of narcotics were in the second floor Apartment reasonable could have been inferred. There was no indication in the Affidavit that Anyone saw the plaintiff carrying a package when he exited from the second floor Apartment 128 osbone St. Danbury, CT. IN and of itself NO individual NOR did defendants identifyed the plaintiff or that the Alleged baseball bat was recovered to suggest linking of Criminal Activity. (see plaintiff Brief in support of Plaintiff Cross-Summary Judgment; Exhibit 'B' of Plaintiff Notice of Manual filing Exhibits April 9, 2004, showing testimony were no narcotics, no evidence money was recovered or removed from the plaintiff and no warrant issued for the plaintiff; And Exhibit C. Luis Fernandez Immigration which was not disclosed to the plaintiff in discovery but Also it shows

the plaintiff Admition to the United States on
Nov. 10, 1999 when the Alleged investigation
began on July 28, 1999). Citing SPINELLI V.
UNITED STATES, 393 U.S. 410, 418, 89 S Ct.
584, 21 L. Ed. 2d 637 (1968); Compare STATE V.
ROMANO, 165 Conn. 239, 332 A. 2d 64 (1973).
Where the warrant Application dated 1/6/00 is
so lacking in indicia of Probable Cause As to render
Official belief in its existance unreasonable. Citing
MALLEY V. BRIGGS, 475 U.S. 335, 344-45, 106
S Ct 1092, 89 L. Ed. 2d 271 (1986).

The warrant Affidavit does not names the Plaintiff, And
warrant dated January 6, 2000 executed on January 7, 2000
for the person described ANGEL RAMIREZ, second floor
Apartment 128 osborne st. Danbury, CT And vehicle white
NISSAN pathfinder Registration 569 NVH, is insufficently
Particular because defendants had Actual notice, the
house divided into two Apartments before executing search
And yet failed to list the Attic Apt. Room. unit OR
basement And Redacted Affidavit did not specifically
implicate Attic Apt. Room. unit. Citing U.S. V.
SHAMAEIZADEH, 80 F. 3d 1131, 1137 (6th cir. 1996). The
defendants Could not use personal Knowledge of Plaintiff
NAME to Come insufficient warrant because NAME does
NOT Appears in the Warrant Affidavit dated 1/6/00. (see
Plaintiff Actual NOTICE of MANUAL filing Exhibits date Feb 13,
2004 Exhibit '5' showing WARRANT dated 1/6/00 And
Ex. '7' Confirming NAME NOT in warrant). Also,

34 of 64

"Search invalid because affidavit prepared for a different search and could not have reasonably relied upon the Court's finding of Probable Cause": Citing, U S V. HERROW, 215 F. 3d 812, 814 (8th Cir. 2000). The Attic Apt. Room Unit was searched without plaintiff consent and in the absence of exigent circumstances. Citing, Steagld V. U.S., 204, 212-14 (1981), And plaintiff was not in control of search area which warrantless search invalid. (see plaintiff brief in support of Plaintiff Cross-Summary Judgment date Feb. 13, 2004) Citing U.S V VASEY, 834 F.2d 782, 787-88 (9th Cir. 1987).

The Court should note the warrant dated 1/6/00 was issued for the second floor apartment not the entire home under search incident to arrest Exception were there was NO justification for search incident to arrest or any consideration of the plaintiff a threat. (see, Plaintiff Actual Notice of manual filing Exhibits date Feb. 13, 2004 Exhibits "5" showing warrant dated 1/6/00, Ex. 3 showing Arraignment Report / Affidavit warrantless Arrest NO justification or any considerations to a threat, Plaintiff Complaint Exibit 'A' Admitted And Plaintiff bruet in Support of Plaintiff Cross-Summary Judgment date Feb 13, 2004) Citing, MARYLAND V. BUIE, 494 U.S. 325, 337 (1990); U.S. V. Chadwick, 433 U.S. 1, 15 (1977); And Chimel V. California, 395 U.S. 752, 763 (1969)

Under the fourth Amendment to the U.S.C protection Apply to the Attic Apt Room Unit As a temporary living

SPACE for the plaintiff were WARRANTLESS search of Affect Apt. Room-Unit Violated the fourth Amendment PRIVACY protection surrounding one's Apartment. (see Plaintiff brief in support of Plaintiff Cross-Summary Judgment date Feb. 13, 2004, Plaintiff Complaint Exhibit 'A' Admitted) Citing WELSH v. WISCONSIN, 466 U.S. 740, 753 (1984); STONER v. CALIFORNIA, 376 U.S. 483, 490 (1964); And U.S. v. PIERSON, 219 F.3d 803, 806 (8th Cir. 2000).

The informant or informants gave NO sworn statements And did not identifyed the plaintiff from any of the photographs shown by the defendants who deliberately WANTON and RECKLESS indifference Aproximity description without personal knowledge of NAME on Arrest warrant violates the fourth Amendment to the United S.C. (see Plaintiff brief in support of Plaintiff Cross-Summary Judgment, Plaintiff Actual notice of manual filing Exhibits date Feb 13, 2004 Exhibit '7' confirming name not in WARRANT, ex. '5' WARRANT showing no name of the plaintiff) Citing U.S. v. Ellis, 971 F.2d 701, 704 (11th Cir. 1992); And BROWN v. BYER, 870 F.2d 975, 978-79 (5th Cir. 1989).

With respect to defendants distribution of drugs or narcotics After Alleging the plaintiff Alias to be "Alex", Alleging Aproximity descriptions information, Alleging An informant or informants Acting As under cover and Alleging different theories of drug activity to Arrest

the plaintiff without a warrant on January 7, 2000 were a reverse "sting operation", was conducted prejudice the plaintiff because the consideration of other information is improper. (see Plaintiff brief in support of Plaintiff cross-summary Judgment date Feb. 13, 2004 page 43 of 51) Citing STATE V. WILLIAMS, 170 Conn. 618, 628, 368 A.2d 140 (1976).

In fact, of the left out material were there was no reasonable suspicion or indication that the plaintiff was in possession of drug or armed to be searched or seized on 1/7/00 without a warrant which defendants called for speculation and objected to respond. (see Plaintiff notice of manual filing Exhibits Exhibit 'E' Responses (Objection to Plaintiff's First set of Interrogatories dated Nov. 7, 2003) Citing Giordenello V. US, 357 U.S. 480, 486, 87 (1958) (see Plaintiff notice of manual filing Exhibit Exhibit 'B' showing no possession of drugs).

IV. The Plaintiff respond and objects to defendant 3. page 23 The Nov. 23, 1999 warrant not executed is in dispute because defendants used the unexecuted warrant dated Nov. 23, 1999 to Mislead the Magistrate in making independent Assessment of Probable Cause leaving out material facts as to disclosure of the prerecorded sum Danbury Police evidence money supplied, the quantity and weight of the packages returned was not provided, the Alleged Credible informant or informants gave NO Sworn written statement, NO surveillance photograph(s)

37 of 64

photographs of the alleged credibale informant(s) with either Angel Ramirez NOR the plantiff was provided, NO material facts as to the type of equipment used to support defendants allegation of surveillance during July 28, 1999, OCT. 22, 1999, Nov. 3, 1999, second week? of Nov. 1999 and January 3, 2000 where beliefs without disclosure of supporting facts and circumstances contained in a unreliable affidant is insufficent basis upon which finding of Probable Could be made. Citing Giordenello V. U.S., 357 U.S. 480, 486-87 (1958); Nathanson V. U.S, 290 U.S. 41, 47 (1933); and Aguilar V. Texas, 378 U.S. 108, 109, 111-13 (1964) (see plantiff brief in support of Plantiff Cross-summary Judgment date Feb. 13, 2004 pages 9-11).

V  The plantiff respond and objects to defendants
   4. Plantiff subjected to an invalid "Terry" Frisk.

In fact, the plantiff claim on page 17 of 51 from the brief does not says "he was not subjected to a pat down", the execution of arrest warrant 1/6/00, Exceeded scope of Terry because defendants had already determined the arrest warrant for the person, place and thing authorized by a Judge and the plantiff did not contain weapon or narcotics, to be forced out of the white Nissan pathfinder at Tamarac Ave., during daytime without indication of being armed or the need to search the plantiff private areas in public,

the NATure of the suspected Crime did not include suspicious's behavior, immediate Actions to Conduct And unreasonable Arrest at gun point threatening plaintiff life. ( SEE , Plaintiff ACTUAL NOTICE of MANUAL filing Exhibits Exibit "8" AFFiDAViT IN Support of WITNESS STATEMENT DATE Feb. 2, 2004 showing the removal of plaintiff wallet, Money And Contents And force used). The evidence tables Compiled by Det. MenOllo Ex. 12 showing Time 1840 when $46.00 taken From person Luis Fernandez (the Plaintiff) seized for Asset forfeiture Contradicting Det. John K. Ex. 13 Time 1800 when $46.00 U.S. currency was taken until time served 1830 NOR if shows the locations were the $46.00 U.S. currency was taken/seized. The defendants Detectives MenOllo And Trohalis have provided in sworn testimony that NO inventory Number is provided or recipts for Chromin property As well As "doesn't deal with inventory", when A Return for And Inventory Property seized ON search And Seizure WARRANT was Submitted showing that the $46.00 taken From the person L. Fernandez (the plaintiff) was Added to the items seized from Second floor 128 Osborn St. Danbury, CT ON 1/7/00 (see plaintiff Actual Notice of MANUAL filing Exhibits Feb. 13, 2004 EX '14') proving defendants Custom or tendency of Misleading the Court even when they know of or Should have known of the submitted Inventory IN CASE No. 00-297 seized

Seized forfeiture WARNING Notice issued only for
RAMIREZ Angel 128 Osborne St., 2nd Floor Danbury
CT 06810 ( SEE Plaintiff Actual Notice of
Manual filing Exhibits Feb. 13, 2004 Exhibit '16'), Also
( SEE Plaintiff Actual Notice of Manual filing Exhibits
Feb. 13, 2004 Exhibit '15'), the defendants Detective
Trohilis and Mewllo testimony in Rem Court
Proceeding to the inventory property seized on
January, 2000 And proceeding show defendants
Conduct of Misleading the Court is A Continuous
Activity. ( SEE, Plaintiff NOTICE of Manual filing
Exhibits April 9, 2004 Exhibit 'B' Transcript of
the Court in Rem Court Proceeding date March 18, 2002)
Where plaintiff Exhibits 12 And 13 in brief support
of Cross-summary provides this honorable Court with
Evidence of defendants Exceeded scope of Terry
And illegally Seized property and failed to provide A
Petition for Claim of property Seized on return
Property. Citing TERRY V. Ohio, 392 U.S. 1, 26
(1968), U.S V. SCHIAVO, 29 F.3d 6, 9 (1st Cir. 1994),
And U.S V. PONCE, 8 F.3d 989, 999 (5th Cir. 1993)

II. The plaintiff respond and objects to defendants 5.
Plaintiff subject to An invalid, investigatory
detention.

In fact, defendants Conceded the plaintiff
Admission to the United States on Nov. 10, 1999 by
Not complying with discovery Request For Production
40 of 64

of Documents Nov 19, 2003 (SEE Plaintiff Notice of Manual filing Exhibits Ex. 'D') which gives ARGUABLE Reason As one of the generalized suspicion of Criminal Activity bases solely on RACE since the document Luis Fernandez Immigration reads that he Admition to the US was on Nov 10, 1999 (SEE Plaintiff NOTICE of MANUAL filing Exhibits Exhibit 'C') And defendant Alleged surveillance started or began on July 28, 1999. The defendant have further Subscribed And sworn that the detention of the plaintiff was AT 128 Osborne St, then submitted AFFidavit Marked As Exhibit 'D' in support of Summary Judgment Subscribed And sworn stating the detention Occured IN TAMARAC AVE which defendants Allegation of 'when, where and how long' the plaintiff was detain Are devoided of facts. Even when the defendants Arrested the plaintiff IN TAMARAC AVE and Moved the plaintiff to the police Headquarters A different site Misinforming him As to expected Course of investigation Converting seizure into Arrest. (SEE plaintiff Complaint Exhibit 'A' Admitted) where it shows plaintiff detention was for Approx. 2 hours And 75 Minutes on January 7, 2000. Cite YBARRA V. ILLINOIS, 444 U.S. 85, 92-93 (1979); U.S. V. OBASA, 15 F.3d 603, 608-09 (6th Cir. 1994)

VII  Plaintiff Respond and objects to defendants 6.
The Alleged 'Knock And Announce' violation.
41 of 64

The material fact of the defendants failure to knock and announce their presence when executing warrant 1/6/00 at 2nd floor, 128 osborne st. Danbury, CT on 1/7/00 consist in facts stated in the Complaint attached marked Exhibit 'A' Admitted (see plaintiff Actual Notice of Manual filing Exhibits Feb 13, 2004 Exhibits '1' and '10' in support of brief and Plaintiff cross-summary Judgment Feb. 13, 2004), And Affidavits sworn dated January 22, 2004 from defendant Det. M. Trohalis marked as Exhibit 'D' in defendants Summary Judgment Admitting of entering buy using a key taken from the ignition of the Nissan pathfinder unlocking the second floor Apartment without Knock and Announce also confirmed by defendant J Mewllo Affidavit dated 1/22/04 and defendant Krupowsky Exhibits 'B' and 'C' in the defendants summary Judgment were the unlatching a closed, unlocked door is a unannounced Intrusion in violation of 18 U.S.C. § 3109 citing SABBATH, 391 U.S. at 590; WILSON v. ARKANSAS, 514 U.S. 927, 131 L.Ed.2d, 976, 115 S.Ct. 1914 (1995); And U.S. v. CANTU, 230 F.3d 148, 152-53 (5ᵗʰ Cir. 2000)

VIII. The plaintiff Respond and objects to defendants 7. Arrest based on Race.

In fact, the defendants did not see any package in possession of the plaintiff while going in or

out the Apart 2nd floor 128 osborne St. Danbury CT. during the Alleged Surveillances. The defendants have Already testified that the plaintiff did not possess Narcotics or evidence money to link the plaintiff involve in any sales to an informant or informants. (SEE plaintiff NOTICE of manual filing Exhibits April 9, 2004 ex 'B' Transcript of the Court in lieu civil Proceeding date march 18, 2002). The informant or informants did not identify the plaintiff from any of the photographs presented to them. (SEE plaintiff Actual NOTICE, of manual filing Exhibits Feb. 13, 2004 Ex. '5'). The seizure of the plaintiff only Generalized suspicion of criminal Activity base solely on race and scare on face because NO baseball bat was recovered linking the Plaintiff As to the Alleged informant discription of "Alex" Also does not jusitify seizure. Citing U.S. v. Brignoni-Ponce, 422 U.S. 873, 885-86 (1975); When v. U.S, 517 U.S. 806, 811-13 (1996); And U.S. v. Grant, 920 F.2d 376, 388 (6th Cir. 1990).

Again, the defendants conceded the plaintiff Admition to the United States on Nov 10, 1999 by not Complying with discovery Request for Production of Documents Nov. 19, 2003 which gives Arguable reason as one of the generalized suspicion of criminal Activity bases solely on race since the document luis Fernandez Immigration reads that he Admition to the U.S. was on Nov 10, 1999

Which defendants alleged surveillance started or began on July 28, 1999. (see Plaintiff Notice of Manual filing Exhibits April 9, 2004 Exhibit 'C').

IX. The plaintiff respond and objects to defendants 8. Improper 'Inventory /Adm search.

In fact, the plaintiff property was <u>not</u> justify to be in plain view seizure of drug paraphernalia found allegedly inside of a shoe box and <u>not</u> in the view of the public, as items were descovered in course of an unconstitutional Administrative search without a warrant as Authorizing the search and seizure.

Even inventory search invalid because <u>no</u> police procedure existed regarding scope of inventory search which inventory search <u>failed</u> to conducted according to warrant dated January 6, 2000. (see Plaintiff Notice of Manual filing Exhibits April 9, 2004 ex 'B') Citing, <u>MINNESOTA</u> V <u>OLSON</u>, 495 U.S 91, 100 (1990); <u>U.S</u> V <u>RILEY</u>, 906 F.2d 841, 844-45 (2nd cir 1990) ; And <u>U.S</u> V <u>DOE</u>, 61 F.3d 101, 110 (1st cir. 1995).

The plaintiff property seized on 1/7/00 without a warrant and failed to supply a Petition for forfeiture of property in Drug Cases public Act 89-269; Conn Gen. Stat. § 54-36h for the purpose of claiming the property seized violating fourth and fifth Amendment to the U.S.C were defendants only made a Petition for forfeiture of property in drug cases public Act. 89-269; C.G.S § 54-36h was made to Angel

Ramirez dated 1/7/00 with form for Return of property Adding Including the plaintiff property obstructing All Chim Rights to request Return of property under Petition for forfeiture. General statutes § 54-36h (b) provides in relevant part "Not later than 90 days After the seizure of Money or property subject to forfeiture ... in Connection with a lawful criminal Arrest or a lawful search", the petition must be filed "Not later than 90 days After the seizure of money or property." (see Plaintiff Actual Notice of Manual filing Exhibits Feb 13, 2004 Exhibits '15' And '16'), for Angel Ramirez not the plaintiff. Citing WEINBERG V. ARA VENDING Co, 223 Conn. 336, 341, 612 A 2d 1203 (1992).

X. The Plaintiff Respond And objects to defendants
    9. The Plaintiff MONELL-style Chim.

In fact, the plaintiff in Complaint Request for Relief the Court issue A declaratory Judgment where Municipality have no immunity defense either qualified or Absolute, in A suit under §1983 Citing, Wilson V. SPAIN, 209 F.3d 713 (8ᵗʰ Cir. 2000); And MORRIS V LINDAU, 196 F.3d 102 (2ⁿᵈ Cir. 1999) (see plaintiff Complaint Request for Relief And Plaintiff brief in support of Plaintiff Cross-Summary Judgment Feb 13, 2004). The plaintiff had requested for Production date Nov 19, 2003 the defendants to produce Any And All policies Concerning illegal Arrests Abuse of Authority, Excessive

45 of 64

force while on off. duty which a police officer, Del. has to refrain from were in response defendants objected to produce such policies. (see plaintiff ACTUAL NOTICE of manual filing Exhibits Feb 13, 2004 Exhibit "5" paragraph 2.). The plaintiff provided the clerk of the Court with the proper number of legal documents for filing without prepayment of fees or costs under 28 U.S.C. § 1915 where it is by the plaintiff who depends on the Court, thought the United States Marshal Service, to effect service on his behalf since the provision of all necessary information entered on 6/1/03 should not be penalized for improper service by UNITED STATES MARSHAL SERVICE "Automatically Constitutes 'good Cause' preventing dismissal under RULE 4 (M), And Summons issued for the defendants in their official capacity have been entered since 6/1/03 (SEE, Plaintiff NOTICE of manual filing Exhibits April 2, 2004 Exibit 'D' U.S. District Court WEB. PACER (V2.4) Docket Report page 3 of 4).

XI. The plaintiff respond and objects to defendants
    10. Plaintiff qualified ANALYSIS.

In fact, the doctrine of Governmental immunity is without MERIT in this Case were the eleventh Amendment does not BAR either injunctive or damages suits against individual officials which defendants do not dispute. Citing SPICER V. HILTON, 618 F. 2d 232, 237 (3rd Cir. 1980).

46 of 64

The plaintiff provided the clerk of the court with the proper number of legal documents for filing without prepayment of fees or costs under 28 U.S.C. § 1915 where it is by the plaintiff who depends on the court, through the United States Marshal Service, to effect service on his behalf since the provision of all necessary information entered on 6/1/03 should not be penalized for improper service by United States Marshal Service "Automatically" constitutes 'good cause' preventing dismissal under Rule 4(M), and summons issued for the defendants in their official capacity have been entered since 6/1/03 (see Plaintiff Notice of Manual filing Exhibits April 2, 2004 Exhibit 'D' U.S District Court WEB. PACER (va. 4) Docket Report Page 3 of 4).

The Chief of Police Robert Paquette should have known or knew that subordinates actions violated clearly established Constitutional Rights were defendants have admitted in Summary Judgment And as the Chief of Police is liable for such violations perpetrated by his subordinates (see plaintiff Complaint Exhibit 'A' Admitted, Plaintiff Actual Notice of Manual filing Exhibits Feb. 13, 2004 Exhibits '1' paragraph 1 admitted, Exhibit '3' paragraphs 1, 2, 3 and 8 Admitted. And Plaintiff brief in support of Plaintiff Cross- Summary Judgment). Citing BERG v. COUNTY OF ALLEGHENY, 219 F.3d 261, 269 (3rd Cir. 2000); Also, CAMILO-ROBLE v. HOYOS, 151 F.3d 1, 61 (1st Cir. 1998)

The plaintiff Exhibits Attached marked "A" in the Complaint has been admitted and Complaint claim are true and supported with evidence, Rules, and Constitutional laws which would entitle the plaintiff to Relief (see Plaintiff Actual notice of manual filing Exhibits Feb 13, 2004 Exhibits 1 thrown 17 and Plaintiff brief in support of Plaintiff cross-summary Judgment). Citing, Conley V. Gibson, 355 U.S. 41, 75 S ct 99 (1957); And Scheuer V. Rhodes, 416 U.S. 232, 236, 94 S.ct. 1683 (1974)

In this case, qualified immunity is inapplicable were the defendants As Delectives, Chief of Police, And P. OFFICERS have A responsability imposed by statute As State Actors, failure to perform it makes them liable even if s/he does not know about the Resulting Constitutional violation. (see Plaintiff brief in support of Plaintiff cross-summary Judgment and Plaintiff Complaint with Attached marked Exhibit "A" Admitted). Citing Doe V. New York City Dept. of Social Services, 649 F.2d 134 (2d cir. 1981); And United States Ex. Rel. Larkins V. Oswald, 510 F.2d 583, 589 (2d cir. 1975). where Chief of Police Robert Paquette Allegations of "no involvment" fall under responsability imposed by statule even were Chief Robert Paquette provided Knowledge of subordinates Actions he is liable for their violations. (see plaintiff Actual notice of manual filing Exhibits Feb 13, 2004 Exhibit '11').

XII. The Plaintiff respond and objects to defendants
    11. Plaintiff Attempt to challenge the warrant Affidavit.

In fact, the defendants have admitted to the Exhibit
'A' Attached marked in plaintiff Complaint showing
evidence Incident Report 00-247 Admissible and
relevant but Also Exhibit '5' Warrant Affidavit and
Transcript of the Court in Rem civil Proceeding, date
March 18, 2002 showing Sworn testimony of defendants
stating No Narcotics, No evidence Money and NO
Warrant served for Vehicle (see Plaintiff Actual
Notice of Manual filing Exhibits Feb. 13, 2003 Exhibit
'5' and Plaintiff Notice of manual filing Exhibit April 9, 2004
Exhibit 'B'). There is NO mention of Plaintiff
Alleging "his" baseball cap where the only Said is
that "the Alleged baseball hat", was not recovered
to suggest linking of Criminal Activity. Citing
SPINELLI V. UNITED STATES, 393 U.S. 410, 418, 89 S.Ct.
584, 21 L. Ed. 2d 637 (1968); Compare, State V.
Romano, 165 Conn. 239, 332 A.2d 64 (1973) (see
Plaintiff brief in support of Plaintiff Cross-Summary Judgment)

XIII. The Plaintiff respond and objects to defendants
    B. Plaintiff's FALSE EVIDENCE CLAIM.

In fact, defendants are not providing facts to support
there Argument when defendant held discovery documents
from the Plaintiff Request For Production of Documents
Nov. 19, 2003. The defendants Knew of the plaintiff
                    49 of 64

Admition to the United States on Nov. 10, 1999 Months After the Alleged surveillance took place but since defendants were not Able to Identify the suspect wearing A baseball hat which led to the Arresting of the plaintiff Just to Ascertain his identity As Hispanic person without A warrant or Probable Cause. (see Plaintiff Notice of Manual filing Exhibits April 9, 2004 Exhibit "C") Citing ARRINGTON V. MCDONALD, 808 F 2d 966 (6th Cir. 1986) Also, Plaintiff Brief in support of Plaintiff cross-summary Judgment with Exhibits As evidence.

The plaintiff provided the clerk of the Court with the proper number of legal documents for filing without prepayment of fees or costs under 28 U.S.C. § 1915 where it is by the plaintiff who depends on the Court, through the United States Marshal Service, to effect service on his behalf since the provision of All necessary information entered on 6/1/03 should not be penalized for improper service by United States Marshal Service "Automatically" Constitutes 'good Cause' preventing dismissal under Rule 4(M), And Summons issued for the defendants in their official Capacity have been entered since 6/1/03. (See Plaintiff Notice of Manual filing Exhibits April 2, 2004 Exhibit 'D' U.S. District Court WEB. PACCR (U2.4) Docket Report page 3 of 4).

The Court may issue in Plaintiff Request for Relief issue declaratory Judgment and find Municipality Danbury City subject to liability for damages under

§ 1983 for the unconstitutional Acts of its Employees Citing Thomas V. Roach, 165 F 3d 137 (2nd Cir. 1999).

XIV. The Plaintiff Respond and Objects to defendants
C. PLAINTIFF FALSE ARREST / MALICIOUS PROSECUTION CLAIM.

In fact, defendants just disclosed Luis Fernandez Immigration status which falls under the Newly discovery Rule And failure to comply with Request for Production of Documents Date Nov. 19, 2003, And is fact that Compensatory Damages can be evaluated by Jury in this injury claim. According, to the Courts "damages may be Awarded for false Arrest for period from initial custody untill, Arraignment, and subsequent damages from continued incarceration are Attributable to Malicious prosecution". Citing Hugh V. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992); Also, SINGER V Fulton County Sheriff, 63 F 3d 110, 117 (2d Cir. 1995) (see Plaintiff NOTICE of manual filing Exhibits April 9, 2004 Exhibit 'D').

XV. The Plaintiff Respond and objects to defendants
D. PLAINTIFF'S EXCESSIVE Force CLAIM.

In fact, the defendants with history of being prosecuted in violation of state or/and Federal Law. The AFFidavit in support of witness statement date Feb.

51 of 64

2, 2004 submitted Marked as Exhibit "8" in support of Plaintiff Cross-Summary Judgment Affidavits and brief dated Feb. 13, 2004 is relevant, pursuant under Conn. Gen Statutes § 1-23 and Connecticut Code of Evidence Sec. 6-2 OATH OR Affirmation and under Rule 56, F.R.C.P. (see Plaintiff MOTION FOR RESPOND & OBJECTION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT DATED MARCH 24, 2004) Citing Colosue V. WESTFARMS ASSOCIATES, 197 Conn. 141, 152-53, 496 A.2d 476 (1985); Curtis V. STrong, 4 Day, (Conn) 51, 55, 56 (1809); And State V. Dudcoff, 109 Conn, 711, 721, 145 A. 655 (1929). The plaintiff Complyed Accordingly to the Rules of discovery with defendants First set of Interrogatories and Request for Production Directed to the plaintiff dated Nov. 14, 2003 which is submitted Marked as Exhibit `17` in support of plaintiff Cross-Summary Judgment AFF.davits and brief dated Feb. 13, 2004. The defendants did not specify in the Request for production made dated Nov. 14, 2004 pursuant Rule 34 F.R.C.P, to the plaintiff to produce NAMES of any witnesses or statement of witnesses Concerning the Action Arrest on 1/7/00 OR the search and Seizure of same and failed to Request the plaintiff of Any Knowledge of witnesses to the Arrest on 1/7/00. The defendants Are gradually Contradicting their own Argument As "Not Alleging An EXCESSIVE Force Claim", when in fact defendants Admit the words "EXCESSIVE FORCE" Are in the entirety of both the plaintiff's Complaint And

discovery Response. (see Plaintiff Motion For Respond & Objection to defendant's Motion to strike Affidavit in Support of witness statement dated March 24, 2004) Plaintiff witness MR. Bourguignon who without fear, threat or Promise made a witness statement pursuant to 28 U.S.C. § 1746 under Rule 56 of the local Rules of Civil Procedure is relevant about matter that do tend to prove deliberate indifference infliction of cruel and unusual punishment, unreasonable searches and seizures and excessive force at Gun Point were defendants have in fact admitted that the "excessive force" words are in entirety in both of the plaintiff Complaint and discovery response setting forth taken pleaded fact as true, stated claim as matter of law. Citing Johnson v. Stark, (1983, CA 8 Iowa) 717 F.2d 1550, "Even under 42 U.S.C. §1983 and excessive force claim liberally construed, Complaint does state claim for Relief", See, Haddock v. Board of Dental Examiners, (1985, CA 9 CAL) 777 F.2d 462, 39 BNA FEP Cas 764, 38 CCH EPD ¶ 3577.

XVI. The Plaintiff Respond and objects to defendants E. PLAINTIFF'S ADDITIONAL U.S CONSTITUTIONAL CLAIMS.

In Fact, the plaintiff submitted arguable claim of First Amendment Right Violation (see plaintiff brief in support of plaintiff's cross. summary Judgment date Feb. 13, 2004) were the Arrest without a warrant admitted by the defendants on March 18,

2002 testimony in New court proceeding (see Plaintiff Notice of manual filing Exhibits date April 9, 2004 Exhibit 'B') where A search was executed upon unlocking 2nd floor Apt., 128 Osborne St. without Knock and Announce then unlocking the Attic Apt. Room. ont were the plaintiff held An objective Expectation of privacy in Mr. Angel Rimirez the lesse. (see Plaintiff Complaint Attached Marked Exhibit 'A' Admitted, see Plaintiff Actual Notice of manual Exhibits date Feb. 13, 2004 Ex. '1' And '10' And brief pg 45-51 in support of Plaintiff cross-summary Judgment date Feb 13, 2004 showing the entrance and taking of property). Citing Centala v. City of Tucson, 213 F.3d 1055 (9th Cir. 2000) establishing First Amendment Claim. The plaintiff quoting Payton v. New York, 445 U.S. 573, 585, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980) providing "Entry by the government into A person's home is the chief evil Against which the wording of the Fourth Amendment is directed", see Plaintiff brief in support of Plaintiff cross-summary Judgment date Feb. 13, 2004 page 45-51 ware As evidence marked Attached Exhibit 1, 3 and 5 from Plaintiff Actual Notice of manual filing Exhibits date Feb. 13, 2004 showing the warrantless searches And seizures of the plaintiff and property inside Angel Rimirez home which are presumptively unreasonable Absent Consent and Probable Cause. Also, citing, State v. Geister, 272 Conn. 672, 681, 610 A.2d

1225 (1992), establishing fourth Amendment claim.

The plaintiff fifth Amendment claim is established by defendant arresting the plaintiff without A WARRANT and seizure of plaintiff [MONEYS] property without supplying A Petition for forfeiture of Property in Drug Case public Act 89-269; Conn. Gen Stat. § 54-36h - to the plaintiff for the purpose of claiming his property seized while A Forfeiture WARNING NOTICE for Ramirez ANGEL was provided for his property seized At 2nd Apt. Floor 128 osborne st., SEE Exhibit '16' of Plaintiff Actual Notice of Manual filing Exhibits date Feb. 13, 2004 and deny to provide the plaintiff with A return or recipt of the property [MONEYS] taken for the purpose of of claiming the property seized violating the fourth And fifth Amendment to the United States Cons. Citing JUDGE V. CITY OF lowell, 160 F.3d 67 (1st cm. 1998) Even defendants selective Action to provide Angel Ramirez the protection of his property Rights and inaction of ENforcement of laws based upon unjustifiable factor such As plaintiff RACE OR Minority As state Actors are in violation of Equal protection clause. (SEE, Plaintiff NOTICE of MANUAL filing Exhibits date April 9, 2004 Exhibit 'F' showing were An investigations for discrimination has had been Conducted in Danbury Police Dept.) Also (SEE, plaintiff brief in support of Plaintiff cross Summary Judgment) Citing U.S. V. DEERING, 179 F.3d 592

(8th Cir. 1999)

The plaintiff had/has established the sixth Amendment Claim were defendants failed to informed the plaintiff of the Nature and cause of the Arrest on January 7, 2000 which seizure converted to Arrest as unreasonable. (See, Plaintiff Exhibit 'A' in Complaint Admitted, Witness statement Exhibit '8' in Plaintiff Actual Notice of Manual filing Exhibits date Feb. 13, 2004 and brief in Support of Cross-Summary Judgment date Feb. 13, 2004). Citing U.S Const. Amend VI, Conn Const. Amt I § 8 , Cole V. Arkansas, 333 U.S 196, 201 (1948).

In this case, the plaintiff established Eighth Amendment Claim were the undisputed fact is that did take plaintiff property [money] and the property and moneys in the Attic Apt. Room-Unit was not in plain view while executing Authorized warrant for Anjer Ramirez person, search of Second floor Apt. 128 Osborne St. and seizure (theory) SUV white Nissan Pathfinder Reg. 569 NVH where defendants failed to execute a reasonable search and seizure, further, failed to knock and announce and deny to provide a petition for forfeiture to the plaintiff for purpose of keeping his property. (See, Plaintiff Complaint Attached marked Ex. 'A' Admitted and brief in support of Plaintiff cross-summary Judgment with Exhibits 1 threw 17 As evidence date Feb 13, 2004).

Citing AUSTIN V. U.S, 509 U.S. 602, 125 L.Ed
2d 488, 113 S.Ct 2801 (1993); And U.S V. HALPER
490 U.S. 435, 109 S.Ct 1892 (1989).

In fact is that the established Claims of the
U.S. Constitution As Rights Retained by the
People on the Bill of Rights were deliberate
indifference Actions of inactions of the defendants
denials And deprivation of Constitutional Rights
Against the plaintiff from unreasonable searches and
Seizures without probable Cause or warrant
violates the guarantee of due process (see, Plaintiff
Complaint Ex 'A' Attached Marked And Admitted by the
defendants). Citing Brown V. NATIONSBANK CORP.
188 F.3d 579 (5th Cir. 1999), were evidence Admitted
And Attached marked in Complaint Rises A Ninth
Amendment Claim.

The thirteenth Amendment Claim Consist of the Already
Seen And witnessed use of unreasonable seizure
without A justification Cause or probable Cause for
An Arrest At Gun point And taken to police Head
quarter for processing without A warrant or probable
Cause. (See plaintiff Actual Notice of manual filing Exhibits
date Feb 13, 2004 Ex "8" witness statement, Ex '1'
Admissions, Ex '17' warrant And Ex. B of Plaintiff
Notice of manual filing Exhibits date April 9, 2004).
In Court Also 197 U.S 207, 215 quoted.

57 of 64

Moreover, plaintiff fourteenth Amendment Claim is were defendants. Actions of wanton and reckless inactions deprived the plaintiff of liberty and property without due process of law denying the guaranteed of the privileges and immunities due to citizen of the United States and equal protection of law. (see Plaintiff Complaint Exhibit 'A' Attached marked and Admitted, and Exhibits Attached marked 1 thru 17 in Plaintiff Actual Notice of manual filing Exhibits date Feb 13, 2004 in support of Plaintiff cross- summary Judgment As evidence).

<u>XVII</u>. The Plaintiff respond and objects to defendants
    H. The Plaintiff' ASSORTED STATUTORY CLAIMS.

In fact, the plaintiff complaint consist of Declaratory Judgment and Injunctions Relief requests were 18 U.S.C. §1621 is Asked for the Court if finding to uphold the defendants for Admitting False informations As essential facts in the warrant execution dated 1/6/00 and warrantless arrest report dated 1/7/00 were defendants have Admitted to the Exhibit 'A' Attached marked in Complaint. (<u>SEE</u>, Plaintiff Complaint Exhibit 'A' Attached marked and <u>see</u> plaintiff Actual Notice of manual filing Exhibits date Feb 13, 2004 Ex. `1', `2', `3', `5' and `17' As evidence in support of Plaintiff cross-summary Judgment). Cating <u>United States</u> V. <u>MASTERS</u>, (1973, CA 10 KAN) 484 F.2d 1251 ; <u>UNITED STATES</u> V <u>HVASS</u>, (1958) 355 U.S. 570, 2 L.Ed.2d 496, 78 S Ct 501.

Furthermore, defendants subscriptions of false statement in the warrant dated 1/6/00 and warrantless arrest Report dated 1/7/00 As true material information which defendants did not believe to be true And this said material information did in fact Cause the plaintiff loss of Liberty interest without Due Process the Court may uphold or enforce plaintiff request for Relief under 28 U.S.C. § 1746. were declaratory Judgment And injunction Relief is Requested in the Complaint, Also, with Exhibit 'A' Attached Marked And Admitted. (see Also, Plaintiff Actual Notice of Manual Filing Exhibits date Feb 13, 2004 Exhibits '1', '2', '3', '4', '5' And '17') Citing DicKinson V. WAINWRIGHT (1980, CA5 F(A) 626 F.2d 1184.


ACCORDING to the Supreme Court who held that use of force was Not Necessary for A violation of § 3109 And Ruled that unlatching A closed unlocked door was An "unannounced intrusion", in Violation of the Statute, the plaintiff Consisting with the Supreme Court decision Request for Relief to issue declaratory Judgment And Injunction Relief Against the defendants for unlocking A closed door And unlatching A closed unlocked door in Violation of unannounced intrusion under 18 U.S.C. § 3109 (2000) (see Plaintiff Complaint Exhibit 'A' Attached marked admitted, Defendant M. Trohalis own Affidavit in summary Judgment And Plaintiff Actual Notice of manual filing Exhibits date Feb 13, 2004 Ex. 1, 3, And 5 in support of summary Judgment)

Citing U.S. V. Castro, 230 F3d 148, 152-53 (5th Cir. 2000); And SABBATH, 391 U.S. At 590.

In this Case, Conn. Gen. Stat § 54-36h (b) chim is provided were defendants did not submitted A petition for the property And money seized of the plaintiff nor from the plaintiff which in fact is A violation of the forfeiture statutes that must be read and applied strictly. The plaintiff as right has requested for relief the court to issue declaratory Judgment And Injunction Relief in this matter. (see Plaintiff Actual NOTICE of Manual filing Exhibits date Feb. 13, 2004 Exhibits 1, 3, 10, 12 And 13 And Plaintiff complaint Ex 'A' Attached marked And admitted As evidence) Citing WEINBERG V. ARA VENDING Co, 223 Conn. 336, 341, 612 A. 2d 1203 (1992); U.S. V. RILEY, 906 F.2d 841, 844-45 (2nd Cir. 1990); And DALE V. BARTELS, 732 F.2d 278, 284-85 (2nd Cir. 1984). Also, the PA 89-269 claim is regarding the property seized /taken and added or including it with Angel Ramirez when such property [money] seized /taken from the plaintiff and from the Attic Apt. room-unit belonging to the plaintiff without consent A warrant and property not in plain view OR Abandoned unjustified Acts violates PA 89-269 were the court can enter A declaratory relief or Injunction relief requested by the plaintiff in the Complaint with Exhibit 'A' Admitted Attached marked Against the defendants. Citing U.S. V. $31,990 IN

60 of 64

<u>U.S. Currency</u>, 982 F.2d 851 (2nd Cir. 1993).

In fact. Rule 41 (d) claim is specific and defendants as state officer's are required to comply with Rule 41 (d) because warrant obtained by state officer's executed by state officer's were the Court in review of such established Rule may enter declaring Judgment or injunction relief against the defendant in violation of Rule 41 (d) (<u>see</u> Plaintiff Complaint also marked Exhibit 'A' Attached and Admitted, and Plaintiff Actual Notice of manual filing Exhibits date Feb 13, 2004 Exhibits 1, 3, 4 and 10) <u>Citing</u> <u>U.S.</u> V. <u>Comstock</u>, 805 F.2d 1194, 1205 (5th Cir. 1986); and <u>U.S.</u> V. <u>Gantt</u>, 144 F.3d 987, 1004 (9th Cir. 1999)

<u>XVIII</u>. The Plaintiff respond and objects to defendants
    F.  The Plaintiff's STATE CONSTITUTIONAL CLAIMS

In fact, the claims of Article I, section 7, 8 and 20 of the Connecticut Constitution can be review by the Court in request for Relief issuing order under declaratory Judgment and injunction relief were plaintiff in complaint has submitted Exhibit A' Attached marked and Admitted as evidence Also in Plaintiff Actual Notice of manual filing Exhibits date Feb 13, 2004 Exhibits 1, 2, 4, 5, 10 and 17 for defendants failures and violation of Connecticut Constitution.

XIX. The Plaintiff respond and objects to defendants
     G. The PLAINTIFF'S TITLE VII CLAIM.

In Fact, the plaintiff Complaint with Exhibit 'A'
Already Attached Marked and Admitted  Request for Relief
Regarding declaratory Judgment and injunction Relief
were the Court can Enter order Against defendants
for violations of TITLE VII Federal Act in an
Arrest without a warrant or probable Cause. (SEE Plaintiff
Actual Notice of Manual filing Exhibits date Feb. 13,2004
Exhibits 1,2,4,5 and 9 in support of cross-summary
Judgment).

XX. The Plaintiff respond and objects to defendants
    I. The Plaintiff's Claimed DAMAGES.

In Fact, the defendants do not dispute plaintiff
Exhibit '17' which provides an actual copy of
the PRISON psychiatrist NOTES DR. KATSNELSON
who from the Arrest without a warrant on 1/7/00
and while confined without a warrant Dr. Katsnelson
was Able to examine the plaintiff were he diagnose
Found the plaintiff depressed on 3/28/00 deriving
from the Arrest on 1/7/00 without a warrant.
The psychiatrist evaluation can also be viewed
by a Jury in this injury Claim for Compensatory
damages and the Courts quoting "damages may
be Awarded for false Arrest for period from
initial Custody until, ARRAignment, and subsequent

damages from continued incarceration are attributable to malicious prosecution." Citing Hugh V. Jacobs, 961 F.2d 359, 366 (2d cir. 1992).

But also, is undisputed that depression is a mental psychological injury were defendant quoted Partee V. Lane, 528 F. Supp. 1254 (N.D. III. 1981) and emotional distress are compensable under $ 1983 even in the absence of physical injury Citing Daskalea V. District of Columbia, 227 F.2d 433 (D.C. Cir. 2000).

## XXI Conclusion:

Wherefore, while responding and objecting, in opposition to defendants MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT dated March 24, 2004, if any reasonable tier of fact could find that the defendant's actions were objectionable unreasonable, then the defendants are not entitled to summary judgment [or a directed verdict]. And a evidentiary hearing should be hold. Material facts, evidence, testimonys, affidavits and brief in support of Plaintiff Cross-summary judgment opposing to defendants 56 (A)1 statement of material facts had/has been presented explaining and supported with Exhibits (evidence) why the facts as alleged by the defendants show that the plaintiff is legally correct and entitled to judgment.

63 of 64

The defendants have not provided evidence opposing to plaintiff proof of damages were a hearing should be held so that the plaintiff be given an opportunity to present his evidence concerning the damages he is entitled too.

RESPECTFULLY SUBMITTED

Luis Fernandez    Pro se
ID. 279900
M.W.C.I.
1153 East street south
suffield, CT 06080

## CERTIFICATION

I hereby Certify that a copy of the foregoing was mailed to the following defendants Attorney on 9, day of April, 2004.

ATT. ERIC D. Eddy
Cl. 25242
Hourd & Ludorf,
65 wethersfield ave,
Hartford, CT 06114

Luis Fernandez
ID. 279900