# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Luis Fernandez     :     FILED    PRISONER
Pro se                    2004 OCT -6 P   Case 3:02 CV 2090
                          U.S. DISTRICT COURT    (JBA)(JGM)
V.
                                           Sept. 23, 2004
Chief Robert Paquette, et al.

## MOTION FOR APPROVAL OF REAL ESTATE ATTACHMENT

Now comes Luis Fernandez, Plaintiff pro se holding to "less stringent standards than formal pleadings drafted by lawyers", citing Hugh V. Rowe, 449 U.S. 5, 106 S.ct. 173 (1980). And moves that this Honorable Court approve a real estate attachment against the earnings, bank assets, holding of all property business, inheritances belongings to defendants Chief Robert Paquette, et al. in the sum of 2 Million dollars until case is resolved, for the good reason as stated below and on the accompanying affidavit, also base on state law.

1. Plaintiff has brought an action in the United States District Court against Chief Robert Paquette, et al. arising from violation of 4th Amendment, False evidence claim, False Arrest/Malicious Prosecution, Excessive Force claim, violation of 5th, 6th, 8th, 9th,

1 of 4

13th And 14th Amend. U.S.C.; Article 1 §§ 7, 8 and 20 of the Conn. State Constitution; Title III violation; Violation of 18 U.S.C. § 1621, 18 U.S.C. § 3109, 28 U.S.C. § 1746, C.G.S. § 54-36h(b), Rule 41(d) And PA 89-269, which he was accused of criminal narcotic activity.

2. Plaintiff was ultimately Nolled in the Superior Court. No reasonable cause existed in which to arrest the plaintiff on January 7, 2000 nor a warrant which defendants Mark Trohalos and John Murillo have admitted. The plaintiff had no first hand or direct knowledge that Angel Ramirez had ever been involved in drug activity which warrants, surveillance arrest was the subject of the original case.

3. Chief Robert Paquette, et Al have a long standing grudge against Hispanics who are not officials of the state just citizens as well as immigrants whom they have maliciously and recklessly deprived of Rights and Law both state and federal such as the plaintiff which violations are actionable under title 42 U.S. Code § 1983.

4. Plaintiff suffered great pain of mind, emotional depression, paranoia, lost of sleep and humiliation in public were his pants had been removed.

5. There is reasonable likelihood that with the witness, Exhibits and viewed without regard for technicalities Plaintiff pro-se will recover a judgment against Chief Robert Paquette, et al.

6. Chief Robert Paquette, et al earnings, bank assets, property business, inheritances belongings are asset knownly used to hire counsels which available to satisfy a judgment.

7. The Honorable Court Judge Allowing of freezing assets of Chief Robert Paquette, et al in this § 1983 suit by plaintiff pro se Motion together accompany with an Affidavit are base on state law as follow:

A. When Attachments May be granted Conn. Gen. Stat. § 52-279, "Attachments may be granted upon all Complaints containing a money demand against the estate of the defendant, both real and personal...Officials acting within the scope of their authority except upon order of the Court to which the writ is returnable and action involving his conduct as a policeman except upon order of the Court to which the writ is returnable... Attachment shall be made against the state of the defendant both real and personal."

B. Attachment of Real state Conn. Gen. Stat. § 52-285, 52-286, 52-289.

8. NO INSURANCE Policy is known to exist at this time.

Signed to the best of knowledge under pains of perjury.

RESPECTFULLY Submitted,

_____
Luis Fernandez Pro Se
1153 east st. South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent, via U.S. Mail to the following defendants Attorneys this 23 day of Sept. 2004.

Attorney David W. Colwick,
Howed & Ludorf,
65 Wethersfield Ave.,
Hartford, CT 06114

_____
Luis Fernandez
Pro Se

4 of 4