# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Luis Fernandez           : FILED   PRISONER
Pro Se                   : 2004 OCT -6 P   Case 3:02CV2090
                         : U.S. DISTRICT COURT   (JBA)(JGM)
V.                       :
                         :                Sept. 23, 2004
Chief Robert Paquette, et al.

## BRIEF IN SUPPORT OF PLAINTIFF SUMMARY JUDGMENT FOR APPOINTMENT OF PRO BONO COUNSEL

### STATEMENT OF THE CASE

This is a § 1983 action filed by a prisoner pro se while at Cheshire Dept. of Correctional in Cheshire, CT seeking damages, declaratory judgment, and injunctive relief based on admitted Constitutional violations and unjustified force against him, illegal arrest without a warrant or probable cause and unreasonable search and seizures.

This motion seeks summary judgment for appointment of Pro Bono Counsel.

### STATEMENT OF FACTS

This Court has discretion to provide counsel to the plaintiff who has established Prima Facie case in

1 of 5

this Court Rights Action 42 U.S.C. §1983 and the plaintiff presentation of exceptional circumstances for the Court's to consider Appointment of Pro Bono Counsel. See Plaintiff Affidavit Summary Judgment for Appointment of Pro Bono Counsel Attached to this Motion with Exhibits.

## ARGUMENT

There are no material facts in dispute as to the plaintiff's presentation of exceptional circumstances for the Court's consideration in Appointment of Pro Bono Counsel.

Summary Judgment should be granted where a party shows that "there is no genuine issue as to any material fact and ... the moving party is entitled to Judgment as a matter of law." Rule 56, F.R.C.P. The undisputed facts of this case show that the plaintiff has presented exceptional circumstances for Appointment of Pro Bono Counsel. Thus, there is no factual dispute preventing the entry of Summary Judgment for the plaintiff on this issue.

In assessing whether to appoint Counsel "Court must consider: (1) the type and complexity of case; (2) whether indigent litigant is capable of adequately presenting his case; whether litigant is in position to investigate case adequately; and (4) whether evidence will consist

in large part of conflicting testimony, thus requiring skill in presentation and cross-examination." NORTON V. DIMAZANA, 122 F.3d 286, 293 (5th Cir. 1997); ULMER V. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982); And TABRAN V. GRACE, 6 F.3d 147, 155-58 (1993).

The Appointment of Counsel is appropriate because plaintiff presented colorable claim and is illequipped to represent himself because he suffers from depression and Paranoid disorder. Citing, HAMILTON V. LEAVY, 117 F.3d 742, 749 (3d Cir. 1997). The indigent plaintiff has demostrated reasonable attempts to secure Counsel on his own as a prerequisite to the Court's Consideration of a § 1915 (e)(1) motion, see, JACKSON V. County OF MCLEAN, 953 F.2d 1070, 1073 (7th Cir. 1992). Even, Court's Automatic denial of inmates' request for Appointment of Counsel ground that case had not survived motion to dismiss was Abuse of discretion. AYERS V. RYAN, 152 F.3d 77, 83 (2d Cir. 1998).

In the discretion of the Court, A reasonable Attorney's fee may be allowed to the prevailing party for Counsel at any other hearing that is reasonable and necessary for the enforcement of Rights pursuant to a post judgment Procedure that is held on a claim, Conn. Gen. Stat. § 52-400 c, 42 U.S.C. § 1988 (1994) citing EHNSLEY V. ECKENHART, _U.S._ 103 S.Ct 933 (1983).

In Addition, Appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional Counsel usually provided by the states for the defendants. Citing WRIGHT V. DALLAS COUNTY SHERIFF'S Dept. 660 F.2d (1981), quoting Knighton V. WATKINS, 616 F.2d 759 (5th Cir. 1980); And STRINGER V. ROWE, 616 F.2d 993, 1001 (1980). The plaintiff demonstration that defendants Acted under color of law when deprived him of federal Rights established Prima facie case under §1983. Citing BERG V. COUNTY ALLEGHENY, 219 F.3d 261 (2000).

In this case, plaintiff pro se has demostrated exceptional Circumstances to Appoint Counsel. That defendants Acted under color of law to make Prima facie case. The Obstruction of Access to Court, lack of legal materials, NO law school education And As A Spanish speaking person the legal issues are to complex to litigate himself Nor does the Dept. of Corrections provides Adequate law library Containing upto date materials for shephendicing this case. which wilfull denial of Appointment of Counsel prejudice the pro se plaintiff.

## Conclusion

Wherefore, the Court should Grant Summary Judgment to plaintiff for Appointment of Pro Bono Counsel.

4 of 5

RESPECTFULLY SUBMITTED,

_____
Luis Fernandez   Pro se
1153 East St. South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorneys' on this 23 day of Sept., 2004.

Attorney David W. Colwick,
Howd & Ludorf,
65 Wethersfield Ave.,
Hartford, CT 06114

_____
Luis Fernandez
Pro se