

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

V.

PRISONER
CASE NO. 3:02CV2090 (JBA) (JGM)

CHIEF P. ROBERT PAQUETTE, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court are the defendants' motions for leave to take the deposition of the plaintiff and for extension of time and the plaintiff's motions for extension of time and for modification of scheduling order. For the reasons set forth below, the motion for leave to depose the plaintiff is granted and the motions for extension of time and for modification of scheduling order are denied as moot.

The defendants seek leave to take the deposition of the plaintiff within sixty days of the granting of the motion. The plaintiff objects to the motion because he claims the defendants' deposition of him will not adequately reflect the nature of his case. The plaintiff's objection is overruled. The motion for leave to take the deposition of the plaintiff is granted.

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1.  Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed on or before January 31, 2004. Discovery requests need not be filed with the court.

2.    All motions for summary judgment shall be
      filed on or before March 1, 2004.

3.    Pursuant to Local Civil Rule 7(a), a non-
      moving party must respond to a dispositive
      motion within 21 days of the date the motion
      was filed.  If no response is filed, or the
      response is not timely, the dispositive
      motion can be granted absent objection.

In view of the amended scheduling order, the plaintiff's

motions for extension of time and for modification of scheduling

order and defendants' motions for extension of time to respond to

discovery requests are denied as moot.

### Conclusion

The defendants' Motion for Leave to Take the Deposition of

the Plaintiff [doc. # 36] is GRANTED.  The plaintiff's Objection

[doc. # 42] is OVERRULED.  The plaintiff's Motion for Extension

of Time [doc. # 43] and Motion for Modification of Scheduling

Order [doc. # 37] and the Defendants' Motions for Extension of

Time [docs. ## 38, 39] are DENIED as moot.

SO ORDERED at New Haven, Connecticut, this ___ day of

December, 2003.

                                    _____
                                          Joan G. Margolis
                                    United States Magistrate Judge

Ex 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

V.

CHIEF ROBERT PAQUETTE, et al

:     PRISONER
:     CASE NO. 3:02 CV 2090
:
:
:     JANUARY 27, 2004

## PROOF OF SERVICE

LUIS. FERNANDEZ, states under the penalty of perjury that he mailed a copy of the MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL, & BRIEF IN SUPPORT OF MOTION TO COMPEL to defendants Counsel ERIC D. EDDY, HOWD & LUDORF, 65 Wethersfiled Ave., Hartford, CT 06114., by placing them in an envelope and placed them in the main hall mailbox at the M.W.C.I., Suffield, CT., on January 27, 2004.

LUIS FERNANDEZ
ID. 279900
M.W.C.I
1153 EAST SOUTH St,
SUFFIELD, CT 06080

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Luis Fernandez                    :          PRISONER
                                             CASE NO. 3:02CV2090
V.                                :

CHIEF Robert PAquette, et al :    January 27, 2004

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Luis Fernandez, pursuant to Rule 34 (b) and 37 (A), F.R.C.P. Moves this Court for an Order compelling the defendants to Produce for inspection and copying the documents requested on Nov. 19, 2003.

DATE: January 27, 2004

_____
Luis Fernandez
ID. 279900
M.W.C.I.
1153 East South St,
Suffield, CT 06080

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez                    :              PRISONER
                                                  Case No. 3:02CV2090
V.                                :

Chief Robert Paquette, et al      :              January 27, 2004

## AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

Luis Fernandez, being duly sworn, deposes and says:

1) I am the plaintiff in this case. I make this Affidavit in support of my Motion to Compel Discovery.

2) On Nov. 19, 2003, I the plaintiff filed a request for production of documents pursuant to Rule 34, F.R.C.P. see Exhibit "A" (MOTION FOR ENLARGEMENT OF TIME with REQUEST FOR PRODUCTION OF DOCUMENTS dated Nov. 19, 2003).

3) Defendants Counsel on Dec. 4, 2003 filed the MOTION FOR ENLARGEMENT OF TIME herein Attached and marked As Exhibit "A" with Plaintiff Request for Production of documents whereon Dec. 1, 2003 the Court ordered denied As moot defendants MOTION for EXTENSION of time to Respond to discovery see [doc ## 38, 39].

4) Plaintiff has Attempted without success to persuade the defendants to turn over the requested materials without Resorting to a Motion to Compel. see Exhibit "B" (Plaintiff letter to defendants counsel on date January 14, 2004).

Wherefore, the plaintiff request that the Court Grants this MOTION IN All RESPECTS.


The Plaintiff

_____
Luis Fernandez
ID. 279900
M. W. C. I.
1153 East south st.
Suffield, CT 06080

Sworn to the best of Knowleged and Ability this 27 day of January, 2004.


_____
Luis Fernandez
ID. 279900
M. W. C. I.
1153 East south st.
Suffield, CT 06080

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

V.

Chief Robert Paquette, et al.

:          PRISONER
         CASE. NO. 3:02CV2090

:

:          January 27, 2004

## BRIEF IN SUPPORT OF MOTION TO COMPEL

## STATEMENT OF THE CASE

This is a § 1983 action filed by a prisoner while at CHESHIRE D.O.C., CHESHIRE, seeking damages, a declaratory judgment, and injunctive relief based on an arrest without a warrant, no probable cause for an arrest, unreasonable search and seizures, violations of Conn. Gen. Stat. § 54-36h, 18 U.S.C. § 3109, Rule 41 (d) and Fed. R. Crim. P. 4 (a). This motion seeks to compel answers to plaintiff's request for production of documents pursuant to Rule 37, F.R.C.P.

## STATEMENT OF FACTS

On Nov. 19, 2003, the plaintiff filed a request for production of documents pursuant to Rule 34, F.R.C.P.

As set forth in the plaintiff's Affidavit, the defendant As of yet have not complyed or answered the Request for Production of documents since the Courts ordered [doc #,# 38,39] on Dec. 1, 2003.

## ARGUMENT

I- THE REQUESTED DISCOVERY is relevant to the subject matter of the lawsuit.

Rule 26 (b)(1), F.R.C.P. provides that a party " may obtain discovery regarding any matter, not privilged, which is relevant of the subject matter involved in the pending Action.... " Each item in plaintiff's Request is relevant to the subject matter of the lawsuit.

Item 1, for any and all Complaints or Misconduct reports received by the defendants or their agents within the past 2 years from January, 2000 concerning illegal Arrest, Abuse of Authority, Excessive force, and other Against any Citizen of the U.S. or other person within the Danbury City, Connecticut, is relevant to the Allegation in the Complaint of Arrest without a warrant or probable Cause and At Gun Point, that defendant Chief Robert Paquette knew of or should have known of his subordinates History of Misconduct which he made no Action to Correct were is necessary to establish Chief Robert personal Liability

under § 1983. SEE, <u>WRight</u> V. <u>McMann</u>, 460 F.2d 126, 134-35 (2d Cir. 1972).

Item 2, for Any and All policies concerning illegal Arrests, Abuse of Authority, excessive force while or off duty which a police officer, Detective has to Refrain from, is Relevant to the Allegations in the Complaint of Police, Detecive Policies were defendants ignored and abandoned the subject to liability for damages under § 1983 for the unconstitutional Acts even the use of excessive force can give Rise to Claim under § 1983. SEE, <u>BASS</u> V. <u>Robinson</u>, 167 F.3d 1041 (6th Cir. 1999).

Item 3, for Any and All Court decisions or consent decree Against defendants or their Agents concerning illegal Arrests, Abuse of Authority, excessive force against any Citizen of the U.S. or other person within the Danbury City, Connecticut, is Relevant considering the facts that defendants Acting are under Color of Law had A history of breaking the law are liable under § 1983 for damages.

Item 4, Any and All warrant (s) dated 1/6/00 or copies of same, Relating to Case docket NO. CROO-0108162-S, Incident Report #00-297, is Relevant to the Allegation in the Complaint of Arrest without A warrant even fact that A person is in the Compan

of PERSON for whom A WARRANT has been issued does
NOT Constitute Probable CAuse for SeARch of that
Person.

Item 5, Copy of Any Records of Police Officers
relating to WARRANT(s) dated 1/6/00, CAse docket
NO. CR00-0108162-S, Incident Report #00-297, is
relevant to the Allegations in the Complaint of
unreasonable and thus unconstitutional an officer's
unannounced entry and unreasonable searches and
seizures without a secured WARRANT before
Conducting SeARch. MARYLAND v. DYSON, ___ u.s. ___, ___ Led
2d ___, 119 S.Ct. 2013 (1999).

Item 6, Any and All policies, Concerning Access to or
possession of Confiscating property relating to U.S.
Citizen or other person within the DAnbury City Arrest(s)
or illegal Arrest, is relevant to the Allegations in
the Complaint of illegal seized property were the
PlAintiff bringing a civil Rights Claim § 1983 MAy
be Compensated for property harms. FERRILL v.
PARKER GROUP, INC., 168 F.3d 468 (1999).

Item 7, Any and All books, tangible objects, paper's,
photographs, or documents within the possession,
Custody or control of Any of the defendants which is
MAterial As preparation to the plaintiff or which were
obtain from, or purportedly belong to the plaintiff on

1/7/00 Arrest the date For WARRANT(s) dated 1/6/00 was executed, is Relevant to the Allegation in the Complaint were seizure was not conducted pursuant to Arrest warrant. MILLER V. KENNEBEC COUNTY, 219 F.3d 8 (2000).

Item 8, Any and All written, Recorded, or oral statements made by the plaintiff or a Co-defendant, before or After WARRANT(s) dated 1/6/00 Execution Arrest on 1/7/00 to Any of the defendants under the direction of, or Cooperation with the defendants Concerning this CASE, is Relevant to the Allegation in the Complaint were the Planting of false evidence by police officer or Detective gives Rose to Civil Rights Liability.

Item 9, Copy's of the plaintiff prior Criminal Record before CASE docket No. CR00-0108162-S, if any which Are within the possession, Custody, or Control of the defendants, the Existence of which is Known, or by Exercise of due diligence may become Known, to the defendants, is Relevant to the Allegation in the Complaint were defendants took the Plaintiff into Custody solely to ASCERTAIN his identity Are not entitled to immunity when knowing of or Knew of it was illegal.

Item 10, Any and All statute, Rule or CASE law the defendants relied upon in believing the WARRANT

dated 1/6/00 executed on 1/7/00 which was use to arrest the plaintiff considered to be lawful, is relevant to the allegation in the complaint were the defendants without a warrant unreasonable searches and seized the plaintiff and the warrant had secured another person to arrest other than the plaintiff which makes defendants liable under §1983.

## II. DEFENDANTS' HAVE NOT PROVIDED A RESPONSE

Defendants have not provided any response to the plaintiff's request. However, they have not provided any factual support for an objection to this request even when discovery is burdensome does not present an issue unless specific reasons are shown. LEUMI FINANCIAL CORP. V. HARTFORD ACCIDENT AND INDEMNITY CO, 295 F. Supp. 539, 544 (S.D.N.Y 1969. The discovery sought is obviously not burdensome in any case. It consist only of documents relevant to the plaintiff claims, policies and use of daily operation of the Police Department policie according to laws and complaints defendants have received about certain specified practices. Even if requested discovery were burdensome, it would be required if relevant to the case. KING V. GEORGIA POWER CO., 50 F.R.D. 134 (N.D. GA. 1970) The relevance of the items sought is demostrated in ARGUMENT I, Supra.

## Conclusion

WHEREFORE, the Court should grant plaintiff's Motion to Compel discovery.


RESPECTFULLY SUBMITTED,

Luis Fernandez
ID. 279900
M. W. C. I.
1153 East Street South,
Suffield, CT 06080

CHESHIRE Correctional Ins

From: Luis Fernandez
        ID 279900
        The Mansfeld Phase

                                                        900 H. hil Ave
                                                        Cheshire, Cn 06410

                                                        Cheshire, Ny 06410

TO: Attorney ERIC P Eddy
        CT 25242
        Houd & Ludoot
        65 westhersfield ave.
        Hartland, CT 06101

RE: Civil Complaint Docket No 3 concearns (sedition)
        REQUEST FOR PRODUCTIONS OF DOCUMENTS date within

Dear Attorney MR Eddy,

The time to respond to the REQUEST FOR PRODUCTION OF
DOCUMENTS date 11/9/03 has passed and if defendants or
their counsel are in denial to comply with this Discovery
Request the plaintiff might consider filing a Motion to Compel

Wherefore, in good faith after receiving this letter and in
hope that counsel would at least deem to comply with a
Rule of Federal Civil Procedures Requests for the
response of the REQUEST for Production of documents
date 11/9/03 within 2 days.

RESPECTFULLY SUBMITTED

Luis Fernandez
ID 279100
O.C.I.
900 Highland Ave

CC/file