

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                           :        PRISONER
                                         :        NO.: 3:02CV2090 (JBA)(JGM)
v.                                       :
                                         :
CHIEF ROBERT PAQUETTE, ET AL    :        FEBRUARY 10, 2004

### OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The undersigned defendants hereby object to the plaintiff's motion to compel production of documents in accordance with his production request, dated November 19, 2003. (See Motion to Compel attached as **Exhibit A**). The plaintiff's motion is dated January 27, 2004. The defendants responded to the plaintiff's production requests on January 22, 2004. The defendants did not receive notice that the plaintiff was transferred to his current address as an inmate at the McDougall-Walker Correctional Institution until January 26, 2004, some four days after they had filed their responses. (See plaintiff's Notice of Change of Address attached as **Exhibit B**). Said discovery responses were mailed to the plaintiff at his former address as an inmate at the Connecticut Correctional Institution, 900 Highland Avenue, Cheshire, CT. Furthermore, the defendants have mailed an additional copy of their responses to the plaintiff at his new address, upon this same date, February 10, 2004. The defendants ask that the Court sustain their objection as they have complied with the plaintiff's discovery and therefore there is no basis for the plaintiff's motion to compel.

ORAL ARGUMENT IS NOT REQUESTED

Moreover, the plaintiff argues in the accompanying memorandum of law to his motion to compel, that his production requests are relevant to a claim of "excessive force". The defendants moved for summary judgment on all claims in the plaintiff's complaint on January 26, 2004. The plaintiff's complaint contains multiple claims, including §1983 cause of action for violation of his 4th Amendment right to a reasonable arrest based on probable cause, violation of his corresponding rights under the Connecticut state constitution, as well as additional claims brought under the 1st, 5th, 6th, 8th, 9th, 13th and 14th Amendments to the U.S. Constitution and under Title VII. The plaintiff's complaint does not allege an "excessive force" claim, nor does it set forth any allegations in support of such a claim.

WHEREFORE, the defendants ask that the Court sustain their objection.

> DEFENDANTS,
> CHIEF ROBERT PAQUETTE,
> DETECTIVE SGT. FISHER,
> DETECTIVE RAMOS,
> DETECTIVE JOHN MERULLO,
> DETECTIVE JOHN KRUPINSKY,
> DETECTIVE MARK TROHALIS,
> OFFICER KARL MURPHY
> OFFICER SELNER and
> OFFICER RIOLO
>
> By _____
> Eric D. Eddy
> ct25242
> Howd & Ludorf
> 65 Wethersfield Avenue
> Hartford, CT 06114
> (860) 249-1361
> (860) 249-7665 (Fax)
> E-Mail: eeddy@hl-law.com

2

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 10th day of February, 2004.

Mr. Luis Fernandez
Inmate Number 279900
MacDougall-Walker
  Correctional Institution
1153 East Street, South
Suffield, CT 06080

_____
Eric D. Eddy

RECEIVED
FEB 05 2004
BY:........................

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

V.

CHIEF ROBERT PAQUETTE, et al

: PRISONER
: CASE NO. 3:02CV2090
:
:
: JANUARY 27, 2004

## PROOF OF SERVICE

LUIS. FERNANDEZ, states under the penalty of perjury that he mailed a copy of the MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL, & BRIEF IN SUPPORT OF MOTION TO COMPEL to defendants Counsel ERIC D. EDDY, HOWD & LUDORF, 65 Wethersfiled AVE., HARTFORD, CT 06114., by placing them in an envelope and placed them in the MAIN HALL MAILBOX at the M.W.C.I, Suffield, CT., on JANUARY 27, 2004.

LUIS FERNANDEZ
ID. 279200
M.W.C.I
1153 EAST South St,
Suffield, CT 06080

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Luis Fernandez                              :                    PRISONER
                                                                 CASE NO. 3:02CV2090
V.                                          :

CHIEF Robert PAquette, et al :          JANUARY 27, 2004

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Luis Fernandez, pursuant to Rule 34 (b) and 37 (A), F.R.C.P. Moves this Court for an Order Compelling the defendants to Produce for inspection And copying the documents requested on Nov. 19, 2003.

DATE: JANUARY 27, 2004

Luis Fernandez
ID. 279900
M. W. C. I.
1153 East South St,
Suffield, CT 06080

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez            :            PRISONER
                                       Case No. 3:02CV2090
V.                        :

Chief Robert Paquette, et al  :        January 27, 2004

## AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

Luis Fernandez, being duly sworn, deposes and says:

1) I am the plaintiff in this Case. I make this Affidavit in Support of My Motion to Compel Discovery.

2) On Nov. 19, 2003, I the plaintiff filed a request for production of documents pursuant to Rule 34, F.R.C.P. See Exhibit "A" (Motion for Enlargement of Time with Request for Production of Documents dated Nov. 19, 2003).

3) Defendants Counsel on Dec. 4, 2003 filed the Motion for Enlargement of Time herein Attached and Marked As Exhibit "A" with Plaintiff Request for Production of documents whereon Dec. 1, 2003 the Court ordered denied As Moot defendants Motion for Extension of time to Respond to discovery see [doc ## 38, 39].

4) Plaintiff has Attempted without success to persuade the defendants to turn over the requested materials without Resorting to a Motion to Compel. See Exhibit "B" (Plaintiff letter to defendants Counsel on date January 14, 2004).

Wherefore, the plaintiff request that the Court Grants this MOTION in All RESPECTS.

The Plaintiff

Luis Fernandez
ID. 279900
M. W. C. I.
1153 East South St.
Suffield, CT 06080

Sworn to the best of Knowleged and Ability this 27 day of January, 2004.

Luis Fernandez
ID. 279900
M. W. C. I.
1153 East South St.
Suffield, CT 06080



Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                          :        PRISONER
                                        :        NO.: 3:02CV2090 (JBA)(JGM)
v.                                      :
                                        :
                                        :
CHIEF ROBERT PAQUETTE, ET AL            :        DECEMBER 4, 2003

## MOTION FOR ENLARGEMENT OF TIME

Pursuant to Local Rule 9(b), the defendants, Chief Robert Paquette, Detective
Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky,
Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo, hereby
move the Court for an enlargement of time of thirty-eight (38) days, up to and including
January 26, 2004, in which to answer, object or otherwise respond to plaintiff's
Request for Production of Documents dated November 19, 2003, which was
postmarked on November 26, 2003, and received by the defendants on
December 1, 2003.  The requested additional time takes into account the discrepancy
in time between the date of certification, the mailing postmark and the date of receipt,
and will be necessary to coordinate the information required to prepare an appropriate
response.

It is the business custom of Howd & Ludorf to date-stamp all incoming mail.
Counsel for the defendants did not receive Plaintiff's Request for Production of
Documents until December 1, 2003.  Attached is a copy of the date-stamped Request
for Production of Documents which is dated November 19, 2003 but certified by the

ORAL ARGUMENT IS NOT REQUESTED

plaintiff that he mailed his document on November 17, 2003. Also attached is a copy of the envelope postmarked on November 26, 2003. The defendants are concerned with the discrepancy between the date that the plaintiff certified his pleading and the date upon which the pleading was received. The defendants understand there may be administrative difficulties with the mail system at the plaintiff's prison, and that such administrative difficulties may cause a delay in the receipt of mail. However, a fourteen-day interval is a sizeable delay and compromises the defendants' ability to respond to the request in a timely manner.

The plaintiff in this matter is representing himself in a pro se capacity and is presently serving a twenty-eight (28) year sentence at the Connecticut Correctional Institution in Cheshire. Communication with the pro se plaintiff may only be made through his prison counselor. The prison counselor may only be reached through a phone number. The prisoner/plaintiff is therefore not easily accessible by telephone. The defendants contacted Mr. Fernandez by telephone on December 4, 2003, and Mr. Fernandez has no objection to the present motion. The defendants have not sought any prior enlargements of time to respond to this discovery request.

2

WHEREFORE, the defendants request that their Motion for Enlargement of Time, up to and including January 26, 2004, be granted.

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO

By_____
Eric D. Eddy
ct25242
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: eeddy@hl-law.com

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 4th day of December, 2003.

Luis Fernandez
Inmate Number 279900
Connecticut Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

Eric D. Eddy

4

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


RECEIVED
DEC 01 2003
BY: 308

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| VS | : | NO:3:02CV2090(JBA)(JGM) |
| CHIEF ROBERT PAQUETTE,ET AL | : | NOVBEMBER 19,2003 |
| | : | |

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, pursuant to Rule 34, F.R.C.P.,requests that the defendants respond within 30 days by either allowing plaintiff to inspect and copy or by providing plaintiff with a copy of the following documents.[attach page if necessary to a request].

1. Any and all complaints or misconduct reports received by the defendants or their agents within the past 2 years from January,2000 concerning illegal arrest, abuse of authority, excessive force, and other against any citizen of the U.S. or other person within the Danbury city,Connecticut.

   ANSWER:

2. Any and all policies concerning illegal arrests abuse of authority, excessive force while or off-duty which a police officer, Detective has to refrain from.

   ANSWER:

3. Any and all court decisions or consent decree entered against defendants or their agents concerning illegal arrests, abuse of authority, excessive force against any citizen of th U.S. or other person within the Danbury city, Connecticut.

   ANSWER:

4. Any and all warrant(s) dated 1/6/00 or copies of same, relating to case docket NO.CR00-0108162-s, Incident Report #00-297.

   ANSWER:

5. A copy of any records of Police Officers relating to warrant(s) dated 1/6/00, case docke NO.CR00-0108162-S, Incident report #00-297.

   ANSWER:

6. Any and all policies, concerning access to or possession of confiscating property relati to U.S. citizen or other person within the Danbury city arrest(s) or illegal arrest(s).

   ANSWER:

7. Any and all books, tangible objects, papers, photographs, or documents within the possession, custody or control of any of the defendants which is material as preparation to the plaintiff or which were obtain from, or purportedly belong to the plaintiff on 1/7/00 arrest the date for warrant(s) dated 1/6/00 was executed.

ANSWER:

8. Any and all written, recorded, or oral statements made by the plaintiff, or a co-defendant, before or after warrant(s) dated 1/6/00 execution arrest on 1/7/00 to any of the defendants under the direction of, or cooperation with the defendants concerning this case.

ANSWER:

9. Copy's of the plaintiff prior criminal record before case docket No.CR00-0108162-S, if any which are within the possession, custody, or control of the defendants, the existence of which is known, or by exercise of due diligence may become known, to the defendants.

ANSWER:

10. Any and all statute, rule or case law the defendants relied upon in believing the warrant dated 1/6/00 executed on 1/7/00 which was use to arrest the plaintiff considered to be lawful.

ANSWER:

THE PLAINTIFF

LUIS FERNANDEZ
ID.279900
CHESHIRE C.I.
900 HIGHLAND AVE.,
CHESHIRE,CT. 06410

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. mail in a legal envelope

to the following defendants Attorney this 17 day of November,2003,

ERIC D. EDDY
HOWD & LUDORF
65 wethersfiled ave.,
Hartford, CT 06114

LUIS FERNANDEZ
THE PLAINTIFF



Happy Holidays

$00.60 service!

0004306704   NOV 26 2003
MAILED FROM ZIP CODE 06410

SOUTHERN CT

Inmate Name FERNANDEZ
Inmate Number 259902
Cheshire Correctional Institution
900 Highland Ave. SKI148
Cheshire, CT 06410

LEGAL MAIL
APPROVED

This correspondence originated
from an inmate at a
Connecticut correctional facility

ERIC D EDDY,
HOWD & LUDORF,
65 wethersfiled ed Ave,
Hanfford, CT 06114

06119-11102

B

Exhibit

CHESHIRE Correctional Ins.

FROM: Luis Fernandez
ID 279900
The Mansfield Phase

900 highland Ave
Cheshire, CT 06410

January 14, 2004

TO: Attorney Eric D Eddy
Ct 25242
Howd & Ludorf
65 wethersfield Ave
Hartford, CT 06114

RE: Civil Complaint Docket No. 3:02cv2070 (SRU)(JGM)
REQUEST FOR PRODUCTION OF DOCUMENTS date 11/9/03

Dear Attorney Mr Eddy,

The time to respond to the REQUEST FOR PRODUCTION OF
DOCUMENTS date 11/9/03 has passed and if defendants or
their counsel are no denial to comply with this Discovery
Request the plaintiff might consider filing a Motion to Compel.

Wherefore, in good faith after receiving this letter and as
hope that counsel would at least denial to comply with a
Rule of Federal Civil Procedure requests for the
Response of the Request for production of document
date 11/9/03 within a days.

RESPECTFULLY SUBMITTED)

Luis Fernandez
ID 279900
C.C.I
900 highland ave.

OO/File

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                          :          PRISONER
                                                   CASE. NO. 3:02CV2090
                                        :
V.
                                        :
Chief Robert Paquette, et.al.                     January 27, 2004

## BRIEF IN SUPPORT OF MOTION TO COMPEL

## STATEMENT OF THE CASE

This is a § 1983 Action filed by a Prisoner while
at CHESHIRE D.O.C., CHESHIRE, seeking damages,
a declaratory Judgment, and injunctive Relief
based on an arrest without a warrant, no probable
cause for an arrest, unreasonable search and seizures,
violations of Conn. Gen. Stat. § 54-36h, 18 U.S.C. §
3109, Rule 41 (d) and Fed. R. Crim. P. 4 (a).
This Motion seeks to compel answers to Plaintiff's
Request for Production of documents pursuant to Rule
37, F.R.C.P.

## STATEMENT OF FACTS

On Nov. 19, 2003, the Plaintiff filed a request for
Production of documents pursuant to Rule 34, F.R.C.P.

As set forth in the plaintiff's Affidavit, the defendant As of yet have not Complyed or Answered the Request for Production of documents since the Courts ordered [doc ## 38, 39] on Dec. 1, 2003.

## ARGUMENT

I- THE REQUESTED DISCOVERY is relevant to the subject Matter of the lawsuit.

Rule 26 (b)(1), F.R.C.P. provides that a party " May Obtain discovery regarding any matter, not priviled, which is relevant of the subject Matter involved in the pending Action . . . . " Each item in plaintiff's Request is relevant to the subject Matter of the lawsuit.

Item 1, for any and All Complaints or Misconduct reports received by the defendants or their Agents within the past 2 years from January, 2000 Concerning illegal Arrest, Abuse of Authority, excessive force, and other Against any Citizen of the U.S. or other person within the Danbury city, Connecticut, is relevant to the Allegation in the Complaint of Arrest without a warrant or probable Cause and at Gun Point, that defendant Chief Robert Paquette Knew of or should have Known of his subordinates History of Misconduct which he made no Action to Correct were is necessary to establish Chief Robert personal Liability

under § 1983. See, WRight v. McMann, 460 F.2d 126, 134-35 (2d Cir. 1972).

Item 2, for any and all policies concerning illegal arrests, Abuse of Authority, excessive force while or off duty which a police officer, Detective has to Refrain from, is Relevant to the Allegations in the Complaint of Police, Detecive Policies were defendants ignored and kbowdeved are subject to liability for damages under § 1983 for the unconstitutional acts even the use of excessive force can give Rise to Claim under § 1983. See, Bass v. Robinson, 167 F.3d 1041 (6th Cir. 1999).

Item 3, for any and all Court decisions or consent decree Against defendants or their Agents Concerning illegal Arrests, Abuse of Authority, excessive force Against any Citizen of the U.S. or other person within the Danbury City, Connecticut, is Relevant Considering the facts that defendants Acting are under Color of Law had a history of breaking the law are liable under § 1983 for damages.

Item 4, Any and all warrant (s) dated 1/6/00 or Copies of same, Relating to Case docket No. CR00-0108162-S, Incident Report # 00-297, is Relevant to the Allegation in the Complaint of Arrest without A warrant even fact that A person is in the Compn

of PERSON for whom a WARRANT has been issued does not constitute Probable Cause for search of that Person.

ITEM 5, Copy of any Records of Police Officers relating to warrant(s) dated 1/6/00, case docket NO. CR00-0108162-S, Incident Report #00-297, is relevant to the Allegation in the Complaint of unreasonable and thus unconstitutional an officer's unannounced entry and unreasonable searches and seizures without a secured warrant before conducting search. MARYLAND V. DYSON, ___ U.S.___,___Led 2d ___, 119 S.Ct. 2013 (1999).

ITEM 6, Any and all policies, concerning Access to or possession of confiscating property relating to U.S. Citizen or other person within the Danbury City Arrest(s) or illegal Arrest, is relevant to the Allegation in the Complaint of illegal seized property were the Plaintiff bringing a civil Rights Claim § 1983 may be compensated for property harms. FERRILL V. PARKER GROUP, INC., 168 F.3d 468 (1999).

ITEM 7, Any and all books, tangible objects, papers, photographs, or documents within the possession, custody or control of any of the defendants which is Material As preparation to the plaintiff or which were obtain from, or purportedly belong to the plaintiff on

1/7/00 Arrest the date for WARRANT(S) dated 1/6/00 was Executed, is relevant to the Allegation in the Complaint were seizure was not conducted pursuant to Arrest warrant. MILLER V. KENNEBEC County, 219 F.3d 8 (2000).

Item 8, Any and All written, Recorded, or oral statements made by the plaintiff or a Co-defendant, before or After WARRANT(S) dated 1/6/00 Execution Arrest on 1/7/00 to Any of the defendants under the direction of, or cooperation with the defendants concerning this case, is relevant to the Allegation in the Complaint were the Planting of false evidence by police officer or Detective gives Rise to civil Rights liability.

Item 9, Copy's of the plaintiff prior criminal Record before case docket NO. CR00- 0108162-S, if Any which Are within the possession, custody, or control of the defendants, the Existence of which is Known, or by Exercise of due diligence may become Known, to the defendants, is relevant to the Allegation in the Complaint were defendants took the plaintiff into custody solely to Ascertain his identity Are not entitled to immunity when knowing of or knew of it was illegal!

Item 10, Any and All Statute, Rule or case law the defendants relied upon in believing the warrant

dated 1/6/00 executed on 1/7/00 which was use to arrest the plaintiff considered to be lawful, is relevant to the allegation in the complaint were the defendants without a warrant unreasonable searches and seized the plaintiff and the warrant had secured another person to arrest other than the plaintiff which makes defendants liable under § 1983.

## II.    DEFENDANTS' HAVE NOT PROVIDED A RESPONSE

Defendants have not provided any response to the Plaintiff's request. However, they have not provided any factual support for an objection to this request even when discovery is burdensome does not present an issue unless specific reasons are shown. LEUMi FINANCIAL CORP. v. Hartford Accident, And Indemnity Co., 295 F. Supp. 539, 544 (S.D.N.Y 1969. The discovery sought is obviously not burdensome in any case. It consist only of documents relevant to the plaintiff claims, policies and use of daily operation of the Police Department Police According to laws and complaints defendants have received about certain specified practices. Even if requested discovery were burdensome, it would be required if relevant to the case. King v. Georgia Power Co., 50 F.R.D. 134 (N.D. Ga. 1970. The relevance of the items sought is demostrated in ARGUMENT I, Supra.

## Conclusion

WHEREFORE, the Court should grant plaintiff's Motion to Compel discovery.

RESPECTFULLY SUBMitted,

_____

Luis Fernandez
ID. 279900
M. W. C. I.
1153 East Street South,
Suffield, CT 06080

RECEIVED
JAN 26 2004
BY:

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez                    :        PRISONER
                                           Case No. 3:02cv2090
V.                                :              (JBA)(JGM)

CHIEF ROBERT PAQUETTE, et al :        January 20, 2004

## NOTICE OF CHANGE OF ADDRESS

The plaintiff Notifies that without his consent was transfered from Cheshire Connectional C.I, 900 highland Ave Cheshire, CT 06410 to Now currently M.W.C.1, 1153 East South St, Suffield, CT 06080 on this 20th day of January, 2004.

                              RESPECTFULLY SUB.

                              Luis Fernandez
                              ID. 271900
                              M.W.C.I
                              1153 East south St,
                              Suffield, CT 06080

1 of 2

# CERTIFICATION

I hereby Certify That A Copy of the foregoing has been sent via mail to the following defendant Attorney the 30 day of January, 2004.

ATT   Eric D Eddy
      CT 25242
      Howd B Ludorf
      6os Wetherfield Ave
      Hartford, CT 06114

                              Luis Fernandez
                              ID. 275900

2 of 2

Inmate Name _FERNANDEZ_
Inmate Number _279900_
M. W.C.I.
1153 east Sout-st, SS116
Suffield, CT 06080

For LEGAL MAIL

**APPROVED**
This correspondence originated
from an inmate at a
Connecticut correctional facility

HOWD & LUDORF
ATTORNEY'S AT LAW
65 WETHERSFIELD AVE,
HartFord, CT 06114-1190



MAILED FROM ZIPCODE 06078
JAN 23 2004
000430 6716
02 1A
$ 00.37⁰
UNITED STATES POSTAGE

HARTFORD CT 0
23 JAN
PM 2004