UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez           :   PRISONER
Pro Se                   :   CASE P: 02CV2090
                         :   (JBA)(JGM)
V.                       :
                         :   SEPT. 27, 2004
Chief Robert Paquette, et al :

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SANCTION

The plaintiff Luis Fernandez, pro se holding to "less stringent standards than formal pleadings drafted by lawyers," citing Hughes V. Rowe, 449 U.S. 5 101 S.Ct. 173 (1980), moves pursuant to Rule 37(b) provides sanctions against defendants Chief Robert Paquette, et al for failing to comply with Rule 34, F.R.C.P. obstructing the discovery of uncover facts, documents and relevant information about plaintiff case for presentation to the Court violating plaintiff Pro Se fundamental Right and Const. of the state of Conn. Art. 1 § 20.

## FACTS:

1. The plaintiff Requests for Production of Documents per Rule 34, F.R.C.P. Authorizes a party to Request any other party, "(1) to produce and permit the party making the request, or someone

1 of 5

Acting on his behalf, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody, or control of the party upon whom the request is served..."

2. The Plaintiff stated with reasonable specificity that "Any and all books, tangible objects, papers, photographs, or documents within the possession, custody or control of any of the defendants which is material as preparation to the plaintiff or which were obtain from, or purportedly belong to the plaintiff on 1/7/00 Arrest date for warrant(s) dated 1/6/00 was executed." And general to ensure obtaining information needed. See Attached and Marked Exhibit "1" herein MOTION FOR SANCTION para. 7.

3. The plaintiff did pointed-out to defendants any failure to comply with time limits, Request for Production of Documents before Moving to Compel discovery. See, Attached and Marked Exhibit "3" herein MOTION FOR SANCTION.

4. The plaintiff's discovery Request date NOV. 19, 2003,

2 of 5

of defendants Chief Robert Paquette, et al is relevant to the subject matter involved in the pending litigation were defendants did not disclosed and used in support of their Summary Judgment and Brief IN OPPOSITION TO THE PLAINTIFF Cross-Summary Judgment see Attached and Marked as Exhibits "6" and "7" herein MOTION FOR SANCTION.

## ARGUMENT

1. The defendants Chief Robert Paquette, et al are under the same obligation to respond to discovery requests as the plaintiff prose which violation to Rule 34, F.R.C.P. provides sanctions under Rule 37(b) "[A Court may issue an order] Striking out pleading or parts thereof, or staying further proceeding until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party..." citing PATTERSON V. C.I.T. Corp., 352 F.2d 333 (10th Cir. 1965); NATIONAL HOCKEY LEAGUE V. METROPOLITAN Clubs, Inc., 84 F.D.R. 145 (1979).

2. The defendants intentionally obstructed the plaintiff Request for Production per Rule 34, F.R.C.P. date Nov. 19, 2003 to move for Summary Judgment and opposition to Plaintiff Cross-Summary Judgment relying on information sought by the plaintiff

bearing upon the subject matter of the action, citing, LA Chemise Lacoste v. Alligator Co. Inc., 60 F.R.D. 164, 171 (D. Del 1973) were the absence of documents not disclosed to the plaintiff in discovery request is the very injustice of this case that hampered equal opportunity for discovery in violation of fourteenth Amend. U.S.C., citing Costlow v. United States, id. At 564.

The Supreme Court, in Oppenheimer Fund, Inc. v. Sanders, construed in this phrase "broadly to encompass any matter that bears an, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." id At 351 which plaintiff pro se Request for Production of Documents permitted see Attached and Marked as Exhibit "1" herein MOTION FOR SANCTION.

Conclusion

For the foregoing reasons, the plaintiff pro se respectfully request pursuant Rule 37(b) provides Sanctions, citing Patterson v. C.I.T. Corp., 352 F.2d 333 (10th Cir. 1965); In Re Anthracite Coal Antitrust Litigation, 82 F.R.D. 364 (M.D. Pa. 1979); National Hockey League v. Metropolitan Clubs, Inc., 84 F.D.R. 145 (1979); 55 Journal of Urban Law, 983 (1978); And Jones v. Louisiana State Bar Ass'n, 602 F.2d 94 (5th Cir. 1979), to issue an order against the disobedient defendants.

RESPECTFULLY SUBMITTED,

_____
Luis Fernandez Pro se
M.C.I.
1153 east Street South,
Suffield, CT 06080

## CERTIFICATION

I hereby Certify that a copy of the foregoing was sent, via U.S. Mail to the following defendants Attorneys on this 27 day of Sept., 2004.

Attorney David W. Colwick,
Howd & Ludorf,
65 Wethersfield Ave.,
Hartford, CT 06114

_____
Luis Fernandez
Pro se

5 of 5