UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez
Pro Se

FILED
2004 OCT 15 P 3:36
U.S. DISTRICT COURT

PRISONER
Case: 3:02CV2090
(JBA)(JGM)

V.

Chief Robert Paquette, et al

Sept. 27, 2004

## PLAINTIFF'S MOTION FOR CLERICAL ERROR'S IN JUDGMENTS, ORDERS OR OTHER PARTS OF THE RECORD

The plaintiff pro se holding to "less stringent standards than formal pleading drafted by lawyers", citing, Hughes V. Rowe, 449 U.S. 5, 101 S.Ct. 173 (1980), Moves pursuant Rule 60, F.R.C.P., Permits a Judgment or order to be corrected or vacated under certain circumstances were in this case. After the plaintiff received on the 4th week of Sept. 2004, the Ruling on pending Motions filed Sept. 3, 2004 so ordered in N.H., Conn. this 2nd day of Sept. 2004 by U.S. Magistrate Judge Joan G. Margolis Attached and marked as Exhibit "A" herein Which Judgment or order on Motion For Appointment of Counsel [doc.#67], Motion For Respond & Objection To Defendants Answer & Affirmative Defense [doc.#26] and record on pending Motions to be corrected or vacated under the certain

1 of 2

circumstances presented in Affidavit and brief accompany of this plaintiff Motion Attached.

RESPECTFULLY SUBMITTED,

Luis Fernandez #279900
M.C.I.
1153 east St. South,
Suffield, CT 06080

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail to the following defendants Attorneys this 27 day of Sept. 2004.

Attorney David W. Colwick,
Howd & Ludorf,
65 Wethersfield Ave.,
Hartford, CT 06114

C.C.

Luis Fernandez
Pro Se

2 of 2



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
SEP 3  9 16 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

LUIS FERNANDEZ

v.

CHIEF ROBERT PAQUETTE, et al.

Case No.   PRISONER
3:02CV2090 (JBA) (JGM)

## RULING ON PENDING MOTIONS

Pending are two requests for permission to file overlong brief, a motion for appointment of counsel and a motion in opposition to defendants' answer and affirmative defenses filed by the plaintiff and a motion for extension of time filed by the defendants. The court will address the defendants' motion first.

I.   Motion for Extension of Time [doc. # 73]

The defendants seek an extension of time until April 22, 2004, to respond to the plaintiff's cross-motion for summary judgment. The motion is granted nunc pro tunc over the plaintiff's objection.

II.   Motions to File Overlong Briefs [docs. ## 68, 94]

The plaintiff seeks leave to file an overlong brief in reply to defendants' memorandum in opposition to his cross-motion for summary judgment and to file an overlong brief in support of his cross-motion for summary judgment. The motions are granted absent objection.

III.  <u>Motion for Appointment of Counsel [doc. # 67]</u>

Pending before this court is plaintiff's renewed motion for appointment of counsel. In deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert. denied</u>, 502 U.S. 996 (1991). Once the claim meets this test, the court should then consider other reasons why appointment of counsel would be warranted. <u>Id.</u> In <u>Cooper v. Sargenti</u>, 877 F.2d 170, 173-74 (2d Cir. 1989), the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." <u>Cooper</u>, 877 F.2d at 171.

The plaintiff contends that the court should consider appointing him counsel because he is unable to present his case due to lack of access to legal materials and other jailhouse lawyers. He states that he is a Spanish speaking person and has no law school education.

The existing record reflects that despite these alleged deficiencies, the plaintiff has filed a cross-motion for summary judgment, an affidavit, one memorandum in opposition to the defendants' motion for summary judgment, two memorandums in support of his cross-motion for summary judgment, one of which is sixty-four pages in length and the other is fifty-one pages in length, and multiple exhibits in support of and in opposition to the motions for summary judgment. The plaintiff does not indicate how <u>pro bono</u> counsel would further assist him in responding to defendants' motion

judgment or supplementing his own motion for summary judgment. Accordingly, the plaintiff's renewed motion for appointment of counsel is denied without prejudice. If any, of the plaintiff's claims survive the court's ruling on the cross-motions for summary judgment, the court will consider appointing an attorney to represent the plaintiff at trial.

IV.   "Motion for Respond & Objection To Defendants Answer & Affirmative Defense" [doc. # 26]

The plaintiff seeks to have the court admit the exhibits attached to his complaint as "full exhibits" because the defendants did not reply to them in their answer. The defendants are not required to respond to exhibits attached to a complaint. The defendants have filed their answer in response to the claims raised in the body of the complaint. The plaintiff also objects the defendants' affirmative defense of qualified immunity and seeks to strike that defense from the answer.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." Schramm v. Kirschell, 84 F.R.D. 294, 299 (D. Conn. 1979). See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("courts should not tamper with the pleadings unless there is a strong reason for so doing"); Velez v. Lisi, 164 F.R.D. 165, 166 (S.D.N.Y. 1995) ("A motion to strike is an extraordinary remedy which will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."). See, e.g., Velez v. Lisi, 164 F.R.D. at 167 (allegations of perjury and criminal misconduct not

stricken from employee's section 1983 claim); <u>Urashka v. Griffin Hospital</u>, 841 F. Supp. 468, 476-77 (D. Conn. 1994) (allegations of sexist remarks stricken from age discrimination claim but allegation of comments regarding sexuality of younger women not stricken).

In addition, courts are reluctant to strike an affirmative defense unless the plaintiff demonstrates how prejudice would result if the defense were not stricken. 2A Moore's Federal Practice, ¶ 12.21[2], [3] (2d ed. 1995) (citing cases). Furthermore, a motion to strike an affirmative defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear. <u>See</u> also <u>S.E.C. v. Electronics Warehouse, Inc.</u>, 689 F. Supp. 53, 57 (D. Conn. 1988) ("A defense may be stricken only when it presents no substantial questions of law or fact and is insufficient as a matter of law"), <u>aff'd sub nom.</u>, <u>S.E.C. v. Calvo</u>, 891 F.2d 457 (2d Cir. 1989), <u>cert. denied</u>, 996 U.S. 942 (1990).

In their second affirmative defense, the defendants state that they are entitled to qualified immunity. The plaintiff has not demonstrated how he will be prejudiced if this affirmative defense is not stricken. Furthermore, this defense is sufficient as a matter of law. Thus, the plaintiff's motion to strike the qualified immunity defense set forth in the defendants' answer to the complaint is denied.

## Conclusion

The defendants' Motion for Extension of Time [doc. # 73] to file a response to plaintiff's cross-motion for summary judgment is GRANTED <u>nunc pro tunc</u> over plaintiff's objection. The plaintiff's Motions for Leave to File Overlong Briefs [docs. ## 68, 94] are GRANTED. The Clerk is directed to docket the briefs attached to the

motions. The plaintiff's renewed Motion for Appointment of Counsel [doc. # 67] is DENIED without prejudice to renewal if the case proceeds to trial. The "Motion for Respond & Objection To Defendants Answer & Affirmative Defense" [doc. # 26] is DENIED.

      SO ORDERED in New Haven, Connecticut, this 2nd day of September, 2004.

                                        Joan G. Margolis
                                        United States Magistrate Judge