UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez
Pro se

FILED
2004 OCT 15 P 3:36
U.S. DIST. COURT

PRISONER
Case 3:02 CV 2090
(JBA)(JGM)

V.

Chief Robert Paquette, et Al

Sept. 27, 2004

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CLERICAL ERROR'S IN JUDGMENTS ORDERS OR OTHER PARTS OF THE RECORD

The plaintiff pro se holding to "less stringent standards than formal pleading drafted by lawyers," citing, Hughes V. Rowe, 449 U.S. 5, 101 S.Ct 173 (1980), moves pursuant Rule 60, F.R.C.P. permits a judgment or oder to be corrected or vacated under certain circumstances were in this case after the plaintiff received on the 4th week of sept 2004, the ruling on pending motions filed sept. 3, 2004 so ordered in N.H. Conn. this 2nd day of Sept. 2004, by U.S. Magistrate Judge Joan G. Margolos Attached and Marked as exhibit "A" In plaintiff motion which judgment or order on motion for appointment of counsel [doc. #67], MOTION FOR RESPOND & OBJECTION TO DEFENDANTS' ANSWER & Affirmative Defense [doc. #26] and record on pending motions to be

1 of 6

Corrected or vacated under the certain circumstances. (see, also Affidavit accompany of Plaintiff Motion with Exhibits).

## SUPPORTING FACTS:

1) This honorable Court is aware of the plaintiff presentation of exceptional circumstances for Appointment of Pro Bono Counsel were in discretion the Court may award reasonable Attorney's fees at any other hearing that is reasonable and necessary for the enforcement of Rights pursuant to a Post Judgment procedure that is held on a claim such as in the Summary Judgment proceedings which is present at this time. Conn. Gen. Stat § 52-400c, citing EHNSLEY V. ECKENHART, _ U.S. _ 103 S.Ct. 933 (1983). (See plaintiff Affidavit IN support para 2, 3, 4 & 5.)

2) The Court must accept as true the clear, factual Allegation of the plaintiff pro se Complaint, citing CRUZ V. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079 (1972), cited in Hughes V. Rowe, supra note 37, at 176; JAMIESON V. Robinson, 641 F.2d 138, 141 (3d Cir. 1981), while having Jurisdiction under 42 U.S.C. § 1983 "Every person who, under color of any statute, ordinance, Regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

Any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunites, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia," 28 U.S.C. § 1343 (3) "To redress the deprivation, under color of any state law, statute, ordinance, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States," Article First § 10, "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay," Article First § 20 "No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry, natural origin, sex or physical or mental disability," for a variety of statutory and Constitutional violation under both state and federal law which defendants do not contest or deny this honorable Court jurisdiction over plaintiff pro se claims. Citing,

ANTINERELLA V. RIOUX, 229 Conn. 479, 487-88, 642 A.2d 699 (1994); DOES V. HEINTZ, 204 Conn. 17, 31, 526 A.2d 1318 (1987); DUGUAY V. HOPKINS, 191 Conn. 222, 464 A.2d 45, (1983). (see plaintiff Affidavit IN support para 6.).

3) This honorable Court in this case in which it is Alleged that the defendants Are proceeding under An unconstitutional statute or in excess of their statutory Authority, the interest in the protection of the plaintiff pro se right to be free from the consequences of such Action outweighs the interest served by the sovereign immunity doctrine. Moreover, the defendants Cannot justifiably Claim" they Are entitled to qualified immunity"; when the Acts Complained of Are unconstitutional or unauthorized by statute, citing HORTON V. MESKILL, 172 Conn. At 624-25, quoting Block, "Suits Against Gov. Officers And the Sovereign Immunity Doctrine" 59 HARV. L. Rev. 1060, 1080, And whether plaintiff pro se is Able to prove Any or All of the Allegations set out in the Complaint with Exhibits Must, of course, Await trial, should this Case proceed to trial. (see plaintiff Affidavit IN support para. 7).

## ARGUMENT

Therefore, the plaintiff pro se, not being represented

by Cowsel, Presents the foregoing Circumstances were doc's #67 and #26. Judgment or order to be Corrected or vacated showing of "Mistake" or "Error's" filed on Sept. 3, 2004 and ordered on the 2nd day of Sept. 2004 by U.S. Magistrate Judge Joan G. Margolis.

## Conclusion

For these foregoing Circumstances, the plaintiff pro se Respectfully request pursuant Rule 60, F.R.C.P., IN RE MERRY QUEEN Transfer Corp., 266 F. Supp. 605, 607 (1967); BERSHAD V. McDONOUGH, 469 F.2d 1333 (7th Cir. 1972); KENNIER Corp. V. Crawford Door Sales Co., 49 F.R.D. 3 (1970); MARSHELL V. MONROE & SONS, INC. 615 F.2d 1156 (1980), that this Motion For Clerical ERROR's IN Judgments, ORDERS or other Parts of the RECORD be Granted.

NO SIMILAR MOTION has been filed.

The Plaintiff

Luis Fernandez Pro se
M. C I.
1133 east st. south,
Suffield, CT 06080

# CERTIFICATION

I hereby Certify that a Copy of the foregoing has been sent, handling Charges prepaid, via U.S. Mail to the following defendants Attorneys of Record this 27 day of Sept. 2004.

Attorney David W. Colwick,
Howd & Ludorf,
65 Wethersfield Ave.,
Hartford, CT 06114

Luis Fernandez
Pro se