UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Luis Fernandez : PRISONER
Pro se : Case 3: 02 CV2090
: (JBA) (JGM)
V. :
: Sept. 27, 2004
Chief Robert Paquette, et al.

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR CLERICAL ERRORS IN JUDGMENTS, ORDERS OR OTHER PARTS OF THE RECORD)

Luis Fernandez, under the penalty of perjury to the best of knowledge, states:

1. I am the plaintiff pro se in the above-entitled case. I make this affidavit in support of my MOTION FOR Clerical ERRORS IN Judgments, orders or other parts of the record. As for Correcting or vacating Judgment or order on motion for Response & objection to defendants Answer & Affirmative defense [doc. #26] and record on Pending Motions, Counsel.

2. In this case against defendants Robert Paquette, et al I have requested with evidence, exhibits, witness, and defendants own Admissions to Constitutional violation were this honorable Court can determine factual law and merit in the Claims for Appointment of Counsel.

1 of 4

3. This honorable Court has denied my requests for Appointment of Counsel in docs. # # 5, 10, 14, 19, 29, 33 and 67 Approx. 7 times on record.

4. On Approx. July 12, 2004, I received an appearance from Attorney David W. Colwick as Attorney for the defendants Chief Robert Paquette, et al while Attorneys Thomas R. Gerarde have been on record since Appearance dated July 2, 2003, Attorney Eric D. Eddy for defendants since Appearance dated Oct. 16, 2003 and Attorney John J. Radshaw III as for defendants since Appearance dated March 30, 2004, see Attached and Marked as Exhibit "B" herein.

5. Considering the facts presented and such as Exhibit "B" herein Attached and Marked this honorable Court has enough information to Correct or Vacate, or Order pro bono Counsel to the unlettered inmate with an opportunity to obtain representation equally qualified with the professional Counsel of the defendants.

6. Furthermore, I with Exhibits Attached in the Complaint supporting each factual paragraph or Claim objected and object to defendants Allegations in their Answer and Affirmative Defense dated Sept. 19, 2003, which they are implying that "the Complaint fails to state a Claim upon which relief can be

granted, And this honorable Court must accept as true the clear, factual Allegations of the Complaint where this honorable Court made no order, such should be entered in behalf of the pro se party and Correct this clerical error. See MOTION FOR RESPOND & OBJECTION TO DEFENDANTS ANSWER & AFFIRMATIVE DEFENSE date Sept. 24, 2003 Attached And Marked As Exhibit "C" herein with Affidavit.

7. Also, I with exhibits Attached in the Complaint supporting each factual paragraph or claim objected And object to defendants Allegations in their Answer And Affirmative defense dated Sept. 19, 2003 which they are implying that "they are entitled to qualified immunity," when in fact defendants have admitted of Violating Constitutional Rights were unconstitional deprivation of both state and federal is inapplicable to qualified immunity. See, MOTION FOR Respond & OBJECTION TO DEFENDANTS ANSWER & AFFIRMATIVE DEFENSE date Sept. 24, 2003 Attached And Marked As Exhibit "C" herein with Affidavit.

Wherefore, this honorable Court in view of the Clerical errors IN Judgments, orders or other part of the record its Respectfully requested to correct or vacate Judgment or order docs # 26 and # 67.

Ex. B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                          :        PRISONER
                                        :        NO.:  3:02CV2090 (JBA)(JGM)
v.                                      :
                                        :
                                        :
CHIEF ROBERT PAQUETTE, ET AL            :        JULY 7, 2004

## **APPEARANCE**

Please enter the appearance of David W. Colwick, as attorney for the
defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective
John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy,
Officer Selner and Officer Riolo, in addition to the appearances already on file by this
firm.

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO

By
   David W. Colwick
   Ct25443
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  dcolwick@hl-law.com

2

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 7th day of July, 2004.

Mr. Luis Fernandez
Inmate Number 279900
MacDougall-Walker
  Correctional Institution
1153 East Street, South
Suffield, CT 06080

David W. Colwick

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                        :        PRISONER
                                      :        NO.: 3:02CV2090 (JBA)(JGM)
v.                                    :
                                      :
CHIEF ROBERT PAQUETTE, ET AL          :        MARCH 30, 2004

### APPEARANCE

Please enter the appearance of John J. Radshaw, III, as attorney for the defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo, in addition to the appearances already on file by this firm.

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO

By_____
    John J. Radshaw, III
    ct19882
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  jradshaw@hl-law.com

2

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                          :        NO.: 3:02CV2090 (JBA)
                                        :
v.                                      :
                                        :
CHIEF ROBERT PAQUETTE,                  :
DETECTIVE SGT. FISHER,                  :
DETECTIVE RAMOS,                        :
DETECTIVE JOHN MERULLO,                 :
DETECTIVE JOHN KRUPINSKY,               :
DETECTIVE MARK TROHALIS,                :
OFFICER KARL MURPHY,                    :
OFFICER SELNER,                         :
AND OFFICER RIOLO                       :        JULY 2, 2003

## **APPEARANCE**

Please enter the appearance of **Thomas R. Gerarde**, as attorney for the
defendants, **CHIEF ROBERT PAQUETTE, DETECTIVE SGT. FISHER, DETECTIVE
RAMOS, DETECTIVE JOHN MERULLO, DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS, OFFICER KARL MURPHY, OFFICER SELNER,
AND OFFICER RIOLO**, in the above-entitled action.

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER,
AND OFFICER RIOLO

By _____

    Thomas R. Gerarde
    ct05640
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  @hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 2nd day of July, 2003.

Mr. Luis Fernandez
Inmate Number 279900
Connecticut Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

Thomas R. Gerarde

3

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ            :     PRISONER

                                   :     NO.: 3:02CV2090 (JBA)(JGM)

v.                           :

                                     :

CHIEF ROBERT PAQUETTE, ET AL    :     OCTOBER 16, 2003

## APPEARANCE

Please enter the appearance of Eric D. Eddy, as attorney for the defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo, in addition to the appearance already on file by this firm.

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO


By _____
    Eric D. Eddy
    ct25242
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114-1190
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  eeddy@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 16th day of October, 2003.

Luis Fernandez
Inmate Number 279900
Connecticut Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

_____
Eric D. Eddy

3



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez                          PRISONER
                                   CASE : 3:02 CV 2090
V.                                      (JBA)(JGM)

CHIEF Robert Paquette, et al.          SEPT. 24, 2003

MOTION FOR RESPOND & OBJECTION TO DEFENDANT
ANSWER & AFFIRMATIVE DEFENSE

The plaintiff Respectfully Moves this Court pursuant
to Rule 5(d), F.R.C.P. to Admit the Exhibits "A"
threw "E" submitted Attached And MARKED in the Complaint
paragraphs As full Exhibits were defendants on the ANSWER
And Affirmative defense did Not Replied to Any Exhibit
Submitted Attached And MARKED in the Complaint which
EAch exhibit MARKED in the Complaint paragraphs should
be taken As Admitted. Also, plaintiff objection to
defendant ANSWER & Affirmative defense for failure to
RAise A MERitorious defense pursuant to Rule 12(b),
F.R.C.P. SEE Affidavit in Support Attached herein.

I. HISTORY OF CASE

Following the plaintiff Complaint Against the defendant
CHief P. Robert paquett, et al. where I.F.P. Status has
been granted And Motion for extension of time
[doc. #'s 8, 9] Granted for Submitting the Completed

forms on or before June 20, 2003 which the
plaintiff complyed with Courts orders.
  The plaintiff has demostrated to the Court for Considerin
An Appointment of PRO BONO Counsel that he is unable
to Afford Counsel, the sufficient Attempts to obtain Counsel
with respect to this case and the Attempts to obtain legal
Assistance from I.L.A.P [doc. #s 5, 10, 14] denying
without prejudice.
  The defendants Answer and Affirmative defense
filed on September 19, 2003 Approx. 19 days After
the Court ORDERED filed on 7/3/03 pursuant to Rule
16(c) of Fed. R. Civ. Procedure to Answer or other reply
within 60 days of the date July 2, 2003 on which
the Appearance was filed.

## II  Specific Facts

1) The plaintiff states his Complaint Consist of
Approx. forty-five (45) pages including Declaratory
Judgments, injuction orderin, Compensatory Damages,
punitive Damages Relief requested and Attached Exhibits
"A" threw "E" in support of the Civil Rights Violations
by the defendants served individual and official capacit
s.

2) In this case the defendants are still subject to
Civil suits in which as state officials they are
the normal defendants in this case and Governmental
immunity is inapplicable to injuctive nd declaratory relie

PURSUANT SOVEREIGN immunity, 440 U.S. 410, 420.

3) The plaintiff has demostrated MATERIAL facts by Exhibits submitted in the Complaint which defendants left out and failed to replied in the Answer and Affirmative defenses dated September 19, 2003 were defendants failure to replied to the Exhibits "A" threw "E" in support of each Allegation in the paragraphs from the complaint shold be taken as Admitted pursuant to Rule 5 (d) F.R.C.P.

## III. LEGAL GrownDS

This Motion is filed pursuant Rule 5 (d) F.R.C.P. and where the plaintiff Allegations in the Complaint are clearly true and supported which would entitle him to Relief. Citing, Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957); see, Also, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974) which this Motion should be Granted

DATE: Sept. 24, 2003

Respectfully Submitted,
Plaintiff Pro - SE

By _____

Luis Fernandez #279900
C.C.I/ 900 Highland Ave.;
Cheshire, CT 06410

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following defendant Attorney this 24th day of September, 2003.

Attorney Thomas R. Gerarde
ct 05640
Howd & Ludorf
65 Wethersfield Ave
Hartford, CT 06114

Luis Fernandez
ID 279900

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Luis Fernandez

V.

Chief Robert Paquette, et al.

PRISONER
Case: 3:02 CV 2090
(JBA)(JGM)

Sept. 24, 2003

## AFFIDAVIT IN SUPPORT OF PLAINTFF Objection TO DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES

STATE OF CONNECTICUT

— SS —

COUNTY OF NEW HAVEN

Plaintiff Luis Fernandez, being duly sworn, deposes and says:

1) The defendants Affirmative Defense by the Qualified immunity does not Apply to injuctive Relief Requested in this case. Citing,

(Continue Attached)

NATIONAL TREASURY EMPLOYEE UNION V. NIXON, 492
F.2d 587 (D.C. Cir 1974); KNELL V. BENSINGER,
522 F.2d 720 (7th Cir. 1995).

2) The defendants Affirmative defense by the
doctrine of qualified immunity does not Apply
to the defendants who was chief of police,
Detectives And police officers Knew or should
have known they were Violating plaintiff Rights
when the Right not to be Arrested without
probable Cause is clearly established Right. Citing
LEE V. SANDBERG, 136 F.3d 94 (2nd Cir. 1997)

3) The defendants Affirmative Defense by the doctrine
of qualified immunity does not Applies in this case
were the seizure of the plaintiff was not Conducted
pursuant to the Conform of the Arrest WARRANT
Reviewed by A judge from the Danbury Superior
Court. see Exhibit's "A" And "B" Attached in the Complaint
in support of the inApplicable doctrine of qualified
immunity defense. Citing MILLER V KENNEBEC County,
219, F.3d 8 (1st Cir. 2000)

4) The defendants Affirmative Defense by the doctrine
of qualified immunity does not Applies in this case
were the plaintiff has been deprive of the Right
to be free from unreasonable searches and seizures,
even if defendants have; A warrant, fact that
the plaintiff is the passenger or is in company

of the PERSON, for whom A WARRANT has been issued does not Constitute probable Cause for SEARCH OR SEIZURE while PASSENGER in the Automobile (S.U.V.) And does not entitled defendants to qualified immunity. See Exhibits "A" And "B" Attached in the Complaint in support of the inapplicable doctrine of qualified immunity defense. Citing, TOWNES V. City of NEW YORK, 176 F.3d 138, 144 (2d Cir. 1999); Also, U.S. V. Prieto-Villa, 910 F.2d 601 (9th Cir. 1990).

5) The defendants Affirmative Defense by the doctrine of qualified immunity does not Applies to the defendants who knew or should have known that by taking the plaintiff into Custody solely to Ascertain his indentity were illegally Making An Arrest solely for that purpose and are not entitled to immunity for the Acts Committed. SEE Exhibits "A" And "B" Attached in the Complaint in support of the inapplicable doctrine of qualified immunity defense. Citing, ARRINGTON V. MCDONALD, 808 F.2d 466 (6th 1986).

6) The defendants Affirmative Defense by the doctrine of qualified immunity is inapplicable to defendant Chief of Police Robert Paquette as the chief of police he knew of or should have known that subordinate's Actions of depriving the plaintiff of his property protected by the fourth Amendment when the technique used overcame his free will or that he was free to leave which had no reliance on warrant

3

issued to Angel Ramirez. Citing Berg V. County of Allegheny, 219 F.3d 261, 269 (3rd Cir. 2000) and As the Chief of Police Robert Paquette should have known or knew that subordinates Actions violated clearly establish constitutional rights and As the chief of police is liable for such violations perpetrated by his subordinates. Citing, Camilo-Robbe V. Hoyos, 151 F.3d 1, 6 (1st Cir. 1998).

7) The defendants Affirmative Defense by the doctrine of qualified immunity does not Applies to the defendants in this case were the defendants violated § 3109 statute when failing to Conduct AN knock and Announce intrusion; see, Exhibits "A" and "B" Attached in the Complaint were the unlatching a closed, door unannounced ~~entered~~ intrusion is in violation of the § 3109 Statute. Citing SABBATH, 391 U.S At 590, and the doctrine of qualified immunity is inapplicable to the defendants for violation of Statutes. Citing, Harlow V. FitzGerald, supra Note 184, At 2739; Scott V. Plante, 691 F.2d 634 (3d Cir. 1982); Williams. V. Treen, 671 F.2d 892 (5th Cir. 1982).

8) The defendants Affirmative Defense by the doctrine of qualified immunity does not Applies to the defendants in this case were the law clearly established that seizure and detention of person not suspected of criminal Activity required Probable Cause and defendants lacked such Probable Cause when the

4

Alleged offense Committed was not in possession of the plaintiff or at plain view FED. R. CRIM. P. 4(A) see exhibits "A" through "E" Attached in the Complaint Citing, <u>CENTANNI V. Eight UNKNOWN officers</u>, 15 F.3d 587, 592 (6th Cir. 1994).

9) The defendants Affirmative Defense of qualified immunity is inapplicable in this case were the defendant could not use personal knowledge of plaintiff NAME to come insufficient WARRANT because NAME did not Appear on WARRANT citing, <u>U.S. V. Ellis</u>, 971 F.2d 701, 704 (11th Cir. 1992) And it constable violated plaintiff fourth Amendment Rights by descriptive information on Arrest WARRANT citing, <u>Brown V. Byer</u>, 870 F.2d 975, 978-79 (5th Cir. 1989)

10) The defendants Affirmative Defense of qualified immunity is inapplicable in this case were property seized from the plaintiff in violation of Conn. Gen. Stat § 54-36h and Public Act 89-269 do to defendants failure to supply A petition for forfeiture property in Drug cases of the plaintiff property for the purpose of claiming the property seized violating fourth And fifth Amendment to the U.S.C. see Exhibit "D" Attached in the Complaint while defendants knew or should have known their wanton and Reckless Action of inaction clearly violated Constitutional And statutory Rights which qualified immunity is inapplicable. Citing, <u>Harlow V. Fitzgerald</u>, 102 S. Ct 2727 (1982).

5

11) The defendants Affirmative Defense by the Doctrine of Governmental immunity is without Merit in this Case were the Eleventh Amendment does not bar Either injunctive or damages suits Against individual officals. Citing, Spicer V. Hilton, 618 F.2d 232, 237 (3d Cir. 1980).

12) The defendants Affirmative Defense of Complaint fails to state a claim upon which relief may be Granted is without Merit were the plaintiff Allegations in the Complaint are clearly true and supported by Exhibits which would entitle him to Relief. Citing, Conley V. Gibson, 355 U.S. 41, 75 S.Ct 99 (1957); see, Also Scheyer V. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683 (1974).

13) The defendants Affirmative Defense by the doctrine of Qualify immunity is without Merit in this Case were the defendants Chief of Police Robert Paquette, and/or subordinates did not intervene to protect the plaintiff's civil Rights from Omissions which led to the illegal detention were as state Actor's defendant's are culpable under § 1983 for the Violation the plaintiff sustained as a result of the unreasonable search and sizure. Citing, Chavez V. Illinois State Police, 251 F.3d 612 (7th Cir. 2001).

6



14) The defendants Affirmative Defense by the qualified immunity is inapplicable in this case were the defendants intentionally violated Rule 41 (d) with prejudice by refusing to provide copy of search warrant for the Apartment, the Nissan pathfinder And the person Angel Ramirez At outset of search but rather left warrant At Apartment on the Kitchen table AFTER plaintiff was Arrested, placed in custody And search concluded At 1830 hours to provid Additional copies At the Police Headquartes. See Exhibits "A" and "B" Attached in the Complaint for location were warrants left At Apartment on the Kitchen table. Citing, U.S. V. Gantt, 194 F.3d 987, 1004 (9th Cir. 1999) which qualified immunity is inapplicable for the intentionally violation of Rule 41 (d) Citing, Harlow V. Fitzgerald, 102 S.Ct 2727 (1982); Scott V. Plante, 691 F.2d 634 (3d Cir. 1982); Williams V. Treen, 671 F.2d 892 (5th Cir. 1982).

15) Even qualified immunity is inapplicable in this case were the defendants have A responsibility imposed by Statute As state Actors, failure to perform it makes them liable even if s/he does Not Know About the Resulting Constitutional Violation. Citing, Tatum V. Hooser, 642 F.2d 253 (8th Cir. 1981); Doe V. New York City Dept. of Social Services, 649 F.2d 134 (2d. Cir. 1981); United States Ex. Rel. Larkins V. Oswald, 510 F.2d 583, 589 (2d Cir. 1975).

16) Wherefore, in this case the defendants are still subject to civil suits in which as state officials they are the nominal defendants in this case and Governmental immunity is inapplicable to injuctive and declaratory relief pursuant Sovereign immunity, 440 U.S. 410, 420.

BY _____
Luis Fernandez
ID 279900
C.C.I.
900 highland Ave
Cheshire, CT 06410

I declare under the penalty of perjury that the foregoing is true and correct to the best of knowledged.

Signed this 24 day of September, 2003.

Luis Fernandez
ID 279900