UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.:  3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | OCTOBER 19, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO
"PLAINTIFF'S MOTION FOR CLERICAL ERROR'S IN JUDGMENTS, ORDERS OR OTHER PARTS OF THE RECORD" [SIC]**

By way of motion dated September 27, 2004, the plaintiff has moved to "correct" two orders of the court.  The plaintiff seeks to "correct" the decision of the court concerning the denial of his motion for appointment of counsel, see Document No. 67, and motion for "response", document no. 26. Both decisions are contained in Document No. 106.  Rule 60(a) allows the court to grant relief from "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission." Despite captioning his motion as one to "correct," no clerical errors are identified in the motion that would require corrections. Although that plaintiff seeks relief from the decisions of the court to correct clerical issues, nothing identified in his pleadings points to clerical errors.  Instead, he complains the decisions were improper or incorrect in the sense that he disagrees with the decisions.

The instant motion, while dated September 27, 2004, was not received by defendants' counsel until October 15, 2004.  Moreover, it appears that the instant motion was drafted and mailed by the plaintiff before learning that judgment has entered in favor of all defendants on October 4, 2004. *See* Document No. 109.  The defendants

submit that the entry of judgment in their favor effectively moots the disposition of this motion. Because the plaintiff implies that the defendants are somehow unable to avail themselves of the protection of the doctrine of qualified immunity, the defendants offer additional opposition to this motion and argue it should be promptly denied.

At the bottom of page 3 of the plaintiff's memorandum of law in support of his motion, plaintiff claims, without any specific citation, that the defendants have not contested or denied a variety of statutory and constitutional violations under both state and federal law.  The defendants submit that they have not conceded or failed to contest anything in this case.  Indeed, the court disposed of all of the plaintiff's claims in favor of the defendants at summary judgment.

On page 4, plaintiff claims that the defendants may not claim the protection of the doctrine of qualified immunity because the acts complained of are unconstitutional or unauthorized.  Also on page 4, Plaintiff further claims whether the "plaintiff is able to prove any or all of the allegations set out in the complaint with exhibits must, of course, await trial, should this case proceed to trial." Plaintiff seems to think that the court (and the defendants) must simply take everything as true and await trial.  The plaintiff's arguments in this regard ignore the procedures in Rule 56 for summary judgment.  Indeed, the court has entered judgment in favor of the defendants. See Doc. No. 109. The plaintiff's arguments ignore the very reason for qualified immunity. The defense is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Saucier v. Katz, 533 U.S. at 200-01, *quoting*, Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

More importantly, the claims have nothing to do with correcting any part of the court's decision.  It appears that plaintiff is really seeking a reconsideration of the court's decisions as to Documents 26 and 67.  The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. However, our Local Rules expressly allow for such a motion. *See* D.Conn.L.Civ.R. 9(e); Franco v. Yale University, 3:00 CV 1927 (Conn. 2002). In some cases, a motion for reconsideration is treated as a motion under Fed.R.Civ.P. 60(b). In other cases, courts have treated a motion for reconsideration under the standards of Fed.R.Civ.P. 59(e). *Cf*. City of Hartford v. Chase, 942 F.2d 130, 133-134 (2d Cir. 1991) (treating a motion filed under a local rule as a motion under Rule 59(e) since it was "as a practical matter the same thing as [a] motion[] for amendment of judgment. . . ."); Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir. 2001) ("While normally [relief under Rule 60(b)] is sought by motion of a party . . . nothing forbids the court to grant such relief *sua sponte*.")

Irrespective of the treatment of the plaintiff's motion as under Rule 60(a) or as a motion for reconsideration, the motion should be denied.  Turning to the text of Rule 60(b), nothing argued by the plaintiff warrants a change in the court's decision.  Plaintiff does not claim mistake, inadvertence, surprise, or excusable neglect within the meaning of subsection (b)(1).  He does not claim newly discovered evidence, (subsection (b)(2)), or fraud, misrepresentation, or other misconduct of an adverse party, (subsection (b)(3)).  Subsections (b)(4), (5) and (6) all turn on the application of equity. Not only does plaintiff not argue these provisions, equity militates against him. Summary judgment already granted.  The court has recognized that the plaintiff seems to be doing

3

fine without a lawyer given the numerous pleadings filed in this case and the discovery he has undertaken. While the plaintiff may believe that the defendants having fours lawyers is inequitable, there is no provision in law to tip the scales of justice in favor of a pro se plaintiff or otherwise when an opponent has more resources or counsel.

Accordingly, the plaintiff's motion should be denied.

### III.   CONCLUSION.

WHEREFORE, the defendants pray that the court denies the plaintiff's Motion to Correct dated September 27, 2004.

THE DEFENDANTS,
CHIEF ROBERT PAQUETTE,
ET AL

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 19th day of October, 2004.

Mr. Luis Fernandez
Inmate Number 279900
MacDougall-Walker
 Correctional Institution
1153 East Street, South
Suffield, CT 06080

/s/ John J. Radshaw, III
John J. Radshaw, III