UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez
Pro se

PRISONER
CASE 3:02CV2090
(JBA)(JGM)

V.

Chief Robert Paquette, et al

OCT. 13, 2004

<u>PLAINTIFF'S MOTION FOR CLERICAL ERRORS IN JUDGMENTS, ORDERS, OR OTHER PARTS OF THE RECORD</u>

Now comes the plaintiff pro se holding to "less stringent standards than formal pleading drafted by lawyers," <u>Citing Hughes V. Rowe</u>, 449 U.S. 5, 101 S.Ct. 173 (1980), moves under Rule 60, Fed. R. Civ. P. permits a judgment or order to be corrected or vacated under certain circumstances. <u>Citing IN RE MERRY Queen Transfer Corp.</u>, 266 F.Supp. 605, 607 (S.D.N.Y. 1967); <u>Bershad V. McDonough</u>, 469 F.2d 1333 (7th Cir. 1972), where in this case after the plaintiff received on the first week of OCT., 2004 U.S.D.J. Janet Bond Arterton dated Sept. 30, 2004, Conclusion on Motions # "91, 92, 93, 103, 84 82 and 69, Denied others Moot, but Granted doc.# 60, then directed to close this case while committing outstanding clerical errors in judgments, order, other parts of the record and barring recovery of further relief. (see, Also Brief, and Affidavit with Ex.)

1 of 3

I. <u>Standard of Review</u>

Where the plaintiff is proceeding <u>Pro Se</u>, the Courts' standards for Pro Se Complaints are held to less stringent standards, viewed without regard for technicalities, for protection of plaintiff's Civil Rights which Pro se less stringent standards than formal pleading drafted by lawyers. <u>Jones</u> v. <u>Rundle</u>, 453 F.2d 147; <u>Hugh</u> v. <u>Poe</u>, 453 F.2d 1471; And see, (<u>Haines</u> v. <u>Kerner</u>) 92. The plaintiff may obtain relief from a judgment on a showing of "Mistake, inadvertence, surprise, or excusable neglect," <u>see</u>, <u>Kenniar Corp.</u> v. <u>Crawford Door Sales Co.</u>, 49 F.R.D. 3 (D. S.C. 1970) (Not being represented by Counsel has been taken into Consideration); <u>Marshall</u> v. <u>Monroe & Sons Inc.</u>, 615 F.2d 1156 (6th cir. 1980). Also, Newly discovered evidence, or fraud or Misrepresentation by an adverse party. see, <u>Armour & Co.</u> v. <u>Nard</u>, 56 F.R.D. 610 (D. Iowa 1972) (fraud) The plaintiff may also use Rule 60(b) to obtain relief from a judgment which is void, which has for some reason, should not continue to be effective, or for "any other reason justifying relief from the operation of the judgment." <u>System Federation</u> v. <u>Wright</u>, 364 U.S. 642, 647-48, 81 S.Ct. 368 (1966). A plaintiff need only show that the existing order has not accomplished its purpose. The Court has the inherent equitable power to make additional orders

where a judgment has not achieved its purpose. <u>United States v. United Shoe Machinery Corp.</u>, 391 U.S. 244, 248-49, 88 S.Ct. 1496 (1968); <u>King-Seeley Thermos Co. v. Aladdin Industries, Inc</u>, 418 F.2d 31, 35 (2d Cir. 1971). The clerical errors in judgments, orders, or other parts of the record may be corrected at any time.

<u>Conclusion</u>

A party may be relieved from judgment pursuant Rule 60, F.R.C.P. where in this case the plaintiff pro se was held to unusual dificult standard and district court failed to look closely enough at the record.

RESPECTFULLY SUBMITTED

Luis Fernandez <u>pro se</u>
M.C.I.
1153 east st. South,
Suffield, CT 06080

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed to the defendants Attorneys on this 13 day of OCT. 2004.
Att. David W. Colwick
Howd & Ludorf,
65 Wethersfield Ave., Hartford, CT 06114

Luis Fernandez <u>pro se</u>

C.C.