UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez
Pro Se

PRISONER
Case 3:02CV2090
(JBA)(JGM)

V.

Oct. 13, 2004

Chief Robert Paquette, et al

## PLAINTIFF'S AFFIDAVIT OF VERIFICATION IN SUPPORT OF MOTION FOR CLERICAL ERRORS IN JUDGMENTS, ORDERS, OR OTHER PARTS OF THE RECORD

Luis Fernandez, under the penalty of perjury to the best of knowledge states:

1. I am the plaintiff pro se in the above-entitled case. I make this Affidavit of Verification which verify the Motion for Clerical errors, in Judgments, orders or other parts of the record. As for Correcting, Amending, Additional finding of facts be made, Altereding, Vacating or obtaining relief from judgment which is void, Mistake, inadvertence, surprise, excusable neglect, Newly discovered evidence, or fraud, or Misrepresentation. by the defendants were Ruling from U.S.D.J. Janet Bond Arterton, dated Sept. 30, 2004 on Motions docs## 91, 92, 93, 103, 84, 82 And 69 Denyed other moot and Granted Doc. #60, then

1 of 31

directed to close this Case.

2. In this Case Civil Complaint pursuant 42 U.S.C. § 1983 and 28 U.S.C. § 1343 (A)(3), Against defendants Robert Paquette, Fisher, Ramos, J. Merullo, Krupinsky, Mark Trohalis, Karl Murphy, Selner and Rido while I was currently held at Cheshire Correctional Ins. in Cheshire, CT. Commenced on 11/14/02 which I.F.P. granted pursuant 28 U.S.C. § 1915. (see Attached and Marked As Exhibit "A" plaintiff Civil Complaint with Exhibits herein.).

3. I Asserrented Jurisdiction pursuant 42 U.S.C. § 1983 were Also Jurisdiction is invoked pursuant 28 U.S.C. § 1343 (A)(3). which defendants do not dispute And the Court errored by not interpretative of Jurisdiction Asserrented. (see Attached And Marked As Exhibit "B" herein RULING ON PENDING MOTION First page from U.S.D.J. Janet Bond ARTERTON dated Sept. 30, 2004.)

4. I was legally admitted to the United States As A NON-IMMIGRANT on 11/10/99 until 2/09/00 with I.C.E. permission, (see Attached And Marked As Exhibit "C" herein, Attorney McDonald Copy of document And Mark Trohalis Knowledge of document possessed which was not disclosed According to the Rules of 34 F.R.C.P.

2 of 31

5. I was currently a guest or visit at Angel Ramirez residence, in 128 Osborne St. Apt 2, Danbury, CT. (see Attached and Marked as Exhibit "D" pg. 5 of 6 para 9 of Plaintiff's Affidavit in Support to Defendant's Motion for Summary Judgment herein and doc. # 66-1).

6. The Court Ruling on Pending Motions from U.S.D.J Janet Bond Arterton dated Sept. 30, 2004 page 5, Part II Facts², taken from the defendants' local Rule 56(A)1 statement of Material Fact Not In Dispute [doc. # 60-4] where the court errored. In Fact, it is necessary to look to the recored evidence Exhibits "A", "B", "C", "D", "E", "F" of Plaintiff Request for Permission to file overlong Respond & Objection to Defendants Opposition to the Plaintiff Cross-Motion For Summary Judgment dated March 24, 2004 and the Court inappropriatly relyed solely on the defendants' local Rule 56(A)1 statement of Material Fact. (see Attached and Marked as Exhibit "E" herein Plaintiff's Notice of Manual Filing Exhibits date 9, 2004 of April and also see [doc. # 68, 94].

7. The Court's Facts part II in the Ruling on pending Motion [doc. # 109] pages 5 threw 16 which is supposed to be "interpretation to raise plaintiff pro se strongest Arguments", is prejudice and fails to

3 of 31

establish factual disputes when based of interpretations was police records, warrants, and Incident reports which are devoid of the truth. IN fact, I presented Affidavit [doc.# 66-1], exhibits, Reply to defendants' Opposition to the Motion for Summary Judgment [doc.# 69, 85] and Submitted evidence, Exhibits, A, B, C, D, E, F, in [doc.# 68, 94] establishing material factual issues to be tried that the Court failed to review closely enough at the record.

8. The Court clerical erroned in alleging that was "Ruling on Pending Motions" which Altering of "Ruling on Pending Motions [doc. 109] should be made do to its prejudice error of review entire record. IN fact, I had submitted ON March 4, 2004 a Motion opposing IN Response To Defendants' Supplemental Objection to the Plaintiff's Motion to Compel, on April 2, 2004 a Motion for Respond & Objection to Defendants' Motion To Strike AFFIDAVIT IN Support OF WITNESS STATEMENT dated March 24, 2004, Freedom of Information date Sept. 20, 2004, on Sept. 20, 2004 a Motion for Exception, on Sept. 23, 2004, Motion for Approval of Real Estate Attachment, and on Sept. 23, 2004 a Summary Judgment FOR APPOINTMENT OF PRO BONO Counsel. (see Attached and marked as Exhibit "F" herein Motions and proof of Service)

9. The Court clerical erroned in deciding on the Motions to Stricken Affidavits of John Knupinsky

4 of 31

And John Merullo [doc. ## 91,92] that "Plaintiff's 'December 8, 2003 Request for Admission' asked the defendants to admit that certain exhibits are authentic copies of a flow chart of items seized by Det. Krupinsky during the Jan. 7, 2000 search of the Apart. on Osborne Street and also asked the defendants to admit that a particular exhibit is an authentic copy of a flow chart of items seized by Det. Merullo during the Jan. 7, 2000 search of the Apart. on Osborne Street", where the Court decided that the defendants denied both requests because neither Det. Krupinsky nor Det. Merullo seized every item referenced in the flow charts, items were seized by various officers and/or detectives involved in the search of the apartment, both det. aver that they compiled evidence tables documenting the items found during the search of the Osborne St. Apart., the time the items were found, the location of the items and the identity of the officer who found the items, also that det. aver of the evidence tables attached to their affidavits are authentic copies of the original evidence tables prepared by them at the time of the search of the Apartment. [doc # 109 page 17]. In fact, I received in response to the third request for admission date Dec. 8, 2003 in paragraph 4. that "defendants deny the document attached and marked as Exhibit 4 is a copy of a flow chart of items seized by Det. John Krupinsky;" para. 5 that "the defendants deny that the document attached

5 of 31

and marked as Exhibit 5 is a copy of a flow chart of items seized by Det. John Krupinsky," para. 6, that "Defendants deny that the document attached and marked as Exhibit 6 is a copy of a flow chart of items seized by Det. John Krupinsky," para. 7, that "Defendants deny that the document attached and marked as Exhibit 7 is a copy of a flow chart of items seized by Det. Merullo," and para. 8 "defendants admit that the document attached and marked as Exhibit 8 is a copy of a form for the petition for forfeiture of property," which should have been left for the jury to decided upon the facts or personal knowledge in the Affidavits since defendants J. Krupinsky and J. Merullo had <u>denied</u> these identical copies of documents to be authentic and admitted to Exhibit "8" as authentic copy of a petition for forfeiture were the Court clerical erroneed Judgment which is void for changing of circumstances and should not continue to be effective for not looking closely enough at the record to see that there are genuine material factual disputes. [see attached and marked as Exhibit "G" herein and [doc. #103].

10. The Court clerical erroneed in deciding Affidavits [doc. 93, 103] as valid in [doc.# 109, pages 18-19]. In fact, Affidavits [doc# 93, 103] should have been left for the jury to decided upon the facts or personal knowledge in the Affidavits since defendant Mark Trohalis Affidavit [doc. #93] is

6 of 31

incomplete and defendant Robert Paquette Affidavit admits he had been the Chief of Police for Danbury during and before the Jan. 7, 2000 illegal arrest which defendant Robert Paquette, known of or knew of "personal knowledge" of the facts that subordinates actions violated clearly established Constitutional Rights where I presented this MOTION to STRIKE in basis of to Judgment as a Matter of Law upon facts that are not genuinely in dispute, Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975) and the Court clerical erroned in not interpreting the MOTION to strike to raise the strongest arguments suggested therein causing prejudice for its decision denying the Motion and should not continue to be effectic a Judgment which is void. [see attached and marked as Exhibit "H" herein Plaintiff MOTION TO STRIKE AFFIDAVIT OF CHIEF OF POLICE Robert Paquette, Danbury Police Department].

11. The Court clerical erroned in changing of Brief in support of Plaintiff's Cross-Summary Judgment and Briefs opposition to defendants Motion for Summary Judgment when it interpreting as "Memorandum" obstructing discretion or consideration for Appointment of Counsel [doc #67]. In fact, I was found that the issue of whether the pat-down search and detention amounted to an arrest in violation of the fourth Amendment material facts remain in dispute which should have been left for further

Relief and Appointed Counsel. [see, doc #109 pg 20-21].

12. The Court's clerical errored in deciding that "the plaintiff does not identify the allegedly false statements in the affidavit in support of the warrant and also fails to provide any evidence to support his claims of false statements." As to decide accordingly that "the plaintiff has not established a genuine issue of material fact as to the veracity of the affidavit in support of the warrant, and has not met his burden of demonstrating that the search warrant for Angel Ramirez and the second floor apartment at 128 Osborne St. in Danbury was not supported by Probable Cause. In Fact, I submitted in [doc. #68, 94] granted absent objection, supporting evidence were in Specific Facts paragraph VIII page 14 of 64, the defendants provided this district court with evidence showing I was admitted in the United States from Dominican Rep. on Nov. 10, 1999 as a none-immigrant allowing to stay until Feb. 9, 2000 which proves I was not the person who defendants alleged to surveillance in 5 days of the months July 28, 1999, Oct. 22, 1999, Nov. 3, 1999, second week of Nov. 1999? and January 3, 2000 during any alleged investigation nor made sales to alleged "C.Is" supporting the claim for false statements for issuing a warrant basis on an affidavit that shows Probable Cause because it contains deliberate reckless falshood or omissions. [see. doc #68, 94 and

8 of 31

Attached and marked as Exhibit "C" herein Luis Fernandez Immigration Paper Status as a Non-Immigrant]. Also, I Luis Fernandez person name is not on the Search Warrant secured for second floor Apt. 128 Osborne St. Danbury, CT person Angel Ramirez and Vehicle herein Car Registration 569 NVH obtained on January 6, 2000 After review by a Judge at the Danbury Superior Court not Luis Fernandez who I am. [see Brief in support of Plaintiff Cross-Summary Judgment, Exhibits 5,6,7,1], where defendants gave a discription of a 5'6", 160 with a "scar in the face" and baseball-hat to be "Alex" who had been in the United States and I was not in the United States which Court decision causes prejudice when defendants Misconduct in not disclosing Luis Fernandez Immigration Paper Status as a Non-Immigrant during the defendants Responses & objections dated Jan. 22, 2004, to the request for production date Nov. 19, 2003 [see, Plaintiff Motion for Sanction date Spt. 27, 2004 and doc ## 68, 94], obstructing Additional facts which are made for the Altering or Amending of the Court's decision.

13. The Court's clerical erroned in deciding that "the defendants have offered evidence that the Attic bedroom where the plaintiff's belonging were found was accessed by a stairwell from the Apartment's bathroom and did not have a separate entrance or

exit, supporting it with Ex. D, Defs's local Rule 56(A)1 statement, Aff. Det. Trohalis, At ¶¶ 10, 11. Also adding that "At the time of the search, the door to the Attic bedroom was open and unlocked id At ¶ 12." In Fact, the Court inappropriately relyed on Ex.D. Defs's local Rule 56(A)1 statement, Aff. Det. Trohalis At ¶¶ 10, 11, ¶ 12, When I was not Named in the Warrant, Nor did the Attic Apt./unit was listed in the Warrant, the redacted Affidavit by Det. Trohalis did not specoficially implicated Attict Apt./unit on the Warrant, the Warrant did not provided any description As to the Occupants in the second floor Apart. to the issuing Magistrate, Even though defendants had the second Floor 128 Osborne St. Danbury, CT Address with records of the Danbury Police Dept. they did not adequatly provided a description of the second floor Apart. Attic unit and failed to checked with local gas and electric Company to discover whos name was on the second floor 128 Osborne St. Danbury, CT premises Verifying occupants to disclose it to the issuing Magistrate, were in this case did not fullfill the particularity requirments, making Warrant dated 1/6/00 invalid. The defendants nor the Courts disputs the facts I presented were the Attic Apt./unit Above the second floor is not visible from side yard of the second floor Apartment, walkway or porch. Also, the Affidavit prepared by Defendant Mark Trohalis was

10 of 31

for a different search and could NOT have reasonably relied upon the Court's finding of Probable Cause when the Attic Apt./Unit was searched without consent and in the absence of exigent circumstances [see doc #66 Exhibits 5, 1, 4, 10 and 7]. I did disputed the fact of After the defendants unlocked the 2nd floor Apart on 1/7/00 without knock announcement to execute the warrant dated 1/6/00 and allegedly found contraband in the 2nd floor, they suddenly realized there were in Angel Ramirez 2 floor Apartment and that when opening the bathroom door and Attic door they identified the Attic/Unit one occupied by Me After opening the boxes and finding Passport, I.D. which only After the search warrant was executed that the defendants realized the 2nd floor Apt. contained an Attic Apart/Unit and hence, the Warrant dated 1/6/00 is overbroad. [see doc. #66 Exhibits 1, 4, 10, 5]. Where the Court erroned in deciding "defendants Motion for Summary Judgment is granted on this ground", when I supported with Exhibits and disputed the search warrant for 128 osborne st, Apt. 2nd Danbury, CT dated 1/6/00 which it fails to discribe the particular subunit to be search with sufficient definiteness to preclude a search of one or more subunits indiscriminatly and hypertechnical reading of the warrant should be Avoided. [see doc #66 Exhibits 1, 4, 5, 10]. Causing prejudice for not looking closely enough at

11 of 31

the record with additional facts were Courts decision should be Altered, Vacated or Amended for entering of genuine material factual disputes in record.

14. The Court clerical errored in Agreeing and Concluding that "Even if plaintiff's detention and search exceeded the scope of TERRY V. Ohio, 392 U.S. 1 (1968) and were incident to a warrantless Arrest, the police had Ample probable Cause for the Arrest at the time they pulled over the vehicle." IN FACT, I was <u>not</u> in the United States when defendants had an investigation on Ramirez and a Companion known as "Alex" who allegedly used the Pathfinder when selling drugs, so to be recognized or identify as "Alex". I was not the person who defendants alleged to surveillance in the 5 days during a 5 month period nor made sales to the Alleged two Reliable informants. [see Exhibit "C" herein doc. #68, 94] Also, the defendant John Merullo Affidavit in Support of search and seizure warrant [doc.#60-5, Ex.A] At ππ 25-26⁷ were it alleges to have identified "Alex" on Nov. 1999 Not Luis Fernandez which the Court clerical errored in deciding on unreliable affidavit when it should have been left for the jury to decided upon the facts or personal knowledge in the Affidavit since I was not in the United States. It is undisputed the fact that I was in Court Danbury Superior Court for a Motor Vehicle Violation on 1/7/00. [see, Attached

12 of 31

And marked as Exhibit "E" herein Plaintiff Motion for Respond & Objection to Defendants Motion to Strike Affidavit in Support of Witness Statement Dated March 24, 2004]. The court errored in interpretating that "The officers followed the Pathfinder and stopped it a short distance away on Tamarack Avenue," when in fact the distance of the stopped and the apartment was Not disputed by defendants NOR Affidavits provided information as to proximity of alleged narcotics sales to apartment 128 Osborne St. 2nd Danbury, CT. [see, doc.# 66, Exhibit 4, 5], which interpretation should be Amended, Altered or Vacated And Added facts looking closely at the record to see how the events took place.

15. The court clerical errored in concluding on the undisputed facts that "it was supported by probable cause," and "the search that took place at the scene, which is described by defendants as 'A patdown search for weapons,' and liberally interpretation plaintiff Affidavit of Witness as a search of his pockets and seizure of his wallet" was permissible as a procedure incident to Arrest. In fact, I was not in the United States Until Nov. 10, 1999 [see, Attached and marked as Exhibit "C" herein And doc.## 68, 94]. And defendants had learn on Nov. 23, 1999 information that destroyed their search and seizure warrant to arrest the person

13 of 31

of Angel Ramirez, white Nissan pathfinder, brown Honda Accord and Apt. located at 128 Osborne St., Danbury, CT which omissions was used to make the illegal arrest on 1/7/00. [see doc # 66 page 8 and 9 of 51, Ex 5 pg 3f of 6 para 22], the Court interpretations of the Affidavit in support of Witness Statement [doc # 69-1, Ex. 8] is void and prejudice since the submitted Affidavit of witness BRISTOUT BOUGGUIGNON who observed the defendants unconstitutional acts of excessive force, illegal pat-down, removal of pants in view of the public, illegal searches and seizures of property on 1/7/00 without a warrant, defendants failed to supply a petition for forfeiture of property in drug cases public Act 89-269 which was during the stop of the Nissan pathfinder and Affidavit should have been left for the jury to decided upon the facts or personal knowledge in the Affidavits since witness observations is a genuine issue of material fact to be tried, the evidence tables complied by Detectives John Merullo and Krupinsky does not indicate were the $46.00 U.S. currency was taken, no inventory number provided on receipts for claiming property [see doc. # 68, 94, page 38, 39 and 40 of 64 and doc # 66 1 Ex. 14], where additional finding of facts should be made Altering, vacating or Amending Judgment which is void and causes prejudice.

16. The Court Clerical errored when it interpretated

14 of 31

for granting [Doc. #60] that "The plaintiff was arrested a second time on Oct. 27, 2000, The Court found him guilty of multiple narcotics offenses and on August 24, 2001, the Court imposed a twenty year sentence. In Fact, Rule 404(b), F.R.E provides that "Evidence of other crimes, wrongs, or Acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith," And I uphold fifth amendment privilege against self-incrimination for unrelated criminal acts for which the Court should vacate, altered or amended the interpretations causing prejudice.

17. The Court clearical Erroned in deciding that "the Factual dispute over the nature of the search is not material, given this Court's conclusion that defendants had probable cause for a warrantless arrest." In Fact, I Luis Fernandez was not identified nor provided a warrant on 1/6/00 reviewed by a Judge of the Danbury Superior Court and was not in control of search area which warrantless search invalid [doc 66-1, Ex 1, Ex. 3 and Ex. 4], where the Court's conclusion causes prejudice since the Court's failed to look closely enough at the record to see that I was not in the United States in days of the alleged surveillance which genuine material factual disputes to be tried in record. [see Attached and marked as Exhibit "C" herein and doc.# 68, 94].

15 of 31

18. The Court clearly erred in deciding that "IN light of the probable cause that existed from the time plaintiff was stopped, and particularly given the nature of the evidence seized at plaintiff's residence. Pursuant to a valid warrant, defendants seized a total of 30.2 ounces of Cocaine, over $16000.00 and various drug paraphernalia including scales, a list of drug sales, and packaging materials." And adding that " the defendants discovered plaintiff's passport, Dominican immigration papers, a drivers license and learner's permit, a Conn. Motor Vehicle Dept. title, a social security card and a cellular telephone bill in the name of the plaintiff," granting defendants' summary judgment as to the claims of Arrested and search without probable cause. IN fact, the defendants Affidavits do not establish probable cause to believe that narcotics would be found in the 2nd floor Apartment 128 Osborne St. Danbury, CT or Attic Apt. Room-Unit, The Affidavit contains <u>NO</u> statement to the effect that either of the Affiants or the informants was ever in the Apartment 2nd floor 128 Osborne St. Danbury, CT nor does it set forth facts observed anyone carrying a package when exited from the 2nd floor Apt. 128 Osborne St. Danbury, CT and NO individual Nor did defendants recovered a baseball bat to suggest "Alex" is the plaintiff. linking of criminal activity [see doc. ## 68, 94, EX. "B" and doc. # 66-1] and there were genuine material factual disputes which defendants left out material facts were there was no reasonable suspicion

16 of 31

of Criminal Activity since I only arrived to the United States on Nov. 10, 1999 as a None-immigrant until Feb. 9, 2000 [see doc #68, 94, Ex. "C" and attached and marked Ex. "C" herein]. The Court's interpretations of the defendants seizures of the alleged 30.2 ounces of Cocaine, over $16,000.00 and various drug paraphernalia including scales, a list of drug sales, and packaging materials is void and causes prejudice when these seizures stated where not removed or seized from the Attic apt /unit which material facts should have been left for the Jury to decide upon the fact or personal knowledge in seizures and property on item seized from that the Count it does not extend to issue-resolution.

19. The Count clearly errored in concluding that "the plaintiff has failed to submit evidence to support his claim that the defendants did not knock on the door and announce themselves prior to entering the Apartment in violation of the Fourth Amendment and 18 U.S.C. § 3109, and therefore has not made a prima facie case of a Fourth Amendment violation." In fact, I submitted material facts of the defendants failure to knock and announce their presence when executing warrant 1/6/00 at 128 Osbow St. 2nd floor, Danbury CT on 1/7/00 consist in facts stated in the complaint with Exhibit "A" Admitted [see Attached & marked as Exhibit "A" herein Complaint with Exhibits], in Brief in Support of Plaintiff Cross-Summary Judgment date

17 of 31

Feb. 13, 2004, exhibit 1, 3, 5 and 10 [see. doc. 66-1, Ex. 1, 3, 5, 10] And Affidavits of Detectives Mark Tsolakis, John Merullo, And defendant's Krupinsky Exhibits "D", "E", "C" in defendants Summary Judgment Admitting to "the use of key to effect entry" is as much "breaking" for purpose of 18 U.S.C. § 3109. As is entry Achieved by breaking window were the unlatching a closed, unlocked door is a unannounced intrusion in violation of 18 U.S.C. § 3109 [see. doc.## 68, 94 pages 91, 92 of 64]. which the prima facie case has been meet for fourth Amendment which Court's Judgment is void And Additional finding of fact should be made Altering, Vacating or Amending Judgment that causes prejudice. for not looking closely enough at the record to see that there are genuine material facts disputed.

20. The Court's clerical errored in deciding that "The plaintiff does not Address this Argument of defendants contending that "the plaintiff has failed set forth any evidence supporting his claim of a violation of his First Amendment Rights," And that "The plaintiff has failed to present any evidence demonstrating that the defendants violated his right to exercise his Religion, his speech, to Assemble or to petition the government", granting defendants Summary Judgment As to the First Amendment claim. In fact, I submitted Arguable claim of First Amendment Right

18 of 31

violation in Brief in support of Plaintiff Cross-Summary Judgment date Feb. 13, 2004 [see, doc#66-1, Ex. 1, 2, 3, 4, 5, 7, 8, 10, 11, 12, 13 and 17] were the Arrest without a warrant Admitted by the defendants on March 18, 2002 testimoney in Rem civil proceeding [see, doc#68, 94 page 53, 54 of 64, Ex. B] and the holding of an objective expectation of privacy in the Apartment Attic Unit were no warrant issued nor probable cause established a Fourth Amendment claim. Also this Argument was address in Defendant's First Set of INTERROGATORIES & REQUESTS FOR PRODUCTION DIRECTED TO THE PLAINTIFF dated NOV. 14, 2003 [see Attached and marked as Exhibit "F" herein Plaintiff MOTION FOR RESPOND & OBJECTION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT DATED March 24, 2004], which the district Court granted Summary Judgment without looking closely enough at the record to see that there were genuine material facts in dispute.

21. The Court clerical errored in interpretating the Fifth Amendment Due Process Clause claim and Agreeing that "the plaintiff's claim are properly analyzed under the fourth and fourteenth Amendments". In fact, I submitted a claim for seizure on January 7, 2000 without a warrant issued and seizure of property [moneys] without the supply of a Petition for forfeiture of Property in Drug case public Act 89-269; C.G.S §54-36h violation; fourth and fifth Amendments [see

doc.# 66-1, page 32, 33, 34 of 51, Ex. 1, 3, 10, 12, and 13], were the only Petition for Confeiture of property in drug cases. public Act 89-269; C.G.S.§ 54-36h was only issued for Angel Ramirez with form for Return of property dated 1/7/00 which Additional finding should be made from the inappropriate interpretation and failure to closely look enough at the Record [see, doc.# 68, 94, Ex. F].

22. The Court's clerical errored in deciding that "the Sixth Amendment is inapplicable to the facts in the Complaint." In fact, I presented evidence that the Arrest or Indictment on 1/7/00 was without a warrant [see doc.# 68, 94, Ex. B Transcript of nem civil proceeding date March 18, 2002]. which the district Court Granted Summary Judgment without looking closely enough at the Record nor defendants informed the Nature and Cause of the Arrest on 1/7/00 when handcuffed into police car moved to police headquarters into a cell which seizure connected to Arrest as unreasonable [doc.# 66-1, Ex. 1, 3, 4, 17, 8 and 10; and doc.# 68, 94].

23. The Court's clerical errored in deciding that "Because the plaintiff had not been convicted of the crime for which he was being Arrested at the time the defendants were allegedly deliberatly indifferent to his rights, his claims are not Cognizable under the Eighth Amendment," granting defendants Summary Judgment

20 of 31