to All Eighth Amendment Claims. In fact, do to, defendants deliberatly indifferent of my Rights A judge found guilty after entering A Nolo plea which the Court interpretated in [doc #109, page 15] And is undisputed the facts were the property And Moneys' in the Attic Apt. Room unit was not in plain view while executing warrant! for Angel Ramirez person. 2nd floor Apt 128 Osborne St. Danbury CT And seizure of (SUV) pathfinder where defendants failed to Execute A reasonable search and seizure denying to provide A petition for forfeiture to the Plaintiff (ME) for purpose of Keeping the property. [see, Plaintiff Complaint, Ex "A" Admitted, doc #66 Ex. 1 threw 17 As evidence], which the district Court granted Summary Judgment without looking closely enough At the record to see that there were genuine Material factual disputes.

24. The Court clerical errored deciding that "Plaintiff has not explained the Nature of his Ninth Amendment claim In Fact, I submitted and explained that the deliberate indifference Actions of inActions of the defendants denials And deprivation of Constitutional Rights Against unreasonable searches and seizures without probable Cause on warrant violates the guarantee of due Process And in support submitted As Exhibit Plaintiff Complaint, Ex "A" Admitted by the defendants [see doc #68, 94, page 57 of 64] which the district Court granted Summary Judgment

without looking closely enough at the record to see that there were genuine material factual disputes. [see, Attached and Marked As Exhibit "F" herein]

25. The Court clerical erroneed in deciding that "the plaintiff does not set forth any evidence that the defendants have forced him to work", and according that "the defendants Motion for Summary Judgment is granted As to the 13th Amendment Claim. In fact, I involuntary served Approx. 8 months in A high bond maximum security prison which derived from unreasonable seizures, no warrant or probable Cause do to the Arrest on 1/7/00 [see doc. # 68, 94, Ex "B", doc. # 66-1, Ex 1, 17 and Attached Marked As Exhibit "F" herein] which interpretation should be Amended, Altered to make Additional finding of facts.

Int. response

26. The Court clerical erroned in deciding that "the plaintiff Claims of Arrest and seizure of his personal property without probable Cause are not Cognizable As arising solely under the fourteenth Amendment", and granting defendants Summary Judgment As to the 14th Amend. Claims. In fact, I presented Claims of Arrest and seizures for property under the fourth and fifth Amendment [see. doc 66-1, page 32, 33, 34 of 51 and Ex. 1, 3, 10, 12 and 13 in support] and [see, doc # 68, 94] which defendants do not dispute and the district Court should have looked closely

enough at the record were material facts are not disputed [see also attached marked as Ex. "F" herein Motion for Respond & Objection to Defendants Motion to Strike Affidavit in Support of Witness Statement, Ex "A" page 9].

27. The Court clerical erroned in interpretating that "The plaintiff alleges that the defendants "violated Title VII Federal Act by discrimination because of plaintiff race", and "because the plaintiff is not challenging an employment decision in this case, his Title VII claim fails". In fact, I requests for relief under Declaratory Judgment that defendants violated Title VII Federal Act by discrimination because of race which additional finding should have been made to protect Pro se complaint and failure to do so causes prejudice.

28. The Court clerical erroned in deciding that "the plaintiff has not met his burden of demonstrating the existence of a genuine issue of material fact regarding this claim for arrest solely on the basis of race". In fact, I on 11/7/00 was arrested without drugs as fact undisputed, during the alleged surveillance of 128 Osborne St. Danbury, CT 2nd Apt. No view of narcotics going in or out this apartment was made by defendants who do not dispute, the defendants testified that I did not possessed narcotics

or evidence Money to link an involve in any sales to an Alleged informant or informants, [see, doc. #68, 94, Ex. B Transcript of the Court Room Civil Proceeding March 18, 2002], The informant or informants did not identify the plaintiff (me) from any of the photographs presented to them [see, doc.# 66-1, Ex. 5], I was seized only do to Generalized suspicions of criminal Activity base solely on race and scar on face because no baseball hat was found to link the informant discription of "Alex" and do to defendants Misconduct in concealing the document when I was legally Admitted to the United States as a non-immigrant on 11/10/99 until 2/09/00 with I.C.E. Permission but was submitted in [doc.# 68, 94, Ex. "C"] shows that during the Alleged surveillance threw more than half of the investigation of the person "Alex" in Danbury CT when I was not in the United States proves that the Arrest was solely based on race [doc. # 68, 94, Ex "C" and Attached Marked herein As Ex. "C" ADMITTION TO THE UNITED STATES AS A NON-IMMIGRANT on 11/10/99 until 2/09/00 with I.C.E. Permission] which the district Court granted summary Judgment to the defendants on the claim that plaintiff was Arrested solely on the basis of race causing prejudice without looking closely enough at the record to see that there were genuine material factual disputes.

29. The Court's clerical errored in deciding that "Because no private right of action exists, the perjury claim is dismissed," and granted defendants Summary Judgment to any claim brought pursuant 18 U.S.C. § 1621. In fact, the defendants either swearing to fact as true which Affiant knew was not true, or by swearing to his knowledge of fact when he knew he had no knowledge thereof, constituted perjury which judgment is void and additional finding of fact should be made, amending, altering or vacating to cure the prejudice caused.

30. The Court clerical errored in deciding that "The plaintiff does not assert that he suffered any physical or emotional injuries as a result of the defendants' requiring him to exit the vehicle with their guns drawn.", "Nor has the plaintiff submitted any evidence to support a claim of emotional or physical injury," and that "the defendants have presented evidence demonstrating that they were unaware of whether the plaintiff or Angel Ramirez might be armed when they pulled over the vehicle and that the plaintiff and Angel Ramirez had made several sales of cocaine to confidential informants during a five month period before the vehicle was pulled over", and that "The plaintiff has not offered any evidence to contradict these facts," then the Court concluded that "It was objectively reasonable for the defendants to require the plaintiff

to exit the vehicle with their guns drawn because it was possible that the plaintiff and/or Angel Ramirez, who were known to have dealt drugs might be armed." In Fact, I asserted in the Complaint physical and Mental Anguish and Emotional injuries [see, Complaint, D. Cause of Action pg 3 and G. Request for Relief, Damages], and in the Defendants First Set of Interrogatories Nov. 14, 2003, I asserted loss of sleep, shock, humiliation do to the Emotional distress inflicted in the Arrest without a warrant or probable cause, nervous and restless do to the illegal search and seizure, Excessive Force do to Arrest at Gun point [see, Attached marked as Ex. "F" hereon Motion for Respond & Objection to Defendants' Motion to Strike Affidavit in Support of Witness Statement Attach Ex. "A"], Also, even the defendants do not dispute as fact Ex. "17" in Brief in Support of Plaintiff Cross-Summary [see, doc.# 66-1, Ex 17 and doc.# 68, 94, pg 62, 63 of 64], which provides actual copy of Dr. Katsnelson Notes prison Psychiatrist not a Doctor evaluation as the district Court interprets were diagnose found that I am very depressed & drowning from the Arrest 1/7/00. [see, Attached and Marked as Ex. "H" Clinical Record)], and in fact submitted two paged of Medical records in support of Cross-Summary Judgment were the Court is aware [see, doc.# 109 pg 42 [12], and Doc.# 66-1, Cross Summary Judgment Ex. "17"], Where the psychiatrist evaluation

should have been viewed by a jury in this injury claim. Also, the district court assumption that "defendants have presented evidence demonstrating that they were unaware of whether the plaintiff or Angel Ramirez might be armed when they pulled over the vehicle and that the plaintiff and Angel Ramirez had made several sales of cocaine to confidential informants during a 5 month period before the vehicle was pulled over"; is prejudice and void when in fact, I was not in the United States during months of alleged surveillance on Angel Ramirez [see, doc # 68, 94, page 14 of 64 specific facts, doc # 66-1 Affidavit, and attached marked as ex. "C" herein Luis Fernandez Immigration paper status as a non-immigrant], nor did the affiant during the daytime execution for the determined arrest warrant dated 1/6/00 for the person Angel Ramirez, place Apt. 2nd 128 Osborne st., and thing pathfinder (SUV) presented to the authorizing judge no indication that suspect and passenger could be armed, or that a need to search passenger private areas in public would prove evidence of crime, nor included suspiciousness behavior, immediate action, armed or continue persuit to conduct an unecessary unreasonable arrest at gun point threatening plaintiff life (my life) [see, doc # 66-1 Cross-summary Judgment, ex. 1, 3, 4, 5, 8 and 10 and Brief pages 17, 18, 19, 38 of 51], Furthermore, I offered evidence of a witness who observed when I was pulled out of the pathfinder threw

the window and thrown to the pavement floor by defendants who then handcuffed, pulled my pants down in public, searched taking the $46.00 from the wallet (moneys) [see, doc #68, 94 pages 51, 52, 53 of 64, Motion for respond & objection to defendants motion to strike affidavit in support of witness statement herein Ex. F, and doc. #69-1, Ex. 8] which Court's conclusion and assumption causes prejudice since the district Court failed to look closely enough at the record to see that there are genuine material facts disputes.

31. The Court clearly erroned in deciding that "Having dismissed the federal claims providing this Court with subject matter jurisdiction, this Court declines to exercise its supplemental jurisdiction over the remaining state law claims." In fact, I presented with the evidence and affidavits material facts in dispute which should have been left for the jury to decided upon the facts or personal knowledge in the affidavits and erroned in deciding them when the district Court does not extend to issue-resolution holding (me) the plaintiff pro se to unusually difficult standards in establishing factual disputes where additional finding of facts should be made viewing the record closely enough without technicalities and less stringent standards. Altering, vacating or amending

Judgment as provided per Rule 60(b), F.R.C.P. Also, noting the defendants misconduct affecting the Court review and pro se status rights, when Rule 34, F.R.C.P. was not complyed. Furthermore, I have proved claims in the complaint which the district court found that material facts remain in dispute where the acts complained of are unconstitutional or unauthorized by statute [doc. # 109 pg 20 and 21] which judgment is void and additional finding of facts should be made by amending, altering or vacating judgment that bar recovery of futher relief causing prejudice.

32. The Court clearly erred in deciding that "As to all other claims in plaintiff complaint, that there is no genuine dispute of material fact", and granted summary judgment in favor of defendants. In fact, I submitted attached to the complaint exhibits and affidavit authenticated by the defendants in their response to plaintiff's request for admissions and the Court while aware of considering the exhibits and affidavit in ruling on the cross-motion for summary judgment failed to look closely enough at the record to see that there were genuine material factual disputes were defendants failed to comply with Rule 41 (d) which are required to comply with [see, doc 66-1 cross-summary brief page 35, 36 of 51 with ex. 1, 3, 4, and 10]. defendants conceded facts of liability in which deprivation

of Rights provide court action under 42 U.S.C. § 1983 (1994), independent civil Action for return of property even if underlying Criminal case has been closed and the doctrine of qualified immunity is inapplicable for unconstitutional deprivation of state And federal law [see, doc# 66-1, Cross summary Judgment pgs 36, 37, 38, 39, 40, 41 of 51 with Exhibits, and doc #68, 94 Reply to defendants opposition to Plaintiff Cross-Motion For Summary Judgment, pgs 45, 46, 47 48, 49, 61 of 64 with Exhibits] And subscribes to false statement the defendants for willfully violating 28 U.S.C. § 1746 [see, doc.# 68, 94 reply to defendants opposition to plaintiff cross-motion for summary Judgment, page 50 of 51, Ex. 1, 2, 3, 4, 5 and 7], which proves sets of facts in support of the inartfully drawn complaint that would entitle relief, where Additional findings of facts should be made Altering, vacating or amending Judgment which is void.

Respectfully Submitted,

Luis Fernandez pro se
M.C.I.
1153 east st south
suffield, CT 06080

Luis Fernandez
Pro Se

# CERTIFICATION

I hereby certify that a copy of the foregoing was been sent, via U.S. mail to the following defendants Attorneys this 13 day of OCT. 2004.

Attorney David W. Colwick,
Howd & Ludorf,
65 Wethersfield Ave.,
Hartford, CT 06114

Luis Fernandez
Pro Se