Ex. A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### CIVIL RIGHTS COMPLAINT

Luis Fernandez
279900
_____
Plaintiff(s),

(Full name(s) and prisoner number(s) if incarcerated)
(Do not use et al.)

v.

Officer Selner,
Officer Riolo,
Det. Sgt. Fisher,
Det. Ramos,
Det. J Merillo,
Det. Knupowsky
Det. Trohalis Mark,
_____
Defendant(s).

Case No. 3:02 CV 2090 (JBA)
(To be supplied
by the court)

Robert Paquette,
Officer Karl Murphy,

(Full name(s) and capacity, e.g., official capacity, individual capacity,
or official and individual capacitites) (Do not use et al.)

### A. PARTIES

1. Luis Fernandez is a citizen of Connecticut who
   (Plaintiff)                                              (State)
presently resides at 900 highland ave Cheshire , CT 06410
                     (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 279900

2. Defendant Robert Paquette is a citizen of Connecticut
              (name of first defendant)                  (State)
whose address is 120 Main Street , Danbury , CT 06810.

and who is employed as _Chief of police At Danbury Police Dept._
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes _____ No. If your answer is "Yes," briefly explain:

_As the Chief of police At Danbury police Dept in Danbury, CT his Action Are under colon of State law_

3. Defendant _Fisher_ is a citizen of _Connecticut_
(name of second defendant)                                    (State)

whose address is _120 Main Street, Danbury CT 06810_

and who is employed as _Detective Sargent At Danbury Police Det._
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes _____ No. If your answer is "Yes," briefly explain:

_As the Det Sargent At Danbury Police Dept. in Danbury CT his Action Are under colon of State law_

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

✓ _____ 42 U.S.C. § 1983 (applies to state prisoners)

_____ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

4) Defendant SELNER is a citizen of Connecticut whose address is 120 main street, Danbury, CT 06810 and who is employed as Officer at the Danbury Police Dept. At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ yes __ no. As an officer of the Danbury Police Dept. his action is under color of state law.

5) Defendant Riolo is a citizen of Connecticut whose address is 120 main street, Danbury, CT 06810 and who is employed as Officer at the Danbury Police Dept. At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ yes __ no. As an officer of the Danbury Police Dept. his action is under color of state law.

6) Defendant RAMOS is a citizen of Connecticut whose address is 120 main street, Danbury, CT 06810 and who is employed as Detective at the Danbury Police Dept. At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ yes __ no. As a Detective of the Danbury Police Dept. his action is under color of state law.

7) Defendant John Mcwillo is a citizen of Connecticut whose address is 120 main street, Danbury, CT 06810 and who is employed as Detective at the Danbury Police Dept.

At the time the claim(s) Alleged in this complaint
Arose, was this defendant Acting under color of state
law? ___✓___ yes ___ no.
As a detective of the Danbury police Dept. his Action
is under color of state law.

8) Defendant Karpinsky ___ is a citizen of Connecticut
whose Address is 120 main Street, Danbury, CT 06810
And who is Employed As Detective, At the Danbury Police Dept.
At the time the claim(s) Alleged in this complaint Arose,
was this defendant Acting under color of state law? ✓ yes ___
As a Detective of the Danbury police Dept. his Action is
under color of state law.

9) Defendant Mark Trohalis ___ is a citizen of Connecticut
whose Address is 120 main Street Danbury, CT 06810
And who is Employed As Detective, At the Danbury Police Dept.
At the time the claim(s) Alleged in this complaint Arose, was
this defendant Acting under color of state law? ✓ yes ___ no
As a Detective of the Danbury police Dept his Action is
under color of state law.

10) Defendant Karl Murphy ___ is a citizen of Connecticut
whose Address is 120 main Street, Danbury, CT 06810
And who is Employed As Officer At the Danbury Police Dept.
At the time the claim(s) Alleged in this complaint Arose, was this
defendant Acting under color of state law? ✓ yes ___ no
As An officer of the Danbury Police Dept. his Action
is under color of state law.

# Incident Report

Report Type: Init/Clos

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | INVESTIGATING OFFICER | | BADGE |
|---|---|---|---|---|---|---|---|---|
| 00-297 | 01/07/00-Fri | 1649:00 | | Search Warrant Execution / Narcotic Arrests | | Det. Mark | Trohalis | 461 |

| DATE OF REPORT | LOCATION OF INCIDENT | ST NO | | STREET NAME | | APT NO/LOCATION |
|---|---|---|---|---|---|---|
| 1/7/2000 | 128 | | | Osborne St. | | 2nd flr |

## STATUS CODE  C - Complainant  A-Arrestee  I-Interviewed  J-Juvenile  M-Missing  S-Suspect  V-Victim  W-Witness  O-Other

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | Ramirez | Angel | M | H | 04/17/77 | | 128 Osborne St. | Danbury | CT | 569NVH | CT |
| A | Fernandez | Luis | M | H | 07/22/76 | | 128 Osborne St. | Danbury | CT | | |

| STATUS | LAST NAME | FIRST (M.I.) | STATUTE-1 | OFFENSE-1 | STATUTE-2 | OFFENSE-2 | STATUTE-3 | OFFENSE-3 |
|---|---|---|---|---|---|---|---|---|
| A | Ramirez | Angel | 21a-278(a) | Poss. Over 1oz. Cocaine W/ITS | 21a-279(a) | Poss. Cocaine | 21a-278(a)b | Poss. O/1 oz Narc.W/lS w/i |
| A | Fernandez | Luis | 21a-278(a) | Poss. Over 1 oz. Cocaine W/ITS | 21a-279(a) | Poss. Cocaine | 21a-278(a)b | Poss. O/1 oz. Narc.W/lTS w/i |
| A | Fernandez | Luis | | | | | 21a-279(c) | Poss. Marijuana |

## DETAILS

On the above date at approximately 1600 hrs members of the Special Investigation Division established surveillance of 128 Osborne Street, Danbury, Connecticut. The surveillance was set up so that search warrants for the second floor apartment at this location and for the person of Angel Ramirez and the vehicle used by Ramirez, a 1996 Nissan Pathfinder Sport Utility Vehicle bearing Connecticut registration 569NVH could be executed. The warrants for this investigation were obtained January 6, 2000 after review by a Judge at the Danbury Superior court.

Present during the surveillance were Detective Sgt. Fisher, and Detectives, Ramos, Merullo, Krupinsky, Trohalis and Officer Karl Murphy. During the surveillance Detective Merullo had a clear unobstructed view of the house and driveway of the location. Shortly after surveillance was established the white Nissan Pathfinder bearing Connecticut registration 569NVH arrived and parked in the driveway. A small, thin Hispanic male, identified during the investigation as "Alex", and described as having a scar on his face was operating the vehicle. This Hispanic male was later identified as Luis Fernandez. Fernandez was observed talking on a cellular telephone and then exited the vehicle and entered into the second floor apartment. Surveillance was maintained and a short time later two Hispanic males exited the second floor apartment and entered into the operators seat and Fernandez was seated in the front passenger seat. Angel Ramirez and Luis Fernandez, Ramirez entered into the operators seat and Fernandez was seated in the front passenger seat. The two Hispanic males were, identified as Angel Ramirez and Luis Fernandez. Ramirez entered into the operators seat and was kept under constant surveillance. As the vehicle traveled on the vehicle then left 128 Osborne St. and was kept under constant surveillance. As the vehicle traveled on

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM.ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|
| | 461 | | |
| REVIEWED FIELD SUPV | SHIFT COMM | 1/8/2000 | PAGE  1  OF  3 |
| | | | 12:18:45 AM |

©1996 Mark & Kanalian Computer Designs

# Incident Report

| INCIDENT NO. | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|
| 00-297 | 01/07/00-Fri | 1649:00 | | Search Warrant Execution / Narcotic Arrests | | | |

| DATE OF REPORT | LOCATION OF | | INVESTIGATING OFFICER | | BADGE | APT NO/LOCATION |
|---|---|---|---|---|---|---|
| 1/7/2000 | INCIDENT ST NO | STREET NAME | Det. Mark Trohalis | | 461 | 2nd flr |
| | 128 | Osborne St. | | | | |

Tamarack Ave. it was decided to executed the warrant for the vehicle. The vehicle was stopped on Tamarack Ave., both Fernandez and Ramirez were detained at this time. Officers Selner, Riolo and Murphy stayed with the suspects and vehicle as Detectives obtained the apartment keys from the ignition keys. The Detectives then went immediately to the second floor apartment to execute the search warrant for the apartment. The keys obtained from the ignition unlocked the apartment door, upon entering no one was in the apartment, this was approximately 1649 hours. When entering the apartment you walk into the kitchen was the bedroom of Angel Ramirez and Moya Mercedes, the bedroom door was opened, the apartment then consisted of a living room, a bathroom with a stairway to a attic bedroom, this bedroom was found to be Luis Fernandez. Detective Krupinsky was designated as the evidence officer at this time to complete a flow chart of items seized and locations seized from. At approximately 1655 hours Det. Sgt. Fisher and Det. Merullo began a search of the bedroom of Angel Ramirez and Moya Mercedes, this bedroom was designated bedroom #1 on the evidence flow chart. Sgt. Fisher in bedroom #1, on the floor between the closet and tall dresser Fisher found a Nike shoe box which was found to contain the following: 1)one black plastic bag which contained three clear ziplock bags which contained a white rock type substance, these bags weighed approximate weight of 15.2 ounces. 2) one black plastic bag which contained a clear ziplock bag which contained a combined approximate weight of 13.3 ounces. 3)one ziplock bag which contained ten smaller plastic bags, each contained a white powder. 4) one electronic, digital scale. 5) sixty-two (62) two dollar bills. 6)Various personal checks made out to cash. At this time Officer Murphy was advised to transport the targets of the investigation, Ramirez and Fernandez to Police Headquarters, that they were to be placed in custody. Officer Murphy was also advised to have the Nissan Pathfinder towed to Police Headquarters so that a attempt to seize the vehicle under State asset forfeiture could be conducted. detective Krupinsky and a positive reaction for cocaine was obtained, this bag weighed approximately 13.3 ounces. This bag was field tested by ziplock bag which contained a combined approximate weight of 15.2 ounces. 2) one black plastic bag which contained a clear which was found to contain the following: 1)one black plastic bag which contained three clear ziplock bags which contained a white rock continued search of the bedroom turned up the following: 1) a gray metal box which contained $5,085 and a piece of mail addressed to Angel Ramirez of 128 Osborne St. Danbury, and two electronic pagers. This metal box was found in a unlocked drawer which was under the bed. Under the mattress to the bed one loaded 9 mm handgun, KBI Inc brand, serial number B46120 was found. Additionally ammunition, passport for Angel Ramirez, calculator, and a additional clear plastic bag which contained a white rock substance was found on a paper pad on the small dresser, clearly in the open so that it could easily be seen. The pad was found to contain a list of drug records. $700 in U.S. currency was found in the bedroom, a picture of Al Pachino as Tony Montana in the movie Scar Face, thirty-six (36) small plastic bags each containing white powdered substance (approx. 1.2 ounces) records of occupancy for Angel Ramirez and Moya Mercedes, additional digital scales, and fifteen (15) small plastic bags which were found in a

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY | PAGE |
|---|---|---|---|---|
| | 461 | | | 2 OF 3 |
| REVIEWED FIELD SUPV | SHIFT COMM | | | |

# Incident Report

| INCIDENT NO | DATE OF REPORT | LOCATION OF INCIDENT | S/NO | TIME | INCID CODE | TYPE OF INCIDENT | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|---|---|
| 00-297 | 1/7/2000 | 01/07/00-Fri | 128 | 1649:00 | | Search Warrant Execution / Narcotic Arrests | | | Init/Clos |

| | STREET NAME | INVESTIGATING OFFICER | | APT /LOCATION | BADGE |
|---|---|---|---|---|---|
| | 'Osborne St. | Det. Mark Trohalis | | 2nd flr | 461 |

27. Third pocket, each bag contained a white powdered substance. All the previous listed items were found in the bedroom of Angel Ramirez and Moya Mercedes.

28. A search of the attic bedroom of Luis Fernandes turned up a plastic bag which contained a plant like material, which was subsequently field tested and a positive reaction for marijuana was obtained. $461 of U.S. Currency, records of occupancy for Fernandez for 128 Osborne St., records of identification for Fernandez and a 40 page Metro Mobile cellular telephone bill for Fernandez for the amount of $891. The search of the apartment was concluded at 1830 hours. Copies of the search warrant for the apartment, the Nissan Pathfinder and the person of Angel Ramirez were left on the kitchen table and additionally copies were given to the targets of the investigation at Police Headquarters.

At Police Headquarters Angel Ramirez was found to have $333 on his person, this money along with all money seized were checked for Danbury Police evidence monies. A five dollar bill taken from his person was found to be Danbury Police evidence money, this money was secured with the other monies and tagged as evidence.

The telephone pager seized from Angel Ramirez's person was found to be telephone pager number 289-4343. This number was utilized by both Ramirez and fernandez during the course of the investigation to facilitate the sales of cocaine. That upon seizing this telephone pager it continually went off. Return calls by Detective Merullo to these persons found that the people were looking for both "Sandy" (Angel Ramirez) and "Alex" (Luis Fernandez) too purchase quantities of cocaine. Additionally people contacting the telephone pager were attempting to contact "Sandy" and "Alex" at the cellular telephone Ramirez and Fernandez had in their possession when stopped in the vehicle.

Both Ramirez and Fernandez were processed without incident and held on 250,000 bond. Passports for each individual was also seized.

A total of $6751 (six thousand seven hundred fifty-one dollars) was seized and a total approximate weight of the cocaine seized was 30.2 ounces.

A check for the firearm seized was conducted and preliminary checks showed it is not stolen in Connecticut. A additional check with the Department of Alcohol, Tobacco and Firearms will be conducted.

During the course of the investigation both Ramirez and Fernandez were observed conducting cocaine sales using several different vehicles including the Nissan Pathfinder. It was also learned that both Ramirez and Fernandez utilize the telephone pager mentioned within this report to coordinate cocaine sales.

| INVESTIGATING OFFICER'S SIGNATURE | REVIEWED FIELD SUPV | BADGE # | SHIFT COMM | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|---|---|
| | | 461 | | | |

PAGE 3 OF 3

©1995 Hart & Newhan Computer Designs

1/8/2000    12:16:45 AM

`"D. Cause of Action"`

Claim I :

January 7, 2000 or January 6, 2000 that had been reviewed by a judge at the Danbury Superior Court see attached herein and marked as Exhibit A. Incident reports pages 1, 2, and 3 of the search warrant execution / narcotic arrest and attached herein and marked as Exhibit B. Arraignment report and affidavit warrantless arrest sworn by Detective Mark Trohalis pages 1 through 3, all included as evidence of the violations claim.

Which unconstitutional action started to take place when surveillance defendants targeted the plaintiff through Identification of race without cause see exhibit A and B attached herein.

Mr. Angel Ramirez who was the target of the surveillance set up for the search warrants executed on January 7, 2000 and the plaintiff where in the Nissan Pathfinder coming out from 2nd floor apartment, 128 Osborne St, Danbury, CT "were defendants had there surveillance" on the way to Danbury Mall but at Tamarack Ave. At approximately 1615 hours the defendants decided to execute the search warrants for Angel Ramirez and with it barring the Plaintiff violating the fourth amendment which prohibition against unreasonable searches and seizures and a requirement that probable cause support each warrant issued, and insufficient probability or cause is also prohibit under the fourth amendment, for unreasonable search or seizures.

Defendants Detective Sgt. Fisher and Detectives and

# D. Cause of Action

Officers detained Mr. Angel Ramirez and seized the plaintiff without a warrant it was advised to defendant officer Murphy to transport the "targets" of the investigation Mr. Angel Ramirez and the plaintiff to the police Headquarters to be placed in custody arising Plaintiff 8th Amendment Right to the U.S.C. ban cruel and unusual punishment by deliberate indifference knowing that no warrant was executed for the Plaintiff or sufficient Probable Cause to be placed in custody violating his 1st Amendment by anbridier the freedom; fourth Amendment Against unreasonable searches and Seizures, shall not be violated and no warrant shall issue without Probable Causes fifth Amendment nor be deprived of life, liberty or property without Due process of law; Sixth Amendment Right to be informed of the Nature and cause of the Accusation; Eighth Amendment Right ban cruel and unusual punishment inflicted Ninth Amendment Right ban the deny or disparage of Right Retained by the people; 13th Amendment Right ban involuntary Servitude; and 14th Amendment Right ban any state from depriving any person of life, liberty or property, without Due process of law.

The defendants further more executed the search warrant for the 2 floor Apartment at 128 Osborne Street, Danbury, CT where the plaintiff held a subjective expectation of privacy in the Attic Apartment/Room which is above of the 2 floor Apartment separated by 2 doors one the bathroom door and Attic door. This Attic Apart/Room is not visible from side yard of the 2 floor Apartment,

## D. CAUSE OF ACTION

WALKWAY OR porch. The bathroom door has to be opened And then the Attic door to go where plaintiff resided. The defendants which Already violated the plaintiff rights continue to unconstitutionally seized property and designated defendant Kaupinsky the complete A flow chart of items seized and locations seized from As evidence to use Against the plaintiff who held An objective expectation of privacy in friends Mr Angel Ramirez the Lessee Apartment where he Ate and slept At dwelling, kept belonging there on the Attic Apt. (Room Above the second floor Apartment 128 Osborne Danbury, CT, None of plaintiff property was Exposes to the public because it's separates it from the second floor through the bathroom door and the Attic door denying plain view.

The defendant Mark Trohalis Stated in the Incident report Attached and Marked As exhibit A. and exhibit B. Arraignment report and Affidavit warrantless, Arrest, property found during the search of the Attic Apart / room of plaintiff but defendant Detective Kaupinsky who was designated As the evidence officer At this time to complete the flow chart of Item seized And location seized from Attached and Marked As exhibit C. included herein indicated that $46 $\frac{oo}{}$ in U.S. Currency from the plaintiff was seized on January 7, 2000 without A petition for forfeiture of property in Drug Cases public Act 89-269; C.G.S. § 54-36h supplied to this plaintiff for the purpose of claiming the property seized violating

# D Cause of Action

Fourth and fifth Amendment to the U.S.C

Defendant Detective John Mewllo #292 gave a Notarized Affidavit of the only petition for Confature of property in drug cases Public Act 89-269, C.G.S § 54-36h made to Angel Ramirez dated January 7, 2000 and two forms of return for and inventory property seized on search and seizure warrant Attached and Marked as Exhibit D. herein, Adding the Plaintiff $46⁰⁰ U.S. currency Seized from his person and $461⁰⁰ U.S. currency with Angel Ramirez property seized to be confieted when the plaintiff held a legitimate expectation of privacy in the Attic Apartment / room because such U.S. currency seized was without a warrant, without his consent, without being in the view of the public, and it was not Abandon

Moreover, defendants unreasonable seizures of plaintiff and property is protected by the fourth Amendment when the techniques used by the defendants overcame the plaintiff free will or that he was not free to leave which had No reliance on warrant issued for Angel Ramirez.

It was Also unreasonable for the defendants to Seizure plaintiff $46⁰⁰ dollars from his person; $450⁰⁰ U.S. currency in a polo-sport Ralph Lauren case from the Attic bedroom; $11⁰⁰ U.S. currency in shoe from the Attic bedroom; 1 Spanish passport and All that is in the Special Investigation Division secured by defendant Detective John Mewllo #292, evidence officer which have NO warrants with plaintiff name or a Criminal record

# D. Cause of Actions

to be Identified by/for seizure violating first, fourth, fifth, Sixth, Eighth, Ninth, 13th and 14th Amendment to the U.S.C. Attached and marked as exhibit C. included herein.

There was wanton and reckless justification to seizes the plaintiff on January 7, 2000, the course of the investigation by defendants who did not seized any drugs, the defendants had no facts on an offense committed by the plaintiff to be Arrested because during the course of the Alleged investigation were the warrants obtained on January 6, 2000 After review by a Judge at the Danbury Superior Court the plaintiff name was not on the warrant or identified in the search warrant for second floor Apartment, 128 Osborne Street, Danbury, CT and for the person of Angel Ramirez and the vehicle used by Ramirez, A 1996 Nissan Pathfinder Sport utility vehicle bearing Connecticut registration 569 NV.H executed on January 7, 2000 where defendants knew plaintiff did not have any drugs while the Arrest of Angel Ramirez was in progress and no reasonable suspicion or Articulable facts established in the warrant obtained January 6, 2000 to seized the plaintiff who had no previous record.

The warrant executed for Angel Ramirez is not sufficient and lacks objectivity to weigh correctly the strength of the evidence supporting the counterplated Action Against the plaintiff interest in protecting his own liberty.

# D. CAUSE OF ACTION

Exhibits marked herein A. through E. shows that the Alleged offense committed was not in possession of the plaintiff or at plain view FED. R. Crim. P. 4 (A).

The warrant dated January 6, 2000. for Angel Ramirez And 2 floor Apartment, 128 Osborne St. Danbury, CT., is insufficiently particular because defendants had Actual notice that house divided into 2 Apartments before executing search yet failed to list the Attic Apartment/room and redacted Affidavit did not specifically implicate Attic Apartment/room marked herein As Exhibit A. showing Affidavit.

The defendants could not use personal Knowledge of plaintiff name to come insufficient warrant because name did not Appear on warrant, and it Constable violated plaintiff fourth Amendment Rights by descriptive information on Arrest warrant.

The defendant Application for and obtained a warrant to search premises Known As the 2 floor Apartment, 128 Osborne st., Danbury, CT. Photographs were taken from the street infront of the house or Apartment and defendant knew or should have Known that there were an Attic Apartment/room on Above the second floor which search of the Attic Apartment/room is invalid because defendants unreasonably search the Attic Apartment/room despite warrant's description of second floor Apartment At 128 Osborne Street, Danbury, CT for the person of

# D. Cause of Action

Angel Ramirez, and also such search invalid because defendants prepared Affidavit for a different search, and could not have reasonably relied upon the courts finding of probable cause.

The warrant insufficiently particular obtained on January 6, 2000 because it distinguished the items that may be seized from Angel Ramirez 2 floor Apartment, 128 Osborne St., Danbury, CT. and not of the plaintiff or Attict Apartment/room, this warrant contained no explination as to how to differentiate the items seized, and it only authorized the seizure and search of Angel Ramirez Apartment and property not the plaintiff.

When defendant obtained the keys from the ignitions of Nissan Pathfinder belonging to Angel Ramirez unlocked the Apartment 2 floor, 128 osborne St, Danbury, CT. without a "Knock and Announce" stating on the Exhibits A. and B. herein showing that "upon entering no one was in the Apartment at Aprox. 1649 hours" in violation of § 3109 were the unlatching a closed, door unannounced intrusions is in violation of the statute, even with arrest warrants defendants failed to announce in density and purpose or did so upon entering Apartment were defendants had no knowledge of any person at the Apartment or not even had a reasonable suspicion that knocking and announcing would be dangerous, futile, or destruction to the purpose of the investigation, which common law announcement requirement under § 3109

# D. Cause of Actions

And no exigent circumstances to satisfied evidence would be destroyed.

The defendants on January 7, 2000 exceeded scope of warrant dated January 6, 2000 by seizing $1,450 ⁰⁰ etc. because warrant only authorized seizure of Angel Ramirez and 2 floor Apartment, 128 Osborne St., Danbury, CT and not the Attic Apartment/room were plaintiff property was seized with prejudice to inflict punishment, see marked as exhibits A through E plaintiff property.

The defendants were required to comply with Rule 41 because warrant obtained by state officers executed by state officers, which defendants intentionally violated Rule 41 (d) with prejudice by refusing to provide copy of search warrant for the Apartment, the nissan pathfinder and the person Angel Ramirez at outset of search, but rather left warrant at Apartment on the kitchen table after plaintiff was arrested, placed custody and the search concluded at 1830 hours to provided additional copies at the police headquarters, and marked as exhibits A and B showing location were warrants left at Apartment on the kitchen table.

During the investigation in the affidavit and warrantless arrest report attached and marked as exhibits A and B defendants Identified the plaintiff as "Alex" with a scar in the face" and did not reasonably suspected

# D. Cause of Action

of Criminal Activity, question him briefly, or perform a limited pat down frisk for weapons Acting w. th wanton and reckless to the importance of balancing the need of the search or seize against the invasion on the plantiff fourth Amendment interest which the search and seizure entails, even when the warrant was executed for Mr. Angel Ramirez the driver of the vehicle the defendants had no suspicion of plantiff involve in illegal Activity while the surveillance took place on before the execution of the warrant at Tamarack Ave. in Danbury, CT. were they should had order the plantiff out of the vehicle briefly questioned for procedure outweighed the minimal instrusion on the plantiff fourth Amendment, which Actual motive of the defendants to investigate narcotics trafficking Are irrelevant and under the fourth Amendment, every search or seizure by a government agent must be reasonable, such detention of plantiff who was At the passenger side of Mr. Angel Ramirez vehicle was unreasonable because the detention and seizure was without being informed of warrant arrest for warrant Mr. Angel Ramirez and search in progress while transfered and detaine At police Headquaters for Approx. 1 hour, or, that the detention and seizure of plantiff Generalized suspicion of criminal Activity based solely on race and scare on face Also does not justify seizure, Attached and Marked as Exhibits A. and B. herein showing transfer of plantiff A police Headquaters.

## D. CAUSE OF ACTION

RAMIREZ not the plaintiff would give defendants a valid pat-down during the excution exceeded scope of TERRY because defendants had already determined the Arrest warrant for the person Authorized by a judge And plaintiff did not contain weapons or narcotics, even with an arrest warrant for Mr. Angel Ramirez and secured floor apartment 128 osborne st., Danbury, CT. the plaintiff had expectation of privacy in the Attic Apartment/room by the fourth Amendment interest of person not named in the warrant when the Attic Apt./room is being searched without Plaintiff consent And in the Absence of Exigent Circumstances, even defendants warrantless search is invalid because the search was conducted After plaintiff was handcuffed And in custody without probable cause when the warrant for the investigation were obtained JANUARY 6, 2000 After review by a judge At Danbury Superior Court And the identification of the plaintiff name was not included in the warrants reviewed And Authorized by a judge, And warrantless search invalid because search took place Approx. 2 hours 75 minutes After plaintiff was Arrested handcuffed, placed in squad car, and transferred to police headquarter the plaintiff was not in control of search area.

Furthermore, the defendants Arrested the plaintiff on JANUARY 7, 2000 on the same drug charges As Mr. Angel Ramirez whos Arrest warrant was to be executed Aft discovering drug paraphernalia during the search warrant



# D. Cause of Action

Even though defendants had a warrant to search and seize for the person Mr. Angel Ramirez and the vehicle used by Ramirez a 1996 Nissan Pathfinder S.U.V. And second floor Apartment at 128 osborne there was no Reasonable suspicion or indication that plantiff was in possession of any drugs or Armed to be searched or seized, Attached and Marked as exhibits A and B. Showing the plantiffs did not possessed any drugs or Armed.

Also the Approx. 2 hours and 75 minutes of plantiff detention while the execution of Arrest warrant for Angel Ramirez and second floor Apartment, 128 osborne St., Danbury, CT. provide support to the wanton and reckless by defendants, failed to act diligently transported the plantiff to different site and misinformed detainee As to expected course of investigation, which seizure converted to Arrest because defendants moved the plantiff from original site of seizure to police Headquaters for interrogation, and it was unreasonable for defendants to force the plantiff from vehicle at gunpoint and handcuff him because it was daytime and there was no indication plantiff was Armed, At the execution of Arrest warrant for Mr. Angel Ramirez there were Approx. 10 officers, the nature of the suspected crime did not included suspicious behavior, immediate Action or Armed to conduct An unreasonable Arrest at gunpoint threating plantiff life, even when the Execution of the Arrest warrant for the person Mr. Angel

# D. CAUSE OF ACTION

of Mr. Angel Ramirez second floor Apart at 128 osborne St., Danbury, CT. and violated plaintiff privacy by breaking in the Attic Apartment/room where an alleged plaintiff libel material in a shoe box was seized which was used to serve as part of its justification to incident [to Arrest Search and such warrantless search before formal arrest invalid because Probable Cause for Arrest did not exist until the search was underway.

The defendants warrantless search of plaintiff Attic Apart/room property seized upon invalid Arrest is invalid as search incident to Arrest because it was conducted more than 2 hours 75 minutes After Arrest defendants had exclusive custody of item and no warrant was obtained, the defendants had only a warrant for second floor Apartment not the entire house under search incident to Arrest exception, and there was no justification for the Attic Apartment/room search incident to Arrest or any consideration the plaintiff a threat.

The defendants were on the execution of search warrant for Mr. Angel Ramirez second floor Apartment, 128 Osborne St., Danbury, CT for Approx. 2 hours and 75 Minutes conducting a sweep and failed to demonstrate it was immediate and no longer than necessary when there was no risk to officer safety. When defendants conducted a search of the Attic Apartment/room were the plaintiff property was seized which search and seize

## D. Cause of Action

invalid under plain view doctrine when shoebox unrevealing in appearance, the property was not justify to be in plain view seizure of drug paraphernalia found inside of shoebox invalid, as items were descovered in course of an unconstitutional administrative search, attach and marked as exhibit E herein showing were the plaintiff property was found and seized.

Moreover, there was no justification for the warrantless search or seizure of plaintiff person by exigent circumstances because there was no immediate or continuous pursuit from crime sceene, an exigent circumstances did not exist to justify warrantless search because defendants could have guarded Angel Ramirez second floor apartment, 128 osborn st, Danbury CT, containing cocaine with little or no danger to themselves while search warrant was obtained, even if the defendants belief that suspects would destroy evidence not reasonable because both MR. Angel Ramirez and plaintiff were under their control.

The plaintiff has a fourth Amendment protection apply to attact Apt./room, and warrantless search of attact Apart/room violate the plaintiff fourth Amendment privacy protections surrounding one's Apart/room and other temporary living spaces.

The defendants inventory search invalid because no police procedure existed regarding scope of inventory search, which inventory search was to be conducted

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
____Yes __✓__No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

b. Name and location of court and docket number_____

c. Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed? Is it still pending?)

_____

d. Issues raised: _____

_____

e. Approximate date of filing lawsuit:_____

f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.     ____Yes  __✓__No.

If your answer is "Yes," briefly describe how relief was sought and the results.

5

3. I have exhausted available administrative remedies. _____ Yes _✓_ No.
  If your answer is "Yes," briefly explain the steps taken.  Attach proof of exhaustion.
  If your answer is "No," briefly explain why administrative remedies were not exhausted.

it Consist of unconstitutional Administrative procedure (others)

## F.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1.  If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Please describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
  If you are not incarcerated, go to section G.

a.  Parties to previous lawsuit:

Plaintiff(s): Luis Fernandez

Defendant(s): Jade Alexander, et al

b.  Name and location of court and docket number U.S.D.C., Bridgeport 3:01-cv 018

c.  Grounds for dismissal:  ( ) frivolous ( ) malicious (✓) failure to state a claim upon which relief may be granted.

d.  Approximate date of filing lawsuit: 9/19/01

e.  Approximate date of disposition: Oct. 26, 2001

2.  Are you in imminent danger of serious physical injury? _✓_ Yes _____ No.
  If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument. Since I am a victim of officials cruel and unusual punishment without cause it could escalate and they can send or arrange some one to take my life just as the arrest without a warrant or probable cause.

6

## G. REQUEST FOR RELIEF

I request the following relief: That the Court issue a declaratory judgement stating that; 1- The Acts committed and Omitted by the Municipality Danbury Police Department violated search and seizure under the Fourth Amendment U.S.C. Due Process Procedure, For an Arrest without a warrant or probable cause. 2. The Plaintiff held a constitutional liberty interest to be free from illegal search and seizure pursuant to and under the First Sec. 7 Conn. Gen Statute; and that the practice of Municipality officials violated Fourth Amend U.S.C. 3- The Municipal officials held an Affirmative duty to supervise the policy, procedure, and custom carried out by its employees while ensuring the warrants ~~Application~~ completed due process ——→

## H. JURY DEMAND

Do you wish to have a jury trial? Yes ✓    No_____

_____
Original signature of attorney (if any)

_____
Plaintiff's Original Signature

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  Cheshire C.I.        on   11/14/02        .
　　　　　　　　(location)　　　　　　　　(date)

_____
Plaintiff's Original Signature

7

## B. Request for Relief

Issue A Declaratory Judgement stating that;
Continue (3) - in compliance and accordance with state
Constitution by ensuring its validity before filing pursuant to
its own Municipal Government Policy by supervising its procedure.
customs, accordingly to state law ART. First Sec. 7 Conn
Gen. Stat., the Municipals failure to do so before plaintiff
Arrest deprived him of his Protected Liberty interest secure
by the states Constitution ART. First Sec. 7 Conn. Gen. Stat
and violated the fourth Amendment U.S.C.

4- The Municipal officials and its officers Employees had An
Affirmative duty of supervising the dept. Policies, procedures,
customs, to full compliance with statues of state law and
regulations promulgated by that. body's officers before the
execution of its warrants and failed to act when the warrants
applyed for and reviewed by a judge of the Danbury Superior
Court were for Angel Ramirez person and property not the
plaintiff and for their failure to act caused the constitutional
violations of plaintiff first, fourth, fifth, sixth, Eigth, ninth
13th and 14th Amendment to the U.S.C. and that these Acts
of Omission and Commission Are Actionable under 42 U.S.C.
Sec. 1983, and the Municipal officials are liable for Knowing
or reasonable should have Known of the constitutional violations
and failed to do anything About it.

5- The defendants warrants execution and warrantless Arrest
of essential facts Admitted false information subject to the
Federal perjury charge 18 U.S.C. sec. 1621 and that
the defendants in their declaration statement under penalty
of perjury As permitted under sec. 1746 of title 28 U.S
Code willfully subscribed in their warrants Affidavit As true
material information which defendants did not believe to be

## G. Request for Relief

Issue a Declaratory judgement stating that;

Continue (5) - true and this said material information did
in fact cause the plaintiff's loss of liberty interest without
due process under Article first sec 7 and 8; in violation of
the fourth and fourteenth amendment by the defendants failure
to comply with the warrants reviewed by a Judge of the
Danbury Superior court and by these failures deprived the
plaintiff of the equal protection of the law pursuant under
Article first sec. 20 Conn. Gen. Statue while the plaintiff
was equally and similarly situated as other residents of
the municipal he were treated differently as a suspect class
member by defendants because of his racial Identity.

6. The municipal officials and their officers Actions were
of such intentional discrimination on the basis of plaintiffs
race so as to cover and hide their errors of omissions
when they put the cart before the horse.

7 - The Plaintiff held a Constitutional liberty interest to be
Free from illegal search and seizures violating fourth amend
and ban from cruel and unusual punishment by deliberate
indifference pursuant under the eigth amendment U.S.C.

8 - The Municipal officials violated Due process when their
officers prepared Affidavits that contained statements of
fact which were either knowingly and intentionally false
or made with reckless disregard for the truth and which
without probable cause for the arrest of the plaintiff was
not established, when officials deliberately and knowingly
intentionally disregarded the warrant reviewed by a judge
from the Danbury Superior Court issued for the search and
seizure of Mr. Angel Ramirez, 2 floor apartment, 128 osborne
st., Danbury, CT. and Nissan Pathfinder 1996. under the
—▷