"6. Request for Relief"

Issue A Declaratory Judgement stating that;

Continue (8) - Eigth Amendment showed deliberate indifference by deliberate Action and inaction of A culpable mind.

9. The defendants exposure to the warrants reviewed by a Judge during course of their serveillance which indicated they had possessed Actual knowledge of who the warrants were issued for and their unfavorable denial of knowledge when executing the Arrest warrents by deliberate omissions of fact constituted deliberate indifference under the Eigth Amendment cruel and unusual punishment; when the defendant knew or reasonably should have known of the constitutional violations while executing their warrents and were liable by their wanton and omissions of fact in Arresting the plaintiff without P. cause or a warrant lossing the liberty interest required by law.

10. The Municipal Discriminated against plantiff under the Federal Act Title VII because of race while being a Hispanic man with no criminal History.

11. The municipal officials and its supervisors failed to Correct the fundamental constitutional violations in their warrents executed within their own responsibility while they knew or should have known About them and are liable for failing to make a policy, procedure, custom to prevent Predictable violations of its citizens Rights under State law.

12. The municipality Danbury officials breached Statutory duties to protect its citizens from illegal search and seizures and are held liable under 42 U.S.C. sec. 1983 for their omissions, without Probable cause.

13. The municipality had a duty to promulgate regulations to protect their citizens from illegal search and ⟶

## C. Request for Relief

Issue A Declaratory Judgement stating that;

Continue (13)- Seizures by Danbury Police and by their failure to do so are liable.

14- The municipal by state regulation was reasonsable for ensuring that due Process before the warrants executed for Arrest was followed by its officials before the arrest of any citizen and by failing to do so is liable.

15- The municipal officials supervisors are liable for Due process denials in the warrants execution proceeding wh en it failed to ensure policies in place intended to prevent such denials.

16- The defendants failure to follow ensure and uphold state law regulation as written under ART First sec. 7 constituted liability.

17- The municipal is liable based on policy of inadequate supervision and review of its warrants execution and Police conduct.

18- The municipals officials deprived Plantiff of that liber ty and protected property interest without due process of law in violation XIV Amend). U.S.C. (other)

19- The plantiff deprivation of liberty resulted from estab blished state procedures and or policies that were predictable by the municipal officials and their officers failures to promulgate and enforce policy to execute state law.

20- The municipal officials and their officers had an Affirmative duty and owed care to make sure and ensure the process due was completely fullfilled before the plantiff's deprivation of liberty ensured pursuant under Article first sec. 8 Conn. Gen. Stat. and failed the

——▷

"G Request for Relief"

Issue A Declaratory Judgement stating that;
Continue (20). the duty owed and care of checking the warrants
executed for fundamental defect and omissions of fact which
caused the plaintiff loss of liberty without Due Process.
21. The plaintiff held a Constitutional liberty interest to have
the equal protection of the law pursuant to and under Art. First
Sec. 20 Conn. Gen. Stat. while being equally situated as any
other citizens of the state.

22. Any other Declaratory Judgement apropriate to this case.

Claim for Relief;
1. Municipal officials failed to protect its citizens from illegal
search and seizures that would cause irreparable harm and
Damage and that at the time plaintiff equally and similarly
situated under the state's constitution and discriminated against
by the defendants Action of omission from their illegal search and
seizures when no warrants had been issue for the plaintiff
or cause established.

2. Municipal officials failure to supervise its own Employees in the
time of the execution of warrants by checking for illegal search
or seizures had an impact on the Judge from the Danbury
Superior Court who reviewed and signed the warrants which
the municipals failure to properly ensure procedural Due Process
before the plaintiff Arrest resulted in plaintiff Arrest denial of
liberty and denial of property and constituted Deprivations of
liberty without Due process in violation of the fourteenth Amend.
to the U.S.C.

"6. Request for Relief"

Claim for Relief;

3. The defendant were aware of the plaintiff Race at the time of illegall search and seizure of their warrants violated the municipal Policy Danbury Police an discremination and constituted violation equal protection clause fourteeth Amed U.S.C.

4. Municipal officials Actions custom of inadequate training Supervision and Discplining of its officers by their illegal search and seizures in denying Due Process while it was the false misleading statements of their officers that cause the plaintiff Arrest, while the municipal officials had Actual knowledge of the Risk to the plaintiff Right to equal protection of the law being violated constituted deliberate indifference when municipal officials knew or should have known their Employees were putting forth illegal searches and seizures and had a history of doing so while the duties of municipality include supervision of its Employees so as to protect citizens from inreparable harm the deliberate indifference shows that officials should have known About these Rosks that caused the plaintiff harm and Constituted in violation of first, fourth, fifth, sixth, Eighth, Niveth, 13th And 14th Amed. U.S.C.

5. Municipal officials violated Title VII Federal Act by discremination because of Plaintiff Race.

6. Municipal officials illegal search and seizures Alleged perjury in violation 18 U.S.C. sec. 1621 Fed. Act without Probable cause.

Respectfully Submitted.

Plaintiff - Luis Fernandez

## "G. REQUEST FOR Relief"

Relief REQUESTED)

ISSUA AN INJUNCTION Ordering;

1. Municipal officials to have their officer Employee's investigated by State grand Jury for investigation And indictment pursuant under 53A-157 perjury.

2. The Suspension of defendants Fisher, Ramos, Knopinsky, Karl Murphy, Selner, Riolo And MARK Trohalos without pay for 30 day's And Remain ON suspension until disciplinary Changes Are resolved.

3. The immediate Demotion of chief of police Robert Paquette from Acting Capacity As supervisor for the city Danbury Police Department for failing to Supervise And enforce state statues on probable Cause before Arrest.

4. Immediately order write of Attachment for liew notice Against the earnings, bank Assets, holdings of All property business, inheritances belongings to defendants until case is resolved.

5. Award Compensatory Damages In lump Sum Amount:
Intentional infliction of emotional distress and anguish and depression

A. In the Amount of 20 Million Dollars Against Chief of police Robert paquette for the physical And Mental Anguish And Emotional injuries sustained As A Result of the phantiff Arrest without Probable Cause in violation of his fourth Amendment.

6. Request of relief

<u>Relief Requested</u>:
Issue An injunction ordering:
Continue (5); Award Compensatory Damages In Lump Sum Amount:

B- In the Amount of 20 million Dollars Against chief of Police Robert paquette for the ~~punishment and~~ Mental Emotional Anguish, ~~Physical injury~~ sustained resulting from the denial of the equal protection of the law violation of plaintiffs fourteeth Amend U.S.C. in Connection with the Plaintiffs Arrest without Probable cause.

C. In the Amount of 20 million Dollars Against chief of Police Robert paquette for the punishment and Physical Emotional, Mental anguish sustained ~~by injury~~ Resulting from defendants Acts of discrimination because of Plaintiff race in Connection with the Plaintiff Arrest without Probable cause. Pursuant Title VII Federal Act.

D. In the Amount of 20 million Dollars Against chief of Police Robert Paquette for the ~~Punishment and Physical Emotional, mental~~ Anguish sustained ~~by injury~~ Resulting from defendants cruel and unusual punishment by deliberate indifference under 8th Amend. U.S.C. in Connection with the Plaintiff Arrest without Probable Cause.

E. In the Amount of 20 million dollars Against chief of Police Robert paquette for the ~~punishment and~~ Emotional, Mental Anguish ~~and physical injury~~ sustained As a Result of defendants denial and deprivation of Plaintiff privileges under Liberty and Property without Due Process of law Pursuant 14th Amend U.SC.

⟶▷

6. Request of Relief

Relief Requested;

~~Issua an injunction ordering;~~

~~Continue (6)(E): Award Compensary Damages In lump Sum Amount~~

E: In Connection with Plaintiff arrest without Probable cause.

F. In the Amount of ONE million dollars against defendants Det Sgt Fisher, Det. Ramos, Det. John mearllo, Det. Krupinske Det. Mark Trohalis, officer Karl murphy, officer selner and officer riolo each for the ~~physical and mental anguish and emotional injuries~~ sustained as a result of the plaintiff Arrest without Probable cause or a warrant in violation of First amendment against abridging the freedom; 4 amendment against unreasonable searches and seizures, shall not be violated and No warrant shall issue without Probable cause; 5 amendment nor be deprived of life, liberty or propety without due process of law; 6 amendment right to be informed of the nature and cause of the Accusation; 8 Amendment right ban cruel and unusal punishment inflicted; 9 amend right ban deny or disparge of rights Retained by the people; 13 amendment Right ban involve Any servitude; and 14 amendment Right ban any State from depriving any person of life, liberty or property, without Due Process of law.

6. Award Punitive Damages in lump Sum Amount.

H. 20 million Dollars against defendants Chief of Police Robert Paquette and Danbury Police Department.

6. Request of Relief

Relief Requested;
Issua an injunction ordering:

I- Grant such other relief as it may appear that plaintiff
is Entitled.


Respectfully Submitted,

by:_____

Luis Fernandez
Plaintiff



**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | |
| | : | **PRISONER** |
| v. | : | **Case No.  3:02cv2090(JBA)(JGM)** |
| | : | |
| ROBERT PAQUETTE, et al.[1] | : | |

### RULING ON PENDING MOTIONS

Plaintiff, Luis Fernandez, currently confined at the
MacDougall Correctional Institution in Suffield, Connecticut,
commenced this civil rights action pursuant to 28 U.S.C. § 1915.
He alleges that on January 7, 2000, the defendants arrested him
without probable cause and unlawfully searched his residence.
Pending before the court are cross motions for summary judgment
and motions to strike affidavits.  For the reasons set forth
below, the defendants' motion for summary judgment is granted and
the plaintiff's motion for summary judgment and all motions to
strike affidavits are denied.

I.   Standard of Review

"The trial court's task at the summary judgment motion stage
of the litigation is carefully limited to discerning whether
there are genuine issues of material fact to be tried, not to
deciding them.  Its duty, in short, is confined at this point to

---

[1]The named defendants are Chief P. Robert Paquette,
Detective Sergeant Fisher, Detective Ramos, Detective John
Menullo, Detective Krupinsky, Detective Mark Trohalis, Officer
Karl Murphy, Officer Selner and Officer Riolo.



McDonald

```
++++++ RECEIVED FROM NATIONAL LETS +++ 03/10/04 17:36 ++++++++ 0613
IAR.VTINS0924
15:37 03/10/2004 08023
15:37 03/10/2004 09080 CT0003401
*00PSC35073
TXT
*** LAW ENFORCEMENT SENSITIVE ***

IAQ RECEIVED:03/10/04 05:01:11 PM

ORI/ CT0003401    ATN/TROHALIS,MARK
NAM/ FERNANDEZ, LUIS                              PHN/2037974683
DOB/ 19760722    CUS/Y    OFF/2401    PUR/C    POB/DR    SEX/M
FBI/             ARN/          SOC/041800114
REM/ SUBJECT IS CURRENTLY INCARCERATED ON SERIOUS FELONY CHARGES,
     IF POSSIBLE WOULD LIKE ALL INFO ON SUBJECT

**** QUERY MESSAGE TEXT ENDS - L.E.S.C. RESPONSE BEGINS ****
THIS IS NOT A GOVERNMENT DETAINER!  THIS INFORMATION IS FOR
LAW ENFORCEMENT USE AND IS BEING PROVIDED FOR INFORMATIONAL
PURPOSES ONLY. THIS RESPONSE IS NOT SUPPORTED BY FINGERPRINTS.

**** BASED ON THE INFORMATION PROVIDED *****
THE FOLLOWING I.C.E. RECORD APPEARS TO RELATE: ------

NAM/ FERNANDEZ, LUIS
DOB/ 19760722
CITIZENSHIP/SPAIN    --> SPAIN
I94 ADMISSION #/58003984605
PASSPORT/ 007260
PORT OF ENTRY/NYC
CLASS OF ADMISSION/WT VW
DATE ADMITTED/ 19991110✓
ADMITTED UNTIL/20000209 ✓
DATE DEPARTED/ 19991107✓
ARN/ 101615688 ;101615124
FBI/ 755346MB7
SID/ CT00938943
LKA/ 104 CORONA QUEEN, NEW YORK CITY, NEW YORK


I.C.E. RECORDS INDICATE THAT THE SUBJECT WAS LEGALLY
ADMITTED TO THE UNITED STATES AS A NON-IMMIGRANT. IF
THIS PERSON HAS REMAINED LONGER IN THE UNITED STATES
WITHOUT I.C.E. PERMISSION, THIS PERSON MAY BE IN
VIOLATION
OF IMMIGRATION LAWS. IF DATE DEPARTED IS INDICATED, NO
COMPUTER RECORD OF A CURRENT RE-ENTRY WAS FOUND,
HOWEVER THIS DOES NOT PRECLUDE THE POSSIBILITY OF A
RECENT RE-ENTRY.

THIS PERSON MAY BE REMOVABLE IF CONVICTED OF CERTAIN
CRIMINAL OFFENSES.

*********************************************************
                    IMPORTANT NOTICE
*********************************************************
IT APPEARS THAT THIS PERSON HAS CONVICTIONS WHICH COULD BE
CLASSIFIED AS AGGRAVATED FELONIES. AS SUCH, THIS PERSON MAY
```

BE AMENABLE TO ARREST FOR IMMIGRATION VIOLATIONS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
REQUESTING ORI INFORMATION:

AGENCY/DANBURY PD DETECTIVE DIVISION
PHONE/ (203)797-4611

LESC QUERY ID:   01419546   \*\*\*    LIMITED OFFICIAL USE    \*\*\*

END OF RESPONSE . . . .



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Luis Fernandez : PRISONER
Case 3:02CV2090
V. (JBA)(JGM)

Chief Robert Paquette, etal : Feb. 13, 2004

## PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Luis Fernandez delcares under penalty of perjury:

1. I Am the plaintiff in the Above-entitled case. I make this declaration in opposition to defendant's Motion for Summary Judgment were material facts have been left out, undisputed and factual allegations are not correct and incomplete when Entitles the plaintiff Cross-Summary Judgment.

2. The defendants before and After the execution of the warrant for Angel Ramirez person, second floor Apartment 128 osborne st. Danbury CT and vehicle SUV white Nissan pathfinder 569 NUH dated 1/6/00 ON 1/7/00 did not identifyed the owner of the white Nissan pathfinder SUV 569 NUH which was returned to Mercedez Moya the owner and girlfriend of

Angel Ramirez who defendants had created the warrant dated 1/6/00 on 1/7/00.

3. The defendants claim in their Motion that they believe the Motor vehicle contained contraband As to excuse failure to obtain a search warrant. In fact, the Incident reports don't provide this As reason for Stop and search and seized. In reality, the stop of the Motor Vehicle at Tamarac Ave. was to Execute warrants? for Angel Ramirez person, second floor Apartment 128 Osborne St. Danbury. CT and white Nissan pathfinder NUV 569 without no function on registration one

4. The defendants claim in their Motion that A five-Month investigation was documented for search warrant dated 1/6/00. In fact, only 5 days out of the Allegedly "five-Month" was A surveillance Conducted without proper equipment, no finger prints from the Alleged evidence recovered, failed to provide the quantity of the Alleged evidence recovered and did Not Identifyed the plaintiff.

5. The defendant claim in their Motion that no items were taken from the plaintiff on 1/7/00 when the white Nissan pathfinder was stopped at Tamarack Ave. and Alleged to observed the plaintiff seated in the white Nissan pathfinder holding packages of Cocaine. In fact, None of the defendants

2 of 6

Confirmed on the 116/00 Affidavit and Application search and seizure warrant of seeing the plaintiff holding packages of Cocaine, defendants did not Identify the plaintiff As Luis Fernandez to be seated in the Nissan pathfinder SUV 569 NVH during any of the Controlled purchase. Alleged Neither on 1/3/00. Furthermore; In fact, the plaintiff wallet and Moneys I.D. were removed.

6. The defendants claim in their Motion that they had authority to detains the plaintiff and Angel Ramirez while they created the search warrant for the second Floor Apartment and that detention lasted thirty (30) Minutes. In fact, the plaintiff had already been pulled-out of the white Nissan pathfinder to the floor and pulled his pants down and seized his property in his person then thrown into a police car without informing him of the Acusation or cause and taken to the police headquarter for interrogation were defendants Admit to the plaintiff detention does Rise to the level of A Constitutional violation.

7. The defendants claim in their Motion that they requirement to waived the Knock And Announce Into the second Floor Apartment. In fact, defendants had No reasonable suspicion if their were any occupants At the second Floor Apartment that would lead to the immediate destruction of

3 of 6

the evidence on 1/7/00 while knowing of
the Incident Report dated July 11, 1999 report
Arrest of one Angel E. Ramirez to a Complaint by
Moya Mercedez, Mr. Ramirez girl-friend. and
defendants made no justification of the evidence
destruction in the Incident Reports dated
1/7/00 Already Admitted.

8. The defendants claim they had probable cause
for the warrantless arrest of the plaintiff on
1/7/00. In fact, the plaintiff detention rised
to an Arrest before executing the warrant for
second floor Apartment 928 osborne st. Danbury ct
on 1/7/00, the defendant had no reasonable
information of the plaintiff identity nor did
the defendants linked a baseball hat to the
plaintiff. when seized and searched illegaly on
1/7/00 And none of the Alleged informants
identified the plaintiff who is luis Fernandez.
The defendants had no warrants to conduct
A "reverse-sting" operation nor had Authorization
to seized the plaintiff Identification and use it
to commit crimes. The only physically description
of the man or woman known to the defendants
As "Alex" is with a Baseball hat and the defendant
Admitted that they did not know the plaintiff name
during the Alleged investigation.

9. The plantiff material facts are that he was visiting Angel Ramirez and girl friend Mercedez Moya at the second floor 128 Osborne st. Danbury CT when entering legaly from the Dominican Republic, he was allowed to sleep in the Attic apt. [unit] next to another guest room and eat the this dwelling. On about Nov. 1999: the white Nissan pathfinder was in a repair shope getting fixed do to a small accident which Mercedez Moyas and Angel Ramirez can testify and provide documentation of such and the Brown Honda Covic was sold to Angel Ramirez friend and also house guest at the second floor apt. 128 Osborne St. Danbury CT. On 7/7/00 the plantiff contacted a friend known to him for approx 10 years who is a witness to the illegal brutal arrest at Tamarack Ave and Attorney Joseph Romwella can present testimony to documents presented at trial concerning plantiff legal documents and property. Also Attorney Raymond P. Yamin can provide testimony to the actual Incident Reports and documents mailed to the plantiff All relevant to this case.

10. These factual disputes cannot be resolved without A Jury Trial. Wherefore, defendents Motion for summary Judgment should be denied.

RESPECTFULLY SUBMITTED

Luis Fernandez Pro SE
M. W. C. I.
1153 East St South,
Suffield, CT 06080

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 13 day of February, 2004.

Luis Fernandez

CERTIFICATION

I hereby certify that a Copy of the foregoing was mailed to the following defendants Attorney this 13 day of February 2004.

Thomas R. Gerarde Ct. 05640
Howd & Ludorf
65 Whethersfield Ave.
Hartford, CT 06114

Luis Fernandez

6 of 6



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS FERNANDEZ            :        PRISONER
                                  No. 3:02CV2090
V.                        :        (JBA)(JGM)

CHIEF ROBERT PAOUETTE, et al :  April 9, 2004

## PLAINFF'S NOTICE OF MANUAL FILING EXHIBITS

Please take notice that the Plaintiff have manually filed the following exhibits to the Plaintiff Request for Permission to file OVERLONG RESPOND & OBJECTION TO DEFENDANT'S OPPOSITION TO The PLAINFF's CROSS-MOTION FOR SUMMARY JUDGMENT DATED MARCH 24, 2004 :

1.  EXHIBIT 'A' —— Plaintiff opposition IN summary Judgment to defendants objection to MOTION for Appointment of Pro Bono Counsel

2.  EXHIBIT 'B' —— Transcript of the Court IN Rem Civil Proceeding date March 18, 2002.

3.  EXHIBIT 'C' —— Luis FERNANDEZ Immigration

1 of 3

4. EXHIBIT 'D' ———    REQUEST FOR PRODUCTION OF DOCUMENTS NOV. 19, 2003

5. EXHIBIT 'E' ———    RESPONSES/OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DATED NOV. 7, 2003.

6. EXHIBIT 'F' ———    RESPONSES/OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES DATED NOV. 10, 2003

These Exhibits Are true Copies filed in support of Plaintiff RESPOND & OBJECTION TO DEFENDANT OPPOSITION TO THE PLAINTIFF'S CROSS. MOTION FOR SUMMARY JUDGMENT.

RESPECTFULLY SUBMITTED

LUIS FERNANDEZ Pro se
ID 279900
M.W.C.I.
1153 East Street. South,
Suffield, CT 06080

2 of 3

# CERTIFICATION

This is to Certify that the foregoing has been mailed to the following defendants Attorney this 9 day of April, 2004:

ERIC D. Eddy
CT 25242
Howd & Ludorf
65 Wethersfield Ave.,
Hartford, CT 06114

Luis Fernandez
ID. 279900

3 of 3



"Ex. T"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

V.

CHIEF ROBERT PAQUETTE, etal

:     PRISONER
:     CASE 3:02CV2090
:        (JBA)(JGM)

:     MARCH 4, 2004

## PLAINTIFF'S OPPOSITION IN RESPONSE TO DEFENDANTS' SUPPLEMENTAL OBJECTION TO THE PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Oppose in Response to defendant's supplemental Objection to the plaintiff's Motion to Compel dated Feb. 18, 2004 with support of Stated Claim of force used and in Item 9 of the plaintiff Legal Argument.

It is well stated in plaintiff Civil Complaint under § 1983 that defendants violated United States Constitution Amendments Rights under the First, fourth, fifth, sixth, Eighth, Nineth, 13th, and fourteenth were defendants have concord with this statement.

The Civil Complaint § 1983 filed by the plaintiff states in part "unreasonable to force the plaintiff from vehicle at gun point", even the claims of

1 of 9

unreasonable seizure while the plantiff being the passenger on date 1/7/00 in Angel Ramirez SUV vehicle whos warrant dated 1/6/00 allegedly was issued for can be evaluated as to the force used in an arrest by Police Officers. Citing U.S. v. SEELYE, 815 F.2d 48, 50 (8th cir. 1987) ( IN determining whether use of force is reasonable (1) the number of officers and police vehicles (2) the nature of the crime and the likelihood that the suspect is armed (3) the strength of the officer's articulable suspicions (4) the need for immediate action (5) the suspiciousness of the suspect's behavior, and (6) the opportunity to conduct the stope in a less threatening way ); see also, HEADWATERS FOREST DEFENSE V. COUNTY OF HUMBOLDT, 240 F.3d 1185 (9th cir. 2000).

The plantiff's legal argument in Item 9, states " Copy's of the plantiff prior criminal record before case docket no. CR00-0108162-S, if any which are within the possession, custody, or control of the defendants, the existance of which is known, or by exercise of due diligence may become known, to the defendants, is relevant to the allegation in the complant were defendants took the plantiff into custody solely to. ascertain his identity are not entitled to immunity when knowing of or knew of it was illegal" were in the civil complant's 1983 the plantiff clearly argues he was not

2 of 9

identifyed and defendants Criminal Activity base solely on RACE. Citing U.S V. MONTERO-CARMAGO, 208 F.3d 1122, 1135 (9th Cir 2000) (Hispanic Appearance may not Contribute to reasonable suspicion).

Wherefore, the plaintiff has made Factual Allegations in his Civil Complaint § 1983 were defendants Are Attempting to Mislead this honorable Court since they cannot relay on a defense toward their Constitutional Violations inflection upon the plaintiff Rights which the inspection and copying of the documents Requested since NOV. 19, 2003 and MOTION TO Compel Production of Documents dated 1/27/04 will reveal pursuant to Rule 34 (b) And 37 (A), F.R.C.P. is complyed


RESPECTFULLY SUBMITTED

Luis Fernandez
Pro SE
M.W.C.I
1153 East St. South
Suffield, CT 06080

3 of 4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, to the following defendants Attorney on this 4 day of March 2004.

Att. Thomas R. Gerarde
Howd & Ludorf,
65 Weethersfield Ave.,
Hartford, CT 06114

Luis Fernandez
Pro Se

4 of 4