UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez                     :          PRISONER
                                               Case No. 3:02CV2090
V.                                 :             (JBA)(JGM)

Chief Robert Paquette, et al :     April 2, 2004

## PLAINTIFF MOTION FOR RESPOND & OBJECTION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT DATED MARCH 24, 2004.

The plaintiff hereby Respond & Objects to defendant's motion to strike affidavit in support of witness statement dated March 24, 2004. The affidavit in support of witness statement dated Feb. 2, 2004 submitted and marked as exhibit "8" in support of Plaintiff Cross-summary Judgment affidavits and brief dated Feb. 13, 2004 is relevant, pursuant under Conn. General statutes § 1-23 and Connecticut Code of Evidence sec. 6-2 oath or affirmation and under Rule 56 F.R.C.P. Citing Cologne V. Westfarms Associates, 197 Conn. 141, 152-53, 496 A.2d 476 (1985); Curtiss V. Strong, 4 Day, (Conn.) 51, 55, 56 (1809); and State V Dudicoff, 109 Conn. 711, 721, 145 A. 655 (1929). Also, the plaintiff Pro-se strongly objects to defendants allegations of "Ambu...

1 of 5

And "not complying with Rules of discovery" when in fact the plaintiff complyed accordingly to the Rules of discovery with defendants First set of Interrogatories and Request for Production Directed to the plaintiff dated Nov. 14, 2003 which is submitted and Marked as Exhibit "17" in support of plaintiff Cross-Summary Judgment Affidavits and brief dated Feb. 13, 2004. see Plaintiff Notice of Manual Filing Exhibit "A".

The defendants did not specify in the Request for Production made dated Nov. 14, 2003 pursuant Rule 34 F.R.C.P to the plaintiff to produce Names of any witnesses or statement of witnesses Concerning the Action Arrest on January 7, 2000 or the search and seizure of same and failed to Request the plaintiff of any Knowledge of witnesses to the Arrest on January 7, 2000. see Plaintiff Notice of Manual Filing Exhibit "A".

The defendants are gradually Contradicting their own Argument as "not Alleging an Excessive force claim", when in fact defendants Admit the words "Excessive force" are in the Entirety of both the plaintiff's Complaint and discovery Response. The plaintiff has Manually filed Exhibit "A" and "B" in support of the several Responses and stated information of the Excessive force claim in the defendants First set of Interrogatories and Request for Production Directed to the plaintiff dated Nov. 14, 2003 in page 7 Response 10, page 13 Response 22 and page 15 Response 25 and Copy from the plaintiff Complaint Marked as page 14

Exhibit B, states the EXCESSIVE FORCE CLAIM
Citing U.S. V. MELENDEZ-GARCIA, 28 F.3d 1046,
1053 (10th Cir. 1994) which in FACT has been
acknowledge by defendants in page 4 of the MOTION
TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT
DATED MARCH 24, 2004.
Plaintiff witness MR. BOURGUIGNON who without
fear, threat or promise made a witness statement
pursuant to 28 U.S.C. § 1746 under Rule 56 of the
local Rules of Civil Procedure is relevant about matter
that do tend to prove deliberate indifference inflictions
of cruel and unusual punishment, unreasonable searches and
seizures and EXCESSIVE FORCE at GUN POINT were
defendants have in fact admitted that the "EXCESSIVE FORCE"
words are in entirety in bothe of the plaintiff Complaint
and discovery response setting forth taken pleaded
fact as true, stated claim as matter of law, Citing
Johnson V. STARK, (1983, CA 8 Iowa) 717 F.2d 1550.
"Even under 42 U.S.C.S. § 1983 and EXCESSIVE
Force Claim liberally construed, complaint does state
Claim for Relief" see HADDOCK V. BOARD of DENTAL
EXAMINERS (1985, CA 9 CAL) 777 F.2d 462, 39 BNA
FEP Cas 764, 38 CCH EPD ¶ 3577.
The plaintiff is not making any attempt to bring
an additional Claim of EXCESSIVE FORCE OR an
attempt to "ambush" the defendants in any form
after already having set forth sufficient information
concerning elements of Claim asserted to permit

inferences to be drawn as the District Court scrutinized Plaintiff's Civil Rights Complaint with special care. See Plaintiff NOTICE of MANUAL Filing Exhibit "C" granting Pro Se 42 U.S.C.S. §1983 petitioner to proceed in forma pauperis Citing DAVEY V. TOMLINSON, (1986, ED MIC) 627 F. Supp. 1458.

Where each side may call witnesses and Plaintiff witness MR. Bourguignon if believed by a jury would be sufficient to support a verdict in plaintiff favor.

Furthermore, the plaintiff provided the Clerk of the Court with the proper number of legal documents for filing without prepayment of fees or costs under 28 U.S.C. § 1915 where it is by the plaintiff who depends on the Court, through the United States Marshal Service, to effect service on his behalf since the provision of all necessary information entered on 6/1/03 should not be penalized for improper service by United States Marshal Service "Automatically constitutes 'good cause' preventing dismissal under Rule 4(M). And summons issued for the defendants in their official capacity have been entered since 6/1/03 see plaintiff NOTICE of MANUAL filing Exhibit "D" U.S. District Court WEB PACER (V2.4) Docket Report page 3 of 4.

Wherefore, the plaintiff Affidavit in support of witness statement by MR. Bourguignon is actual relevant material to this case, in fact both of the

plaintiff Complaint and discovery Response sets forth taken pleaded fact As true, stating Claim As matter of law were defendant Motion to strike Affidavit in support of witness Statement Dated March 24, 2004 is without merit and should be denied.

RESPECTFULLY SUBMITTED

Luis Fernandez    Pro Se
ID. 279900
M. W. C. I.
1153 East Street South,
Suffield, CT 06080

CERTIFICATION

This is to Certify that a Copy of the foregoing has been mailed, via U.S. mail to the following defendants Attorney this 2 day of April, 2004.

ERIC D. Eddy
Ct 25242
Howd & ludorf
65 Wethersfield Ave,
Hartford, CT 06114

Luis Fernandez
Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Luis Fernandez                    :          PRISONER
                                               CASE NO. 3:02CV2090
V.                                :            (JBA)(JGM)

Chief Robert Paquette, et al  :    April 2, 2004

## PLAINTIFF NOTICE OF MANUAL FILING

Please take notice that the plaintiff have manually filed the following Exhibits to the Plaintiff MOTION FOR RESPOND & OBJECTION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF WITNESS STATEMENT DATED March 24, 2004 :

1. EXHIBIT A — DEFENDANTS' FIRST SET OF INTERROGATORIES & REQUETS FOR PRODUCTION DIRECTED TO THE PLAINTIFF, with RESPONSE DATED Nov. 14, 2003.

2. EXHIBIT B — PLAINTIFF CIVIL RIGHTS COMPLAINT with marked page 14

3. EXHIBIT C — APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT GRANTED DATED 1/6/03

1 of 2

4. EXHIBIT    D —

U.S. District Court
WEB PACER (V2.4)
DOCKET REPORT PAGE 3
OF 4   DATED 10/1/03.

RESPECTFULLY SUBMITTED

Luis Fernandez   Pro SE
ID. 279900
M.W.C.I.
1153 East Street South,
Suffield, CT 06080

CERTIFICATION

This is to Certify that a Copy of the foregoing has been mailed, via U.S. mail to the following defendants Attorney this 2 day of April, 2004.

ERIC D. EDDY
ct 25242
Howd & Ludorf
65 Wethersfield Ave,
Hartford, CT 06114

Luis Fernandez
Pro SE

2 of 2



Ex "A"

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                              :       PRISONER
                                            :       NO.: 3:02CV2090 (JBA)(JGM)
v.                                          :
                                            :
CHIEF ROBERT PAQUETTE, ET AL                :       NOVEMBER 14, 2003

### DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO THE PLAINTIFF

The defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo,, request that the plaintiff, Luis Fernandez, answer under oath in accordance with Rule 33 of the Fed. R. Civ. P., the interrogatories attached hereto, and produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Fed. R. Civ. P.

### INTERROGATORIES

1.      State your residence address, business address, date and place of birth, height, weight, Social Security Number, marital status, driver's license number, and present employer.

ANSWER: Current Residencess Cheshire C.I., 900 highland Ave, Cheshine, CT. 06410, No business Address, date July 22, 1976 in the Dominican Republic place of birth, 5'05 hight Approx. 135 weight, Married, driver's license number I don't recall, No present Employer." The plaintiff objects to the disclosing of his social security Number were defendants had Already illegally confiscated during the Arrest without a warrant or probable Cause on 1/7/00.

2.    State the name, address, and years of attendance and graduation for each school you have attended, starting with high school and including college, junior college, technical school, or any other place of continuing education.

ANSWER: George Washington high school graduated in 1994 while in the Dominican Rep. Attended Also Culver Academy on lake Maxinkuckee in for esl preparation and sports at 29 pershing place, Culver Indiana the approx years were 1992-1993. For summer. And for continuing education Art Awaiting business and Computer software courses which the Department of corrections provides see Attached herein response from Business Education Teacher date Sept. 10, 2003.

2

3.    Have you ever been suspended, disciplined, or expelled from any school?  If so, please state:

   (a)    the date of said action;
   (b)    the name of said school; and
   (c)    the reason for said action.

ANSWER: the Most I can recall is that on the Grade 5 or 6 I did not pass so I had to move from school which was American Bilingual school "ABC" while in the Dominican Rep. to Another bilingual school called "THE AMERICAN school" which I was removed do to the high cost leading to George WAshington school. All bilingual schools in the Dominican Republic.

4.    Have you ever been arrested? If so, please state:
      (a)    the charges upon which the arrest was based; and
      (b)    whether you received a sentence for these charges.

ANSWER: Approx. 1/7/00, the plaintiff was in court for Motor Vehicle case in the Danbury Superior Court Connecticut were a Judge ~~granted~~ granted a counse. before the illegal Arrest by defendants, this is my response since this question is not specific.

4

5.   Have you ever been or are you currently the subject of or the defendant in any prosecution, administrative action or lawsuit, either civil or criminal? If so, please set forth:

(a)   the nature, substance, and description of each such complaint, disciplinary action, or lawsuit;

(c)   the name and address of each complainant/plaintiff;

(d)   whether you received a conviction for any such prosecution;

(e)   whether you received a prison sentence for each conviction; and

(f)   whether you are currently serving a prison sentence.

**ANSWER:** the plaintiff objects to this question As Appears completely irrelevant were Fifth Amendment privilege Against self incrimination for unrelated Criminal Acts for which the plaintiff has not been prosecuted, its requested to explain its relevance.

6.   Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the First Amendment.

**ANSWER:** defendants violated plaintiff First Amendment by Abridging his freedom in an arrest without probable cause, violated plaintiff First Amendment objective expectation of privacy in Mr. Angel Ramirez the Lessee Apartment and violated First Amendment by Abridging his freedom in an arrest without a warrant.

5

7.     Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Fourth Amendment.

ANSWER: defendants violated plaintiff fourth Amendment by unreasonable search and seizures, no probable cause, insufficient probability or cause is also a violation of fourth Amendment, violated plaintiff fourth Amendment by depriving of a petition for forfeiture of property in drug cases public Act 89-269; C.G.S § 54-36 supplied for the purpose of claiming property seized, violated plaintiff fourth Amendment when the techniques used by the defendants overcame the plaintiff free will or he was not free to leave when no reliance on warrant, issued for Angel Ramirez violated plaintiff fourth Amendment by descriptive information on Arrest warrant, violated plaintiff fourth Amendment by irrelevant motives, violated plaintiff fourth Amendment when exigent circumstances did not exist to justify warrantless search and seizure.

8.     Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Fifth Amendment.

ANSWER: defendants violated plaintiff fifth Amendment by depriving him of liberty and property without due process of law, violated plaintiff fifth Amendment when defendants Arrested the plaintiff without a warrant or probable cause in the indictment for Angel Ramirez, violated plaintiff fifth Amendment when intentionally violated Rule 41 (d) with prejudice by refusing to provide copy of search warrant for the Apartment, Nissan pathfinder and person Angel Ramirez At onset of search.

9.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Sixth Amendment.

ANSWER: defendants violated the plaintiff sixth amendment when execution of warrants for Angel Ramirez and , suv and Apartment 2 Floor, 128 osborne st. Danbury defendants failed to informed of the nature and cause of the accusation which led from seizure converted to arrest as unreasonable and at gun point threating plaintiff life

10.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Eighth Amendment.

ANSWER: defendants violated plaintiff Eighth amendment by deliberate indifference reflection of cruel and unusual punishment , violated plaintiff Eighth amendment when defendants knew of or should have known of the unreasonable seizure of property without a warrant and without plaintiff name or a criminal record to be identified, violated plaintiff Eighth amendment when no warrants was the plaintiff named or identified in the search warrant for second floor, 128 osborn st. Danbury , CT date 1/6/00 to arrest or seized , violated plaintiff Eighth amendment when defendants exceeded scope of warrant seizing plaintiff property with prejudice to inflict punishment , violated plaintiff Eighth amendment when defendants knew of their wanton action of or should have known of their reckless inaction of unreasonable searches and seizures amounted to and/or arrest without probable cause infliction of cruel and unusual punishment ban

11.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Ninth Amendment.

ANSWER: defendants violated plaintiff ninth Amendment when denyed And/or disparage of rights retained by the people, violated plaintiff ninth Amendment when defendants invaded the privacy right of Constitution guarantee equal protection and imposes limits upon govermental power

12.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Thirteenth Amendment.

ANSWER: defendants violated plaintiff thirteenth Amendment by unreasonable seizure without a justifiable cause or probable cause for Arrest Amounted to involuntary servitude, violated plaintiff thirteenth Amendment when unreasonable seizure At Gun point Amounted to Arrest As involuntary servitude, violated plaintiff thirteenth Amendment when unreasonable seizure At Gun point Amounted to Arrest And taken to police Head Quarters for processing without a warrant or probable cause without plaintiff Consent, involuntary servitude

8

13. Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by the Fourteenth Amendment.

ANSWER: defendants violated plaintiff fourteenth Amendment when defendants Actions of wanton and Reckless inactions deprived the plaintiff of liberty and property, without due process of law, violated plaintiff fourteenth Amendment when defendants Actions deprived the plaintiff of guaranteed the privileges and immunities due to citizens of the united States and to due process and equal protection of the laws

14. Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by Article I, Section 7 of the Connecticut Constitution.

ANSWER: defendants violated plaintiff Article First §7 of the Connecticut Constitution when defendants Actions deprived the plaintiff from reasonable Searches and seizures, plaintiff Arrest without probable cause supported by oath or Affirmation, plaintiff Arrest without A warrant to search or seize him or his property and inaccurate discription of the plaintiff violates Article First §7 of the Conn. Constitution.

15.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by Article I, Section 8 of the Connecticut Constitution.

ANSWER: defendants violated plaintiff rights secured by Article 1 § 8 when defendants failed to informed of the nature and cause of the Accusation for Arrest on 1/7/00, defendants violated plaintiffs rights secured by Article 1 § 8 when deprived plaintiff of life, liberty and property without due process of law in the Arrest without a warrant or probable cause on 1/7/00

16.    Please state all facts upon which you base your contention that the actions of the defendants violated your rights secured by Article I, Section 20 of the Connecticut Constitution.

ANSWER: defendants violated plaintiff secured rights under Article 1 § 20 for the Arrest without probable cause or a warrant on 1/7/00 were the plaintiff holds a Constitutional liberty interest to have the equal protection of the laws while being equally situated as any other citizens of the state.

10

17.   Please state all facts upon which you base your contention that the actions of the defendants violated "Title VII Federal Act", as alleged in your complaint.

ANSWER: defendants violated title VII Federal Act by discrimination because of plaintiff Race Arrested him without A warrant or Probable Cause.

18.   Please state all facts upon which you base your contention that the actions of the defendants violated "18 U.S.C. §1621", as alleged in your complaint.

ANSWER: defendants illegal search and seizures Alleged perjury in violation of 18 U.S.C § 1621, FED. Act. Without Probable Cause, defendants warrants execution and warrantless Arrest of essential facts Admitted false information in violation of 18 U.S.C. § 1621 subject to Federal Perjury Charge

11

19.    Please state all facts upon which you base your contention that the actions of the defendants violated "28 U.S.C. §1746", as alleged in your complaint.

ANSWER: defendants in their declaration statement under penalty of perjury as permitted under 28 U.S.C. §1746, willfully subscribed in their warrant's affidavit as true material information which defendants did not believe to be true and this said material information did in fact cause the plaintiff loss of liberty interest without DUE Process Violating 28 U.S.C. §1746 subject to perjury Charges

20.    Please state all facts upon which you base your contention that the actions of the defendants violated "P.A. 89-269/C.G.S. §54-36h", as alleged in your complaint.

ANSWER: defendants violated Petition for forfeiture of property in drug cases public act 89-269 / C.G.S. §54-36h when they unreasonably searched and seized plaintiff property without a warrant or probable cause and failed to supplied the plaintiff with a public Act 89/269: C.G.S. §54-36h form for claiming property seized which were only made for Angel Ramirez dated 11/7/00 not the plaintiff Violating fourth and fifth Amendment to U.S.C. were forfeiture Statute must be read and applied strictly and defendants violated Public Act 89-269 / C.G.S. §54-36h when they failed to file or supply withing 90 days the petition for seizure of money or property belonging to the plaintiff.

12

21.  Please state all facts upon which you base your contention that the actions of the defendants violated "C.G.S. §3109", as alleged in your complaint.

ANSWER: defendants violated 18 U.S.C.S. § 3109, when After Obtaining the Keys from the ignition of NISSAN pAthfinder belonging to Angel Ramirez unlocked the Apartment 2 floor, 128 osborne st., Danbury, CT without a Knock And Announce entry.

22.  Please state all facts upon which you base your claim, made under 42 U.S.C. §1983. Illegal searches And seizures which defendants Are held

ANSWER: liable under 42 U.S.C. § 1983, Arrest without Probable Cause or A warrant gives Rise to A claim for damages under §1983, defendants Arrested the plaintiff without A warrant Abridging his freedom Abusing plaintiff Eighth Amendment Right to the U.S.C. ban cruel And unusual punishment by deliberate indifference Knowing that no warrant was executed for the plaintiff or sufficient Probable cause to be placed in custody violating his first Amendment by Abridging freedom, 4th Amend. Against unreasonable Search And seizures shall not be violated And no warrant shall issue without Probable cause; fifth Amendment nor be deprived of life, liberty or property without due process of law; sixth Amendment Right to be informed of the nature And cause of the Accusation, 8th Amend. Right ban cruel And unusual punishment inflicted, 9th Amend. Right ban the deny or disparage of Right retained by the people, 13th Amend. Right ban involuntary servitude, And 14 teenth Amend. Right ban any State from depriving any person of life, liberty or property without due process of law; further, violation of Public Act 89-269, Conn Gen. St § 54 36h failed to provide petition to the plaintiff money And/or property, violation of plaintiff expectation of Privacy in the Attic Apartment 1room, the warrant

13

23.    Please state whether:

    a.    You have ever identified yourself by the name of "Alex"; and/or
    b,    Others have identified you by the name of "Alex."

ANSWER: the plantiff name is not Alex which name of "Alex" was alleged by defendants Chief Robert Paquett, et al

24.    Please state whether:

    a.    You have ever identified yourself by the name "Alex Edwart";
    b.    Others have identified you by the name "Alex Edwart."

ANSWER: the plantiff name is not Alex Edwart which name "Alex" was alleged by defendants Chief Robert Paquett et al

14

25.    Please list and identify each injury you claim to have sustained as a result of the incidents alleged in the Complaint.

ANSWER: loss of sleep, shock, humiliation do to the Emotional distress inflicted in the Arrest without A warrant or Probable Cause, NERVOUS And restless do to the illegal search And seizure, EXCESSIVE force do to Arrest At Gun point

15

## REQUESTS FOR PRODUCTION

The defendants request that the plaintiff produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

1.    Please provide any statements you made to any person regarding any of the events or happenings alleged in your Complaint.  For purposes of this production request, the term "statement" shall have the same meaning as that adopted in Connecticut Practice Book, §13-1.

ANSWER: Enclose you will find in response a copy of transcript date March 18, 2002, docket No. CV00-0341157-S were testimony from defendants Mark Trobelos, John Mewllo and the plaintiff Are made regarding seven events Alleged in the Complaint.

2.    A copy of any non-privileged statement of any party in this lawsuit concerning this action or its subject matter.

ANSWER: Enclose the plaintiff has Already provide a copy of transcript date March 18, 2002, docket No. CV00-0341157-S were testimony from defendants' Mark Trobelos, John Mewllo And the plaintiff Are made regarding several events Alleged in the Complaint.

3.    All invoices generated by any attorney who represented you in any criminal charges filed against you as a result of any of the alleged activities of the defendants.

ANSWER: Objection As Client Attorney privileged

4.    All hospital records relating to treatment received as a result of the alleged incident, and to any injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories, and written authorization to inspect and make copies of said hospital records.

ANSWER: Enclose you will find A Copy of the PHYSICIAN'S ORDERS from WALKER R.S.H.U. treatment's date 3/28/00 to inspect And keep Copy.

5.    All reports of all doctors and all other care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident, and to the injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories (exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) and written authorization to inspect and make copies of said reports.

ANSWER: Enclose herein is A Copy of the PHYSICIAN'S orders date 3/28/00 to inspect And keep Copy.

6.    All reports of all doctors and all other care providers relating to treatment received as a result of any prior incidents and/or injuries and written authorization to inspect and make copies of said reports.

ANSWER: Enclose herein is A Copy of the PHYSICIAN'S orders date 3/28/00 to inspect And keep Copy.

17

HR925 REV. 12/95
CONNECTICUT DEPARTMENT OF CORRECTION
**PHYSICIAN'S ORDERS**

| INMATE NUMBER 279 900 | | DATE OF BIRTH 7/22/76 |
|---|---|---|
| INMATE NAME (LAST, FIRST, INITIAL) *Fernandez, Luis* | | |
| SEX Ⓜ F | RACE/ETHNIC B W H O | FACILITY *Walker* |

INSTRUCTIONS FOR USE:  Physicians must sign name and title under each order.  Each order must be initialed in the space provided by the licensed nurse who transcribed the order.   Medications will be dispensed according to brands stocked in pharmacy.

## DRUG ALLERGIES / HYPERSENSITIVITY

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 3/28/00 | 9:30 | 1) Milk of magnesia 15 ml QD × 2 wks.<br>2) ↑ fluid intake<br>3) mental health consultation<br>4) occult bl. × 1 more specimen.<br>T.D. M.D.<br>noted 3/28/00 | |
| | | | |

CONFIDENTIAL
MEDICAL RECORDS

AUTHORIZATION IS HEREBY GIVEN TO DISPENSE THE MEDICATION EQUIVALENT
(UNDER THE D.O.C. FORMULARY SYSTEM) UNLESS THE PRODUCT  DESCRIBED IS CIRCLED.

7.    All reports of all doctors and other mental health care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident and to the emotional injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories.  Please also sign the enclosed mental health authorization appended pursuant to Conn. Gen. Stat. § 52-146c(c), § 52-146d, and § 52-146e.

ANSWER: Enclose herein is the Copy of REQUEST FOR Mental Health Services 3/28/00 from WALKER R.S.M.U. were Doctor found the plaintiff depressed upon EXAM Also seen on 3/29/00 by supervisor, the plaintiff object to disclosing the Communications with psychiatrosy which relationship is protected per Conn. Gen. Stat § 52-146 f (5)

8.    All reports of all doctors and other mental health care providers relating to any prior incidents and/or emotional injuries, diseases or defects.  Please also sign the enclosed mental health authorization appended pursuant to Conn. Gen. Stat. § 52-146d, and § 52-146e.

ANSWER: Enclose herein is the Copy of Request for Mental Health Services 3/28/00 from WALKER R.S.M.U. were Doctor found the plaintiff depressed upon EXAM Also seen on 3/29/00 by supervisor the plaintiff objects to disclosing the Communications with psychiatrist which relationship is protected per Conn. Gen. Stat. § 52-146 F (5)

9.    All medical bills that are claimed to have been incurred as a result of this incident.

ANSWER: the plaintiff does not understand were request / question should be explained with more details or specifics.

18

HR501 REV.5/94

CONNECTICUT DEPARTMENT OF CORRECTION

## REQUEST FOR MENTAL HEALTH SERVICES

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 279900 | 7/22/76 |

INMATE NAME (LAST, FIRST, INITIAL)

*Fernandez, Luis*

| DATE OF REQUEST | INMATE REQUEST | REFERRED BY/TITLE | SEX | | RACE/ETHNIC | | | | FACILITY |
|---|---|---|---|---|---|---|---|---|---|
| 3/30/00 | Y  N | Dr Katznelson | M | F | B | W | H | O | WRSMU |

DESCRIBE REASON FOR REQUEST/REFERRAL:

*MD finds this I/m to be depressed upon exam. The requests MH eval.*

*Thanks*

---

## MENTAL HEALTH SERVICES RESPONSE

| DATE REQUEST RECEIVED | REFERRED TO | DATE CLIENT SEEN | SERVICE PROVIDER/TITLE |
|---|---|---|---|
| 3/28/00 | Daniel Banned PsyD | 3/29/00 | Daniel Banned PsyD  Sup. Psychologist |

SERVICE PROVIDED/RESPONSE:

*See 3/29/00 note*

RESCHEDULE DATE:        YES ☐        NO ☐

_____        _____
MENTAL HEALTH PROVIDER'S SIGNATURE/TITLE          DATE
                                                          3/29/00

10.     All bills for each item of expense that is claimed to have been incurred as a result of this incident and not produced in response to Production Request No. 4 above.

ANSWER: the plaintiff Cannot ANSWER unless this question Request is better explained because he is unable to understand Specificts. what is Refered to.

11.     All photographs taken by any person which depict your condition or injuries which were allegedly sustained as a result of the allegations in your Complaint.

ANSWER: the plaintiff Condition was Examine by A psychiatrist NO photographs were taken to the plaintiff Knowlege.

12.     A copy of any non-privileged statement of any party in this lawsuit concerning this action or its subject matter.

ANSWER: SEE Response to Production Request No. 2

19

DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO


By_____
   Eric D. Eddy
   ct25242
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  eeddy@hl-law.com

20

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 14th day of November, 2003.

Luis Fernandez
Inmate Number 279900
Connecticut Correctional Institution
900 Highland Avenue
Cheshire, CT  06410

Eric D. Eddy

21