UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez : PRISONER
PRO-SE : Case No. 3:02CV2090
: (JBA)(JGM)
V. :
: OCT. 27, 2004
Chief Robert Paquette, et Al :

## PLAINTIFF'S REPLY TO DEFENDANTS MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLERICAL ERROR'S IN JUDGMENTS, ORDERS OR OTHER PARTS OF THE RECORD date: 9/27/04

The plaintiff pro se holding to "less stringent standards than formal pleadings drafted by lawyers", citing Hughes V. Rowe, 449 U.S. 5, 101 S.ct. 173 (1980), request the Court to deny or overrule defendants MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLERICAL ERROR'S IN Judgments orders or other parts of the record date 9/27/04 when in fact defendants "MEMORANDUM" is without merit.

### SPECIFIC FACTS

I. The plaintiff has identified to the Court exceptional circumstances for Appointment of Pro bono Counsel were the plaintiff pro se is indigent thus unable

1 of 7

to obtain Counsel which position, seems likely to be of substance to the Court, citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991) see (doc. #s 5, 10, 14), while not capable of adequately presenting his case, citing Hamilton v. Leavy, 117 F.3d 742, 749 (3d Cir. 1997) see (doc. #s 19, 29, 33).

The plaintiff has meet the prima facie case under §1983 as grounds supporting the merit test, citing Berg v. County of Allegheny, 219 F.3d 261 (3rd Cir. 2000) "To make prima facie case under §1983, plaintiff must demonstrate that person acting under color of law, deprived him of federal right." Where the plaintiff pro se verified complaint is to be treated as an affidavit for summary judgment purposes, meeting requirements under Rule 56(E), citing Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) see, also (doc. #s 2 entry of verify complaint and # 1-1 granting in forma pauperis) which meets the "likely merit test" for appointment of counsel as presentation from exceptional circumstance would require connections to appoint counsel identified in doc. # 67 while the Court must consider:

1- the type and complexity of case;
2- Whether indigent litigant is capable of adequately present his case;
3- Whether litigant is in position to investigate case

2 of 7

Adequatley;

4- Whether evidence will consist in large part of conflicting testimony, thus requiring skill in presentation and cross-examination, see, NORTON V. DIMAZANA, 122 F.3d 286, 293 (5th cir. 1997); VIMER V. CHANCELLOR, 691 F.2d 209, 213 (5th cir. 1982); And TABRON V. GRACE, 6 F.3d 147, 155-58 (1993) see plaintiff Brief, Affidavit identifying corrections in the Motion For Clerical Error's In Judgments, Orders or Other parts of the Record date Sept. 27, 2004 filed before learning that Judgment has entered in favor of All defendants on Oct. 4, 2004.

Also, Considering that the Court had granted defendants deposition of the plaintiff see [doc. #42] over plaintiff objection see [doc. #48] which deposition is material to the plaintiff pro se As proceeding would reveal evidence (documents) and witnesses testimony. Where the Court concluded in ruling on doc. #s 42 and 48 that "there is not clearly erroneous or contrary to law", see [doc #51]. which requires a pro bono Counsel to present the Already Admitted Exhibits in the Verifyed Complaint with Skills supplementing plaintiff pro se Cross Summary Judgment while being Able to Conduct investigations Adequatley of the defendants who are several Police officers, Detectives, Police Chief and documentes      denied to the plaintiff pro se.

II. The disposition of Plaintiff pro se Motion for clerical Error's in Judgments, Orders or Other Part of the Record date Sept. 27, 2004 cannot be "Moot" since the motion file Sept. 27, 2004 before learning that Judgment was entered in favor of all defendants on Oct. 4, 2004 (Doc #109) Citing CALDWELL V. AMEND, 30 F.3d 1199 (9th Cir. 1994) see (Plaintiff Proof of Service date Oct. 12, 2004).

The plaintiff has <u>not</u> ignore the procedures in Rule 56 for summary Judgment and in fact even the Court is aware of the second Circuit holding that "A Verified Complaint, is to be treated as an Affidavit for summary Judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for Affidavit under Rule 56(E)" Coting <u>Colon V. Coughlin</u>, 58 F.3d 865, 872 (2d Cir. 1995). which defendant did not dispute the Exhibits in plaintiff Pro se Verified Complaint. Moreover, defendants Violated Rule 34, F.R.C.P. by Conceding documents from the plaintiff pro se. see (Plaintiff Motion For Sanctions date Sept. 27, 2004 and doc #113) The defendants personal Allegation of the plaintiff way of "Thinking" is not material so is objected when the facts, presented by the plaintiff pro se are in the record submitted with Exhibits, witness Statement, Affidavits, Interrogatories Responses to Objections, Admitions response to objection in

4 of 7

Cross-Summary Judgment, Reply to defendants Summary Judgment and Motion for Sanction where defendants knowing of or should have known of scheme to conceal documents from the plaintiff pro se would confuse this Court in favor of their wanton and reckless void defense. The defendants Argue for qualified immunity is inapplicable "if a case is erroneously permitted to go to trial it is effectively lost" is without merit when in fact the Acts Complained of are unconstitutional or unauthorized by statute citing <u>Horton v. Meskill</u>, 172 Conn. at 624-25. see (plaintiff Verified Complaint with Exhibits undisputed). Also most importantly, the standard of review of plaintiff pro se request under Rule 60, Fed. R. Civ. P. is afforded the highest degree of protection where the plaintiff pro se may obtain relief from a Judgment on a showing of "Mistake, inadvertence, Surprise, or excusable Neglect", citing <u>Kenniar Corp. v. Crawford Door Sales Co.</u>, 49 F.R.D. 3 (D.S.C. 1970) (not being represented by Counsel has been taken into Consideration); <u>Marshall v. Monroe & Sons Inc.</u>, 615 F.2d 1156 (6th Cir. 1980). Also, Newly discovered evidence, or fraud or Misrepresentation by an Adverse party. citing <u>Armour & Co. v. Nard</u>, 56 F.R.D. 610 (D. Iowa 1972) (Fraud). The plaintiff pro se may also use Rule 60(b) to obtain relief from a Judgment which is void, which has for some

5 of 7

reason, should not continue to be effective, or for "Any other reason justifying relief from the operation of the judgment." SYSTEM FEDERATION v. WRIGHT, 364 U.S. 642, 647-48, 81 S. Ct. 368 (1966).

In this case the defendants conceded documents which were used in support of their Summary Judgment Against the plaintiff pro-se Cross-Summary and claim can be interpret as Newly discovered evidence, fraud since defendants kept them also from this Court granting their objection over plaintiff pro se default, Misconduct do to defendants own knowingly refusal to comply with Rule 34, F.R.C.P., Mistake which only after defendants used these conceded documents could the plaintiff pro se presented More evidence in this Meritful case, And Any other reason justifying relief from the operation of the Judgment when in fact defendants "Memorandum" is without Merit.

### Conclusion

For the foregoing reasons the plaintiff pro-s.e request that Justice be done which requires the Application of Rule 60, F.R.C.P. denying or overruling defendants MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION under Rule 60, F.R.C.P.

RESPECTFULLY SUBMITTED,

Luis Fernandez Pro-se
M.C.I.
1153 east st. south,
Suffield, CT 06080

C.C.

## CERTIFICATION

This is to Certify that a copy of the foregoing has been sent via U.S Mail to the following defendants Attorney. this 27 day of OCT. 2004

Att. John J. Radshaw, III ct. 19882
How D & Ludorf,
65 Wethersfield Ave,
Hartford, CT 06114,

Luis Fernandez
Pro-Se