UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.: 3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | NOVEMBER 5, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CLERICAL ERRORS IN JUDGMENTS, ORDERS
AND OTHER PARTS OF THE RECORD**

The defendants, CHIEF ROBERT PAQUETTE, DETECTIVE SGT. FISHER, DETECTIVE RAMOS, DETECTIVE JOHN MERULLO, DETECTIVE JOHN KRUPINSKY, and OFFICER RIOLO, object to the plaintiff's "Motion for Clerical Errors in Judgments, Orders and Other Parts of the Record" as set forth in this memorandum of law in opposition. Although captioned differently, the plaintiff is essentially moving the Court to reconsider its decision dated October 19, 2004 in which it granted summary judgment in favor of the defendants on all claims. Nothing advanced by the plaintiff in the instant motion warrants reconsideration of the Court's October 19, 2004 decision.

In the instant motion, the plaintiff claims that the Court held the plaintiff to an unusual difficult standard to establish questions about material facts that would have precluded summary judgment and that the Court failed to look "close enough at the record." In the memorandum of law in support, the plaintiff repeats these points and defers to the Court's equitable powers to relieve him from the operation of the judgment. The plaintiff does not identify any new evidence or new law in support of his arguments.

The bulk of the plaintiff's argument is contained in his affidavit. The plaintiff's

claims of error appear in paragraphs 6-32 of the affidavit. The assignments of error are best considered in categories: (1) rehash of his argument in opposition to the defendants' motion for summary judgment, (2) a claimed dispute of material facts without specifying such facts or such disputes, or (3) variations on his mistaken identity defense. Nothing advanced by the plaintiff warrants this Court's reconsideration in any way.

In paragraph 6, the plaintiff essentially claims the Court's decision is wrong without citing any specific points. Here the plaintiff claims to disputes as to material facts but offers no specific analysis of whatever dispute may exist. This claim should be rejected.

In paragraph 7 of his affidavit, the plaintiff claims that the Court did not construe his supporting papers at the strongest argument possible and that certain supporting documents are "devoid of the truth." Again, the plaintiff fails to point any specific evidence. This claim should be rejected.

In paragraph 8, the plaintiff takes issue with the Court identifying its ruling dated October 19, 2004 at "ruling on pending motions" when the plaintiff believes other motions were pending and had not yet been ruled upon. Apparently, the plaintiff has not taken into account the delays associated with posting mail from a correctional facility and the receipt and docketing of that mail by the Court. There is no reason to reconsider this issue.

In paragraph 9, the plaintiff is concerned with the Court's decision not striking certain affidavits. Again, the plaintiff has rehashed his arguments, and despite the

Court's decision and explanation on page 17 footnote for, does not understand the distinction as explained therein. Not revealing anything new, there is no reason for the Court to reconsider its decision.

The plaintiff again in paragraph 10 and 11 rehashes arguments made on summary judgment concerning an affidavit. Without additional specific facts or law, these claims must be rejected.

Paragraph 12 and later paragraphs return to the plaintiff's mistaken identity claim in which he claims he was only in the United States from November 10, 1999 through February 9, 2000. Based on the affidavit of the plaintiff on that claim, the plaintiff argues that he could not have been the person surveiled by the Danbury Police Department before that day. This is an interesting claim, and texturally appealing, but ultimately it must be rejected. In support of the plaintiff's argument, the plaintiff refers to a ICE record attached as Exhibit E to his moving papers. In that exhibit, the plaintiff focuses on two dates. The first date is November 10, 1999, as the "date admitted." Below that, the document lists "admitted until" and is followed with "February 9, 2000." Obviously, this period of time reflects the customary three (3) month tourist visa commonly afforded to visiting foreign nationals. What the plaintiff does not pay any attention to is the date below that is identified as "date departed." That date, November 7, 1999, is likely the date that the plaintiff last departed the United States before arriving on November 10, 1999. It is reasonable for the Court to take judicial notice of the fact that foreign nationals routinely leave and reenter the United States to take advantage of serial tourist visas in three-month allotments. This observation comes from the document

purporting to establish the plaintiff's absence from the United States on all dates prior to November 10, 1999. The plaintiff has introduced no other evidence that he was not in the United States before said date.

In paragraph 13, the plaintiff urges the Court to reconsider its decision that the attic bedroom was not a separate residence or apartment. Based on his argument, the plaintiff clearly misapprehends the Court thorough and thoughtful discussion regarding the same. The plaintiff does not offer any evidence to suggest that the attic bedroom had a separate entrance. The same defects apply to the plaintiff's argument concerning the officers not announcing their presence before the search. It is undisputed that the plaintiff was not present at the residence at the time of the search. Accordingly there is no need to reconsider the Court's decision in this regard.

Paragraphs 14, 15, and 17, are variations on the plaintiff's mistaken identity theme. Perhaps by claiming and continuing to claim that he was not present in the United States without offering any evidence of that, the plaintiff can somehow avoid summary judgment. Reconsideration of the Court's decision in this regard is not warranted.

Concerning paragraphs 18, 20, 21, 22, 23, 24, and 25, the plaintiff quotes the Court's decision in which the Court has pointed out the plaintiff has either stated a conclusory claim or established no evidence. In response, the plaintiff rehashes some of his arguments from summary judgment and conclusory states he has established a claim that warrants him getting to a jury. There is no reasons to reconsider these issues.

With regard to paragraph 19, it is the plaintiff's belief that the defendants violated §3109 is misplaced. The Court clearly points out that said section is not applicable to local officers, but only to federal officers. The plaintiff offers no reason to avoid established precedent.

In paragraphs 26, 29, 31 and 32, the plaintiff questioned what are essentially conclusions of law drawn by the District Court. Nothing advanced in the plaintiff's moving papers squarely addresses either the Court's legal basis for drawing the conclusion as it did or provide a different interpretation of that case law. Rather, the plaintiff merely disagrees and claims that a question of fact exists. These claims should be rejected.

Finally in paragraph 30, the plaintiff rehashes his argument concerning his injury. The Court rejected these claims insofar as the plaintiff failed to offer any evidence that his depression, however doubtful, was related to having handguns pointed at him during the course of his arrest. The plaintiff claims here and elsewhere in his moving papers there was no evidence in the record either Angel Ramirez or "Alex" were armed and dangerous warranting apprehension at gunpoint. This like other growing number of courts has taken judicial notice of the fact that drug dealers are likely to be armed and dangerous. See United States v. Barlin, 686 F.2d 81 (2d Cir. 1982) (an officer's actions should be measured against the background which includes the violent nature of narcotics crimes); see also United States v. Adam, 759 F.2d 1099, 1109 (3d Cir. 1985); United States v. Morales, 549 F. Supp. 217, (S.D.NY 1982) (to dealers in narcotics, firearms are as much tools of the trade as are most commonly recognized articles of

narcotics paraphernalia); *accord,* U.S. v. Crespo, 868 F. Supp. 79, 83 (M.D. Pa. 1994) The court properly concluded that it was reasonable for the officers to conclude that the plaintiff and Angel Ramirez could have been armed.

    Not having advanced any cognizable reason for reconsideration, the Court should deny the plaintiff's motion.

RESPECTFULLY SUBMITTED:

THE DEFENDANTS,
CHIEF ROBERT PAQUETTE,
DETECTIVE SGT. FISHER,
DETECTIVE RAMOS,
DETECTIVE JOHN MERULLO,
DETECTIVE JOHN KRUPINSKY,
DETECTIVE MARK TROHALIS,
OFFICER KARL MURPHY
OFFICER SELNER and
OFFICER RIOLO


/s/John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)

7

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 5th day of November, 2004.

Mr. Luis Fernandez
Inmate Number 279900
MacDougall-Walker
 Correctional Institution
1153 East Street, South
Suffield, CT 06080

              /s/John J. Radshaw, III
              John J. Radshaw, III