UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Luis Fernandez                    :  PRISONER
ID. 279900          2004 DEC -3 P 4:14  Case : 3:02 CV 2090
                   U.S. DISTRICT COURT
                   BRIDGEPORT. CONN (BA)(JGM)

V.

Chief Robert Paquette, et.al.     :     NOV. 22, 2004

Plaintiff Reply to DEFENDANTS MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
FOR CLERICAL ERRORS IN JUDGMENTS, ORDERS
AND OTHER PARTS OF THE RECORD

Now Comes the plaintiff pro-se holding to "less
stringent standards than formal pleading drafted
by lawyers", Hughes V Rowe, 449 U.S.
5, 101 S.ct. 173 (1980), Replys' to defendants
Memorandum of law IN opposition to Plaintiff
Motion for clerical ERRORS IN judgments, Orders
And Other Parts of the Record where the
Court should find defendants "Memorandum of
law in opposition", ise without Merit.

In this Case, defendants refused to produce
documents And records requested by the
plaintiff After being ordered to do so by
Federal District Court, defendants could not

1 of 6

thereafter argue that plaintiff lacked sufficient evidence with which to prove his case and that Summary Judgement should have been awarded against plaintiff, because any insufficiency of plaintiff evidence was direct result of defendant's refusal to comply with legitimate request for discovery. Citing HENRY V. SNEIDERS, (1974, CA 9 Wash) 490 F.2d 315, 18 F.R. Serv. 2d 351, Cert. den. 419 U.S. 832, 42 L. Ed 2d, 57, 95 S.Ct. 55, reh. den. 419 U.S. 1060, 42 L. Ed. 2d 657, 95 S.Ct 644.

The absence of documents and reports for the plaintiff Luis Fernandez is the very injustice of this case, "Indigent prisoners are hampered in their access to the proof necessary to ward off Summary judgment"; Plaintiff Luis Fernandez had no opportunity to provide the information of being-out of the United States since defendants possess his legal document Passaport nor a copy of the original warrant and reports of which the issuing Judge served as a rubber stamp for the defendants, and plaintiff name could have not appeared in the body of the warrant date 1/6/00 issued for Angel Munoz Pensas, second floor Apt. 18 Osborne St., Danbury and SUV since defendants only after arresting the plaintiff on January 7, 2000 seizing wallet and belongings would disclosed plaintiff to be Luis Fernandez not Alex, because plaintiff unschooled

2 of 6

Attempts at requesting discovery were nipped in the bud before and after defendants moved for Summary Judgment on January 26, 2004 see, [docket #s 38 thru 61], where Courts noted in Alabama Farm that "Summary Judgment normally should not be granted before discovery is completed. 606 F.2d at 609". Plaintiff discovery was never allowed to begin. Plaintiff Lois Fernandez Asked for defendants to respond to Admissions, interrogatories and request of Production were only objection and refusals to respond questions defendants used as to Answer plaintiff requests. Furthermore, the plaintiff pro se in Absence of documents requested filed Cross-Summary Judgment, Affidavits, Brief relying on facts, exhibits and witness outlining his Arguments And the factual disputes that he would Attempte to prove in Support of a Jury verdict. Plaintiff filed a Motion for Appointment of Counsel (renew Motion) and Motion for Continuance to response the defendant s Summary Judgment. Although, plaintiff documents may be inartful, the thrust of these requests are clear: plaintiff wants the chance to show that material disputes do exist.

Pro se claims for relief are held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520, 92 S.ct. 594, 596, 30 L.Ed.2d

652 (1972); see, <u>Jackson</u> v. <u>Reese</u>, 608 F.2d 159, 160 (5th Cir. 1979), where the Court in this Case Could have Appointed An Attorney to Aid plaintiff Luis Fernandez with his discovery. 28 U.S.C. § 1915 (d) (1976), 42 U.S.C.§ 1988 (1976). Plaintiff Request for An Attorney was evidently overlooked. The Court Could have treated plaintiff Request for Continuance As A Motion for Continuance pending discovery under Rule 56 (e), or the Court Could have denied defendants Summary Judgment At that time And held An evidentiary hearing. <u>Citing</u> generally <u>Hudson</u> v. <u>Hardy</u>, 134 U.S.App.D.C. 44, 48, 412 F.2d 1091, 1095 ('D.C. Cir. 1968).

Also, the plaintiff had Requested three interrogatories of defendants prosecution for violating State and Federal Laws see (Attached and Marked As Exhibit "1" herein dated 1/5/04 Responses/objections to Plaintiff second set of Interrogatories date Nov. 10, 2003) Where it Appears that An individual Named Randall B. Saunders is prosecuting the Danbury Police Dept. for Crime scene fabrication of photos, i.e. Roger Brooks As the plaintiff has just been. informed. And defendants denied/objected in the interrogatorie's herein Attached Exhibit "1".
    This Court Should had Acted with Caution in granting Summary Judgment for the defendants in Absence of documents and Reports for the

plaintiff where there is reason to believe that
the better Course would be to proceed to
A full triAll. Citing Anderson V. Liberty
Lobby, Inc., (U.S.) 91 L. Ed. 2d 202, 106,
S.Ct. 2505, OR holding An evidentiary hearing.
Citing Hudson V. Hardy, 134 U.S. App. D.C. 44, 48,
412 F.2d 1091, 1095 (D.C. Cir. 1968)

## Conclusion

Summary Judgment is A valuable Judicial tool, but
because its consequences Are so severe, however,
the Court must Always guard Against premature
truncation of legitimate lawsuits merely
because of unskilled presentations which in
this Case Relief from Judgment Against the
plaintiff should be given under Rule 60(b)(6)
where the Judgment was obtained by improper
Conduct of the defendants in whose favor it
was rendered And for resulted from excusable
default of the plaintiff Against whom it was
directed under circumstances Not covered by
Rule 60(b)(1) to (5) which Required the
Application of Rule 60(b)(6) in order that
this Case be tried on its Merits And
Justice be done. Citing United States
V. CATO Bros., Inc., (1959, CA 4 VA) 273
F.2d 153, 2 F.R. Serv. 2d 940, Cert. den. 362
U.S. 927, 4 L Ed 2d 746, 80 S.Ct. 753

RESPECTIFULLY Submitted,

_____

Luis FERNANDEZ _Pro Se_
M. C. I.
115 3 east St. South,
Suffield, CT 06080

## CERTIFICATION

I hereby Certify that A Copy of the foregoing
WAS Mailed to the defendants Attorneys on
this 22 day of NOV. 2004.

ATT. DAVID W. Colwick
Howd & Ludorf,
65 Wethersfield Ave.,
Hartford, CT. 06114

_____
Luis Fernandez
ID. 279900

6 of 6



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ               :      PRISONER

                                     :      NO.:  3:02CV2090 (JBA)(JGM)

v.                               :

                                       :

CHIEF ROBERT PAQUETTE, ET AL    :      JANUARY 5, 2004

## RESPONSES/OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES DATED NOVEMBER 10, 2003

Pursuant to Fed. R. Civ. P. 33 and 34, the defendants, Chief Robert Paquette, Detective Sgt. Fisher, Detective Ramos, Detective John Merullo, Detective John Krupinsky, Detective Mark Trohalis, Officer Karl Murphy, Officer Selner and Officer Riolo, hereby respond/object to plaintiff's Second Set of Interrogatories dated November 10, 2003 as follows, and attach a verification thereto.

## INTERROGATORIES

1.      Did the Danbury Police Department or an Officer from this Department was ever investigated for discrimination against the Hispanic Community?  If so, identify the person, date and reasons of such.

Objection:      The defendants hereby object to the plaintiff's Interrogatory #1, of the plaintiff's Second Set of Interrogatories, as it is vague, ambiguous, irrelevant, unduly burdensome, prejudicial, and not reasonably calculated to the discovery of admissible evidence, as well as requesting privileged information.

## RESPONSE:

2.      During the execution of warrants for second floor apartment, 128 Osborne St., Danbury, Conn. and Angel Ramirez and motor vehicle SUV bearing Conn. Registration 569 NVH on January 7, 2000 did the defendants Officer Selner, Officer Riolo, Det. Sgt. Fisher, Det. Mark Trohalis and Officer Karl Murphy were being investigated by internal affairs for abuse of authority? If yes, state the reasons, who, where and why.

Objection:    The defendants hereby object to plaintiff's Interrogatory #2, of the plaintiff's Second Set of Interrogatories, as vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**    Without waiving their objection to Interrogatory #2, the defendants respond as following: The defendants, Officer Selner, Officer Riolo, Det. Sgt. Fisher, Det. Mark Trohalis and Officer Karl Murphy were not being investigated by "internal affairs" for "abuse of authority" during the execution of warrants for the second floor apartment, 128 Osborne Street, Danbury, Conn. and Angel Ramirez and motor vehicle SUV bearing Conn. Registration 569 NVH on January 7, 2000.

3.      During the execution of warrants for second floor apartment, 128 Osborne St., Danbury, Ct., and Angel Ramirez and Motor Vehicle SUV bearing Connecticut Registration 569 NVH on January 7, 2000 did the defendants Officer Slener, Officer Riolo, Det. Sgt. Fisher, Det. Ramos, Det. J. Merollo, Det. Krupinsky, Det. M. Trohalis and Officer K. Murphy were being prosecuted in violation of State or Federal laws? If yes, state the reasons, who, where and why.

Objection:    The defendants hereby object to plaintiff's Interrogatory #3, of the plaintiff's Second Set of Interrogatories, as it is vague, ambiguous, irrelevant, not reasonably calculated to the discovery of admissible evidence, as well as calling for privileged information.

**RESPONSE:**    Notwithstanding and without waiving their objection to Interrogatory #3, the defendants respond as following: The defendants, Officer Slener, Officer Riolo, Det. Sgt. Fisher, Det. Ramos, Det. J. Merollo, Det. Krupinsky, Det. M. Trohalis and Officer K. Murphy were not being prosecuted in violation of State or Federal laws during the execution of warrants for second floor apartment, 128 Osborne St.,

2

Danbury, Ct., and Angel Ramirez and Motor Vehicle SUV bearing Connecticut Registration 569 NVH on January 7, 2000.

4.    What does it takes to become a Detective, is there an amount of arrest to be made before being a Detective? If so, identify them and define.

Objection:    The defendants object to plaintiff's Interrogatory #4, of the plaintiff's Second Set of Interrogatories, as it is vague, ambiguous and irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

5.    Assuming that your person as the Chief of Police is not at work and a warrant execution fails to follow procedure, who is responsible?

Objection:    The defendants object to plaintiff's Interrogatory #5, of the plaintiff's Second Set of Interrogatories, as it is vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and calls for speculation.

**RESPONSE:**

6.    What as the Chief of Police duty is expected to do when procedures or policyies [sic] have been ignored by an officer or Detective on duty? Briefly explain.

Objection:    The defendants object to plaintiff's Interrogatory #6, of the plaintiff's Second Set of Interrogatories, as it is vague, ambiguous, and irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

3

**RESPONSE:**    Without waiving their objection to Interrogatory #8, the defendants respond as follows: The execution of warrants for Angel Ramirez, second floor apartment 128 Osborne St., Danbury, Ct., and motor vehicle SUV bearing Conn. Registration 569 NVH was not for "Politics" or for "personal benefits."

> DEFENDANTS,
> CHIEF ROBERT PAQUETTE,
> DETECTIVE SGT. FISHER,
> DETECTIVE RAMOS,
> DETECTIVE JOHN MERULLO,
> DETECTIVE JOHN KRUPINSKY,
> DETECTIVE MARK TROHALIS,
> OFFICER KARL MURPHY
> OFFICER SELNER and
> OFFICER RIOLO
>
>
> By_____
> Eric D. Eddy
> ct25242
> Howd & Ludorf
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (Fax)
> E-Mail: eeddy@hl-law.com

5

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 5th day of January, 2004.


Luis Fernandez
Inmate Number 279900
Connecticut Correctional Institution
900 Highland Avenue
Cheshire, CT  06410


_____
Eric D. Eddy

6