UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez        :    PRISONER
                           Case: 03:02 CV 2090 (JBA)
V.
                           Dec 18, 2004
Paquette, et al       :

FILED
2005 JAN 18 P 3:56
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## BRIEF IN SUPPORT OF APPOINTMENT OF COUNSEL FOR INDIGENT ON APPEAL

The plaintiff who is appealing this action moves pursuant under 18 U.S.C. § 3006A(G) to the discretionary appointment of counsel were he had not such counsel in the district court while continue to be indigent, the Judge of the District Court shall advise the Clerk of the Court of Appeals such in the Interest of Justice Appointment of Counsel for Appeal would best be served as well as for the following reasons:

1. The Court should Consider plaintiff unable to Employee Counsel pursuant 28 U.S.C. §, 42 U.S.C. § 1915, for Requesting Counsel Representation. Citing Gordon v. Leeke, 574 F.2d 1147, 1153 and N.3 (1978); AIDABE v. AIDABE, 616 F.2d 1089, 1093 (1980); And; LAND v. Hutto, 467 F.Supp. 562 (E.D.VA. 1979).

1 of 4

2. The Court should consider also appointment of counsel where counsel is able to explain the applicable legal principles in the requested argument for appeal and limit litigation to potentially meritorious issues. In addition, Appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional counsel usually provided by the state's for the defendants. Citing Wright v. Dallas County Sheriff's Dept., 660 F.2d (1981); quoting Knighton v. Watkins, 616 F.2d 759 (5th cir. 1980); and Stringer v. Rowe, 616 F.2d 993, 1001 (1980).

3. The Court should consider appointing counsel for the plaintiff in Appeal were the plaintiff is unable to present the case do to the lacking of legal materials, assistance; the plaintiff has no law school education and as a Spanish speaking person the legal issues are to complex to litigate himself nor does the D.O.C. adequate library and deny access to the Courts, which prejudice, obstructs the plaintiff appellant position to prepare his brief and investigate crucial facts needed for Appeal. (see, attached herein marked as Ex. 1. Denial of Access to Courts), citing Younger v. Gilmore, 404 U.S. 15 (1971); Hummell v. Bennett, 615 F.2d 306, 311 (1980); Stringer v. Rowe, supra note 51.

4. The plaintiff in the district court has been found indigent and granted to proceed without prepayment of fees or costs under 28 U.S.C. § 1915 so ordered on 1/6/03 and filed on 1/7/03 by the District Clerk under Rule 10(A) F.R.C.P. Citing, DAVIS V. UNITED STATES, 214 F.2d 594 (1954); and SPEARS V. U.S., supra note 56.

5. The plaintiff demonstration at the District Court that the defendants in this case acted under color of law when deprived him of federal rights established Prima Facie case under § 1983 were the ends of justice would best be served in this case if an attorney was appointed to represent the plaintiff in Appeal. Citing BERG V. COUNTY OF ALLEGHENY, 219 F.3d 261 (3rd Cir. 2001)

### Conclusion

Wherefore, the district court judge while knowing of its judgment were such appointment of counsel in appeal would be in the interest of justice shall advise the clerk of the Court of Appeals to the discretionary appointment of counsel under 18 U.S.C. § 3006A(6).

RESPECTFULLY Submitted,

Luis Fernandez Pro-se
1153 east st. south,
Suffield, CT 06080

3 of 4

## CERTIFICATION

I hereby Certify that a Copy of the foregoing was mailed to the following defendants Attorney on this 18 day of Dec. 2004.

Att. David W. Colwick,
65 Wethersfield Ave.,
Hartford, CT 06114

Luis Fernandez
#275900



# NOTICE TO THE INMATE POPULATION
## REGARDING ACCESS TO CONNECTICUT COURTS
### March 25, 2004

The Connecticut Department of Correction is not obligated to provide inmates with access to court by maintaining law libraries or legal forms in the various correctional institutions. Any such material that may be located in DOC facilities is not intended to serve as a method of providing inmates access to court.

Any inmate who wishes to seek assistance or advice concerning his or her criminal case(s) should contact the attorney or Public Defender's Office, which is representing or assisting you now or has represented or assisted you in the past.

The Department of Correction contracts for the provision of legal assistance to inmates in <u>civil</u> legal matters for issues arising from terms and conditions of confinement. For a description of the extent of such legal service and the format for its provision you should read that section of your Inmate Handbook which is entitled, "Access to Court." If you require assistance in reading or in understanding this section you should contact:

> Inmate's Legal Assistance
> P.O. Box 260237
> Hartford, CT 06126-0237
> 1-800-301-ILAP (4527)

These calls shall be deemed "privileged" in accordance with Administrative Directive 10.7 – Inmate Communications.

Brian K. Murphy
Deputy Commissioner

Rev. 3/24/04