UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

     v.                                                                                  PRISONER
                                                           Case No.    3:02CV2090 (JBA) (JGM)

CHIEF ROBERT PAQUETTE, et al.

RULING ON PENDING MOTIONS

Pending is a motion for freedom of information, a motion for exception, a motion for sanctions, four motions for proof of service, a motion for clerical errors in judgment, motion for extension of time, motion to stay, motion for leave to proceed in forma pauperis, motion to appoint counsel and motion to amend/correct. For the reasons set forth below, the motion for leave to appeal in forma pauperis and the motion for reconsideration are granted and the remaining motions are denied.

I.     Motion for Freedom of Information [doc. # 110]

Pursuant to the Freedom of Information Act, plaintiff seeks copies of all motions filed in this case, all rulings and orders issued by the court and a copy of the Local and Federal Rules of Civil Procedure. The federal courts are exempt from the Freedom of Information Act. See 5 U.S.C. § 551(1)(B). Accordingly, plaintiff's motion is denied.

II.    Motion for Exception [doc. # 111]

Plaintiff has filed a motion entitled "Motion for Exception" in which he asks the court to review his papers without regard for technicalities. The court liberally construes all papers submitted by pro se litigants and does not hold them to the same standard as a

trained attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). In ruling on the cross-motions for summary judgment, the Court liberally construed the documents submitted by the plaintiff. As the Court has already ruled on the motions for summary judgment and judgment has entered in this case, plaintiff's motion is denied as moot.

III.   Motions for Proof of Service [docs. ## 118, 120, 127, 141]

Plaintiff's motions simply certify that he has sent various motions to defense counsel. Plaintiff does not seek relief from the court. Accordingly, the motions are denied.

IV.   Motion for Sanctions [doc. # 116]

Plaintiff seeks sanctions against defendants for failing to produce documents in response to his November 2003 discovery request. Plaintiff claims that defendants attached documents to their motion for summary judgment that were not produced to him in response to the November 2003 discovery request.

On September 30, 2004, the Court granted defendants' motion for summary judgment and denied plaintiff' motion for summary judgment. Judgment has entered in this case. In view of the fact that the case is now closed and on appeal to the Second Circuit, plaintiff's motion is moot. In addition, it is untimely. Plaintiff was clearly aware that certain documents attached to defendants' motion were not produced to him when defendants filed their motion for summary judgment in January 2004, yet the plaintiff waited until late September 2004 to file his motion for sanctions. In addition, plaintiff made no effort to attempt to confer with counsel to resolve this discovery dispute prior to filing this motion as required by Rule 37(a)(2)(A), Fed. R. Civ. P. and Rule 37(a)2, D. Conn. L. Civ. R. For all of the reasons set forth above, the motion for sanctions is denied.

V.  Motion for Clerical Errors [doc. # 119]

Plaintiff contends that there are errors in a ruling issued by the undersigned on September 3, 2004. (See doc. # 106.) He seeks to have those errors corrected. The Court construes the plaintiff's motion as a motion for reconsideration of the Court's September 3, 2004 Ruling and Order. It is apparent that the plaintiff does not agree with the Court's decision to deny his renewed motion for appointment of counsel and his motion for "objection to defendants answer and affirmative defense," but fails to specify any errors of fact or law in the Court's ruling. The motion for reconsideration of the September 3, 2004 Ruling is granted. After careful reconsideration, the September 3, 2004 Ruling [doc. # 106] is affirmed.

VI. Motion for Extension of Time to File Notice of Appeal [doc. # 124]
    Motion for Leave To Appeal In Forma Pauperis [doc. # 138]
    Motion for Stay [doc. # 125]

Plaintiff seeks an extension of time to file a notice of appeal. Rule 4(a)(1)(A), Fed. R. App. P., provides that a notice of appeal in a civil case must be filed within thirty days from the date the judgment or order appealed from is entered. The Clerk entered judgment in this case on October 6, 2004. The plaintiff filed his notice of appeal on November 3, 2004, the day he presumably handed the notice to prison officials for filing. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993)(Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court)(citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Thus, the notice of appeal was filed in a timely manner. The motion for extension of time to file a notice of appeal is denied as moot. Plaintiff's motion for leave to appeal in forma pauperis

is granted.

Plaintiff also seeks to stay the judgment pending the court's ruling on a number of motions filed within ten days of the judgment entered in this case. He files the motion pursuant to Federal Rule of Civil Procedure 62. Rule 62 imposes an automatic stay preventing execution of a judgment until the expiration of ten days after entry of a judgment. See Fed. R. Civ. P. 62(a). Rule 62(b) permits the district court to issue a further stay of execution during the pendency of a timely filed motion for new trial under Rule 59 or a motion for judgment as a matter of law under Rule 50. See Fed. R. Civ. P. 62(b). Rule 62 is inapplicable to this case. The court did not award either party money damages. Thus, there is no judgment to enforce or execute. Plaintiff's motion for stay is denied.

VII     Motion for Appointment of Counsel [doc. # 139]

Pending before this court is plaintiff's renewed motion for appointment of counsel. Plaintiff has filed a notice of appeal in this action. Plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff may renew his motion at the Court of Appeals for the Second Circuit.

VIII.   Motion to Correct [doc. # 140]

Plaintiff seeks to correct docket entry 115 of the index of documents sent to the United States Court of Appeals for the Second Circuit. He claims that docket entry 115 is incorrect because defendants did not object to his motion for summary judgment and for appointment of pro bono counsel.

Document 115 was filed by the defendants and is entitled "Objection To Plaintiff's Motion For Sanctions and Motion for Summary Judgment for Appointment of Counsel."

The docket entry for document 115 is correct. It indicates that the objection is addressed to "Plaintiff['s] Summary Judgment for Appointment of Pro Bono Counsel," document 113, and that at the time the objection was filed by defendants, no motion for sanctions had been filed by plaintiff. The motion to correct index of documents is denied.

## Conclusion

The Motion for Freedom of Information [**doc. # 110**], Motions for Proof of Service [**docs. ## 118, 120, 127, 141**], Motion for Stay [**doc. # 125**], Motion for Sanctions [**doc. # 116**] and Motion to Correct [**doc. # 140**] are **DENIED**. The Motion for Exception [**doc. # 111**] and Motion for Extension of Time to File Notice of Appeal **[doc. # 124]** are **DENIED** as moot. The Motion for Leave To Appeal In Forma Pauperis **[doc. # 138]** is **GRANTED**. The Motion for Clerical Errors [**doc. # 119**], as construed by the court as a motion for reconsideration, is **GRANTED**, but after careful reconsideration the Court **AFFIRMS** its September 3, 2004 Ruling and Order [**doc. # 106**]. Plaintiff's renewed Motion for Appointment of Counsel [**doc. # 139**] is **DENIED** without prejudice to renewal at the United States Court of Appeals for the Second Circuit.

SO ORDERED in New Haven, Connecticut, this 15th of June, 2005.

      /s/ Joan G. Margolis
      Joan G. Margolis
      United States Magistrate Judge