UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Luis Fernandez, pro-se | : | PRISONER |
| V. | : | case:3:02cv2090(JBA)(JGM) |
| Chief Robert Paquette,et al | : | June 24,2005 |

FILED
2005 JUN 30 P 3: 13
U.S. DISTRICT COURT
BRIDGEPORT, CONN

MOTION FOR CLERICAL ERRORS IN JUDGEMENTS, ORDERS, OR OTHER PARTS OF THE RECORD [Doc.# 111,118,120,127,141,116 & 119]

In this case the court made several ruling on pending motions[doc # 111,118,120,127,141,116 & 119] were the plaintiff pro-se in protection of his civil rights and fundamental rights moves pursuant Rule 60(A) Fed.R.Civ.P. which permit this court ruling on pending motions to be corrected or vacated under certain circumstances.

I. To correct or vacate ruling on motion for exception[doc.#111];

The plaintiff pro-se motion for exception[doc.# 111] was filed on sept. 20,2004 as incarcerated plaintiff pro-se qualifying under the inmate mail box rule of, **Huston V. Lack**, 487 U.S. 266, 267(1988) were the motion for exception[doc.# 111] presented to this court had been **live** before summary judgment entered on Oct. 4,2004[doc.# 109] while the plaintiff pro-se having a legally cognizable interest in the outcome of the motion for exception[doc.# 111],Murphy v. Hunt, 455 U.S. 478,481,102,S.ct, 1181,1183,71 L.Ed.2d 352(1982), were as the Pro-se party, the court alleged to have liberally "contrued" the documents submitted but failed to interpret them to raise the strongest arguments suggested therein with plaintiff pro-se April 9,2004 response & objection to defendants opposition to the plaintiff's cross-motion for summary judgment, Burgos V. Hopkins, 14 F.3d 787, 790(2nd Cir.1994), which the Court ensued.

II. To correct or vacate ruling on motions for proof of service[ doc. # 118,120,127 & 141];

The plaintiff pro-se motions for proof of service[doc.# 118,120, 127 & 141] are in comply with service of properly mailed document , Kerr v. Charles F. Vatterott & Co., 184 F.3d 938(1999) and the court denied resulting against pro-se protection from consequences of technical errors were the court ruled on the motions for summary judgment [doc.# 109] while motions were still pending and the court could have read pleadings to state valid claim on which plaintiff pro-se could prevail, it should had done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax or plaintiff pro-se unfamiliarity with pleading requirements.

III. TO correct or vacate ruling on motion for sanctions[doc.# 116];

First, the defendants et al and counsel failed to comply with rule 26 (A)(1) Fed.R.Civ.P. require an answering party to provide the other side, even without a discovery request with names, I.D., address, etc. where defendants et al nor counsel disclose or attempted to disclose in violation of rule 26(A)(1) Fed.R.C.P. second, the plaintiff pro-se attempted to persuade the defendants et al and counsel to turn over the requested materials but defendants et al and counsel disobey to comply with rule 34,F.R.C.P. resulting in a motion to compell[doc.# 56] which the plaintiff comply with efforts to attempt to resolve discovery dispute prior filing motion for sanction per. rule 37(a)(2)(A), F.R.C.P. and rule 37(a)2, D.Conn.L.Civ.R. Third, the plaintiff pro-se became aware of certain documents not disclose after the fact that defendants et al filed for summary judgment in january 2004 were without doubt the district court knew of or should have known of certain documents attached to defendants motion for summary judgment filed on january,2004 had not been disclosed nor provided to the plaintiff pro-se which a motion for compel had been filed[doc.# 65] obviously prejudicing the plaintiff pro-se in the case presentation and obstructed material factual issues for defeating summary judgment Fourth, the plaintiff pro-se submitted his motion for sanctions on Sept. 27,2004 before the court granted defendant motion for summary judgment on Sept. 30,2004 as the plaintiff pro-se motions for proof of service prove[doc.# 118,120,127,141] which motion for sanction is timely filed and the district court error in

ruling it untimely.

IV. To correct or vacate ruling on motion for clerical error[doc. # 119];

The district court held the plaintiff pro-se to stringent standards drafted by lawyers as the district court reconsidered ruling granted[doc.# 106] without stating the grounds therefore denying the plaintiff pro-se procedural protection of civil rights suit In Forma Pauperis § 1915, where the plaintiff pro-se pleading are to be construed liberally and held to less stringent standards than formal pleading drafted by lawyers despite failure to cite proper legal authority, confusion of legal theories, poor syntax or plaintiff pro-se unfamiliarity with pleading requirements.

## CONCLUSION

For these foregoing reasons the plaintiff pro-se motion for clerical errors in judgments, orders, or other parts of the record[doc.# 111,118,120,127,141,116 & 119] must be corrected or vacated pursuant rule 60(A) Fed.R.C.P.

RESPECTFULLY SUBMITTED,

Luis Fernandez, pro-se
1153 east st. south,
suffield, Ct.06080

## CERTIFICATION

I hereby certify that the foregoing has been sent via mail to the following defendants att. on this 24 day of june,2005.

Att. David W. Colwick,
65 wethrefield ave.,
Hartford,Ct 06114

Luis Fernandez
pro-se