UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

PRISONER

v.                              CASE NO. 3:02CV2090(JBA)

ROBERT PACQUETTE, et al.

RULING ON PENDING MOTIONS

The plaintiff has filed a motion for disqualification, a motion for correction of judgment and two motions for "Clerical Errors in Judgments, Orders or Other Parts of the Record."  The motions are addressed below.

I.   Motion for Disqualification [doc. # 123]

The plaintiff seeks the recusal of the undersigned.   A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The test employed to determine whether recusal is required is an objective one.  See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988), cert. denied, 490 U.S. 1102 (1989).  The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994).  "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required."  Id.

The plaintiff states that the undersigned denied a motion to reopen judgment in another case filed in this court, <u>Fernandez v. Alexander, et al.</u>, Case no. 3:01cv1807 (JBA).  The decision to deny a motion to reopen judgment in another action does not "reasonably call [] His (sic) Honor's impartiality into question and merit [] reassignment to another Judge of this Court or another Court with jurisdiction" (doc. #123 at ¶. 2-3), nor a showing of impaired impartiality with respect to the present action.  Furthermore, the undersigned granted plaintiff's motion for reconsideration in <u>Fernandez v. Alexander, et al.</u>, Case no. 3:01cv1807 (JBA) and the case has been reopened.

The plaintiff has not otherwise identified any evidence of claimed bias or appearance of bias with respect to the present action.  The plaintiff's motion for disqualification is denied.

II.  <u>"Motion for Clerical Errors in Judgments, Orders, or Other Parts of the Record" [doc. # 126]</u>

The plaintiff seeks to vacate the judgment entered in this case because clerical errors exist in the judgment, orders or other parts of the record.  The plaintiff does not identify any clerical errors in his motion, memorandum or affidavit.  Instead, the plaintiff asks the court to reconsider its ruling granting the defendants' motion for summary judgment and denying his cross-motion for summary judgment due to the court's failure to look closely enough at the record.  Thus, the court construes the plaintiff's motion as a motion for reconsideration.

2

The standard for granting a motion for reconsideration is
strict.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d
Cir. 1995).  The function of a motion for reconsideration is to
present the court with an opportunity to correct "manifest errors
of law or fact or to consider newly discovered evidence . . . ."
LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn.
1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d
246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).
Such a motion generally will be denied unless the "moving party
can point to controlling decisions or data that the court
overlooked–matters, in other words, that might reasonably be
expected to alter the conclusion reached by the court."  Id.

The plaintiff contends that the court failed to liberally
construe his pro se motion for summary judgment and papers filed
in opposition to the defendants' motion for summary judgment.
The plaintiff points to no specific examples of the claimed
failure.  Having read the plaintiff's papers liberally and
interpreted them in a light most favorable to plaintiff,
plaintiff's "bald assertion[s]," were unsupported by evidence,
and failed to rebut the defendants' properly supported motion for
summary judgment showing entitlement to summary judgment.  Carey
v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

The plaintiff makes various other arguments concerning the
claims in the complaint and the court's alleged failure to

3

properly address those claims.  All but one of the arguments were raised by the plaintiff in his cross-motion for summary judgment. Those arguments should be raised on appeal and not in a motion addressed to the district court.  Shrader, at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.")

The plaintiff claims that the court overlooked an argument he made in his reply to defendants' opposition to his cross-motion for summary judgment.  The plaintiff argued that an immigration document submitted by the defendants demonstrated that he was not the individual called Alex that sold drugs to police informants during the period from July 1999 to January 2000 because he was not in the United States during that time. The immigration document attached to the plaintiff's affidavit in support of his motion for reconsideration contains information concerning his admission and departure from the United States in November 1999.  The plaintiff claims that document shows that he was not admitted into the United States until November 10, 1999. In fact, the document indicates that he departed from the United States on November 7, 1999, and re-entered the United States on November 10, 1999.  Thus, the fact that plaintiff was out of the country for three days in November 1999 does not support his claim that he was not in the United States before November 10, 1999.  The court concludes that the information in this document does not alter the court's ruling on the cross-motions for

4

summary judgment.

The plaintiff does not identify any other facts or law that the court overlooked in ruling on the motions for summary judgment. Accordingly, the plaintiff's motion for reconsideration is granted. After careful reconsideration, the court affirms its Ruling granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment and the defendants' and plaintiff's motions to strike affidavits.

III. Motion for Correction of Judgment [doc. # 144]

The plaintiff seeks an order correcting the judgment entered pursuant to the court's ruling on the parties cross-motions for summary judgment. The plaintiff contends that the defendants failed to comply with discovery rules requiring them to provide the name of the Magistrate Judge who issued an arrest warrant and the name of a Danbury Police Officer who participated in the investigation of the plaintiff prior to his arrest. The court construes the plaintiff's motion as a motion to vacate the judgment entered in this case on October 4, 2004.

Rule 60(b), Fed. R. Civ. P., provides that the court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .;(3) fraud . . . misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been released, satisfied or discharged . . .; or (6) any other reason justifying the relief from the

5

operation of judgment." Rule 60(b), Fed. R. Civ. P.  Any motion pursuant to subsections (1), (2) or (3), however, must be filed not more than one year after the entry of judgment.  The power to rescind or alter a final judgment given to the court under Rule 60(b) is an extraordinary power that should only be invoked in extraordinary circumstances.  See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

The court liberally construes the plaintiff's motion as having been brought pursuant to subsection 3 of Rule 60(b), "other misconduct of the adverse party."  The plaintiff does not explain how the information the defendants' allegedly failed to provide him with is relevant to his claims.  Officer Chapman is not a defendant in this action, nor is Judge Carroll.  In addition, he fails to demonstrate how this information would have altered the court's decision to grant the defendants' motion for summary judgment.  Accordingly, the plaintiff's motion to vacate judgment is denied.

IV.  "Motion for Clerical Errors in Judgments, Orders, or Other Parts of the Record" [doc. # 143]

The plaintiff moves pursuant to Rule 60(a) of the Federal Rules of Civil Procedure for correction of clerical errors in the court's June 15, 2005 Ruling on Pending Motions filed by the plaintiff.  Although it is apparent that the plaintiff disagrees with the court's ruling, the plaintiff has failed to identify any clerical errors in the ruling.

6

Even if the court were to construes the plaintiff's motion as a motion for reconsideration of the court's ruling, the plaintiff fails to specify any errors of fact or law in the ruling.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Accordingly, the motion for clerical errors is denied.

V.   Conclusion

Plaintiff's Motion for Disqualification [**doc. # 123**] is **DENIED**.  Plaintiff's Motion for Clerical Errors [**doc. # 126**] which the court has construed as a motion for reconsideration is **GRANTED**.  After careful reconsideration, the court **AFFIRMS** its Ruling granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment and defendants' and plaintiff's motions to strike affidavits [**doc. # 108**].  The plaintiff's Motion for Correction of Judgment [**doc. # 144**] is **DENIED**.  The plaintiff's Motion for Clerical Errors [**doc. # 143**] is **DENIED**.

**SO ORDERED** this 21st day of October, 2005, at New Haven, Connecticut.

/s/_____
Janet Bond Arterton
United States District Judge

7