# UNITED STATES DISTRICT COURT
## DISTRICT OF Connecticut

Luis Fernandez, pro-se        :   Case No. 3: 02CV2090
V.                            :          (JBA)(JGM)
Chief Robert Paquette, et al   :

2005 NOV 29 P 2:18
U.S. DISTRICT COURT

Nov. 19, 2005

## PLAINTIFF's PRO-SE MOTION FOR DE NOVO REVIEW OF J.B.A. RULING [Doc. # 126, 144 and 143]

The plaintiff pro-se in protection of his Civil Rights and fundamental Right moves for DE NOVO Review of J.B.A. Ruling [Doc # 126, 144 and 143] were the Judgment of U.S.D. Judge Janet Bond Anterlon should be suspended and overruled by the Magestrate Judge Joan G. Margolis as clearly erroneous and Contrary to laws.

I.    U.S.D. Judge J.B.A. Ruling [Doc. # 126]

The U.S.D. Judge J.B.A., After Construing the plaintiff's Pro-se Motion for Clerical Errors in judgments, Orders, or Other parts of the Record as a Motion for Reconsideration under the function to Correct "Manifest errors of law or fact or to Consider Newly discovered evidence". The plaintiff pro-se first points to the Manifest errors of law as the U.S.D Judge

J.B.A. did not look to the law under Ruler 56 (c) of the Federal Rules of Civil Procedure as this is the substantive law's identification of which facts are irrelevant that governs the materiality determination, and any proof or evidentiary requirements imposed by substantive law are not germane to this inquiry, since materiality is only a criterian for categorizing factual disputes in their relation to the legal element of the plaintiff pro-se claims and not a criterion for evaluating the evidentiary underpinnings of those disputes presented in plaintiff pro-se Cross-Motions for Summary Judgment and Plaintiff pro-se OPPOSITION TO DEFENDANTS MOTION FOR Summary Judgment which were both submitted and supported with evidence and Affidavits, witness statement, documents offical all presented by the plaintiff's pro-se which the U.S.D. J.B.A. weigh of the evidence to determine the truth of the matter is clearly erroneous and Contrary to laws pursuant Summary Judgment and Judment on the Pleadings § 5 - determination of Judge's function and Rule 56 (c).

The Court U.S.D. J.B.A. did in fact overlooked — the evidence presented as plaintiff immigration document submitted which does supports plaintiff's pro-se claim of being out of the Country during November 1999. Because the plaintiff pro-se was not in the U.S. during the second

week of November 1999, when defendant Trohalis decided to make, yet another controlled purchase with the Alleged Informant # 1 who supposively received a return call from "Alex", see Ex. 1 page 9 of A-13 Supplemental Appendix of THE DEFENDants - APPELLEES, which clearly alters the Courts ruling on the Cross- Motions for Summary Judgments since the plaintiff's pro-se Cannot be the individual called "Alex" who Suppose "returned" a call to the alleged (ghost) Informant # 1 on the second week of November 1999 Conducting NOR making any drugs transactions, in fact supporting by offical and documentive evidence to alter the Conclusion reached by the Court, Citing, Losacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993), identifyed with the immigration document Attached to the plaintiff's affidavit in support of his Motion for reconsideration.

The plaintiff's pro-se Secondly points to the Manifest errors of law, as the U.S.D. Judge J.B.A. did not believed the plaintiff's pro-se NONMOVANT supporting evidence with the Cross- Motion's for Summary Judgment and Opposining Motion for Summary Judgement as justifiable inferences, such as Exhibits "A" threw "E" in the plaintiff pro-se Civil Rights Complaint in support of the Verified Claims per Rule 56(e), see Exhibit 2 herein Verified Civil Rights Complaint with Exhibits A - E,

that are to be drawn in the plaintiff pro-se Non Movant's favor pursuant to Summary Judgment and Judgment on the pleadings §5- inferences. Also, showing Specific example of the Court U.S.D. J. J.B.A. failure to interpret, plaintiff's pro-se supporting evidence in the Verified Civil Right's Complaint asserting the claims properly presented to rebut the defendants Motion FOR SUMMARY Judgment in this Case.

The plaintiff pro-se third and final point to the Manifest errors of law as the U.S.D. Judge J.B.A. overlooked in ruling [Doc # 126] is that the plaintiff pro-se did identifyed clean and convincing evidence as submitted herein meeting the standard requirement to grant plaintiff pro-se Cross-Motion for Summary Judgment and Opposition Summary Judgment against defendents Summary Judgment, citing Constitutional law §948; Evidence §176; Summary Judgment and Judgment on the pleadings §5.

## II.  U.S.D.J. J.B.A. Ruling [Doc # 144].

The U.S.D. Judge J.B.A., after Construing the plaintiff's pro-se Motion as subsection 3 of Rule 60(b), denied the plaintiff pro-se Motion was clearly erroneous and Contrary to laws, when in fact the plaintiff pro-se did explain the requirements of Rule

26 (A)(1) Fed. R.C.P. which defendant as the Answering party must provide the other side, even without a discovery Request with names, I.D. address, etc of information pertaining to the case. The defendant's in support of their summary Judgment provided the name "Officer Chapman who allegelly took part in what lead to plaintiff's pro-se illegal arrest on January, 2000. Yes, is true that Officer Chapman is not a defendant in this action, but the plaintiff did not know of Officer Chapman participation with the defendant Trohalis and Merullo until and after the defendants Moved for Summary Judgment which the Court can relieve the plaintiff pro-se from the final judgment entered against him in this case because of Rule 60 (b) F.R.C.P. (1) Mistake, inadvertence, surprise, or excusable neglect; (2) Newly discovered evidence (3) fraud ... Misrepresentation or other Misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been released, satisfied or discharged ...; or (6) any other reason, justifying the relief from the operation of judgment.

Secondly, Also, Judge Patric Carroll III is not a defendant in this action since the plaintiff pro-se did not know of the name of the Magistrate Judge who signed the affidavits and application for search and seizure warrant dated

5 of 8

1/7/00 where this information would have altered the Court's decision in the granted defendants Motion for Summary Judgment since the Law and again SINCE THE LAW CONN. GEN. Stat. § 51-183 h provides that A Judge who signs the Warrant cannot hear the Motion Attacking the same bench Warrant such in this Case were Warrant signed by Judge Patric Carroll III for the Arrest of Nigle Ramirez only not the plaintiff pro-se luis Fernandes was in fact also heared and presented to the issuing Judge Patric Carroll III violating C.G.S. § 51-183 h, which this information is Matterial for relieving the final Judgment entered in this Case against the plaintiff pro-se pursuant to Rule 60 (b).

## III. U.S.D. Judge J.B.A. Ruling [Doc # 143].

The U.S.D. Judge J.B.A. Ruling on [Doc. # 143] is clearly erroneous and Contrary to laws when in fact the plaintiff pro-se did identified the newly discovered evidence in order to Correct or vacate the Judment as the plaintiff pro-se also pursuant to the provission of Rule 60 (b), F.R.C.P. and Pro-se fundamental Right protection after further development of the facts identifies and presentes herein as Exhibit "A" the Photocopy buy Money only Recovered

6 of 8

on his person Wallet; Exhibit B herein (four) 4
Photocopy photographs of bedroom #1 (Angel Ramirez
bedroom) findings on January 7, 2000; Exhibit C
herein Case #00-297 photocopy photographs of bedroom
#1 (Angel Ramirez bedroom) finding in 3 photographs
on January 7, 2000; and Exhibit D, herein of the
Det. George Chelso evidence submitted finding of
Angel Ramirez left thumb as identified which
information, evidence and material newly discovered
or other Misconduct of the defendants in not
availing the plaintiff pro-se with these documents
when Requested failing to comply with discovery
rules warrants the Court to review and/or
Relieve the granted summary Judgment against
the plaintiff pro-se [doc.# 60], because the
Evidence Exhibits A, B, C, And D, are genuine
factual materials that properly can be resolved
only by a finder of fact that the investigation
was for the Arrest of Angel Ramirez Not the
plaintiff pro-se who was arrested without
a warrant nor probable Cause and alleged.
Exhibits A, B, C, And, D were Not in custody,
Control nor possession of the plaintiff pro-se
to be Arrested on January, 7, 2000.

Wherefore, for these foregoing reasons U.S.D Judge J.B.A.
should be suspended and overruled by the Magestrate
7 of 8
as clearly erroneous and Contrary to laws, were
In forma pauperis has bin granted the Court cannot

as clearly erroneus and contrary to laws, were In forma pauperis has bin granted the Court cannot dismissed simply because the court finds the plaintiff's pro-se allegations unlikely.


Oral Argument Requested

Respectfully Submitted,

_____

Luis Fernandez
Plaintiff / Pro-se

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 19 day of Nov., 2005.


Att. J.J. Radshaw, III
65 Wethersfield ave.,
Hartford, CT 06114-1190

_____

Luis Fernandez
Plaintiff pro-se


Luis Fernandez #279900
1153 East st south,
Suffield, CT 06080

8 of 8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez, pro-se        :    Case No 3:02CV2090
v.                                        (JBA)(JGM)
Chief Robert Paquette, et al    :

                                     :    Nov. 19, 2005

                                     :

MOTION FOR PROOF OF SERVICE

Luis Fernandez, states under the penalty of perjury
that he mailed a copy of the MOTION for DeNovo Review
OF J.B.A. RULING [Doc.# 126, 144 & 143], with
Exhibits 1, 2, A, B, C, & D, to defendants ATT.
J. J. Radshaw III, 65 Wethersfield ave, Hartford, CT
06114-1190, by placing them in envelopes and placed
them in the Main hall legal mail box at the Conn. M.C.I,
Suffield CT on Nov. 19, 2005

                          Respectfully Submitted,

                          _____
                          Luis Fernandez
                          Plaintiff Pro se

CERTIFICATION
I hereby certify that a copy of the foregoing was mailed
to the following on this 19 day of Nov. 2005.

1 of 2

65 wethersfield ave.
Hartford, CT 06114-1190

Luis Fernandez
Plaintiff - Pro-se

2 of 2



39. Detective Merullo frequently observed a heavy set Hispanic male exit the second floor apartment of the 128 Osborne residence and drive off in the white SUV, bearing dealer registration XP97. (**Exhibit A**, ¶ 18).

40. Detective Merullo also frequently observed a small Hispanic male enter and exit the second floor apartment of the 128 Osborne residence, and operate both the Honda and the white Nissan Pathfinder, bearing dealer registration XP97. (**Exhibit A**, ¶18).

41. Detective Trohalis decided to make yet another controlled purchase, and met with Informant #1 during the second week of November, 1999, and asked Informant #1 to make a controlled purchase of cocaine from either "Sandy" or "Alex". (**Exhibit A**, ¶ 19).

42. Detective Trohalis observed Informant #1 dial telephone pager #289-4343, using a Danbury Police telephone. A short time later, Informant #1 received a return call from "Alex". (**Exhibit A**, ¶ 19).

43. "Alex" directed Informant #1 to meet at a certain location in Danbury, this time in close proximity to the 128 Osborne residence. (**Exhibit A**, ¶ 19).

44. Informant #1 told Detective Trohalis that it was routine for "Alex" to withhold all discussion of money or amounts of cocaine while on the telephone. (**Exhibit A**, ¶ 19).

45. At this time, Detective Merullo established surveillance of the 128 Osborne residence. He observed both the white Nissan Pathfinder, bearing dealer registration



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
11/25/02.    30
Kevin F. Rowe, Clerk
By _____
Deputy Clerk

### CIVIL RIGHTS COMPLAINT

Luis Fernandez
279900
_____
Plaintiff(s),

(Full name(s) and prisoner number(s) if incarcerated)
(Do not use et al.)

v.

Officer Selner.
Officer Riolo,
Det. Sgt. Fisher,
Det. Ramos,
Det. J Mewllo,
Det. Kwpowsky
Det. Tiohalis Mark,
_____
Defendant(s).

Case No. 3:02 CV 2090 (JBA
(To be supplied
by the court)

Robert Paquette,
Officer Kaul Murphy

(Full name(s) and capacity, e.g., official capacity, individual capacity,
or official and individual capacitites) (Do not use et al.)

## A. PARTIES

1. Luis Fernandez is a citizen of Connecticut who
   (Plaintiff)                              (State)
presently resides at 900 highland Ave. Cheshire, CT 06410.
                     (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 279900

2. Defendant Robert Paquette. is a citizen of Connecticut
             (name of first defendant)                (State)
whose address is 120 Main Street, Danbury, CT 06810.

and who is employed as Chief of police At Danbury Police Dept
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

As the Chief of police At Danbury police Dept in Danbury, CT his Action are under color of State law

3. Defendant Fisher is a citizen of Connecticut
(name of second defendant)                                    (State)

whose address is 120 Main street, Danbury CT 06810

and who is employed as Detective Sargent at Danbury Police Det.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

As the Det Sargent At Danbury Police Dept. in Danbury CT his Action Are under color of State law

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

____ 42 U.S.C. § 1983 (applies to state prisoners)

____ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

2

Defendant SELNER _____ is a citizen of Connecticut
whose Address is 120 Main Street, Danbury, CT 06810
and who is Employed As Officer At the Danbury Police Dept.
At the time the Claim(s) Alleged in this complaint Arose, was
this defendant Acting under color of state law? ✔yes __ no.
As An officer of the Danbury Police Dept. his Action
is under color of state law.

5) Defendant Riolo _____ is a citizen of Connecticut
whose Address is 120 Main Street, Danbury, CT 06810
And who is Employed As Officer At the Danbury Police Dept.
At the time the Claim(s) Alleged in this complaint Arose, was
this defendant Acting under color of state law? ✔yes __ no.
As An officer of the Danbury Police Dept. his Action
is under color of state law.

6) Defendant RAMOS _____ is A citizen of Connecticut
whose Address is 120 Main Street, Danbury, CT 06810
And who is Employed As Detective At the Danbury Police Dept
At the time the Claim(s) Alleged in this complaint Arose, __
this defendant Acting under color of state law? ✔
As A Detective of the Danbury Police Dept. his
is under color of state law.

7) Defendant John Morello is A citizen of _____ Conne
whose Address is 120 Main Street, _____ _____ bury, CT
And who is Employed As Detective _____ _____ Danbury

At the time the claim(s) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓ yes ___ no

As a detective of the Danbury police Dept his Action is under color of state law.

8) Defendant Karpinsky ___ is a citizen of Connecticut whose Address is 120 main street, Danbury, CT 06810 And who is Employed As Detective, At the Danbury Police Dept. At the time the claim(s) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓ yes ___ As a Detective of the Danbury police Dept his Action is under color of state law.

9) Defendant Mark Trohalis ___ is a citizen of Connecticut whose Address is 120 main street Danbury, CT 06810 And who is Employed As Detective At the Danbury Police Dept. At the time the claim (s) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓ yes ___ no As a Detective of the Danbury police Dept his Action is under color of state law.

10) Defendant Karl murphy ___ is a citizen of Connecticut whose Address is 120 main street, Danbury, CT 06810 And who is Employed As Officer At the Danbury Police Dept. At the time the claim(s) Alleged in this complaint Arose, was this defendant Acting under color of state law? ✓ yes ___ no As An officer of the Danbury Police Dept his Action is under color of state law.

## C. NATURE OF THE CASE

BRIEFLY state the background of your case Violation of fourth Amendment
the plaintiff was Arrested without A warrant Abridging
his freedom do to unreasonable searches and seizures
violating the first Amendment And No warrant shall
issue without probable Cause ; fifth Amendment non
be deprived of life, liberty on property without due
process of law (others)

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been
violated and that the following facts form the basis of my allegations:  (If more space is needed
to explain any allegation or to list additional supporting facts, continue on a blank sheet which
you should label "D.  CAUSE OF ACTION.")

Claim I: Violation of first, fourth, fifth, six, eoght
And fourteenth Amendment to the U.S.C, Physical And
Mental Anguish And Emotional injuries (others)

Supporting Facts:  (Include all facts you consider important, including names of persons
involved, places, and dates. Describe exactly how each defendant is involved. State the facts
clearly in your own words without citing legal authority or argument.) ON January 7, 2000
Friday At Approximately 1600 hrs. defendants detective sgt.
Fisher, and Dets Ramos, Merullo, Kwpowsky, Trohalis And
officer Karl Murphy had A Surveillance for the execution of
search warrants for the second floor Apartment At 128
Osborne St., Danbury, CT. the person Angel Ramirez And
Vehicle bearing Connecticut registration 569 NVH. The
warrant for this investigation were obtained January
6, 2000 , After review by A judge At the Danbury
Superor Court.  NO search warrants for the plaintiff
OR with his person name was executed during the surveillance

Exhibit A

# Incident Report

| INCIDENT NO. | *INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | INVESTIGATING OFFICER | | BADGE |
|---|---|---|---|---|---|---|---|---|
| 00-297 | 0 /07/00-Fri | 16:49:00 | | Search Warrant Execution / Narcotic Arrest | | Det. Mark Trohalis | | 461 |
| DATE OF REPORT | LOCATION OF INCIDENT | | | | | Report Type | Init/Clos | |
| 1/7/2000 | ST NO 128 | | | STREET NAME Osborne St. | | | | |

| STATUS CODE | C- Complainant | A-Arrestee | H-Hardenfowed | J-Juvenile | M-Missing | S-Suspect | V-Victim | W-Witness | O-Other | | | APT NO/LOCATION | 2nd flr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | STREET NAME | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | Ramirez | Angel | M | H | 04/17/77 | | | 128 Osborne St. | Danbury | CT | 569NVH | CT |
| A | Fernandez | Luis | M | H | 07/22/76 | | | 128 Osborne St. | Danbury | CT | | |
| A | Fernandez | Luis | | | | | | | | | | |

| STATUS | LAST NAME | FIRST (M.I.) | STATUTE-1 | OFFENSE-1 | STATUTE-2 | OFFENSE-2 | STATUTE-3 | OFFENSE-3 |
|---|---|---|---|---|---|---|---|---|
| A | Ramirez | Angel | 21a-278(a) | Poss. Over 1oz. Cocaine W/TS | 21a-279(a) | Poss. Cocaine | 21a-278(a)b | Poss.O/1 oz Narc.W/ts wi. |
| A | Fernandez | Luis | 21a-278(a) | Poss. Over 1 oz. Cocaine W/TS | 21a-279(a) | Poss. Cocaine | 21a-278(a)b | Poss.O/1 oz. Narc.W/TS wi. |
| A | Fernandez | Luis | | | | | 21a-279(c) | Poss. Marijuana |

## DETAILS

On the above date at approximately 1600 hrs members of the Special Investigation Division established surveillance of 128 Osborne Street, Danbury, Connecticut. The surveillance was set up so that search warrants for the second floor apartment at this location and for the person of Angel Ramirez and the vehicle used by Ramirez, a 1996 Nissan Pathfinder Sport Utility Vehicle bearing Connecticut registration 569NVH could be executed. The warrants for this investigation were obtained January 6, 2000 after review by a Judge, at the Danbury Superior court.

Present during the surveillance were Detective Sgt. Fisher, and Detectives, Ramos, Merullo, Krupinsky, Trohalis and Officer Karl Murphy. During the surveillance Detective Merullo had a clear unobstructed view of the house and driveway of the location. Shortly after surveillance was established the white Nissan Pathfinder bearing Connecticut registration 569NVH arrived and parked in the driveway. A small, thin Hispanic male, identified during the investigation as "Alex," and described as having a scar on his face was operating the vehicle. This Hispanic male was later identified as Luis Fernandez. Fernandez was observed talking on a cellular telephone and then exited the vehicle and entered the second floor apartment. Surveillance was maintained and a short time later two Hispanic males exited the second floor apartment and entered into the operators seat and Fernandez was seated in the front passenger seat. Angel Ramirez and Luis Fernandez. Ramirez entered into the operators seat and Fernandez was seated in the front passenger seat. The vehicle then left 128 Osborne St. and was kept under constant surveillance. As the vehicle traveled on

| INVESTIGATING OFFICER'S SIGNATURE | REVIEWED FIELD SUPV. | BADGE # | SHIFT COMM | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|---|---|
| | | | | 1/8/2000 | PAGE 1 OF 3 |
| | | | | | 12:18:45 AM |

# Incident Report

| "INCIDENT  NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|---|
| 00-297 | 01/07/00-Fri | 16:49:00 | | Search Warrant Execution / Narcotic Arrests | | | | |

| DATE OF REPORT | LOCATION OF INCIDENT | ST NO | STREET NAME | | INVESTIGATING OFFICER | | BADGE |
|---|---|---|---|---|---|---|---|
| 1/7/2000 | | 128 | Osborne St. | Det. | Mark | Trohalis | 461 |

APT /NO/LOCATION: 2nd flr

Tamarack Ave. it was decided to executed the warrant for the vehicle. The vehicle was stopped on Tamarack Ave., both Fernandez and Ramirez were detained at this time. Officers Selner, Riolo and Murphy stayed with the suspects and vehicle as Detectives obtained the apartment keys from the ignition keys. The Detectives then went immediately to the second floor apartment to execute the search warrant for the apartment. The keys obtained from the ignition unlocked the apartment door, upon entering no one was in the apartment, this was approximately 1649 hours. When entering the apartment you walk into the kitchen, off the kitchen was the bedroom of Angel Ramirez and Moya Mercedes, the bedroom/door was opened, the apartment then consisted of a living room, a bathroom with a stairway to a attic bedroom, this bedroom was found to be Luis Fernandez. Detective Krupinsky was designated as the evidence officer at this time to complete a flow chart of items seized and locations seized from. At approximately 1655 hours Det. Sgt. Fisher and Det. Merullo began a search of the bedroom of Angel Ramirez and Moya Mercedes, this designated bedroom #1 on the evidence flow chart. Sgt. Fisher in bedroom #1, on the floor between the closet and tall dresser Fisher found a Nike shoe box which was found to contain the following: 1)one black plastic bag which contained three clear ziplock bags which contained a white rock type substance, these bags weighed a combined approximate weight of 15.2 ounces. 2) one black plastic bag which contained a clear ziplock bag which contained a white rock type substance, this bag weighed approximately 13.3 ounces. This bag was field tested by Detective Krupinsky and a positive reaction for cocaine was obtained. 3)one ziplock bag which contained ten smaller plastic bags, each contained a white powder. 4) one electronic, digital scale. 5) sixty-two (62) two dollar bills. 6)Various personal checks made out to Cash. At this time Officer Murphy was advised to transport the targets of the investigation, Ramirez and Fernandez to Police Headquarters, that they were to be placed in custody. Officer Murphy was also advised to have the Nissan Pathfinder towed to Police Headquarters so that a attempt to seize the vehicle under State asset forfeiture could be conducted. Officer Murphy continued search of the bedroom turned up the following: 1) a gray metal box which contained $5,085 and a piece of mail addressed to Angel Ramirez of 128 Osborne St. Danbury, and two electronic pagers. This metal box was found in a unlocked drawer which was under the bed. Under the mattress to the bed one loaded 9 mm handgun, KBI Inc brand, serial number B46120 was found. Additionally ammunition, passport for Angel Ramirez, calculator, and a additional clear plastic bag which contained a white rock substance was found on a paper pad on the small dresser, clearly in the open so that it could easily be seen. The pad was found to contain a list of drug records. $700 in U.S. currency was found in the bedroom, a picture of Al Pachino as Tony Montana in the movie Scar Face, Premier and Moya Mercedes, additional digital scales, and fifteen (15) small plastic bags which were found in a thirty-six (36) small plastic bags each containing white powdered substance (approx. 1.2 ounces) records of occupancy for Angel

| REGISTRATING OFFICER'S SIGNATURE | RECEIVED FIELD SUPV | BADGE # | SHIFT COMM | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|---|---|
| | | 461 | | | |

# Incident Report

| INCIDENT NO | | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|---|---|
| 00-297 | | 01/07/00-Fri | 1649:00 | | Search Warrant Execution / Narcotic Arrests | | | | |
| DATE OF REPORT | | LOCATION OF INCIDENT | STNO | | STREET NAME | INVESTIGATING OFFICER | | APT NO/LOCATION | BADGE |
| 1/7/2000 | | | 128 | | Osborne St. | Det. Mark Trohalis | | 2nd flr | 461 |

shirt pocket, each bag contained a white powdered substance. All the previous listed items were found in the bedroom of Angel Ramirez and Moya Mercedes.

A search of the attic bedroom of Luis Fernandes turned up a plastic bag which contained a plant like material, which was subsequently field tested and a positive reaction for marijuana was obtained, $461 of U.S. Currency, records of occupancy for Fernandez for 128 Osborne St., records of identification for Fernandez and a 40 page Metro Mobile cellular telephone bill for Fernandez for the amount of $391. The search of the apartment was concluded at 1830 hours. Copies of the search warrant for the apartment, the Nissan Pathfinder and the person of Angel Ramirez were left on the kitchen table and additionally copies were given to the targets of the investigation at Police Headquarters.

Angel Ramirez was found to have $333 on his person, this money along with all money seized were checked by Danbury Police evidence monies. A five dollar bill taken from his person was found to be Danbury Police evidence money, this money was secured with the other monies and tagged as evidence.

The telephone pager seized from Angel Ramirez's person was found to be telephone pager number 289-4343. This number was utilized by both Ramirez and fernandez during the course of the investigation to facilitate the sales of cocaine. That upon seizing this telephone pager it continually went off. Return calls by Detective Merullo to these persons found that the people were looking for both "Sandy" (Angel Ramirez) and "Alex" (Luis Fernandez) too purchase quantities of cocaine. Additionally people contacting the telephone pager were attempting to contact "Sandy" and "Alex" at the cellular telephone Ramirez and Fernandez had in their possession when stopped in the vehicle.

A total of $6751 (six thousand seven hundred fifty-one dollars) was seized and a total approximate weight of the cocaine seized was 32.2 ounces.

Both Ramirez and Fernandez were processed without incident and held on 250,000 bond. Passports for each individual was also seized.

A check for the firearm seized was conducted and preliminary checks showed it is not stolen in Connecticut. A additional check with the Department of Alcohol, Tobacco and Firearms will be conducted.

During the course of the investigation both Ramirez and Fernandez were observed conducting cocaine sales using several different vehicles including the Nissan Pathfinder. It was also learned that both Ramirez and Fernandez utilize the telephone pager mentioned within this report to coordinate cocaine sales.

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | SHIFT COMM | DISTRIBUTION (FOR USE BY SHIFT COMM. ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|---|
| | 461 | | | |
| REVIEWED FIELD SUPV | | SHIFT COMM | | |

1/8/2000     12:18:45 AM     PAGE 3 OF 3

© 1996 J. Kaufman Computer Designs

"D. Cause of Action"

CLAIM I:

JANUARY 7, 2000 OR JANUARY 6, 2000 that had been reviewed by a judge at the Danbury Superior Court see attached hereon and marked as Exhibit A. Incident reports pages 1, 2, and 3 of the search warrant execution / narcotic arrest and attached hereon and marked as Exhibit B. Arraignment report and affidavit warrantless arrest sworn by Detective Mark Trohalis pages 1 through 3, all included as evidence of the violations claim.

Which unconstitutional action started to take place when surveillance defendants targeted the plaintiff through identification of race without cause see Exhibit A and B attached hereon.

MR. Angel Ramirez who was the target of the surveillance set up for the search warrants executed on January 7, 2000 and the plaintiff where in the Nissan Pathfinder coming out from 2nd floor Apartment, 128 Osborne St, Danbury, CT "were defendants had theire surveillance" on the way to Danbury Mall, but at Tamarack Ave at approximately 1615 hours the defendants decided to executed the search warrants for Angel Ramirez and with it barring the plaintiff violating the fourth Amendment which prohibition against unreasonable searches and seizures and a requirement that probable cause support each warrant issued, and insufficient probability or cause is also prohibit under the fourth Amendment, for unreasonable search or seizures.

Defendants Detective Sgt. Fisher and Detectives and



# ARRAIGNMENT REPORT AND AFFIDAVIT
## Warrantless Arrest

JUDICIAL DISTRICT OF   **DANBURY**

The undersigned, an officer of the _____**Danbury Police Department**_____ having been duly sworn,

deposes and says: That I am the officer who prepared this police report consisting of ____3____ pages.

That the information contained therein was secured as a result of: (1) my personal observation and knowledge; or, (2) information relayed to me by other members of my police department or of another organized police department; or, (3) information secured by myself or another member of an organized police department from the person or persons named or identified therein, as indicated in this attached report. That this report is an accurate statement of the information so received by me.

| CASE/INCIDENT NO | ARREST DATE | ARREST TIME | PLACE OF ARREST | |
|---|---|---|---|---|
| 00-297 | 01/07/00 | 1649 | 128 Osborne St. | |

| ACCUSED (Last, First MI) | DOB | PREVIOUS RECORD | |
|---|---|---|---|
| Ramirez, Angel | 4-17-77 | Y/N  [Y] | |

ADDRESS (No, Street, City, State)
128 Osborne St. Danbury  CT

| CHARGE 1 | CHARGE 2 | CHARGE 3 | CHARGE 4 | CHARGE 5 | CHARGE 6 |
|---|---|---|---|---|---|
| 21a-279a | 21a-278a | 21a-278(a)b | | | |

ARREST CIRCUMSTANCES

On the above date at approximately 1600 hrs members of the Special Investigation Division established surveillance of 128 Osborne Street, Danbury, Connecticut. The surveillance was set up so that  search warrants for the second floor apartment at this location and for the person of Angel Ramirez and the vehicle used by Ramirez, a 1996 Nissan Pathfinder Sport Utility Vehicle bearing Connecticut registration 569NVH could be executed. The warrants for this investigation were obtained January 6, 2000 after review by a Judge at the Danbury Superior court.

Present during the surveillance were Detective Sgt. Fisher, and Detectives, Ramos, Merullo, Krupinsky, Trohalis and Officer Karl Murphy. During the surveillance Detective Merullo had a clear unobstructed view of the house and driveway of the location. Shortly after surveillance was established the white Nissan Pathfinder bearing Connecticut registration 569NVH arrived and parked in the driveway. A small, thin Hispanic male, identified during the investigation as "Alex", and described as having a scar on his face was operating the vehicle. This Hispanic male was later identified as Luis Fernandez. Fernandez  was observed talking on a cellular telephone and then exited the vehicle and entered the second floor apartment. Surveillance was maintained and a short time later two Hispanic males exited the second floor apartment and entered into the Nissan Pathfinder. The two Hispanic males were identified as Angel Ramirez and Luis Fernandez. Ramirez entered into the operators seat and Fernandez was seated in the front passenger seat. The vehicle then left 128 Osborne St. and was kept under constant surveillance. As the vehicle traveled on

Signed (Officer) _____ M. _____ 761 _____

Subscribed and sworn to before me this ____8th____ day of ____January____ 19 2000

PG  **1**  OF  **3**

©1994 Hunt & Hanahan Computer Designs

# ARRAIGNMENT REPORT AND AFFIDAVIT

Exhibit B

JUDICIAL DISTRICT OF  **DANBURY**

| CASE/INCIDENT NO | ARREST DATE | ARREST TIME | ACCUSED (Last, First MI) | DOB |
|---|---|---|---|---|
| 00-297 | 01/07/00 | 1649 | Fernandez, Luis | 7-22-76 |

Tamarack Ave. it was decided to executed the warrant for the vehicle. The vehicle was stopped on Tamarack Ave., both Fernandez and Ramirez were detained at this time. Officers Selner, Riolo and Murphy stayed with the suspects and vehicle as Detectives obtained the apartment keys from the ignition keys. The Detectives then went immediately to the second floor apartment to execute the search warrant for the apartment. The keys obtained from the ignition unlocked the apartment door, upon entering no one was in the apartment, this was approximately 1649 hours. When entering the apartment you walk into the kitchen, off the kitchen was the bedroom of Angel Ramirez and Moya Mercedes, the bedroom door was opened, the apartment then consisted of a living room, a bathroom with a stairway to a attic bedroom, this bedroom was found to be Luis Fernandez . Detective Krupinsky was designated as the evidence officer at this time to complete a flow chart of items seized and locations seized from. At approximately 1655 hours Det. Sgt. Fisher and Det. Merullo began a search of the bedroom of Angel Ramirez and Moya Mercedes, this bedroom was designated bedroom #1 on the evidence flow chart. Sgt. Fisher in bedroom #1, on the floor between the closet and tall dresser Fisher found a Nike shoe box which was found to contain the following: 1)one black plastic bag which contained three clear ziplock bags which contained a white rock type substance, these bags weighed a combined approximate weight of 15.2 ounces. 2) one black plastic bag which contained a clear ziplock bag which contained a white rock type substance, this bag weighed approximately 13.3 ounces. This bag was field tested by detective Krupinsky and a positive reaction for cocaine was obtained. 3)one ziplock bag which contained ten smaller plastic bags, each contained a white powder. 4) one electronic, digital scale. 5) sixty-two (62) two dollar bills. 6)Various personal checks made out to Cash. At this time Officer Murphy was advised to transport the targets of the investigation, Ramirez and Fernandez to Police Headquarters, that they were to be placed in custody. Officer Murphy was also advised to have the Nissan Pathfinder towed to Police Headquarters so that an attempt to seize the vehicle under State asset forfeiture could be conducted.

A continued search of the bedroom turned up the following: 1) a gray metal box which contained $5,085 and a piece of mail addressed to Angel Ramirez of 128 Osborne St. Danbury, and two electronic pagers. This metal box was found in a unlocked drawer which was under the bed. Under the mattress to the bed one loaded 9 mm handgun, KBI Inc brand, serial number B46120 was found. Additionally ammunition, passport for Angel Ramirez, calculator, and a additional clear plastic bag which contained a white rock substance was found on a paper pad on the small dresser, clearly in the open so that it could easily be seen. The pad was found to contain a list of drug records. $700 in U.S. currency was found in the bedroom, a picture of Al Pachino as Tony Montana in the movie Scar Face, thirty-six (36) small plastic bags each containing white powdered substance (approx. 1.2 ounces) records of occupancy for Angel Ramirez and Moya Mercedes, additional digital scales, and fifteen (15) small plastic bags which were found in a

Signed (Officer)  M. T___ 461

Subscribed and sworn to before me this    8th    day of    January    19 2000

PG  2  OF  3

©1994 Hunt & Hanahan Computer Designs

# ARRAIGNMENT REPORT AND AFFIDAVIT
## Warrantless Arrest

## D. Cause of Action

Officers detained MR. Angel Ramirez and seized the plaintiff without a warrant it was advised to defendant Officer Murphy to transport the "targets" of the investigation MR. Angel Ramirez and the plaintiff to the police Headquarters to be placed in custody causing Plaintiff 8th Amendment Right to the U.S.C. ban cruel and unusual punishment by deliberat indifference knowing that no warrant was executed for the plaintiff or sufficient Probable Cause to be placed in custody violating his 1st Amendment by arbriden the freedom; fourth Amendment Against unreasonable searches and seizures, shall not be violated and no warrant shall issue without Probable Causes fifth Amendment nor be deprived of life, liberty or property, without Due process of law; Sixth Amendment Right to be informed of the Nature and Cause of the Accusation; Eighth Amendment Right ban cruel and unusual punishment inflicted Ninth Amendment Right ban the deny or disparage of Right Retained by the people; 13th Amendment Right ban involuntary servitude; and 14th Amendment Right ban any state from depriving any person of life, liberty or property, without Due process of law.

The defendants further more executed the search warrant for the 2 floor Apartment at 128 osborne street, Danbury, cT where the plaintiff held a subjective expectation of privacy in the Attic Apartment/room which is above of the 2 floor Apartment separated by 2 doors are the bathroom door and Attic door. This Attic Apart/room is not visible from side yard of the 2 floor Apartment,