# D. CAUSE OF ACTION

WALKway or porch. The bathroom door has to be opened And then the Attic door to go where plaintiff resided. The defendants which Already violated the plaintiff rights continue to unconstitutionally seized property and designated defendant Kawpinsky the complete A flow chart of items seized and locations seized from As evidence to use Against the plaintiff who held An objective expectation of privacy in friends MR. Angel Ramirez the lessee Apartment where he Ate and slept At dwelling, kept belongings there on the Attic Apt. /room Above the second floor Apartment 128 Osborne Danbury, CT, NONE of plaintiff property was exposes to the public because it's separates it from the second floor through the bathroom door and the Attic door denying plain view.

The defendant Mark Trohalis stated in the Incident report Attached and marked As exhibit A. and exhibit B, Arraignment report and Affidavit warrantless, Arrest, property found during the search of the Attic Apart /room of plaintiff but defendant Detective kawpinsky who was designated As the evidence officer At this time to complete the flow chart of Item seized and location seized from Attached and marked As exhibit C. included herein indicated that $ 46 $^{00}$ in U.S. currency from the plaintiff was seized on January 7, 2000 without A petition for forfeiture of property in Drug cases public Act 89-269; C. G. S § 54-36h Supplied to this plaintiff for the purpose of claiming the property seized violating

# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name  Angel Ramirez / Luis Fernandez

Location  128 Osborne Street, Danbury,Ct

Case 00-00297

Time Commenced

Time Secured  1830

Evidence Officer Det. John Krupinsky

Date  01/07/00

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| 1 | 2 House keys | In vehicle Ct. reg. 599 NVH | 292 | 1630 | |
| 2 | One wallet containing $328.00 cash | Person of Angel Ramirez | 292 | 1635 | |
| 3 | One Electronic pager | Person of Angel Ramirez | 292 | 1635 | |
| 4 | One Cell Phone | In vehicle Ct. Reg. 599 NVH | 292 | 1635 | |
| 5 | One Nike Shoe Box Containing the following items: | Bedroom # 1 floor left rear of room | 425 | 1655 | |
| | A.  One black plastic bag containing 3 ziplock bags each containing white rock sub. | | | | Approx. 15.2 oz |
| | B.  One black plastic bag containing one ziplock bag containing a white rock sub. | | | | Approx. 13.3 oz |
| | C.  One ziplock bag containing 10 smaller plastic bags each containing white powder | | | | Approx. .4 oz |
| | D.  One Electronic Scale | | | | |
| | E.  62 Two Dollar Bills | | | | |
| | F.  Various checks and papers | | | | |
| 6. | Grey metal box containing the following : | Drawer under the bed in bedroom # 1 | 292 | 1700 | |
| | A.  $5,085 in cash | | | | |

Exhibit C.

# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name Angel Ramirez / Luis Fernandez

Location 128 Osborne Street, Danbury, Ct

Case 00-00297

Date 01/07/00

Evidence Officer Det. John Krupinsky

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| | **Date**  Time Commenced | **Time Commenced**  Time Secured 1830 | **Time Secured** | | |
| | C.  U.S. Mail | | | | |
| | B. Two Electronic pagers | | | | |
| 7. | One KBI Inc. 9mm Handgun S# B46120 and two clips one containing ammo | Bedroom # 1 between mattress | 292 | 1705 | |
| 8. | One passport | Bedroom # 1 tall dresser | 425 | 1710 | |
| 9. | Box of blazer 9mm ammo | Bedroom # 1 tall dresser | 425 | 1710 | |
| 10 | Jewelry box containing 12   9mm  rounds | Bedroom # 1 tall dresser | 425 | 1715 | |
| 11. | Passport Angel Ramirez | Bedroom # 1 tall dresser | 425 | 1715 | |
| 12 | Bail receipt for Jose Medina | Bedroom # 1 tall dresser | 425 | 1715 | |
| 13 | Electronic Calculator | Small dresser Bedroom # 1 | 467 | 1720 | |
| 14 | One small plactic bag containing white powder | Small dresser Bedroom # 1 | 467 | 1720 | |
| 15. | Appointment book containing drug records and the following: | Small dresser Bedroom # 1 | 467 | 1725 | |
| | A.  $700.00 in cash | | | | |
| | B.  Picture of Al Pachino " Scar face " | | | | |

# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name: Angel Ramirez / Luis Fernandez

Location: 128 Osborne Street, Danbury, Ct

Case: Case 00-00297

Date: 01/07/00

Evidence Officer: Det. John Krupinsky

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| 16. | Plastic bottle containing 36 small plastic bags of white powder ( bundled 5 to a bag ) | In shoe in closet of Bedroom # 1 | 292 | 1715 | Approx. 1.2oz |
| 17. | Two Id's and a wallet | Small dresser Bedroom # 1 | 446 | 1715 | |
| 18. | Paper containing telephone numbers | Small dresser Bedroom # 1 | 446 | 1715 | |
| 19. | Two Electronic scales / one containing a two dollar bill and phone cards | Kitchen Cabinet | 467 | 1735 | |
| 20. | Records of occupancy | Bedroom # 1 | 446 | 1740 | |
| 21. | Yankee Gas Bill in the names of Angel Ramirez and Idenyzes Moya | Bedroom # 1 | 446 | 1740 | |
| 22. | 6 Boxes of sandwich bags used for packaging | Kitchen Cabinet | 467 | 1740 | |
| 23. | $46.00 in U S Currency | From the person of Luis Fernandez | 446 | 1800 | |
| 24. | 15 Small plastic bags containing white powder sub | Shirt pocket located in closet of Bedroom # 1 | 425 | 1720 | Approx. .5 oz |

Location
Time Commenced
Time Secured   1830

# RETURN FOR AND INVENTORY
### PROPERTY SEIZED ON SEARCH AND SEIZURE WARRANT



Page 6 Of 6

INVENTORY CONTROL NO.

| JUDICIAL DISTRICT OF | G.A | AT (Address of Court) | DATE OF SEIZURE |
|---|---|---|---|
| Danbury | 3 | 146 White Street, Danbury | Fri, Jan 7, 2000 |

| DOCKET NO. | UNIFORM ARREST NO. | POLICE CASE NO. | COMPANION CASE NO. |
|---|---|---|---|
| CR- | | 00-297 | 00-296 |

Then and there by virtue and pursuant to the authority of the foregoing warrant, I searched the person, place, or thing named therein, to wit:

__PERSON__

__PLACE__ or __THING__

The second floor apartment located at 128 Osborne Street, Danbury, Connecticut.128 Osborne Street is a two family houe,color yellow, with white trim and the number 128 appears on the front of the house.128 Osborne Street is the 7th house on the right from the intersection of Locust Ave.and Osborne Street when traveling east bound.Entry to the second floor apartment is made from a exterior wood stairway located on the left side of the house when facing the house rom the roadway.

and found thereon or therein, seized, and now hold in custody, the following property...

__X__  Total Cash Seized:     $6,753.00     consisting of

ITEMS:
#1-2 house keys
#2-1 wallet containing $328.00 in United States currency & $5.00 for Ramirez
#3-1 Electronic pager
#4-1 Cell phone
#5-1 Nike Shoe box containing
a.1 black plastic bag containing 3 ziplock bags each containing white rock like susbtance
b.1 black plastic bag containing 1 ziplock bag containing white rock susbtance
c.1 ziplock bag containing 10 smaller plastic bags each containing white powder
d.1 1 electronic scale
e. 63 ($126.00) $2 dollar bills
f. Yarious checks &papers
6.Grey metal box containing:
a.$5,085.00 in United States currency
b.2 electronic pagers
c.U.S.Mail
7.1 KBI Inc.9mm Handgun S#B46120 & 2 clips, 1 containing ammo
8.1 passport
9.box of blazer 9mm ammo
10.-jewelry box containing 12 9mm rounds
11.-pastport Angel Ramirez
12.-bail receipt for Jose Medina
13.-electronic calculator
14.-1 small plastic bag containing white powder

and I gave a copy of such warrant to     Angel Ramirez & Luis Fernandez     the owner or occupant of

the dwelling, structure, motor vehicle or place designated therein, or to

the person named therein, on (Date);     01/07/00

| DATE OF THIS RETURN | SIGNED (Officer's Signature and department) | |
|---|---|---|
| Mon, Jan 10, 2000 | | Danbury Police/SID |

Note: Form JD-CR-61, pages 1-6 must be supplemented by Form JD-CR-52.

# D) Cause of Action

fourth and fifth Amendment to the U.S.C

Defendant Detective John Merullo #292 gave a Notarized Affidavit of the only petition for Forfeiture of property in drug cases Public Act 89-269, C.G.S. § 54-36h made to Angel Ramirez dated January 7, 2000 And two forms of return for and inventory property seized on search and seizure warrant Attached and Marked as Exhibit D. herein, Adding the Plaintiff $46 ⁰⁰ U.S. currency seized from his person And $461 ⁰⁰ U.S. Currency with Angel Ramirez property seized to be forfeited when the plaintiff held A legitimate expectation of privacy in the Attic Apartment room because such U.S currency seized was without a warrant, without his consent, without being in the view of the public, and it was not Abandone

Moreover, defendants unreasonable seizures of plaintiff and property is protected by the fourth Amendment when the techniques used by the defendants overcame the plaintiff free will or that he was not free to leave which had NO reliance on warrant issued for Angel Ramirez.

It was Also unreasonable for the defendants to seizure plaintiff $46 ⁰⁰ dollars from his person; $450 ⁰⁰ U.S. Currency in A polo-sport Ralph Lauren case from the Attic bedroom; $11 ⁰⁰ U.S. Currency in shoe from the Attic bedroom; 1 spanish passport And All that is in the Special Investigation Division secured by defendant Detective John Merullo #292, evidence officer which had NO warrants with plaintiff name on a criminal record

RETURN FOR AND INVENTORY
PROPERTY SEIZED ON SEARCH AND SEIZURE WARRANT

Page 6 Of 6

| JUDICIAL DISTRICT OF | G.A. | AT (Address of Court) | INVENTORY CONTROL NO. |
| --- | --- | --- | --- |
| Danbury | 3 | 146 White Street, Danbury | |
| DOCKET NO. | | | DATE OF SEIZURE |
| CR- | | | Fri, Jan 7, 2000 |
| | UNIFORM ARREST NO. | POLICE CASE NO. | COMPANION CASE NO. |
| | | 00-297 | 00-296 |

Then and there by virtue and pursuant to the authority of the foregoing warrant, I searched the person, place, or thing named therein, to wit:

PERSON

PLACE or THING

The second floor apartment located at 128 Osborne Street, Danbury, Connecticut.128 Osborne Street is a two family houe,color yellow, with white trim and the number 128 appears on the front of the house.128 Osborne Street is the 7th house on the right from the intersection of Locust Ave.and Osborne Street when traveling east bound.Entry to the second floor apartment is made from a exterior wood stairway located on the left side of the house when facing the house rom the roadway.

and found thereon or therein, seized, and now hold in custody, the following property...

_____ Total Cash Seized: _____  consisting of _____

PAGE#2
ITEMS:
15.-appointment book containing drug records & the following
a.$700.00
b.Picture of Al Pachino "Scar Face"
16.-plastic bag containing 36 small plastic bags of white powder (bundled 5 to bag)
17.-2 ID's & wallet
18.paper containing telephone numbers
19.-2 electronic scales/1 containing a $2 bill & phone cards
20.-records of occupancy
21.-Yankee Gas Bill in the names of Angel Ramirez & Idenyzes Moya
22.-6 boxes of sandwich bags used for packaging
23.-$46.00 in United States currency
24.-15 small plastic bags containing white powder
TIEMS(ATTIC)
1.-1 plastic bag conntaining plant material
2.$450.00 in United States currency
3.-$11.00 in United States currency
4.1 envelope addressed to Alex Edwart 128 Osborne St. Danbury,CT
5.-1 Spanis passport #007260 to Luis Mauel Fernandez Arias, Florida drivers license,NY learner permit,DominicanID,
6.-CT MVD title,MVD registration papers & SS card for Luis Fernandez
7.-Bell Atlantic Mobile bill acc#103644827 40 pages

and I gave a copy of such warrant to          Angel Ramirez & Luis Fernandez          the owner or occupant of

the dwelling, structure, motor vehicle or place designated therein, or to

the person named therein, on (Date);          01/07/00

DATE OF THIS RETURN
Mon, Jan 10, 2000

SIGNED (officer's signature and department

Danbury Police / Sid

Note: Form JD-CR-61, pages 1-6 must be supplemented by Form JD-CR-52.

# D. Cause of Action

to be Identified by /for seizure violating first, fourth, fifth
Sixth, Eighth, ninth, 13th and 14th amendment to the U.S.C.
Attached And marked As exhibit C. included herein.

There was wanton and reckless justification to seizes
the plaintiff on January 7, 2000, the course of the investigation
by defendants who did not seized any drugs, the defendants
had no facts on an offense committed by the plaintiff
to be Arrested because during the course of the Alleged
investigation were the warrants obtained on January 6, 2000
After review by a judge at the Danbury Superior Court
the plaintiff name was not on the warrant or identified
in the search warrant for second floor Apartment, 128
Osbone street, Danbury, CT and for the persons of Angel
Ramirez and the vehicle used by Ramirez, a 1996 Nissan
Pathfinder Sport Utility Vehicle bearing Connecticut
registration 569 NV.H executed on January 7, 2000
where defendants knew plaintiff did not have any drugs
while the Arrest of Angel Ramirez was in progress and no
reasonable suspicion or Articulable facts established in
the warrant obtained January 6., 2000 to seized the
plaintiff who had no previous record.

The warrant executed for Angel Ramirez is not
sufficient And lacks objectivity to weigh correctly the
strength of the evidence supporting the counterplated
Action Against the plaintiff interest in protecting his
own liberty.

## D. Cause of Action

Exhibits marked herein A. through E. shows that the Alleged offense committed was not in possession of the plaintiff or at plain view. Fed. R. Crim. P. 4 (A).

The warrant dated January 6, 2000 for Angel Rummey and 2 floor Apartment, 128 Osborne St. Danbury, CT., is insufficiently particular because defendants had Actual Notice that house divided into 2 Apartments before Executing search yet failed to list the Attict Apartment/room and redacted Affidavit did not specifically implicate Attict Apartment/room marked herein As Exhibit A. Showing Affidavit.

The defendants could not use personal Knowledge of plaintiff name to cure insufficient warrant because name did not Appear on warrant, and it Constable violated plaintiff Fourth Amendment Rights by descriptive information on Arrest warrant.

The defendant Application for and obtained A warrant to search premises known As the 2 floor Apartment, 128 Osborne St., Danbury, CT. Photographs were taken from the street infront of the house or Apartment and defendant knew or should have known that there were an Attict Apartment/room on Above the Second floor which Search of the Attict Apartment/room is invalid becaus defendants unreasonably search the Attict Apart/room despite warrant's description of second floor Apartment At 128 osborne Street, Danbury, CT for the person of

# D. Cause of Action

Angel Ramirez, and also such search invalid because defendants prepared Affidavit for a different search, and could not have reasonably relied upon the Courts finding of probable cause.

The warrant insufficiently particular obtained on January 6, 2000 because it distinguished the items that may be seized from Angel Ramirez 2 floor Apartment, 128 Osborne St., Danbury, CT. and not of the plaintiff or Attact Apartment/room, this warrant contained no explanation as to how to differentiate the items seized, and it only authorized the ~~seizure~~ and search of Angel ~~Ramirez~~ Apartment and property not the plaintiff.

When defendant obtained the keys from the ignition of Nissan pathfinder belonging to Angel Ramirez unlocked the Apartment 2 floor, 128 Osborne st, Danbury, CT. with out a "Knock and Announce" stating on the exhibits A. and B. herein showing that "upon entering no one was in the Apartment at Aprox. 1649 hours" in violation of § 3109 were the unlatching a closed, door unannounced instrusions is in violation of the statute, even with Arrest warrants defendants failed to Announce in identity and purpose or did so upon entering Apartment were defendants had no knowledge of any person at th Apartment or not even had a reasonable suspicion that knocking and Announcing would be dangerous, futile, or destruction to the purpose of the investigation, which Common law Announcement requirement under § 3109

# D. Cause of Action

And no exigent circumstances to satisfied evidence would be destroyed.

The defendants on January 7, 2000 exceeded scope of warrant dated January 6, 2000 by seizing $1 450 ºº etc. because warrant only authorized seizure of Angel Ramirez and 2 floor Apartment, 128 Osborne St., Danbury, CT and not the Attic Apartment /Room were plaintiff property was seized with prejudice to inflict punishment, see marked as exhibits A through E plaintiff property.

The defendants were required to comply with Rule 41 because warrant obtained by state officers executed by state officers, which defendants intentionally violated Rule 41 (d) with prejudice by refusing to provide copy of search warrant for the Apartment, the Nissan pathfinder and the person Angel Ramirez at outset of search, but rather left warrant at Apartment on the Kitchen table after plaintiff was arrested, placed in Costody and the search concluded at 1830 hours to provided additional copies at the police Headquarters, and marked as Exhibits A and B showing location were warrants left at Apartment on the Kitchen table.

During the investigation in the affidavit and warranties Arrest Report Attached and marked as exhibits A and B defendants Identified the plaintiff as "Alex" with a scar on the face" and did not reasonably suspected

# D). Cause of Action

of Criminal Activity, question him briefly, or perform
A limited pat down frisk for weapons Acting with
wanton and reckless to the importance of balancing the need
of the search or seize Against the invasion on the plaintiff'
fourth Amendment interest which the search and seizure
Entails, even when the warrant was executed for
MR. Angel Ramirez the driver of the vehicle the defendants
had no suspicion of plaintiff involve in illegal Activity
while the Survillance took place on before the execution
of the warrant at Tamrack Ave. in Danbury, CT. were
they should had order the plaintiff out of the vehicle
briefly questioned for procedure outweighed the minimal
instrusion on the plaintiff fourth Amendment, which Actual
motive of the defendants to investigate narcotics trafficki
Are irrelevant and under the fourth Amendment, every search
OR seizure by a government Agent must be reasonable, such
detention of plaintiff who was At the passanger side of
MR. Angel Ramirez vehicle was unreasonable because the
detention and seizure was without being informed of
warrant Arrest for warrant MR. Angel Ramirez and search
in progress while transfered and detaine At police
Headquaters for Approx. 1 hour, or that the detention
and seizure of plaintiff Generalized suspicion of criminal
Activity based solely on race and scare on face Also
does not justify seizure, Attached and Marked As
Exhibits A. and B. herein showing Transfer of plaintiff t
police Headquaters.

# D. Cause of Action

Ramirez not the plaintiff would give defendants a valid pat-down during the execution exceeded scope of Terry because defendants had already determined the arrest warrant for the person authorized by a judge and plaintiff did not contain weapon or narcotics, even with an arrest warrant for Mr. Angel Ramirez and secured floor apartment 128 osbone st, Danbury, CT. the plaintiff had expectation of privacy in the Attict apartment/room by the fourth Amendment interest of person not named in the warrant when the Attict apl./room is being searched without plaintiff consent and in the absence of exogent circumstances, even defendants warrantless search is invalid because the search was conducted after plaintiff was handcuffed and in custody without probable cause when the warrant for the investigation were obtained January 6, 2000 after review by a judge at Danbury Superior Court and the identification of the plaintiff name was not included in the warrants reviewed and authorized by a judge, and warrantless search invalid because search took place approx. 2 hours 75 minutes after plaintiff was arrested handcuffed, placed in squad car, and transfered to police Headquarte the plaintiff was not in control of search area.

Furthermore, the defendants arrested the plaintiff on January 7, 2000 on the same drug charges as Mr. Angel Ramirez whos Arrest warrant was to be executed afte discovering drug paraphewalia during the search warran

# D). Cause of Action

Even though defendants had a warrant to search and seize for the person Mr. Angel Ramirez and the vehicle used by Ramirez A 1996 Nissan pathfinder S.U.V. And second floor Apartment at 128 osbowe there was no reasonable suspicion or indication that plaintiff was in possession of any drugs or Armed to be searched or seized, Attached and Marked as exhibits A and B. Showing the plaintiff's did not possessed any drugs or Armed.

Also the Approx. 2 hours and 75 minutes of plaintiff detention while the execution of Arrest warrant for Angel Ramirez and second floor Apartment, 128 osbowe St., Danbury, CT. provide support to the wanton and reckless by defendants, failed to Act diligently transported the plaintiff to different site and Misinformed detainer as to expected course of investigation, which seizure converted to Arrest because defendants Moved the plaintiff from original site of seizure to police Headquater for interrogation, and it was unreasonable for defendants to force the plaintiff from vehicle at gunpoint and handcuff him because it was daytime and there was no indication plaintiff was Armed, At the execution of Arrest warrant for Mr. Angel Ramirez there were Approx. 10 officers, the nature of the suspected crime did not included suspicione behavior, immediate Action or Armed to conduct an unreasow Arrest at gunpoint threating plaintiff life, even when the execution of the Arrest warrant for the person Mr. Angel

# D. Cause of Action

of Mr. Angel Ramirez second floor Apant at 128 osborne St., Danbury, CT. and violated plaintiff privacy by breaking in the Attic Apartment/room where an alleged plaintiff like material in a shoe box was seized which was used to serve as part of its justification to incident [to arrest search and such warrantless search before formal arrest invalid because Probable Cause for arrest did not exist until the search was underway.

The defendants warrantless search of plaintiff Attic Apant/room property seized upon invalid arrest is invalid as search incident to arrest because it was conducted more than 2 hours 75 minutes after arrest defendants had exclusive custody of item and no warrant was obtained, the defendants had only a warrant for second floor apartment not the entire home under search incident to arrest exception, and there was no justification for the Attict Apartment/room search incident to arrest or any consideration the plaintiff a threat.

The defendants were on the execution of search warrant for Mr. Angel Ramirez second floor apartment, 128 Osborne St., Danbury, CT for approx. 2 hours and 75 minutes conducting a sweep and failed to demostrate it was immediate and no longer than necessary when there was no risk to officer safety. When defendants conducted a search of the Attic Apartment/room were the plaintiff property was seized which search and seizer

# D. Cause of Action

invalid under plain view doctrine when shoebox unrevealing in appearance, the property was not justify to be in plain view. Seizure of drug paraphernalia found inside of shoebox invalid, As items were descovered in course of an unconstitutional Administrative Search, Attach and Marked As Exhibit C herein Showing were the plaintiff property was found And seized.

Moreover, there was no justification for the warrantless search or seizure of plaintiff person by Exigent Circumstances because there was no immediate or continuous pursuit from Crime Sceene; An Exigent Circumstances did not exist to justify warrantless search because defendants could have guarded Angel Ramirez Second floor Apartment, 128 Osborn St, Danbury, CT, containing cocaine with little or no danger to themselves while search warrant was obtained, even if the defendants belief that suspects would destroy evidence not reasonable because both MR. Angel Ramirez And plaintiff were under their control.

The plaintiff has A fourth Amendment protection Apply to Attict Apt./room, And warrantless search of Attict Apart/room violate the plaintiff fourth Amendment privacy protections surrounding one's Apart/room And other temporary living spaces.

The defendants inventory search invalid because NO Police procedure existed regarding scope of inventor search, which inventory search was to be conducted

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? _____Yes __✓__No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

b. Name and location of court and docket number_____

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)

_____

d. Issues raised: _____

_____

e. Approximate date of filing lawsuit:_____

f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. _____Yes __✓__No.

If your answer is "Yes," briefly describe how relief was sought and the results.

3. I have exhausted available administrative remedies. ____ Yes __✓__ No.
   If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
   If your answer is "No," briefly explain why administrative remedies were not exhausted.

it Consist of unconstitutional Administrative procedure
(others)

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
   If you are not incarcerated, go to section G.

a. Parties to previous lawsuit:

Plaintiff(s): Luis Fernandez

Defendant(s): Jade Alexander, et al

b. Name and location of court and docket number U.S.D.C., Bridgeport 3:01-cv0180

c. Grounds for dismissal: ( ) frivolous ( ) malicious (✓) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit: 9/19/01

e. Approximate date of disposition: Oct. 26, 2001

2. Are you in imminent danger of serious physical injury? __✓__ Yes ____ No.
   If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument. Since I am a victim of officials cruel And unusual punishment without cause it could escalate and they can send or arrange some one to take my life just as the arrest without a warrant or probable cause.

6

## G. REQUEST FOR RELIEF

I request the following relief: that the Count issue A declaratory Judgement stating that; 1- The Acts committed and Omitted by the Municipality Danbury Police Department violated search and seizure under the fourth amendment U.S.C. Due Process Procedure, for an Arrest without a warrant or Probable cause. 2. The Plaintiff held A constitutional Liberty interest to be Free From illegal search and seizure pursuant to and under Art First Sec. 7 Conn. Gen Statute; and that the practice of Municipality officials violated fourth Amend U.S.C. 3- The Municipal officials held an Affirmative duty to Supervise the Policy / Procedure, and custom carried out by its employees while answering the warrants ~~application~~ completed due process →

## H. JURY DEMAND

Do you wish to have a jury trial? Yes ✓  No_____

_____
Original signature of attorney (if any)

_____
Plaintiff's Original Signature

_____

_____

Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  Chesthire C.I.  on  11/14/02 .
                (location)                          (date)

_____
Plaintiff's Original Signature

7

B. Request for Relief

Issue a Declaratory Judgement stating that;

Continue (3) - in compliance and accordance with state Constitution by ensuring its validity before filing pursuant to its own Municipal Goverment Policy by supervising its procedures Customs, accordingly to state law ART. First SEC. 7 Conn. Gen. Stat., the municipals failure to do so before plaintiff Arrest deprived him of his Protected Liberty interest secured by the states Constitution ART. First SEC. 7 Conn. Gen. Stat and violated the fourth Amendment U.S.C.

4- The municipal officials and its officers Employees had an Affirmative duty of supervising the dept. Policies, procedures, Customs, to full compliance with Statues of state law and regulations promulgated by that body's officers before the execution of its warrants and failed to act when the warrants Applyed for and reviewed by a judge of the Danbury Superior Court were for Angel Ramirez person and property not the plaintiff and for their failure to act caused the constitutional violations of plaintiff first, fourth, fifth, sixth, Eigth, ninth, 13th and 14th Amendment to the U.S.C. and that these Acts of Omission and commission Are Actionable under 42 U.S.C. SEC. 1983, and the municipal officials Are liable for knowing or reasonable should have known of the constitutional violation and failed to do anything about it.

5- The defendants warrants execution and warrantless Arrest of essential facts Admitted false information subject to the Federal perjury Charge 18 U.S.C. SEC. 1621 and that the defendants in their declaration statment under penalty of perjury As permitted under SEC 1746 of title 28 U.S. Code willfully subscribed in their warrants Affidavit As true material information which defendants did not believe to be

G. Request for Relief

Issue a Declaratory judgement stating that;

Continue (5) - have and this said material informations did
in fact cause the plaintiff's loss of liberty interest without
due process under Article first sec 7 and 8; in violation of
the fourth and fourteenth amendment by the defendants failure
to comply with the warrants reviewed by a Judge of the
Danbury Superior court and by these failures deprived the
plaintiff of the equal protection of the law pursuant under
Article first sec. 20 Conn. Gen. Statue while the plaintiff
was equally and similarly situated as other residents of
the municipal he were treated differently as a suspect class
member by defendants because of his racial Identity.

6. The municipal officials and their officers Actions were
of such intentional discrimination on the basis of plaintiffs
race so as to cover and hide their errors of omissions
when they put the cart before the horse.

7- The Plaintiff held a Constitutional liberty interest to be
Free from illegal search and seizures violating fourth amend
and ban from cruel and unusual punishment by deliberate
indifference pursuant under the eigth amendment U.S.C.

8- The Municipal officials violated Due process when their
officers prepared Affidavits that contained statements of
fact which were either knowingly and intentionally false
or made with reckless disregard for the truth and which
not established for the arrest of the plaintiff was
without probable Cause for the arrest of the plaintiff was
intentionally disregarded the warrant reviewed by a Judge
from the Danbury Superior Court issued for the search and
seizure of mr. Angel Ramirez, 2 floor apartment, 128 osborne
st., Danbury, CT and Nissan Pathfinder 1996. Under the