"G. Request for Relief"

Issue A Declaratory Judgement stating that;

Continue (8) - Eighth Amendment showed deliberate indifference by deliberate Action and inaction of A Culpable mind.

9. The defendants exposure to the warrants reviewed by A Judge during course of their surveillance which indicated they had possessed Actual Knowledge of who the warrants were issued for and their unfavorable denial of Knowledge when executing the Arrest warrants by deliberate omissions of fact constituted deliberate indifference under the Eigth Amendment cruel and unusual punishment; when the defendant knew or reasonably should have known of the constitutional violations while executing their warrants and were liable by there wanton and omissions of fact in Arresting the plaintiff without P. cause or A warrant lossing the liberty interest required by law.

10- The Municipal Discriminated Against plaintiff under the Federal Act TiTLe VII because of RACE while being A Hispanic man with no criminal History.

11- The Municipal officials and its Supervisors failed to Correct the fundamental constitutional violations in their warrants executed within their own responsibility while they knew or should have known about them and are liable for failing to make a policy, Procedure, custom to prevent Predictable violations of its citizens Rights under state law.

12- The Municipality Danbury officials breached statutory duties to protect its citizens from illegal search and seizures and are held liable under 42 U.S.C. Sec 1983 for there omissions, without Probable cause.

13- The Municipality had a duty to promulgate Regulations to protect their citizens from illegal search and →

C. Request for Relief

Issue A Declaratory Judgement stating that;

CONTINUE (13)- seizures by Danbury Police and by their failure to do so are liable.

14- The municipal by state regulation was responsible for ensuring that due Process before the warrants executed for Arrest was followed by its officials before the arrest of any citizen and by failing to do so is liable.

15- The municipal officials supervisors are liable for Due Process denials in the warrants execution proceeding wsh en it failed to ensure policies in place intended to prevent such denials.

16- The defendants failure to follow ensure and uphold state laws regulation as written under ART First sec. 7 Constituted liability.

17- The municipal is liable based on policy of inadequate supervision and review of its warrants execution and Police conduct.

18- The municipals officials deprived Plaintiff of that liberty and protected property interest without due process of law in violation XIV AMEND. U.S.C. (other)

19- The plaintiff deprivation of liberty restted from estab- blished state procedures and or policies that were predictable by the municipal officials and their officers failures to promulgate and enforce policy to execute state law.

20- The municipal officials and their officers had an Affirmative duty and owed care to make sure and ensure the process due was completely fullfilled before the plaintiff's deprivation of liberty ensured pursuant under Article first sec. 8 Conn. Gen. Stat. And failed the

"G. Request for Relief"

Issua A Declaratory Judgement stating that;

Continue (20). the duty owed and care of checking the warrant executed for fundamental defect and omissions of fact which caused the plaintiff loss of liberty without DUE Process.

21. The plaintiff held a Constitutional liberty interest to have the equal protection of the law pursuant to and under ART First sec. 20 Conn. Gen. Stat. while being equally situated as any other citizens of the state.

22. Any other Declaratory Judgement apropriate to this Case.

Claim for Relief;

1. Municipal officials failed to protect its citizens from illegal search and seizures that would cause irreparable harm and damage and that at the time plaintiff equally and similarly situated under the state's constitution and discriminated against by the defendants action of omission from their illegal search and seizures when no warrants had been issue for the plaintiff or cause established.

2. Municipal officials failure to supervise its own Employees in the time of the execution of warrants by checking for illegal search or seizures had an impact on the Judge from the Danbury Superior Court who reviewed and signed the warrants which the municipals failure to properly ensure procedural DUE Process before the plaintiff Arrest resulted in plaintiff Arrest denial of liberty and denial of property and constituted Deprivations of liberty without DUE process in violation of the fourteenth Amend. to the U.S.C

"6. Request for Relief"

<u>Claim for Relief</u>;

3. The defendant were aware of the plantiff Race at the time of illegall search and seizure of their warrants violated the municipal Policy Danbury Police on discrimination and constituted violation equal protection clause fourteeth Amed U.S.C

4. Municipal officials Actions custom of inadequate training Supervision and Disciplining of its officers by their illegal search and seizures in denying Due Process while it was the False misleading statements of their officers that cause the plantiff Arrest, while the municipal officials had Actual knowledge of the Risk to the plantiff Right to equal protection of the law being violated Constituted deliberate indifference when municipal officials knew or should have known their Employees were putting fourth illegal searches and seizures and had a history of doing so while the duties of municipality include supervision of its Employees so as to protect citizens from irreparable harm the deliberate indifference shows that officials should have known about these Risks that caused the plantiff harm and Constituted in violation of first, fourth, fifth, sixth, Eighth, Niveth, 13th And 14th Amed U.S.C.

5. Municipal officials violated Title VII Federal Act by discrimination because of Plantiff Race.

6. Municipal officials illegal search and seizures Alleged perjury in violation 18 U.S.C. sec. 1621 Fed. Act without Probable cause.

Respectfully Submitted.

Plantiff - Luis Fernandez

# "6. REQUEST FOR RELIEF"

## Relief Requested
## Issue An injunction Ordering;

1. Municipal officials to have their officer Employee's investigated by State grand Jury for investigation And indictment pursuant under 53A-157 perjury.

2. The Suspension of defendants Fisher, Ramos, Krupinsky, Karl Murphy, Selner, Riolo And MARK Trohdlos without pay for 30 days And Remain on suspension until disciplinary Charges Are resolved.

3. The immediate Demotion of chief of police Robert Paquette from Acting Capacity As supervisor for the city Danbury Police Department for failing to supervise And enforce state statues on probable Cause before Arrest.

4. Immediately order write of Attachment for lieu notice Against the Earnings, bank Assets, holdings of All property business, inheritances belongings to defendants until case is resolved.

5. Award Compensatory Damages In lump Sum Amount: Intentional infliction of emotional distress, mental anguish And depression

A. In the Amount of 20 million Dollars Against Chief of police Robert Paquette for the physical And Mental Anguish And Emotional injuries sustained As A Result of the plaintiff Arrest without Probable Cause in violation of his Fourth Amendment.

6. Request of Relief

Relief Requested:

Issue An injunction ordering:

Continue (5); Award Compensatory Damages In Lump Sum Amount:

B- In the Amount of 20 million Dollars Against chief of Police Robert paquette for the ~~punishment and~~ Mental Emotional Anguish, ~~Physical injury~~ sustained resulting from the denial of the equal protection of the law violation of plaintiffs fourteenth Amend U.S.C. in Connection with the Plaintiffs Arrest without Probable cause.

C. In the Amount of 20 million Dollars Against chief of Police Robert paquette for the punishment and Physical Emotion Al, Mental anguish sustained ~~by injury~~ Resulting from defendants Acts of discrimination because of Plaintiff RACE in Connection with the Plaintiff Arrest without Probable cause. Pursuant Title VII Federal Act.

D. In the Amount of 20 million Dollars Against chief of Police Robert Paquette for the ~~Punishment and~~ Physical Emotional, Mental Anguish sustained ~~by injury~~ Resulting from defendants cruel and unusual punishment by deliberate indifference under 8th Amend. U.S.C. in Connection with the Plaintiff Arrest without Probable CAUSE.

E. In the Amount of 20 million dollars Against chief of Police Robert paquette for the ~~punishment and~~ Emotional, Mental Anguish ~~and physical injury~~ sustained As a Result of defendants denial and deprivation of Plaintiff Privileges under Liberty and Property without Due Process of law Pursuant 14th Amend U.S.C.

→ D

6. Request of Relief

Relief Requested;

~~Issua an injunction ordering.~~

Continue (5)(E): Award Compensary Damages In lump Sum Amount.

E: In Connection with Plaintiff arrest without Probable cause.

F. In the Amount of ONE million dollars Against defendants Det Sgt Fisher, Det. Ramos, Det. John Merullo, Det. Krupinski, Det. Mark Trohalis, officer Karl Murphy, officer Selwer and officer Riolo each for the ~~physical and mental anguish and emotional injuries~~ sustained as a result of the plaintiff arrest without Probable cause or a warrant in violation of First Amendment Against Abridging the freedom; 4 Amendment Against unreasonable searches and seizures, shall not be violated and no warrant shall issue without Probable cause; 5 Amendment nor be deprived of life, Liberty or property without due process of law; 6 Amendment Right to be informed of the nature and cause of the Accusation; 8 Amendment Right ban cruel and unusal punishment inflicted; 9 Amend Right ban deny or disparge of rights retained by the people; 13 Amendment Right ban involun Ary servitude; and 14 Amendment Right ban any State from depriving any person of life, Liberty or property, without Due Process of law.

G. Award Punitive Damages in lump Sum Amount.

H. 20 million Dollars Against defendants Chief of Police Robert Paquette and Danbury Police Department.

B. Request of Relief

Relief Requested;
Issua an injunction ordering:

I. Grant such other Relief As it may Appear that plaintiff is Entitled.


Respectfully Submitted,

by: _____

Luis Fernandez
Plaintiff









Case #00-297   Date: 01/07/00   Time: 1649
Photo of Note pad containing drug records
and #700.00 US currency and calculator.
Found on top of bureau in bedroom #1



Case #00-297   Date: 01/07/00   Time: 1649
Photo of Calculator, black note pad, and
clear plastic bag of cocaine found on top
of bureau in bedroom #1



Case #00-297   Date: 01/07/00   Time: 1649
Photo of gray metal box containing a large
Sum of US Currency and pagers found in
drawer underneath bed in bedroom #1



Case #00-297   Date: 01/07/00   Time: 1649
Photo of tall bureau and shoe box that
contained a large quantity of cocaine in
bedroom #1





Case#00-297  Date: 01/07/00  Time: 1649
Blue colored notebook containing drug records
found in tall bureau in bedroom #1



Case#00-297  Date: 01/07/00  Time: 1649
large quantity of cocaine, scale and
US currency found in shoe box in bedroom
#1



Case#00-297  Date: 01/07/00  Time: 1649
9MM Semi-Auto Pistol found in between
mattress + boxspring in bedroom #1



# STATE OF CONNECTICUT

### DEPARTMENT OF PUBLIC SAFETY
### DIVISION OF SCIENTIFIC SERVICES



## FORENSIC SCIENCE LABORATORY
## LATENT PRINT EXAMINATION

| | |
|---|---|
| **LABORATORY CASE #:** | ID-00-000150 |
| **SUBMITTING AGENCY:** | Danbury Police Department |
| **AGENCY CASE #:** | 00297 |
| **TOWN OF INCIDENT:** | Danbury |
| **DATE OF REQUEST:** | 01/14/00 |
| **DATE OF REPORT:** | 03/08/01 |
| **REPORT TO:** | Detective George Chelso |

---

**EVIDENCE SUBMITTED:**

0001.   STYROFOAM BOX W/ "9mm PISTOL SER # B46120, two clips"

**SERVICES PERFORMED:**

The above item(s) of evidence have been processed and/or examined for identifiable latent impressions. Four latent prints suitable for comparison for identification were developed on the PJK 9MM pistol. These latent impressions were labeled #0001-01 L-1 thru #0001-01 L-4.  A latent impression was developed on one of the magazines which was labeled as number #0001-02 L-5.

The latent impressions developed in this case have been compared with the known inked impressions of:
Luis Fernandez,  DOB,7/22/76, SPBI #938943, and Angel Ramirez, DOB, 04/17/77, SPBI #899251.

**FINDINGS:**

The impressions in latents #0001-01L-1 thru #0001-01 L-4, were compared with the known inked fingerprints of the above subjects insofar as the quality of the recorded detail of the inked impressions permit, with no identifications of these latent prints being effected.

The latent impression in latent #0001-02 L-5, and the inked fingerprint of Angel Ramirez's left thumb were identified as having been made by one and the same person to the exclusion of all others.