UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.:  3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | JANUARY 24, 2006 |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

By way of motion dated January 13, 2006, the plaintiff has moved pursuant to Fed.R.Civ.P. 4(a)(5) to extend the time in which to file a notice of appeal of the Court's orders in Docket Entry 145.. Despite reciting that his notice of appeal was enclosed with the motion, nothing resembling a notice of appeal was enclosed. Because the plaintiff's filing is unquestionably outside the time allowed by law and he has not shown excusable neglect or good cause, the plaintiff's motion should be denied.

The time in which to perfect an appeal of a civil matter is governed by Fed.R.Civ.P. 4(a). The plaintiff seeks relief under Fed.R.Civ.P. 4(a)(5). Rule 4(a)(5) provides in pertinent part:

   (5) Motion for Extension of Time.
     (A) The district court may extend the time to file a notice of appeal if:
       (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
       (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
     ***
   (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

The order in question is the Court's decision on Docket Entry 145 which was entered on October 24, 2005. Pursuant to Fed.R.Civ.P. 4(a), the plaintiff was required, in the ordinary course, to file a notice of appeal on or before November 23, 2005. If the plaintiff sought an extension of time to appeal, plaintiff was required to file the motion for extension of time and the Notice of Appeal on or before December 23, 2005 – the outside time limitation expressed in Fed.R.Civ.P. 4(a)(5)(A)(i). If the motion and notice were filed outside the time limitation in Rule 4(a), the plaintiff was required to show excusable neglect or good cause. Plaintiff has not met any of the requirements for having his motion for extension of time to file an appeal granted.

Rule 4 is "mandatory and jurisdictional and should be applied literally." *Cardillo By Cardillo v. United States*, 767 F.2d 33, 35 (C.A.2 1985); *In re O.P.M. Leasing Services Inc.*, 769 F.2d 911, 916 (C.A.2 1985) (the timely filing of a notice of appeal is mandatory, jurisdictional and of the utmost importance). *See also, Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72 (C.A.2 1978); *In re Orbitec Corp.*, 520 F.2d 358 (C.A.2 1975) ( "Courts should sanction deviations from the letter of [Fed.R.App.P. 3 and 4] only on the most compelling showing that [the] purposes [of these rules] are served"). Not only is the plaintiff's motion out of time, it makes no showing of excusable neglect or good cause. Accordingly, the plaintiff's motion should be denied.

WHEREFORE, the defendants pray that the court denies the plaintiff's Motion for Extension of Time to File Notice of Appeal.

                        THE DEFENDANTS,
                        CHIEF ROBERT PAQUETTE, ET AL

                        <u>/s/ John J. Radshaw, III</u>
                        John J. Radshaw, III, ct19882
                        HOWD & LUDORF, LLC
                        65 Wethersfield Avenue
                        Hartford, CT  06114
                        (860) 249-1361
                        (860) 249-7665 (Fax)

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to all pro se parties and counsel of record this 24th day of January 2006.

Mr. Luis Fernandez
Inmate Number 279900
MacDougall-Walker
 Correctional Institution
1153 East Street, South
Suffield, CT 06080

                        <u>/s/ John J. Radshaw, III</u>
                        John J. Radshaw, III