UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.: 3:02CV2090 (JBA)(JGM) |
| v. | : | |
| | : | |
| CHIEF ROBERT PAQUETTE, ET AL | : | JUNE 7, 2006 |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITION PENDING APPEAL

By way of motion dated May 18, 2006 and received by defendants' counsel on May 30, 2006, the plaintiff now seeks permission to take the deposition of "Officer Chapman" – a non-party witness – while the plaintiff's appeal is pending. Plaintiff seeks identical relief in the Court of Appeals. *See* Exhibit A. For the reasons set forth herein, the plaintiff's motion should be denied.

Fed.R.Civ.P. 27 provides in pertinent part:

> (b) Pending Appeal. If an appeal has been taken from a judgment of a district court . . . the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which the party expects to elicit from each; (2) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken . . .

Fed.R.Civ.P. 27.

Fed.R.Civ.P. 27(b) permits litigants to use discovery procedures pending appeal if judicial leave is granted. Relief under Rule 27(b) is an exception to the general principle that the filing of the appeal divests the trial court of all authority over a case. The availability of discovery pending appeal under Rule 27(b) is a matter within the trial court's discretion. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (C.A.9 1993) *citing Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 870 (C.A.9), *cert. denied*, 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976)   Any decision on Rule 27(b) issues is reviewed for abuse of discretion, under which the Court of Appeals "will not reverse absent a definite and firm conviction that the district court has committed a clear error of judgment." *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (C.A.9 1993)

In order to receive permission to take a deposition while an appeal is pending, the "[t]he movant must demonstrate a specific need to preserve the testimony, and that a loss of the testimony would result in a failure of justice." *United States v. Van Rossem*, 180 F.R.D. 245, 247 (1998).  The requirement that the Court to find that "the perpetuation of the testimony may prevent a failure or delay of justice" is also necessary in depositions requests pre-filing under Rule 27(a)(3).  *In re Petition of Allegretti*, 229 F.R.D. 93, 98 (2005). Under Rule 27(a)(3), courts have interpreted this rule to mean that petitioners "make a particularized showing" of need, or by geographical constraints, advanced age, or the passage of time.  *Id.*  In context of Rule 27(a), the attempt to depose a relatively youthful witness with strong ties to the venue was not appropriate for pre-action perpetuation of testimony. *Id.*

In the present case, the plaintiff seeks to depose "Officer Chapman" who is not a party to the litigation. Officer Chapman is a non-party witness, albeit employed by the City of Danbury. The plaintiff correctly observes in his motion that the defendants have prevailed at summary judgment. The plaintiff also observes that Officer Chapman was mentioned in the defendants' brief in support of summary judgment. To justify the deposition, the plaintiff states he "requires this deposition of Officer Chapman in order to explore more facts and circumstances not disclosed in the case." The plaintiff offers nothing to make a particularized showing to conduct a deposition pending appeal. Plaintiff's motion is defective on its face and should be denied.

While the plaintiff names the witness he wants to depose pending appeal, the plaintiff fails to detail "the substance of the testimony which the party expects to elicit " as required by Rule 27(b)(2). Without this information, the plaintiff intentions are clear – he is interested in a fishing expedition into issues now settled, either by his criminal conviction or by the grant of summary judgment in favor of the defendants. This motion is harassment and should not be tolerated. Accordingly, the plaintiff's motion should be denied.

The plaintiff's stated reason for the deposition – "to explore more facts and circumstances not disclosed in the case "–  does not meet the "particularized showing" established by Rule 27 and the cases interpreting the same. *In re Petition of Allegretti*, 229 F.R.D. 93, 98 (2005) (Under Rule 27, "particularized showing" of need required and can be established by geographical constraints, advanced age, or the passage of time.) Depositions pending appeal are only proper "to avoid a failure or delay of justice." *Id.*,

Fed.R.Civ.P. 27. The plaintiff has not met that burden. There is no question or even a suggestion that Officer Chapman might absent himself from the jurisdiction, is suffering from ill health or is in any condition that may prevent him from testifying in the future. Even if the Court of Appeals reversed the District Court's decision granting summary judgment, there is no evidence that Officer Chapman will be unavailable for deposition at some future time. Accordingly, the plaintiff's motion should be denied.

    WHEREFORE, the defendants pray that the court denies the plaintiff's Motion for Leave to Take Deposition Pending Appeal dated May 18, 2006.

    THE DEFENDANTS,
CHIEF ROBERT PAQUETTE, ET AL

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)

5

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to all pro se parties and counsel of record this 7th day of June 2006.

Mr. Luis Fernandez  
Inmate Number 279900  
MacDougall-Walker  
 Correctional Institution  
1153 East Street, South  
Suffield, CT 06080  

                                              <u>/s/ John J. Radshaw, III</u>  
                                              John J. Radshaw, III

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

L. Fernandez            :   Case: 06-1189 pr

V.                      :   May 18, 2006

R. Paquette et al       :

## MOTION FOR LEAVE TO TAKE DEPOSITION PENDING APPEAL

Pursuant to Rule 27(a)(d)(c) of the Fed. R. of Civil Procedure, the undersigned plaintiff moves this Court for an order granting leave to take the oral deposition of Officer Chapman who defendants mentioned in Summary Judgment. Officer Chapman is presently working in the Danbury Police Dept., 120 Main St., Danbury, CT 06810.

The plaintiff of this action would like to depose officer Chapman within (25) days of the granting of this Motion.

This is a stated action brought against Danbury Chief of Police, Officers and Detectives for the violation of Civil Rights. The defendants have been granted Summary Judgment and plaintiff has an appeal pending.

Exhibit A
1 of 2

The plaintiff requires this deposition of Officer Chapman in order to explore more facts and circumstances not disclosed in the case.

Wherefore, the undersigned plaintiff request for leave to take deposition of Officer Chapman pending Appeal be granted.

Respectfully Submitted,

Luis Fernandez
1153 East St South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendant's Attorney on this 18 day of May, 2006:

Att Colwick, Esq.
65 Wethersfield ave.,
Hatford, CT 06114

Luis Fernandez