UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez         :    Case: 3:02CV2090

V.                     :

Chief Robert Paquette, et al :   June 14, 2006

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO TAKE DEPOSITION PENDING APPEAL

Although it is generally within a district court's discretion to grant or deny discovery requests, a Court's denial of discovery is an abuse of discretion if discovery is indispensable to a fair, rounded, development of the material facts.

The plaintiff pro-se has stated a cause of action in this case [Dkt 1-1] and granted leave to proceed in forma pauperis on appeal by the district court [Doc. # 155.]

The defendants own Memo in opposition page 3 first paragraph must be consider for which it supports the facts of defendants suppressing evidence and witness(es) such as officer Chapman either knowing of or should have known of

1 of 5

it testimony used for opposing and overruling defendants granted Summary Judgment. see, Attachment Ex A. page 3 paragraph 1 from defendant own Memo opposition.

If previously undisclosed evidence is disclosed, as here regarding the Mentioned in the defendants brief in support of Summary Judgment of Officer Chapman a fundamental and procedures Rule violation occurs where the plaintiff pro-se has been prejudice by the delay in disclosure of Officer Chapman pursuant to Rule 26 and discovery Requested in this case.

Since in this case defendants et al refused to obey the district Court order and Federal Rules of Civil Procedures to disclose to the plaintiff pro-se pursuant to Rules 26(a) through (g) of Officer Chapman the non-party witness, barred and prevented the plaintiff pro-se opposition to defendants Summary Judgment.

The defendants cannot change the introduction of Officer Chapman in the defendants' brief supporting the prevailing of their Summary Judgment as a "fishing expedition" since the district Court took Officer Chapman as a substance in favor of defendants; the plaintiff's pro-se needs is the same practice applyed by the defendants except

2 of 5

without the violation of Rules or a Constitutional Right.

The plaintiff pro-se request pursuant to Rule 27, is not a failure or delay of justice that can be compare to defendants own actions and inactions regarding the non-disclosure of Officer Chapman. This lawful plaintiff pro se request can be followed in the practice approved in <u>Richter</u> V. <u>Union Trust Co.</u>, 1885, 5 S.Ct. 1162, 115 U.S. 55, 29 L.Ed. 345, by extending the right to perpetuate testimony to cases pending on appeal.

Also, in part Rule 27(b)(2), "it may make an order allowing the depositions to be taken and may make orders of the character provided for by Rules 34 and 35," and thereupon the depositions may be taken and used in the same manner, and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the district court. Rule 27(4)(c), This rule does not limit the power of a court to entertain an action to perpetuate testimony, where in this case the need to explore more facts and circumstances not disclosed even after being granted discovery does require the deposition of Officer Chapman pending appeal.

There are questions and suggestion that of defendants' own action and inactions regarding the non-disclosure of Officer Chapman when discovery was requested by the plaintiff pro-se and when, Rule 26, allows or provides discovery. The Record and defendants own brief in support of Summary Judgment is evidence that Officer Chapman will be unavailable for deposition at some future time since it is a fact of defendants have had suppress evidence and witness(es) to the plaintiff pro-se in order to Maliciously and abusively prevail at Summary Judgment which is a clear failure and delay of justice prejudice to the plaintiff pro-se. In the other hand, as to what should not be tolerated it must fall to the violation of court orders and Rules not plaintiff pro-se complying with Rules and orders.

Wherefore, the plaintiff pro-se Request For leave to take deposition Pending appeal of Officer Chapman is indispensable to a fair, Rounded, development of the Material facts needed not disclosed.

Respectfully Submitted,

Luis Fernandez
#279900
1153 East st. South,
Suffield CT 06080

4 of 5

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants' Attorney on this 14th day of June, 2006:

Attorney J. J. Radshaw III,
65 Wethersfield ave,
Hartford, CT 06114

Luis Fernandez
#279906

# ATTACHMENT A

In the present case, the plaintiff seeks to depose "Officer Chapman" who is not a party to the litigation. Officer Chapman is a non-party witness, albeit employed by the City of Danbury. The plaintiff correctly observes in his motion that the defendants have prevailed at summary judgment. The plaintiff also observes that Officer Chapman was mentioned in the defendants' brief in support of summary judgment. To justify the deposition, the plaintiff states he "requires this deposition of Officer Chapman in order to explore more facts and circumstances not disclosed in the case." The plaintiff offers nothing to make a particularized showing to conduct a deposition pending appeal. Plaintiff's motion is defective on its face and should be denied.

While the plaintiff names the witness he wants to depose pending appeal, the plaintiff fails to detail "the substance of the testimony which the party expects to elicit" as required by Rule 27(b)(2). Without this information, the plaintiff intentions are clear – he is interested in a fishing expedition into issues now settled, either by his criminal conviction or by the grant of summary judgment in favor of the defendants. This motion is harassment and should not be tolerated. Accordingly, the plaintiff's motion should be denied.

The plaintiff's stated reason for the deposition – "to explore more facts and circumstances not disclosed in the case "– does not meet the "particularized showing" established by Rule 27 and the cases interpreting the same. *In re Petition of Allegretti*, 229 F.R.D. 93, 98 (2005) (Under Rule 27, "particularized showing" of need required and can be established by geographical constraints, advanced age, or the passage of time.) Depositions pending appeal are only proper "to avoid a failure or delay of justice." *Id.*,

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez          :   Case: 3:02CV2090
                            (JBA)(JGM)
VS.                     :

Chief Robert Paquette, et al :   June 14, 2006

## PROOF OF SERVICE

Luis Fernandez, states under the penalty of perjury that he mailed a copy of Plaintiff's Motion in respond & objection to Mello in opposition, for leave to take Deposition Pending Appeal, with Memorandum of law in Support, to defendants counsel John J. Radshaw III, 65 Wethersfield ave, Hartford, CT 06114 on June 14, 2006.

Respectfully Submitted,

Luis Fernandez
# 279900
1153 East St. south,
Suffield CT 06080

1 of 2

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 14th day of June, 2006:

Attorney J. J. Radshaw III,
65 Wethersfield ave.,
Hartford, CT 06114

Luis Fernandez
#279900